# Levy | Firestone | Muse

900 17th St. NW
Suite 1200
Washington, DC  20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

**Sent via CM/ECF**

June 5, 2023

The Honorable Theodore D. Chuang
United States District Judge
United State Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    **Notice of Intent to File Motion to Dismiss for Lack of Personal Jurisdiction**
              *Yao v. Chen et al.*, Case No. 8:23-cv-00889-TDC

Dear Judge Chuang:

      Pursuant to the Case Management Order (ECF 4), Defendants Robert Chen, Otter Audits LLC, and RC Security LLC respectfully file this Notice of their intent to file a motion to dismiss for lack of personal jurisdiction, under Fed. R. Civ. P. 12(b)(2).

      Plaintiff, as administrator of the estate of Sam Chen, has sued (1) Robert Chen (no relation), a Washington state resident, (2) RC Security LLC, a South Dakota entity, and (3) Otter Audits LLC, also a South Dakota entity. None of the Defendants have any connection to Maryland. Plaintiff's claims concern the internal affairs of a Wyoming company, OtterSec LLC, which is not a defendant in this case, and largely relate to the conduct of another non-party, David Chen. The Complaint does not claim that any of the alleged conduct by Defendants or the non-party Wyoming LLC occurred in or targeted Maryland. In fact, the sole contacts with Maryland alleged in the Complaint are: that the Plaintiff herself is a resident of Maryland; that she resided in Maryland with her husband at the time of his death; and that she is the personal representative of his estate pursuant to letters of administration issued in Maryland. Compl. ¶ 7.

      The Complaint alleges that in February 2022, Defendant Robert Chen and Sam Chen formed OtterSec LLC ("OtterSec"), an on-chain profit-making and cybersecurity firm, as a Wyoming limited liability company. Compl. ¶¶ 7–8, 15. Robert created the concept for the business together with David Chen, an acquaintance. Compl. ¶¶ 19–20. Because David Chen was a minor, David allegedly decided to make David's father, Sam Chen (the decedent), a co-owner of OtterSec. *Id.* ¶¶ 20–21. The Complaint alleges that in April 2022 Sam Chen "agreed to an Amended Operating Agreement for OtterSec," pursuant to which he "transferred 10% of his membership interests to Robert, resulting in Robert owning 60% of OtterSec and Sam owning 40%." *Id.* ¶ 48. On July 13, 2022, Sam Chen died, requiring the dissolution of the Wyoming LLC per the terms of its Operating Agreement and Wyoming law. *Id.* ¶ 97–98. On September 13, 2022,

Defendants Otter Audits and RC Security (cybersecurity firms) were incorporated in South Dakota. Compl. ¶ 100. Shortly thereafter, OtterSec dissolved. Compl. ¶ 101.

Plaintiffs assert claims against all Defendants for violations of the Lanham Act for the alleged use of the dissolved Wyoming LLC's assets, Compl. ¶¶ 111–22; a declaratory judgment that "Robert Chen's dissolution of OtterSec was improper" for a variety of reasons under Wyoming or South Dakota state law, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2022; *id.* ¶¶ 123-30; breach (and aiding and abetting a breach) of fiduciary duty to the Wyoming LLC, Sam Chen, and the estate, *id.* ¶¶ 131–35; fraud and aiding and abetting fraud as it relates to ownership of the Wyoming LLC, dissolution of the Wyoming LLC, transfer of the Wyoming LLC's assets, and the Estate's interest in the Wyoming LLC, *id.* ¶¶ 137–45; misappropriation and conversion of the dissolved Wyoming LLC's assets, *id.* ¶¶ 146–50; breach of the Wyoming LLC's Operating Agreement (only against Robert Chen), *id.* ¶¶ 151–55; tortious interference with the dissolved Wyoming LLC's contracts, business relationships, and opportunities, *id.* ¶¶ 156–59; "accounting" of the transactions and affairs of the dissolved Wyoming LLC and the South Dakota Defendants, *id.* ¶¶ 160–64; and a declaratory judgment related to those causes of action, *id.* ¶¶ 123–30.[1]

Although a number of these causes of action challenge the dissolution of OtterSec, it is worth noting that Sam's lawyers insisted that OtterSec had to dissolve following his death, a fact not mentioned in the Complaint.

If they could be brought here, Plaintiff's state law claims would be governed by Wyoming or South Dakota law, because Maryland courts have recognized that the internal affairs of a foreign business entity concern the state in which that entity was formed, not Maryland. *Storetrax.com, Inc. v. Gurland*, 915 A.2d 991, 999–1000 (Md. 2007).

As is evident from the Complaint, Plaintiff's causes of action all relate to Wyoming (where OtterSec was incorporated), South Dakota (where Defendants RC Security and Otter Audits are located), or Washington (where Defendant Robert Chen lived), and not Maryland. Indeed, Plaintiff does not allege Defendants had any contacts with Maryland at any time, let alone during the seven-month period between the formation and dissolution of the Wyoming LLC. The Complaint does not allege *any* contacts between Otter Audits LLC or RC Security LLC and the State of Maryland. Likewise, the Plaintiff does not allege *any* acts of reaching out to the State of Maryland by Defendant Robert Chen. Plaintiff does not allege Defendant Robert Chen has ever set foot in, done business in, or directed any activity toward Maryland.

The Court lacks general personal jurisdiction over the Defendants. Defendants Otter Audits LLC and RC Security LLC are both South Dakota corporations with their principal places of business in the State of South Dakota. Compl. ¶¶ 9–10. Defendant Robert Chen resides in the State

---

[1] The claims concerning OtterSec's assets—including the Lanham Act claim—are implausible because, among other things, OtterSec held an auction for all of its assets as part of the dissolution, the Plaintiff had notice of that auction, *see* Compl. ¶ 102, but did not bid. Robert Chen purchased all of the assets. There is no evidentiary support for the claim that OtterSec owned any assets at the time when the Complaint alleges Defendants misused, misappropriated, or converted assets.

of Washington. Compl. ¶ 8. None of them reside or are "at home" in Maryland. *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U. S. 915, 919 (2011). Clearly, therefore, general jurisdiction does not exist over any of the three Defendants in the State of Maryland.

The Court also lacks specific personal jurisdiction over any of the Defendants. A court may only exercise personal jurisdiction over a nonresident defendant if the plaintiff makes a sufficient showing that the exercise of such jurisdiction over non-resident defendants is authorized under Maryland's long-arm statute and comports with the due process requirements of the Fourteenth Amendment. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). Plaintiff has not identified which provision of Maryland's long-arm statute applies here, only providing a general citation to Md. Code Ann. Courts & Jud. Proc. § 6-103(b), and none of the provisions apply. The exercise of personal jurisdiction over any of the Defendants would also violate due process because Plaintiff does not plead a single contact between any of the Defendants and Maryland, let alone the required minimum contacts. The Complaint fails to plead that Robert Chen or the South Dakota LLCs "purposefully availed [themselves] of the privileges of conducting activities in the forum state." *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002). Moreover, the Complaint does not allege that any of the Defendants' alleged actions that gave rise to the causes of action have *any* connection to Maryland. *Id.* The Court therefore cannot exercise specific personal jurisdiction over the Defendants.

Defendants' counsel and Plaintiff's counsel have not met and conferred concerning personal jurisdiction. However, after Plaintiff filed her Complaint, Defendants' counsel met and conferred with Plaintiff's counsel to attempt to resolve the case without litigation. That effort was not successful.

Defendants respectfully request permission to file their Motion to Dismiss for Lack of Personal Jurisdiction. Thank you for your time and consideration.

            Sincerely,

            /s/ Rachel Clattenburg
            Rachel Clattenburg
            Joshua A. Levy, admitted *pro hac vice*
            Kevin Crenny, admitted *pro hac vice*
            Justin DiCharia, admitted *pro hac vice*
            **LEVY FIRESTONE MUSE LLP**
            900 17th St. NW, Suite 1200
            Washington, DC 20006
            Tel: (202) 845-3215
            Fax: (202) 595-8253
            jal@levyfirestone.com
            rmc@levyfirestone.com
            kcrenny@levyfirestone.com
            jdicharia@levyfirestone.com

            *Counsel for Defendants*