**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| LI FEN YAO,<br>as Administrator of the Estate of Sam Mingsan<br>Chen<br><br>                  Plaintiff,<br><br>    v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC<br>SECURITY LLC,<br><br>               Defendants. | Case No. 8:23-cv-00889-TDC |

<u>**AMENDED ANSWER OF DEFENDANTS ROBERT CHEN, OTTER AUDITS LLC,**</u>
<u>**AND RC SECURITY LLC TO COMPLAINT**</u>

The Complaint in this case centers on a series of false allegations. None has any merit. First, Plaintiff alleges that Defendant Robert Chen concealed conversations with Jump Crypto from David Chen, who is a central character in this dispute, though not a party at this time. To the contrary, Robert Chen disclosed his conversations with Jump Crypto. *See* Exs. 2-4. OtterSec LLC had a group Telegram chat with Jump Crypto, and David Chen was a part of that chat from the day it was created. He saw when calls between Robert and Jump Crypto were scheduled and chose not to join them. Ex. 2. The Complaint also falsely claims that Robert Chen improperly dissolved OtterSec LLC. Not so. Instead, after Sam Chen's death, David and Sam's counsel demanded that OtterSec LLC be dissolved, and indeed, the Operating Agreement in effect at the time required as much. *See* Ex. 1. Finally, OtterSec's counsel gave notice of the sale of OtterSec's assets to counsel to Plaintiff and David Chen. Neither expressed any interest in bidding on the assets. Robert Chen purchased a number of OtterSec's assets and the funds he paid for those assets remain in OtterSec's bank account, along with OtterSec's other profits. *See* Ex. 5. Because of this lawsuit, Robert Chen

has not made any distributions of profits from the OtterSec bank account to himself or Sam Chen's estate. *Id.*

Attached to this Amended Answer are the following Exhibits: the First Amended Operating Agreement (Ex. 1); Robert's April 12 and April 13, 2022 posts on an OtterSec Discord group channel with David Chen ("ra"), announcing Robert's scheduled call with Jump (Ex. 2); the chat log of the Discord direct messages between David ("ra") and Robert ("NotDeGhost") from April 10, 2022 through May 31, 2022 (Ex. 3); the chat log of the Telegram direct messages between David and Robert from April 10, 2022, onward (Ex. 4); and the statements for OtterSec LLC's bank accounts as of the date of the filing of the Complaint in this case (Ex. 5).

Specifically, Defendants Robert Chen, Otter Audits LLC ("Otter Audits"), and RC Security LLC ("RC Security") answer the Complaint as follows:

## NATURE OF THE ACTION

1.      Defendants deny the allegations in Paragraph 1.

2.      Except to admit that OtterSec was formed in February 2022 under Wyoming law, that Sam Chen and Robert Chen were its members, that Sam Chen and Robert Chen are not related, and that Sam Chen died on July 13, 2022, Defendants deny the allegations in Paragraph 2.

3.      Except to admit that Robert Chen formed Otter Audits and RC Security in South Dakota and that OtterSec was dissolved, Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Paragraph 5 makes legal assertions for which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 5.

6.      To the extent a response is required to this paragraph, Defendants deny the allegations in Paragraph 6.

## PARTIES

7.      Defendants lack sufficient information to form a belief as to the truth of the Plaintiff's residence and her residing with her husband, and on that basis, deny the allegations in the first two sentences of Paragraph 7. Upon information and belief, Defendants admit the remaining allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     Paragraph 11 calls for legal conclusions for which no response is required, but to the extent any such response is required, Defendants deny the claims arise under the Lanham Act, deny the Court has original subject matter jurisdiction, and deny the Court has supplemental jurisdiction over Plaintiff's state law claims.

12.     Paragraph 12 calls for legal conclusions for which no response is required, but to the extent any such response is required, Defendants deny the amount in controversy exceeds $75,000 and deny the Court has jurisdiction under 28 U.S.C. § 1332(a).

13.     Paragraph 13 calls for legal conclusions for which no response is required, but to the extent any such response is required, Defendants deny this Court has personal jurisdiction over any of the Defendants.

14.     Paragraph 14 calls for legal conclusions for which no response is required, but to the extent any such response is required, Defendants deny that venue is proper in this district.

## FACTUAL ALLEGATIONS

15.     Defendants deny that Sam's interest in OtterSec passed to the Estate. Defendants otherwise admit the allegations in Paragraph 15.

16.     Defendants deny the implication in Paragraph 16 that OtterSec was engaged only in the business of performing security assessments. Defendants admit the remaining allegations in Paragraph 16.

17.     Defendants deny the allegations in the first sentence of Paragraph 17. Defendants admit that David was sixteen years old and still in high school when OtterSec was formed. Defendants lack sufficient information to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 17, and on that basis, deny those allegations.

18.     Except to admit that Robert Chen met David Chen in 2019 while participating in a cyber security competition Robert helped organize, Defendants deny the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 21 and on that basis, deny the allegations.

22.     Defendants admit that Sam Chen and Robert Chen entered into an operating agreement on February 14, 2022. Defendants refer to the Operating Agreement for its true content and meaning and Defendants deny the allegations and implications in Paragraph 22 that are inconsistent with the Operating Agreement, which speaks for itself.

23.     Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and on that basis, deny the allegations.

24.     Except to admit that David used some computer hardware that David already owned and some code he had previously written, Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that OtterSec hired employees and consultants who executed agreements. Defendants refer to the Agreements for their true content and meaning and Defendants deny the allegations and implications in Paragraph 25 that are inconsistent with the Agreements, which speak for themselves.

26.     Defendants refer to the Agreements for their true content and meaning and Defendants deny the allegations and implications in Paragraph 26 that are inconsistent with the Agreements, which speak for themselves.

27.     Defendants admit that Robert Chen signed OtterSec Agreements. For the remaining allegations, Defendants refer to the Agreements for their true content and meaning and Defendants deny the allegations and implications in Paragraph 27 that are inconsistent with the Agreements, which speak for themselves.

28.     Defendants admit the allegations in Paragraph 28.

B. Defendants deny the allegations in the unnumbered header "B"

29.     Defendants deny the allegations in the first sentence of Paragraph 29. Defendants admit the allegations in the second, third, and fourth sentences of Paragraph 29, but deny the discussions did not progress any further and deny the implication that Sino Global Capital and Race Capital were the only potential investors with whom Defendant Robert Chen was speaking.

30.     Defendants deny the allegations in the first sentence of Paragraph 30. Defendants admit the allegations in the second sentence of Paragraph 30.

31.     Defendants deny the allegations in the first sentence of Paragraph 31. Defendants lack sufficient information to form a belief as to the truth of the allegations in the last two sentences of Paragraph 31, and on that basis, deny those allegations.

32.     Except to admit that Robert had discussions with Jump, Defendants deny the allegations in Paragraph 32.

33.     Defendants refer to the message for its true content and meaning and deny the allegations and implications in Paragraph 33 that are inconsistent with the message, which speaks for itself. Defendants deny the characterizations and summary in Paragraph 33.

34.     Defendants refer to the messages for their true content and meaning and deny the allegations and implications in Paragraph 34 that are inconsistent with the messages, which speak for themselves.

35.     Except to admit that Sam and David Chen did not join the discussions between Robert and Messrs. Claudius and Hofstadt on April 14, Defendants deny the allegations in Paragraph 35.

36.     Except to admit that Defendant Robert reached out to David asking to speak about raising money for OtterSec, Defendants deny the allegations in Paragraph 36, including the implication that Robert mischaracterized his discussions. For the quotes from messages, Defendants refer to the messages for their true content and meaning and Defendants deny the allegations and implications in Paragraph 36 that are inconsistent with the messages, which speak for themselves.

37.     Defendants refer to the messages for their true content and meaning and Defendants deny the allegations, implications, and conclusions in Paragraph 37 that are inconsistent with the messages, which speak for themselves.

38.     Defendants deny that the "company" referenced in the messages quoted in Paragraph 38 was Jump. Defendants otherwise deny all the allegations in the last sentence of Paragraph 38. For the quotes from messages, Defendants refer to the messages themselves for their true content and meaning and Defendants deny the allegations, implications, and conclusions in Paragraph 38 that are inconsistent with the messages, which speak for themselves.

39.     Defendants deny the allegations in Paragraph 39.

40.     Except to admit that Sam agreed to amend the Operating Agreement and transfer 10% of Sam's membership interests in OtterSec to Robert, Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in the first sentence of Paragraph 41. Defendants lack sufficient information to form a belief as to the truth of the allegations in the second sentence and on that basis, deny the allegations in the second sentence of Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny any "browbeating from Robert" and the allegation that "Robert was consistently demanding of him." Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 43 and on that basis, deny the remaining allegations in Paragraph 43.

44.     Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 44 and on that basis, deny the allegations in Paragraph 44.

45.     Defendants deny that Robert made material misrepresentations and omissions and deny that neither Sam nor David was aware of Robert's discussions with Jump. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 45 and on that basis, deny the remaining allegations in Paragraph 45.

46.     Except to admit that David contacted Robert to convey the proposal for Sam to transfer 10% of his membership interests to Robert, Defendants deny all the allegations in Paragraph 46.

47.     Except to admit that Robert accepted, Defendants deny the allegations in the first sentence of Paragraph 47. For the quotes and summaries of messages, Defendants refer to the messages themselves for their true content and meaning and, deny any allegations and implications inconsistent with the messages, which speak for themselves.

48.     Except to admit that Sam agreed to an Amended Operating Agreement for OtterSec on April 16, 2022, Defendants deny the allegations in the first sentence of Paragraph 48. Except to admit that Robert owned 60% of OtterSec and Sam owned 40%, Defendants deny the allegations in the second sentence of Paragraph 48 and refer to the First Amendment to the Operating Agreement for its true content and meaning and deny any allegations and implications inconsistent with the First Amendment to the Operating Agreement, which speaks for itself.

49.     Defendants deny the allegations in Paragraph 49.

D. Defendants deny the allegations in the unnumbered heading "D"

50.     Except to admit that Robert had a scheduled discussion with Mr. Kariya, Defendants deny all the allegations in Paragraph 50. For the quote from a text message, Defendants refer to the text message for its true content and meaning and deny any allegations or implications inconsistent with the actual message, which speaks for itself.

51.     Defendants admit that the term "acquihire" can be understood to include purchasing a company and hiring its employees, but deny that this definition applies in all circumstances and deny the implication that this was what Robert meant by the term "acquihire." Defendants otherwise deny the allegations in Paragraph 51.

52.     Defendants refer to the purported log of the discussion for its true content and meaning and deny the allegations and implications in Paragraph 52 that are inconsistent with the log, which speaks for itself.

53.     Except to admit (1) that Robert had a call with David on April 18, 2022, (2) that they discussed Jump, and (3) that Robert represented to David that Jump was proposing an acquihire, Defendants deny the allegations in the first sentence of Paragraph 53. Defendants lack sufficient information to form a belief as to the truth of the allegation concerning David's understanding, and on that basis, deny the allegation. Defendants admit that Robert invited David to join a call with Mr. Kariya.

54.     Defendants admit the first sentence of Paragraph 54. For the quotes from messages, Defendants refer to the messages for their true content and meaning and deny any allegation or implication inconsistent with the actual messages, which speak for themselves.

55.     Defendants deny the allegations in the first sentence of Paragraph 55. For the quotes from messages, Defendants refer to the text messages for their true content and meaning and deny any allegation or implication inconsistent with the actual messages, which speak for themselves.

56.     For the quotation, Defendants refer to the message itself for its true content and meaning and deny any allegation or implication inconsistent with the message, which speaks for itself. Defendants also refer to the OtterSec Agreements for their true content and meaning and deny any allegations or implications inconsistent with the actual OtterSec Agreements, which speak for themselves. Defendants deny the implication that Robert denied they had executed Agreements. Defendants further deny the implication that Robert, then nineteen years old, was dictating the terms of a potential acquisition in his conversations with Jump Crypto.

57.     Except to admit that Mr. Claudius requested additional details from Robert, Defendants deny the allegations in Paragraph 57. For the quoted language, Defendants refer to the messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves.

58.     Defendants deny that David was unaware of Robert's discussions with Mr. Kariya the day before. Defendants admit that Mr. Kariya conveyed a proposal during the call. Defendants otherwise deny the allegations in the first two sentences of Paragraph 58. Defendants deny the implication that Robert, then nineteen years old, was dictating the terms of a potential acquisition in his conversations with Jump Crypto. Defendants lack sufficient information to form a belief as to the truth of the allegations in the last sentence of Paragraph 58, and on that basis, deny the allegations. With respect to the last sentence of Paragraph 58, Defendants further deny the implication that the proposal conveyed to David would not initially include him or an acquisition of Sam Chen's membership interest in OtterSec.

59.     Defendants admit the allegations in the first sentence of Paragraph 59. Defendants deny all the remaining allegations in Paragraph 59. For the quoted language, Defendants refer to the messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves. Defendants deny the implication that Robert, then nineteen years old, was dictating the terms of a potential acquisition in his conversations with Jump Crypto.

60.     Except to admit that Robert followed up with Messrs. Claudius and Kariya, Defendants deny the allegations in Paragraph 60.

61.     Except to admit that Mr. Kariya sent Jump's offer to Robert by text message, and that David had stopped communicating with Robert by this point, Defendants deny the allegations

in Paragraph 61. For the quoted text, Defendants refer to the messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves.

62.     Except to admit that Robert discussed Mr. Wang and Mr. Chow with Mr. Claudius, Defendants deny the rest of the allegations in the first sentence of Paragraph 62. For the second and third sentences of Paragraph 62, Defendants refer to the quoted messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves.

63.     Defendants refer to the messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves.

64.     Defendants refer to the messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves.

65.     Defendants deny the allegations in Paragraph 65.

E. Defendants deny the allegations in the unnumbered header "E."

66.     Except to admit that David continued to work for OtterSec after April 16, 2022, Defendants deny the allegations in Paragraph 66.

67.     Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 67, and on that basis, deny the allegations.

68.     Defendants deny the allegations in Paragraph 68. As to allegations concerning David's perceptions, Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 68, and on that basis, deny the allegations.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 70, and on that basis, deny the allegations.

71.     Except to admit that David took code and other property from OtterSec, Defendants deny the allegations in the first sentence, including that the code was "personal." Defendants deny the allegations in the second sentence of Paragraph 71.

72.     Defendants admit the allegation in the first sentence of Paragraph 72. Defendants deny the allegation in the second sentence of Paragraph 72.

73.     Except to admit that Robert made additional requests for information and materials from David, Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74, except for the allegation that "[n]either Sam nor David agreed with Robert's position," for which Defendants lack sufficient information to form a belief as to its truth, and thus deny it on that basis.

75.     Defendants deny the allegations in Paragraph 75.

76.     Except to admit that David requested logs of discussions, Defendants refer to the messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves.

77.     Defendants refer to the messages for their true content and meaning, and deny any allegations or implications inconsistent with the messages, which speak for themselves. The last sentence of Paragraph 77 also contains a legal assertion, to which no response is required.

78.     Except to admit that David did not point it out at the time, Defendants deny the allegations in Paragraph 78. Defendants also refer to the Operating Agreement and the First Amendment for their true content and meaning, and deny any allegations and implications inconsistent with those documents, which speak for themselves. Paragraph 78 also contains legal assertions, to which no response is required.

79.     Paragraph 79 contains legal assertions for which no response is required, but to the extent a response is required, Defendants deny the allegations in Paragraph 79. Defendants otherwise deny all the allegations in Paragraph 79.

80.     Except to admit that the parties did not reach an agreement, Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81. For the quoted text, Defendants refer to the message for its true content and meaning, and deny any allegations or implications inconsistent with the message, which speaks for itself.

82.     Defendants admit that Iqan Fadaei was OtterSec's attorney. Defendants refer to the email itself for its true content and meaning and deny any allegations or implications inconsistent with the email, which speaks for itself.

83.     Defendants refer to the text messages themselves for their true content and meaning and deny any allegations or implications inconsistent with the text messages, which speak for themselves.

84.     Defendants refer to the text messages themselves for their true content and meaning and deny any allegations or implications inconsistent with the text messages, which speak for themselves.

85.     Defendants refer to the text messages themselves for their true content and meaning and deny any allegations or implications inconsistent with the text messages, which speak for themselves.

86.     For the quoted text, Defendants refer to the text messages themselves for their true content and meaning and deny any allegations or implications inconsistent with the text messages,

which speak for themselves. Defendants lack sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 86, and on that basis, deny them.

87.     Defendants deny that Robert refused to share documents and information with David. For the quoted text, Defendants refer to the text messages themselves for their true content and meaning and deny any allegations or implications inconsistent with the text messages, which speak for themselves.

88.     Paragraph 88 contains legal assertions for which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 88.

89.     Defendants lack sufficient information to form a belief as to the truth of the allegation in the first clause of Paragraph 89 and on that basis, deny it. For the second clause of Paragraph 89, Defendants refer to the email itself for its true content and meaning and deny any allegations or implications inconsistent with the email, which speaks for itself.

90.     Defendants admit that Mr. Fadaei's email was preceded by a discussion between counsel. For the quoted text Defendants refer to the email itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the email, which speaks for itself. Defendants otherwise deny all the allegations in Paragraph 90.

91.     For the quoted text Defendants refer to the email itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the email, which speaks for itself. Defendants otherwise deny all the allegations in Paragraph 91.

92.     For the quoted text Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself.

14

93.     For the quoted text Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself.

94.     For the quoted text Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself.

95.     Paragraph 95 contains legal assertions for which no response is required. To the extent that a response is required, for the quoted text Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself.

96.     For the quoted text Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself.

97.     Defendants admit the allegations in the first sentence of Paragraph 97 and the allegation in the second sentence that OtterSec had not dissolved as of July 13, 2022. The second sentence of Paragraph 97 otherwise contains legal assertions with respect to the OtterSec Operating Agreement for which no response is required.

98.     Paragraph 98 contains legal assertions for which no response is required. To the extent that a response is required, for the quoted text Defendants refer to the Amendment to Operating Agreement of OtterSec LLC, dated August 15, 2022 (the "Second Amendment") for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the Second Amendment, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.     Except to admit that Defendant Robert Chen formed Defendants Otter Audits and RC Security, Defendants deny all the allegations in Paragraph 100, which also contains legal assertions for which no response is required.

101.     For first sentence of Paragraph 101, Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself. For the second sentence of Paragraph 101, Defendants admit that Articles of Dissolution for OtterSec were filed with the Wyoming Secretary of State and that the Wyoming Secretary of State stamped these as having been filed on October 6, 2022. Defendants refer to the Articles of Dissolution themselves for their true content and meaning and deny any allegations or implications in Paragraph 101 that are inconsistent with the Articles of Dissolution. Defendants otherwise deny all the allegations in Paragraph 101.

102.     Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself.

103.     Defendants deny all the allegations in Paragraph 103. Paragraph 103 also contains legal assertions for which no response is required.

104.     Defendants admit that Defendant Robert Chen formed Defendants Otter Audits and RC Security in South Dakota and otherwise deny all the allegations in Paragraph 104, except to the extent that Paragraph 104 contains legal assertions for which no response is required.

105.    Defendants refer to the correspondence itself for its true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with the correspondence, which speaks for itself.

106.    Defendants admit that Plaintiff purports to describe the website at http://osec.io and purports to draw conclusions from that website, but deny those conclusions. Defendants refer to the website itself for its true content and meaning and, except as so referred, deny all the allegations in Paragraph 106. Defendants further deny that Defendants Robert Chen or RC Security have used the OtterSec website, name, or logo. Defendants otherwise deny all the allegations in Paragraph 106.

107.    Defendants deny that Defendants Robert Chen or RC Security have used the OtterSec social media account or verified Twitter account. Paragraph 107 contains a legal assertion for which no response is required. Defendants otherwise deny all the allegations in Paragraph 107.

108.    Defendants admit that Plaintiff purports to describe the website at http://twitter.com/osec_io and purports to draw conclusions from that website, but deny those conclusions. Defendants refer to the website itself for its true content and meaning and, except as so referred, deny all the allegations in Paragraph 108. Defendants deny the implication that Defendants Robert Chen or RC Security have used the OtterSec name, logo, trademarks, domain name, and social media and other communication accounts. Defendants otherwise deny all the allegations in Paragraph 108.

109.    Paragraph 109 consists of legal assertions for which no response is required, but to the extent any such response is required, Defendants deny all the allegations in Paragraph 109.

110.    Paragraph 110 consists of legal assertions as to which no response is required, but to the extent any such response is required, Defendants deny all the allegations in Paragraph 110.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

111.    Defendants repeat and reallege each of their responses and denials to Paragraphs 1–110 of the Complaint as if made in response to Paragraph 111.

112.    Paragraph 112 consists of legal assertions as to which no response is required, but to the extent any such response is required, Defendants admit that Defendant Otter Audits has used the OtterSec name, logo, trademarks, domain name, and social media and other communication accounts, but Defendants otherwise deny all the allegations in Paragraph 112, including the implication that Defendants Robert Chen or RC Security have used the OtterSec name, logo, trademarks, domain name, and social media and other communication accounts.

113.    Paragraph 113 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.    Paragraph 114 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.    Paragraph 115 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116.    Paragraph 116 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117.    Paragraph 117 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118.    Paragraph 118 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118.

119.     Paragraph 119 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119.

120.     Paragraph 120 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121.     Paragraph 121 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.     Paragraph 122 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

**SECOND CAUSE OF ACTION**

123.     Defendants repeat and reallege each of their responses and denials to Paragraphs 1–122 of the Complaint as if made in response to Paragraph 123.

124.     Paragraph 124 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

125.     Paragraph 125 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

126.     Defendants admit that Plaintiff makes the contentions described in Paragraph 126, but deny the allegations described, as further detailed herein.

127.     Paragraph 127 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 127 except to admit that Plaintiff makes the contentions described in Paragraph 127. Defendants deny the allegations described, as further detailed in Paragraphs 1-127.

128.     Paragraph 128 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128 except to admit

that Plaintiff makes the contentions described in Paragraph 128. Defendants deny the allegations described, as further detailed in Paragraphs 1-128.

129.     Paragraph 129 consists of a demand for legal relief to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130.      Paragraph 130 consists of a demand for legal relief to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130.

## THIRD CAUSE OF ACTION

131.     Defendants repeat and reallege each of their responses and denials to Paragraphs 1–130 of the Complaint as if made in response to Paragraph 131.

132.     Paragraph 132 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133.     Paragraph 133 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134.     Paragraph 134 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135.     Paragraph 135 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136.     Paragraph 136 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

## FOURTH CAUSE OF ACTION

137.    Defendants repeat and reallege each of their responses and denials to Paragraphs 1–136 of the Complaint as if made in response to Paragraph 137.

138.    Paragraph 138 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    Paragraph 139 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 139.

140.    Paragraph 140 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141.    Paragraph 141 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 141.

142.    Paragraph 142 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143.    Paragraph 143 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.    Paragraph 144 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 144.

145.    Paragraph 145 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 145.

## FIFTH CAUSE OF ACTION

146.    Defendants repeat and reallege each of their responses and denials to Paragraphs 1–145 of the Complaint as if made in response to Paragraph 146.

147.    Paragraph 147 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Paragraph 148 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149.    Paragraph 149 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150.    Paragraph 150 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 150.

## SIXTH CAUSE OF ACTION

151.    Defendants repeat and reallege each of their responses and denials to Paragraphs 1–150 of the Complaint as if made in response to Paragraph 151.

152.    Defendants refer to the OtterSec's Operating Agreement, First Amendment, and Second Amendment themselves for their true content and meaning and deny any allegations, implications, or conclusions drawn by Plaintiff that are inconsistent with those documents, which speak for themselves and, except as so referred, and except insofar as Plaintiff's interpretation of those documents is a legal assertion to which no response is required, Defendants deny all the allegations in Paragraph 152.

153.    Paragraph 153 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 153.

154.    Paragraph 154 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 154.

155.    Paragraph 155 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 155.

**SEVENTH CAUSE OF ACTION**

156.     Defendants repeat and reallege each of their responses and denials to Paragraphs 1–155 of the Complaint as if made in response to Paragraph 156.

157.     Paragraph 157 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.     Paragraph 158 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.     Paragraph 159 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

**EIGHTH CAUSE OF ACTION**

160.     Defendants repeat and reallege each of their responses and denials to Paragraphs 1–159 of the Complaint as if made in response to Paragraph 160.

161.     Paragraph 161 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.     Paragraph 162 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.     Paragraph 163 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.     Paragraph 164 consists of legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.     Defendants deny all of the allegations of the Complaint not specifically admitted above and deny that Plaintiff is entitled to any relief from any of the Defendants.

**<u>JURY DEMAND</u>**

Defendants demand a trial by jury of all issues so triable.

## **AFFIRMATIVE DEFENSES**

1.      The Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

2.      Plaintiff lacks standing to assert some or all of the claims or to obtain the relief sought in the Complaint.

    a.   Plaintiff is not engaged in commerce, lacks any commercial interest, never possessed any of the marks in question, and therefore lacks a cause of action under the Lanham Act. For the same reasons, Plaintiff cannot bring a claim for tortious interference.

    b.   Defendants owed no fiduciary duties to the Estate or Sam Chen.

    c.   Plaintiff, the personal representative of the Estate, was never a member of OtterSec, LLC and thus cannot pursue claims for breach of fiduciary duty.

3.      Plaintiff's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty fail because Plaintiff did not bring a derivative action and cannot meet the statutory requirements to bring a derivative action. Wyo. Stat. Ann. §§ 17-29-902 to 904.

4.      Plaintiff's claims for fraud and aiding and abetting fraud fail because Plaintiff has not stated with particularity the circumstances constituting fraud or mistake as required by Federal Rule of Civil Procedure 9(b).

5.      Plaintiff's claims for fraud and misappropriation and conversion and Plaintiff's demand for an accounting fail because Defendants never withheld such funds and information from the Plaintiff.

6.      Plaintiff's claim for breach of contract fails because Section 1.8 of the Operating Agreement was not violated. Section 1.3 of the Operating Agreement not only permitted, but required dissolution of OtterSec following Sam's death, and Plaintiff has identified no breach of the contract by Defendant Robert Chen other than the dissolution of OtterSec. Plaintiff's claims for breach of fiduciary duty, misappropriation and conversion, and Plaintiff's demand for a declaratory judgment also fail for the same reasons.

7.      Plaintiff has not made a proper demand for the property Defendants have allegedly misappropriated and converted, and therefore she may not pursue a misappropriation and conversion claim.

8.      Plaintiff's claim for misappropriation and conversion further fails because Defendants do not hold any money or property belonging to Plaintiff and because Plaintiff's interest, if any, in OtterSec, remains in OtterSec's bank account which holds the funds Defendant Robert Chen paid for OtterSec's assets and from which no distributions of profits have been made.

9.      Plaintiff's claims for breach of fiduciary duty and conversion fail, and Plaintiff is not entitled to a declaratory judgment stating that Defendants breached any fiduciary duties or converted and misappropriated assets because Plaintiff never had legal title to any of the assets at issue and because they were legitimately purchased by the Defendants.

10.     Plaintiff's claims fail under the doctrine of license because Defendant Robert Chen acted within his rights as the sole surviving member of OtterSec.

11.     Plaintiff is not entitled to an accounting. This is the case either because Plaintiff has brought no other viable claims or, in the alternative, because Plaintiff has brought at least one other viable claim, in which case an accounting is not necessary.

12.     Plaintiff is not entitled to a declaratory judgment because it has not brought any other viable claims.

13.     Plaintiff's claims for misappropriation and conversion, breach of contract, and Plaintiff's demand for an accounting all fail because, under Wyoming law, the death of a member of a Wyoming LLC results in that person being dissociated as a member of the LLC, terminates the deceased member's person's right to participate as a member in the management and conduct of the company's activities, and provides the transferee receiving the deceased member's transferrable interest, if any, with only the rights available to a trustee (not those available to a member of the LLC). *See* Wyo. Stat. Ann §§ 17-29-602, 17-29-603.

14.     Plaintiff is not entitled to an accounting because it never issued a proper demand for information available to it under Wyoming Law. *See* Wyo. Stat. Ann §§ 17-29-504, 17-29-410.

15.     Plaintiff is not entitled to an accounting of any transactions that took place prior to the dissolution of OtterSec because in a dissolution and winding up of a Wyoming LLC, a transferee is entitled to an account of the company's transactions only from the date of dissolution. *See* Wyo. Stat. Ann. § 17-29-502.

16.     To the extent that Plaintiff's claims are brought against Defendants Otter Audits and RC Security as successors to OtterSec, and to the extent that claims against Defendants Robert Chen seek to pierce the corporate veil of OtterSec to hold him personally liable for actions he took in his corporate capacity, Plaintiff's claims are barred under Wyo. Stat. Ann. § 17-29-703(c).

17.     Plaintiff is barred from seeking or obtaining some or all of the relief she requests by the doctrines of waiver, laches and/or acquiescence.

18.     Plaintiff is estopped from pursuing the Complaint, in whole or in part, because Plaintiff's alleged injury was caused by Plaintiff's own actions.

19.     Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

20.     Plaintiff has not alleged facts that would justify piercing the corporate veils of OtterSec LLC and Defendants RC Security and Otter Audits to hold Defendant Robert Chen liable for actions taken by those corporations.

21.     Any alleged harm suffered by Plaintiff was not directly or proximately caused by any conduct by Defendants, or by any person or entity whose acts may be attributed to Defendants for any reason, including theories of successor liability.

22.     Any alleged harm suffered by the Plaintiff was the proximate result of the acts and/or omissions of parties over whom Defendants exercised no control.

23.     Defendant Robert Chen cannot be held liable for actions or omissions he took, in his role as the Chief Executive Member of OtterSec, in good faith and to promote the best interests of the Company, per Section 4.7 of the OtterSec Operating Agreement and First Amendment.

24.     Defendants cannot be held liable for punitive damages because none of the Defendants, nor any of Defendants' Otter Audits or RC Security's, officers, directors, managing agents, or employees acted with actual or express malice.

25.     Plaintiff is equitably estopped from recovering on her claims because David Chen, acting on behalf of Sam Chen and/or his Estate, contributed to the breakdown of communications and relations between Robert Chen and Sam Chen and/or his estate.

26.     Plaintiff's claims are barred, as presented here, under the doctrine of defect of parties because David Chen is not a party to this lawsuit and because resolving any claims in favor of Plaintiff without first joining David Chen as a plaintiff would subject Defendants to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

27.     Plaintiff's claims are barred, in whole or in part, because they did not accrue prior to Sam Chen's death, and thus Plaintiff has no cause of action under Maryland Code, Estates and Trusts, § 7-40(y)(1).

28.     Plaintiff's claim for breach of contract fails because Plaintiff lacks privity with Defendants.

Respectfully submitted,

Dated: April 12, 2024

   /s/ Rachel Clattenburg
Rachel Clattenburg
Joshua A. Levy, *pro hac vice*
Kevin P. Crenny, *pro hac vice*
Justin DiCharia, *pro hac vice*
**LEVY FIRESTONE MUSE LLP**
900 17th St. NW, Suite 1200
Washington, DC 20006
Tel: (202) 845-3215
Fax: (202) 595-8253
rmc@levyfirestone.com
jal@levyfirestone.com
kcrenny@levyfirestone.com
jdicharia@levyfirestone.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on April 12, 2024, I filed the foregoing Amended Answer of Defendants Robert Chen, Otter Audits LLC, and RC Security LLC via CM/ECF which serves a copy on all counsel of record.

    /s/ Rachel Clattenburg
    Rachel Clattenburg