UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as Administrator of the Estate of Sam Mingsan Chen | Civil Action No. TDC-23-0889 |
| Plaintiff, | **STIPULATED** |
| v. | **CONFIDENTIALITY** |
| | **AGREEMENT AND** |
| ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC, | **PROTECTIVE ORDER** |
| Defendants. | |

The Parties have agreed to the terms of this Protective Order. Accordingly, it is

ORDERED:

1.      <u>Scope.</u> This Order will govern the handling of documents produced to a Party ("Receiving Party") in the course of discovery, including but not limited to all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits (the "Discovery Material"), whether produced by a Party or Non-Party (a "Producing Party"). This Order is subject to the local rules on matters of procedure and calculation of time periods.

2.      <u>**Protected Material.**</u> As used in this Order, "Protected Material" means information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – AEO," or "AEO MATERIAL" by a Producing Party that such Producing Party in good faith believes meets the criteria for such designation, provided, however, that Protected Material shall not include: information that is publicly available in substantially the same form in which it was provided; information that was, is or becomes public

knowledge, not in violation of this Order; information that is voluntarily de-designated by the Producing Party; information rightfully acquired from an independent source without restrictions as to use; or information that is at any time independently developed by a Party without use of or reliance upon any Protected Material. Any person subject to this Order who receives from any other person any Protected Material pursuant to the terms of this Order shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

3.     **Designation of Discovery Materials as "Confidential".** A Producing Party may designate Discovery Material as "Confidential" when the Producing Party in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. To designate material as "Confidential," the Producing Party shall mark the material as "CONFIDENTIAL." The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." A Producing Party shall not routinely designate Discovery Material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

4.     **Designation of Discovery Material as "Highly Confidential - Attorneys' Eyes Only".** A Producing Party may designate Discovery Material as "Highly Confidential - Attorneys' Eyes Only" (hereinafter "Highly Confidential" or "Highly Confidential – AEO Material") pursuant to this Order if it is required to be treated as such pursuant to contract, statute, regulation, or court order. The designation of highly confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – AEO," or

"AEO MATERIAL." A Producing Party shall not routinely designate Discovery Material as Highly Confidential or make such a designation without reasonable inquiry to determine that such Producing Party is required to do so.

5.     **Designating Depositions.** Portions of depositions shall be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" only if they are designated as such when the deposition is taken or within ten (10) business days after receipt of the transcript. The transcript, as a whole, shall be treated as Highly Confidential from the date of the deposition until the ten business day period has expired. Any testimony which describes a document which has been marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – AEO," or "AEO MATERIAL" as described above, shall also be deemed to be designated as Confidential or Highly Confidential.

6.     **Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order shall be so designated prior to, or contemporaneously with, the disclosure or production of such Discovery Material.

7.     **Challenging Designations.** A designation of Discovery Material as confidential or highly confidential may be challenged upon motion. The burden of proving the confidential or highly confidential nature of the designated information remains with the party asserting such designation. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

8.     **Inadvertent Failure to Designate.** A Producing Party does not waive its right to secure protection under this Order for failure to initially designate Protected Material, provided that the Producing Party notifies all other Parties that such material is protected within ten (10)

-3-

days from when the failure to designate first becomes known to the Producing Party. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Discovery Material is treated in accordance with the provisions of this Order.

9. **Access To and Use of Protected Material.** Except as otherwise provided in this Order, a Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this Action only for conducting, preparing for, prosecuting, defending or attempting to settle this Action (including appeals). The Protected Material shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose not set forth in this Order. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. The Receiving Party shall take reasonable steps to prevent the unauthorized access, use, or disclosure of the Protected Material. The Receiving Party shall ensure that Protected Material is maintained with the same duty of care with which the Receiving Party protects its own trade secrets or other confidential financial, research, development, communications, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices.

10. **Disclosure Of Protected Material Designated Confidential.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

> a. Counsel. Counsel for the Parties, including in-house counsel for the Receiving Party, and employees and service vendors of counsel who are assisting in the

litigation, and clerks under the supervision of counsel, who have responsibility for the litigation;

b. Parties. The Parties to the litigation and their employees, provided, however, that disclosure may be made only to employees of a Party required in good faith to provide assistance in the conduct of this litigation;

c. David Chen. Disclosure may be made to David Chen, provided that he has first executed Exhibit A.

d. The Court and its personnel;

e. Court reporters and videographers engaged for depositions;

f. Consultants and experts. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must execute Exhibit A.

g. Witnesses and their counsel. During their depositions, disclosure may be made to witnesses in this litigation to whom disclosure is reasonably necessary, as well as their counsel. Disclosure may also be made to persons whom counsel reasonably and in good faith expect to be deponents, hearing witnesses or trial witnesses in the litigation and counsel to such persons, provided that they are made aware of and agree to be bound by the terms of this Order and are not permitted to keep copies of any Protected Material.

h. Author or recipient. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

     i.   Tax advisors. Disclosure may be made to the parties' accounting and/or tax advisors, to the extent reasonably necessary to prepare tax returns.

     j.   Register of Wills. To the Register of Wills of Montgomery County, Maryland, in response to an audit or required accounting associated with the Estate of Sam Mingsan Chen.

     k.   Others by consent. Other persons only by written consent of the Producing Party or upon order of the Court and on those conditions as may be agreed or ordered.

**11.**    **Disclosure Of Protected Material Designated Highly Confidential.** Disclosure of Discovery Material designated as Highly Confidential shall be limited to persons referred to in subparagraphs 10(a), (d), (e), (f), and (h), above. Disclosure of Discovery Material designated as Highly Confidential may also be made, during their depositions, to witnesses in this litigation to whom disclosure is reasonably necessary, as well as their counsel.

**12.**    **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an Order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**13.**    **Non-Waiver of Attorney-Client Privilege and Work Product Protection.**

     a.   Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter, "Document") that is protected by the attorney-client privilege or work-product protection, as defined by Fed. R. Evid. 502(g), shall not waive the privilege or protection in this litigation, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the

privilege or protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

        b.      Return of Privileged or Protected Materials. Except when the Receiving Party contests the validity of the underlying claim of privilege or protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the Producing Party claims as privileged or protected shall, upon written request, promptly be returned to the Producing Party and/or destroyed, at the Producing Party's option. If the underlying claim of privilege or protection is contested, the parties shall comply with, and the Producing Party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of privilege or protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the Producing Party to request the return or destruction of the Document once the Producing Party had actual knowledge of (i) the circumstances giving rise to the claim of privilege or protection and (ii) the production of the Document in question.

        c.      As used herein, (i) "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover

versions that are not readily accessible, such as those on backup media or only recoverable through forensic means, and (ii) "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney  with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

14.  **Protected Material Subpoenaed Or Ordered Produced In Other Litigation.** If a Receiving Party is served with a subpoena or court order issued in another litigation or other legal process that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

a.   If permitted and reasonably able to do so, promptly notify in writing the Producing Party whose Protected Material may be affected. Such notification shall also, if the Receiving Party is permitted and reasonably able to do so, include a copy of the subpoena, court order, or other legal process;

b.   Promptly notify in writing the party who caused the subpoena, order, or other legal process to issue that some or all of the material covered by the subpoena, order or other legal process is subject to this Order. Such notification shall include a copy of this Order; and

c.   Take reasonable measures to cooperate with respect to reasonable procedures, if any, sought to be pursued by the Producing Party whose Protected Material may be affected.

If the Producing Party timely seeks a protective order or other appropriate remedy, the Party served with the subpoena or court order shall not produce any information designated in this Action as Protected Material before a determination by the court from which the

subpoena or order was issued, unless the Party has obtained the Producing Party's consent or the Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Protected Material or else stand liable for contempt or suffer other censure, sanctions or penalty. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party in this Action to disobey any law or directive from another court.

15.    **Unauthorized Disclosure Of Protected Material.** If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

16.    **Other Additional Parties And Non-Parties.** In the event an additional party joins or has joined in this Action, it shall not have access to Protected Material until the newly-joined party has itself, or by its counsel, executed and filed with the Court Exhibit A.

17.    **Protected Material Filed with Court.** To the extent that any Protected Material (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or is filed with the Court, the material and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The

Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the material subject to the Order is not properly classified as Protected Material, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (7) of this Order.

18.     **Use Of Protected Material At Hearings Or Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any hearing or trial in this litigation. A Party that intends to present or anticipates that another Party may present Protected Material at a hearing or trial shall bring that issue to the Court's and Parties' attention, and any relevant non-parties' attention, in accordance with the Court's procedures and directions, without disclosing the Protected Material. The Court may then make orders as are necessary to govern the use of those documents or information at the hearing or trial.

19.     **Final Disposition.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment or Order not subject to further appeal, or upon settlement resolving the litigation, unless otherwise agreed by the Parties or ordered by the Court, and with the exception of materials protected by the attorney-client privilege and/or attorney work product, all Protected Material and documents designated as Confidential or Highly Confidential under this Order, including copies, shall be returned to the Producing Party or destroyed, at the option of the Receiving Party and using its best efforts. With respect to the destruction of electronic versions of Protected

-10-

Material, a Receiving Party shall only be required to undertake best efforts to delete active electronic versions, and no effort shall be required to recover versions that are not readily accessible. Notwithstanding anything to the contrary, counsel of record for the parties may retain copies of all pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. Nothing herein shall be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility.

(c) The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

(d) **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative on or motion of a Party or any other person with standing.

(e) **Parties Bound.** This Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

20.   <u>**Court Retains Jurisdiction.**</u> This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


<u>**SO ORDERED**</u>


Dated: _____          _____
                                    THEODORE D. CHUANG
                                    United States District Judge


-11-

SO STIPULATED AND
AGREED Dated: May 9, 2024

_____
Daniel M. Kennedy, III
BARKLEY & KENNEDY, CTRD.
51 Monroe St., Ste. 1407
Rockville, Maryland 20850
Tel: 301-251-6600


_____
Stephen M. Plotnick, *pro hac vice*
Madelyn K. White, *pro hac vice*
Nathan D. Harp, *pro hac vice*
CARTER LEDYARD & MILBURN LLP
28 Liberty St., 41st Floor
New York, New York 10005
Tel: 212-732-3200

*Counsel for Plaintiff*

_____
Rachel M. Clattenburg
Joshua A. Levy, *pro hac vice*
Kevin P. Crenny, *pro hac vice*
Justin A. DiCharia, *pro hac vice*
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Ste. 1200
Washington DC 20006
Tel: 202-8453215

*Counsel for Defendants*

-12-

**Exhibit A**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

LI FEN YAO,
as Administrator of the Estate of Sam Mingsan
Chen

               Plaintiff,

   v.

ROBERT CHEN, OTTER AUDITS LLC, and RC
SECURITY LLC,

              Defendants.

Civil Action No. TDC-23-0889

**NON-DISCLOSURE
AGREEMENT**

I, _____, acknowledge that I have read and understand the

Stipulated Confidentiality Agreement and Protective Order ("Order") in this Action governing the

non-disclosure of those portions of Discovery Material that have been designated as Confidential

or Highly Confidential. I agree to comply with the terms of the Order, not disclose such Discovery

Material to anyone other than for purposes of this litigation and as permitted by the Order, and that

at the conclusion of the litigation I will return all discovery information to the party or attorney

from whom I received it or destroy such information in accordance with the Order. By

acknowledging these obligations under the Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the District of Maryland for the purpose of any

-13-

issue or dispute arising hereunder and that my willful violation of any term of the Order could

subject me to punishment for contempt of Court.


DATED: _____          _____