UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as Administrator of the Estate of Sam Mingsan Chen,<br><br>                    Plaintiff,<br>     v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>                    Defendant. | Case No. 8:23-cv-00889-TDC |

**PLAINTIFF'S SURREPLY MEMORANDUM OF LAW IN FURTHER
OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS AND TO STAY DISCOVERY**

11305568.2

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Conn. Gen. Life Ins. Co. v. Feldman*,
　2015 U.S. Dist. LEXIS 85383, at *10 (D. Md. July 1, 2015) ......................................................1

*Quan v. TAB GHA F&B, Inc.*,
　2020 U.S. Dist. LEXIS 11750, at *17 (D. Md. Jan. 23, 2020) ....................................................1

**Statutes & Rules**

Fed. R. Civ. P. 12(c) ............................................................................................................. *passim*

Wyo. Stat. Ann. § 17-29-703 .........................................................................................................2

Wyo. Stat. Ann. § 17-29-703(b) ....................................................................................................2

Wyo. Stat. Ann. § 17-29-703(c) .....................................................................................................1

Wyo. Stat. Ann. § 17-29-703(d) ....................................................................................................2

Pursuant to the Court's Order dated May 30, 2024, Plaintiff respectfully submits this surreply memorandum of law in further opposition to Defendants' motion for judgment on the pleadings and for a stay of discovery.

## ARGUMENT

Defendants' reply brief raises for the first time, on pages 13-14, an argument that Plaintiff's claims are barred by Wyo. Stat. Ann. § 17-29-703(c). That provision bars certain types of claims against a dissolved limited liability company if, and only if, the requirements of that subsection <u>and</u> the preceding subsection (b) are met. Wyo. Stat. Ann. § 17-29-703(c). Subsection (b) allows a company to provide written notice of its dissolution to "its known claimants," and delineates the required contents of the notice. "The notice shall: (i) Specify the information required to be included in a claim; (ii) Provide a mailing address to which the claim is to be sent; (iii) State the deadline for receipt of the claim, which may not be less than one hundred twenty (120) days after the date the notice is received by the claimant; and (iv) State that the claim will be barred if not received by the deadline." Wyo. Stat. Ann. § 17-29-703(b). If, and only if, these requirements are satisfied, and the additional requirements of subsection (c) are also met, the claim is barred. The additional requirements of subsection (c) are:

(i) The claim is not received by the specified deadline; or
(ii) If the claim is timely received but rejected by the company:
   (A) The company causes the claimant to receive a notice in a record stating that the claim is rejected and will be barred unless the claimant commences an action against the company to enforce the claim within ninety (90) days after the claimant receives the notice; and
   (B) The claimant does not commence the required action within the ninety (90) days.

As a threshold matter, the Court should disregard Defendants' argument altogether because it was first raised in Defendants' reply brief. *See Quan v. TAB GHA F&B, Inc.*, 2020 U.S. Dist.

11305568.2

LEXIS 11750, at *17 (D. Md. Jan. 23, 2020) (Abiding by "the ordinary rule in federal courts [ ] that an argument raised for the first time in a reply brief or memorandum will not be considered.").

Moreover, Defendants' argument is improper on a Rule 12(c) motion because it necessarily relies on factual matters outside the pleadings – *i.e.,* evidence that a written notice satisfying the requirements of § 17-29-703(b) was provided to Plaintiff, and that the additional requirements of subsection § 17-29-703(c) were satisfied.  *Conn. Gen. Life Ins. Co. v. Feldman*, 2015 U.S. Dist. LEXIS 85383, at *10 (D. Md. July 1, 2015) ("[T]he court may not consider facts outside the pleadings under Rule 12(c)."). Here, there is no such evidence within the pleadings or elsewhere, because it does not exist.

Indeed, OtterSec never sent any notice to Plaintiff pursuant to Wyo. Stat. Ann. § 17-29-703. The only notices Plaintiff is even aware of are dated October 11, 2022, and were addressed and directed only to Daniel Kennedy of Barkley & Kennedy, Chartered and to JoAnna DeWald and Tyler J. Garrett of Hathaway & Kunz, LLP. Plaintiff would be pleased to provide those notices to the Court if the Court wishes to see them, but suffice it to say that (a) neither was sent to Plaintiff, and (b) neither even makes any reference to Plaintiff, the Estate or Sam Chen. Thus, it is not surprising that Defendants, who bear the burden of supporting their argument, have not provided the Court with any notice sent to Plaintiff pursuant to § 17-29-703 or attached any such notice to their answer, as Defendants have done with other documents relied upon in their motion.[1]

Accordingly, Defendants' reliance on Wyo. Stat. Ann. § 17-29-703(c) fails, and their motion should be denied.

---

[1] Even if Defendants had sent notice to Plaintiff in compliance with § 17-29-703, they provide no support for an argument that the statute could bar claims which, as here, are based in significant part on allegations that the company was dissolved improperly. Further, § 17-29-703(d) expressly states that the statute "does not apply to a claim based on an event occurring after the effective date of dissolution," and several of Plaintiff's claims in this case are based on post-dissolution events.

Dated:  May 31, 2024                        Respectfully submitted,

                                              CARTER LEDYARD & MILBURN LLP

                                              /s/ Stephen M. Plotnick
By: _____
      Stephen M. Plotnick, *pro hac vice*
      Madelyn K. White, *pro hac vice*
      Nathan D. Harp, *pro hac vice*
28 Liberty Street, 41st Floor
New York, New York 10005
Tel: 212.732.3200
plotnick@clm.com
white@clm.com
harp@clm.com

-and-

BARKLEY & KENNEDY

                                              /s/ Daniel M. Kennedy, III
By: _____
      Daniel M. Kennedy, III
(signed by Stephen M. Plotnick with the permission of Daniel M. Kennedy, III)
51 Monroe Street, Suite 1407
Rockville, Maryland 20850
301-251-6600
dkennedy@barkenlaw.com

*Attorneys for Plaintiff Li Fen Yao*