UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as Administrator of the Estate of Sam Mingsan Chen,<br><br>       Plaintiff,<br> v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>       Defendant. | Case No. 8:23-cv-00889-TDC |

**JOINT MOTION TO MODIFY SCHEDULING ORDER**

  Plaintiff Li Fen Yao ("Plaintiff"), as administrator of the Estate of Sam Chen (the "Estate"), and Defendants Robert Chen, Otter Audits LLC, and RC Security LLC (together, "Defendants") jointly and respectfully request that the Court modify the deadlines established pursuant to the Court's Order Granting Second Joint Motion to Extend Stay of Discovery, dated August 28, 2024 (ECF Doc. 69) in accordance with the enclosed proposed Order, for the reasons set forth below.

A. **Relevant Background**

  Plaintiff commenced this action on March 31, 2023. ECF Doc. 1. Following an initial Case Management Conference held on September 15, 2023, Defendant filed a pre-answer Motion to Dismiss for Lack of Personal Jurisdiction on October 6, 2023. ECF Doc. 27. On March 11, 2024, the Court issued a Memorandum Opinion and Order denying Defendants' Motion to Dismiss. ECF Docs. 36, 37. The Count issued an initial Scheduling Order on March 26, 2024. ECF Doc. 39. On April 19, 2024, Defendants filed their Motion for Judgment on the Pleadings and to Stay Discovery Pending the Outcome of the 12(c) Motion. ECF Doc. 50.

On April 12 and April 16, 2024, Plaintiff served Defendants with her first set of requests for the production of documents and first set of interrogatories, respectively ("Plaintiff's Discovery Requests"). Defendants served Plaintiff with their first request for the production of documents and first set of interrogatories on April 22, 2024 ("Defendant's Discovery Requests").

On May 9, 2024, the parties jointly moved to modify the Court's initial Scheduling Order, primarily for the purpose of accommodating Defendants' counsel's schedule and to afford Plaintiff additional time for expert disclosures. ECF Doc. 51. The Court granted the parties' joint motion on May 9, 2024.  ECF Doc. 52.

Defendants served their responses and objections to Plaintiff's Discovery Requests on May 13 and May 16, 2024. Plaintiff served her responses and objections to Defendants' Discovery Requests on May 22, 2024. Thereafter, the parties exchanged correspondence and met and conferred on several occasions with respect to, among other things, their respective objections to discovery requests. The parties proceeded in the interim with their document productions as to those categories of discovery requests as to which there was no dispute.

On June 25, 2024, prior to the deadlines for the parties to serve motions to compel discovery in accordance with Local Rule 104.8, the parties participated in a settlement conference with Magistrate Judge Quereshi pursuant to this Court's Order of Reference dated April 9, 2024, and Judge Quereshi's Order dated April 11, 2024. ECF Docs. 47, 48. Although no settlement was reached that day, the parties agreed to continue their settlement discussions with Judge Quereshi's assistance. In furtherance of those discussions, Judge Quereshi facilitated an agreement between to the parties to exchange certain limited information for settlement purposes only, and to jointly request a stay of discovery from the Court. The parties ultimately submitted, and the Court granted, three joint motions to stay discovery and extend scheduling deadlines while their settlement

discussions continued. ECF Docs. 65, 67, 69. The parties were unable to resolve the case, and the stay expired on September 27, 2024. ECF Doc. 69.

The parties promptly resumed discovery following the expiration of the stay. For example, on October 2, 2024, Plaintiff made a supplemental production of documents and served Defendants with her motion to compel discovery pursuant to Local Rule 104.8. Defendants served Plaintiff with additional interrogatories and document requests on October 4, 2024, and a motion to compel discovery on October 7, 2024. On October 10, 2024, Plaintiff's counsel served Defendants with responses and objections to a subpoena issued by Defendants to Plaintiff's son, David Chen.

### B. Proposed Modifications to Scheduling Order

Since resuming discovery, counsel for the parties have conferred with respect to outstanding discovery and scheduling-related matters, including the status of and time frame needed to conclude their respective document productions and depositions, and discovery needed for expert reports. The parties agree that an extension of the current schedule is necessary for several reasons, detailed further below, and have agreed upon a proposed schedule that would, if acceptable to the Court, establish separate deadlines for completing document and other fact discovery, including third-party discovery and depositions, exchanging expert reports, and completing expert depositions. Although the Court's prior Scheduling Orders did not explicitly divide discovery in this way, the parties agree as a general matter that doing so would provide for the orderly and timely completion of discovery going forward, such that document discovery would be substantially completed before fact-witness depositions are required to be completed, and fact discovery would be substantially completed before proceeding with expert discovery.

The parties' respective positions as to why there is good cause for the proposed modifications to the operative Scheduling Order are set forth below, followed by the agreed-upon proposed modified schedule.

1. **Plaintiff's Position**

The proposed extension to the discovery schedule is necessary primarily because Plaintiff needs her motion to compel to be resolved prior to the submission of her expert report, and under the current schedule and the Local Rules it appears to be highly unlikely that will happen.

Pursuant to Local Rule 104.8, the parties have fourteen (14) days to serve oppositions to motions to compel discovery and fourteen (14) days to serve replies. *See* Local Rule 104.8(a). After all papers have been served, the parties are then required to meet-and-confer and make a reasonable effort to resolve the differences between them. *Id.* at 104.8(b). If the parties are unable to resolve their differences, they may file their motions to compel with the Court. *Id.* at 104.8(c).

Although Plaintiff promptly filed her motion to compel discovery when due, it will not be fully briefed until October 30, 2024. Plaintiff's counsel will be available to proceed with the meet-and-confer required by Local Rule 104.8(b) immediately after her reply is served, but Plaintiff is not optimistic that those discussions will resolve her motion. Plaintiff would be substantially prejudiced in the absence of the parties' proposed modifications to the operative Scheduling Order because (a) the discovery that is the subject of Plaintiff's motion to compel is necessary for Plaintiff's experts to prepare their report, (b) the current deadline for Plaintiff's expert report is November 4, 2024, and (c) Plaintiff's motion to compel is unlikely to be resolved prior to that date, either through the meet and confer process or by the Court's resolution of Plaintiff's motion to compel. Even if the Court were to immediately rule in Plaintiff's favor on her motion to compel, there would still be insufficient time for Defendants to produce the discovery that is the subject of

Plaintiff's motion to compel, for Plaintiff's experts to analyze the information, and for Plaintiff's experts to prepare a report by the current deadline of November 4.

For context, the discovery that is the subject of Plaintiff's motion to compel primarily concerns documents and information related to the business operations and financial affairs of Defendants Otter Audits LLC and RC Security LLC (together, the "LLC Defendants"), and is material to several claims and issues Plaintiff's expert report is expected to address, including the following: (a) Plaintiff's allegations that assets were misappropriated by Defendants from OtterSec LLC ("OtterSec"); (b) Plaintiff's allegations that the LLC Defendants are the successors to OtterSec; (c) the adequacy of the consideration allegedly paid by Defendant Robert Chen for OtterSec's assets; (d) the value of the Estate's interest in OtterSec and/or the LLC Defendants, and (e) Plaintiff's claim for unfair competition under §43(a) under the Lanham Act. (Defendants disagree that the discovery sought is relevant to this case.)

The requested modifications to the operative Scheduling Order are also necessary for reasons unrelated to Plaintiff's motion to compel. The volume of documents collected from Plaintiff's custodians is greater than originally anticipated, and many of those documents needed to be collected from non-traditional messaging applications and platforms (such as Telegram and Discord) that required more time to collect and process than would normally be the case. The additional time is therefore also needed for Plaintiff to complete her document review and production. Plaintiff has also encountered unexpected difficulties extracting information from a damaged mobile phone previously utilized by her son, David Chen, and Plaintiff is continuing to work with a vendor to explore potential solutions. It has also become apparent based on discovery produced thus far that Plaintiff will need to seek discovery from third-parties located in other jurisdictions, including Utah, Arizona, and California. Plaintiff anticipates that there may be

motion practice over claims of attorney/client privilege with respect to one such subpoena because it will be directed to OtterSec's former counsel, who is known to have been closely involved with Defendant Robert Chen's dissolution of OtterSec.

Plaintiff therefore respectfully submits that there is good cause for the parties' requested modifications to the operative Scheduling Order.

2. **Defendants' Position**

Defendants submit that there is good cause for the proposed modifications to the Scheduling Order because they need additional time to review and produce documents, to litigate Plaintiff's responses to written discovery, and to compel production of documents from David Chen, all before depositions take place. ***First***, Defendants have made two document productions so far, totaling more than 1,000 documents, and intend to make a third production this week. Nevertheless, Defendants still have a substantial number of documents to review and need the additional time requested by this Motion to do so. For instance, many communications potentially relevant to this matter took place not over email but over Discord and Telegram, messaging applications that pose unique difficulties for document collection and review. Both platforms have direct messages between users as well as "channels" with many users chatting. When files from these platforms are exported for document collection purposes, and loaded into a document database, they do not automatically divide into separate files by date. This means that the material must be divided up by date before they are loaded into the document management system. If counsel did not do this, they would be forced to work with extremely long chats, sometimes spanning months, and to produce them in their entirety, even if only a single day contained a responsive discussion. Consequently, finding efficient ways to collect, review, and produce documents in this matter has been time consuming.

*Second*, as mentioned *supra*, David Chen responded to Defendants' subpoena on October 10, 2024, but has not produced any documents and appears to be withholding documents in response to many of the subpoena's demands. David Chen is a key witness in this case. Defendants thus intend to serve a motion to compel on or before November 12, 2024 (30 days after his response), and per Local Rule 104.8, briefing will take at least 28 days from that date, or December 10, 2024. The parties will then need to meet and confer before Defendants file their motion to compel regarding the subpoena on David Chen. In addition, Defendants need David Chen's documents subject to the subpoena before deposing him.

*Third*, on October 7, 2024, Defendants served a motion to compel Plaintiff's production of documents and answers to interrogatories. That motion will not be fully briefed until November 4, 2024. Defendants need the documents and answers subject to that motion to compel prior to deposing Plaintiff. Additionally, Defendants served additional written discovery on Plaintiff on October 4, 2024, responses to which are due November 4, 2024. Should Plaintiff's responses not be sufficient, Defendants will need time to move to compel.

For these reasons, Defendants respectfully request that the Court modify the scheduling order as set forth below.

### 3. Proposed Modified Schedule

The current deadlines and proposed modified deadlines agreed upon by the parties are set forth in the table below. The proposed modified schedule for completing discovery is based upon the parties' reasonable assessment of the time needed to do so, taking into consideration the volume of documents the parties have left to review for production, holiday schedules, and the schedules of witnesses and experts. In order to account for both the Court's schedule and Plaintiff's need for

a resolution of her motion to compel prior to serving her expert disclosures, certain proposed deadlines are potentially contingent upon the Court's decision on Plaintiff's motion to compel.

| Event | Current Deadline | Proposed Modified Deadline |
|---|---|---|
| Deadline for substantial completion of document discovery | n/a | December 30, 2024 |
| Close of fact discovery | n/a | January 31, 2025 |
| Plaintiff's Rule 26(a)(2) expert disclosures | November 4, 2024 | The later of (a) February 28, 2025, or (b) 30 days from any deadline for producing discovery set forth in the Court's ruling on Plaintiff's motion to compel discovery |
| Defendants' Rule 26(a)(2) expert disclosures | December 2, 2024 | The later of: (a) March 28, 2025, or (b) 30 days following service of Plaintiff's Rule 26(a)(2) expert disclosures |
| Plaintiff's rebuttal Rule 26(a)(2) expert disclosures | December 16, 2024 | The later of: (a) April 11, 2025, or (b) 14 days following service of Defendants' Rule 26(a)(2) expert disclosures |
| Rule 26(e)(2) supplementation of disclosures and responses | December 23, 2024 | The later of (a) April 18, 2025, or (b) 7 days following service of Plaintiff's rebuttal Rule 26(a)(2) expert disclosures |

| | | |
|---|---|---|
| Completion of Expert Discovery; submission of Post-Discovery Joint Status Report, | n/a | The later of: (a) May 2, 2025, or (b) 14 days following service of Rule 26(e)(2) supplementation of disclosures and responses |
| Completion of Discovery; submission of Post-Discovery Joint Status Report, | January 6, 2025 | n/a |
| Requests for Admission | January 13, 2025 | May 9, 2025 |
| Notice of Intent to File a Pretrial Dispositive Motion | January 20, 2025 | May 16, 2025 |

**C. Conclusion**

For the foregoing reasons, the parties respectfully request that the Court grant their joint motion and enter the enclosed proposed Order Granting Joint Motion to Modify Scheduling Order.

Dated: October 17, 2024                    Respectfully submitted,

/s/ Rachel M. Clattenburg                  /s/ Stephen M. Plotnick
_____                  _____
Rachel M. Clattenburg                      Stephen M. Plotnick
Joshua A. Levy                             Madelyn K. White
Kevin P. Crenny                            Nathan D. Harp
Justin A. DiCharia,
                                           CARTER LEDYARD & MILBURN LLP
LEVY FIRESTONE MUSE LLP                    28 Liberty Street, 41st Floor
900 17th St. NW, Ste. 1200                 New York, New York 10005
Washington DC 20006                        Tel: 212.732.3200
Tel: 202-8453215
                                           -and-
*Attorneys for Defendants Robert Chen,
Otter Audits LLC, and RC Security LLC*     /s/ Daniel M. Kennedy, III
                                           _____
                                           Daniel M. Kennedy, III
                                           (signed by Stephen M. Plotnick with the
                                           permission of Daniel M. Kennedy, III)

                                           BARKLEY & KENNEDY, CHARTERED
                                           51 Monroe Street, Suite 1407
                                           Rockville, Maryland 20850
                                           Tel: 301-251-6600

                                           *Attorneys for Plaintiff Li Fen Yao*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 17, 2024, I caused the foregoing Joint Motion to Modify Scheduling Order to be filed with the Court using CM/ECF, which serves a copy on all counsel of record.

      /s/ Stephen M. Plotnick
      _____
      Stephen M. Plotnick