# Levy | Firestone | Muse

900 17th St. NW
Suite 1200
Washington, DC 20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

**Sent via CM/ECF**

November 18, 2024

The Honorable Theodore D. Chuang
United States District Judge for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

> Re: **Notice of Intent to File Motion to Compel and Unopposed Request to Exceed Page Limits by Two Pages per Memorandum**
> *Yao v. Chen et al.*, Case No. 8:23-cv-00889-TDC

Dear Judge Chuang:

Pursuant to the Case Management Order (ECF 4), Defendants Robert Chen, Otter Audits LLC, and RC Security LLC respectfully file this Notice of Their Intent to File a Motion to Compel, under Fed. R. Civ. P. 37. On such a motion, "[t]he party seeking discovery has the burden to establish its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted." *Dwyer v. Zuccari*, No. 19-cv-01272, 2020 WL 6946586, at *3 (D. Md. Nov. 25, 2020).

## I. Defendants' Motion to Compel

Plaintiff is, in several different ways, failing to meet her discovery obligations in the case she initiated. The most significant of these, which the parties have been unable to resolve despite good-faith efforts on the part of Defendants, are as follows:

Defendants have sought discovery concerning how David Chen harmed OtterSec, but Plaintiff has objected on relevance grounds. Plaintiff objects to producing documents and information relating to David Chen's undisputed taking of "code and other property" from OtterSec, as described in Plaintiff's Complaint, ECF No. 1 at ¶ 71, and his subsequent profitable use of that code. Such discovery is relevant to Plaintiff's claims and Defendants' defenses because the harm David Chen did to OtterSec when he took this code stands as an independent cause of the injury Plaintiff complains of — a diminution of the value of the Estate's share of OtterSec. The requested discovery is also relevant to Plaintiff's equitable estoppel defense, as the extent to which Sam Chen controlled, consented to, or participated in David's actions remains to be discovered.

Plaintiff has offered shifting and inconsistent positions with respect to her obligation to produce documents and information from her son, David Chen, that are in her possession, custody, or control. Plaintiff's counsel, who also represents David in connection with the third-party subpoena he received in this case, represented to counsel for Defendants that Plaintiff would treat David as a document custodian and would search for and produce documents and information in his possession. In her general responses to Defendants' Document Requests and Interrogatories, Plaintiff again reiterated that she would be responding by searching for and producing David's

Case 8:23-cv-00889-TDC   Document 80   Filed 11/18/24   Page 2 of 4

Notice of Intent to File Motion to Compel and
Unopposed Request to Exceed Page Limits by Two Pages per Memorandum
November 18, 2024
Page 2 of 3

documents and based on information known to David. Pl.'s 1st RFP Responses at 3; Pl's 1st ROG Responses at 3. However, in several of her responses to specific Interrogatories seeking information that David would know or have records of, Plaintiff has objected that the Interrogatory requests information not in her possession, custody, or control. This is inconsistent with her commitment to respond based on David's information, and inconsistent with the fact that David's information is self-evidently in her possession: she produces David's documents and responds based on his information when she finds it helpful to do so, she and her counsel relied on his documents, information, and knowledge when drafting the Complaint and their Opposition to the Motion to Dismiss, and she is his mother and the owner of the home where he lives and where he stated in his Declaration he keeps many if not all of his relevant documents. *See* Decl. of D. Chen, ECF No. 28-5.

Plaintiff raises boilerplate objections that do not comply with the requirement that objections "must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005).

Plaintiff has "responded" to six Interrogatories from Defendant Robert Chen by referencing unsworn court filings or deposition testimony that has yet to be taken, for depositions that have not even been noticed. Federal Rule of Civil Procedure 33(d) permits a party responding to an interrogatory to refer, with specificity, to "business records." Fed. R. Civ. P. 33(d)(1), and "Rule 33(d) cannot be used for documents other than 'business records.'" *United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 595 (D.D.C. 2016). Defendant Robert Chen is entitled to proper sworn responses to his Interrogatories, not references to unsworn pleadings or future deposition testimony.

Plaintiff improperly treats an interrogatory seeking identification of all notices given to OtterSec concerning the appointment of Li Fen Yao as the personal representative of Sam Chen's Estate as though it were a Document Request. Instead of identifying such notice, or admitting that none was given, she merely says she will look for such notices and produce any at an unspecified date. This despite the fact that she and her counsel should be able to easily identify any such notice.

Plaintiff improperly refused to respond to any part of Interrogatory No. 11, which she claims contains multiple subparts, even after counsel explained that it seeks information related to a single common theme.

Plaintiff improperly objects that some communications between and among members of the Plaintiff, David Chen, and Sam Chen's family could be irrelevant even when those communications concern either OtterSec, Defendants, or the "personal code and other property" that David Chen took from OtterSec as referenced in Paragraph 71 of the Complaint.

Plaintiff provided a vague and wholly improper non-answer to Interrogatory No. 16. She responded to a request that she "[e]xplain the valuation of litigation claims" the Estate filed in state court probate proceedings by stating merely that the valuations were "based on information that was then-reasonably accessible and available to Plaintiff or her counsel." Pl.'s 1st ROG Responses at 13. Plaintiff must respond to Interrogatories *based on* information available to her, not simply reference the fact that some not-defined information was available to her.

Notice of Intent to File Motion to Compel and
Unopposed Request to Exceed Page Limits by Two Pages per Memorandum
November 18, 2024
Page 3 of 3

### II. Rule 104.7 Conference

The parties met and conferred on Tuesday, November 12, pursuant to Local Rule 104.7. The parties agreed that, through briefing, they had resolved a number of issues. Per Local Rule 104.8(c), Defendants will file their Rule 104.7 certificate along with both parties' briefing after receiving leave to file their Motion to Compel.

### III. Unopposed Request to Exceed Page Limits by Two Pages per Memorandum

Defendants also request permission to file a motion to exceed the page limits for their opening Memorandum of Law and Reply Memorandum of Law, by two pages per memorandum. Plaintiff does not oppose this request. Defendants are prepared to make this request by motion, or at a Pre-Motion Conference (*see* Case Management Order, ECF No. 4 at 3), or in whatever other manner the Court prefers. The grounds for this request are as follows:

In the course of exchanging briefing, Defendants served on Plaintiff an opening Memorandum of Law that was 32 pages long, and a Reply that was 17 pages long. Counsel had been following the page limits in the Case Management Order, ECF No. 4 at 3. That Case Management Order (ECF No. 4) states: "Pursuant to Local Rule 105.3, no memorandum or brief in support of a motion or in opposition thereto shall exceed **thirty-five (35) pages**, nor shall any reply memorandum or brief exceed **twenty (20) pages**, exclusive of exhibits and tables, without prior approval from the Court." (Emphasis added.) Following the Court's Order dated November 14, 2024, ECF No. 74, Counsel now understands that the Court requires the parties to follow the limits in Local Rule 105.3, and not the different limits in the Case Management Order, and will comply with these limitations going forward.

Plaintiff will not be prejudiced by the requested extension of page limits. Defendants' briefs have already been served, and the opening brief has already been responded to by Plaintiff's counsel. Plaintiff's counsel raised no objection to the opening brief or reply being over the page limit at the time of service (or thereafter). Plaintiff's opposition brief was well under the page limit from Local Rule 105.3 (which is lower than the limit in the Case Management Order). Plaintiff's briefing was therefore not constrained by any limits that Defendants were not following.

Finally, a number of issues have been resolved by the parties, so the Court will be able to disregard portions of both briefs, particularly the opening brief which is the longer of the two.

### IV. Conclusion

Defendants respectfully request permission to file their Motion to Compel and request to exceed the page limits in Local Rule 105.3 by two pages per brief. Thank you for your time and consideration.

    Sincerely,

    /s/ Rachel Clattenburg
    Rachel Clattenburg
    Kevin Crenny
    Joshua A. Levy
    Justin DiCharia

Notice of Intent to File Motion to Compel and
Unopposed Request to Exceed Page Limits by Two Pages per Memorandum
November 18, 2024
Page 2 of 3

**LEVY FIRESTONE MUSE LLP**
900 17th St. NW, Suite 1200
Washington, DC  20006
Tel: (202) 845-3215
Fax: (202) 595-8253
*Counsel for Defendants*