# Levy | Firestone | Muse

900 17th St. NW
Suite 1200
Washington, DC  20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

**Sent via CM/ECF**

November 18, 2024

The Honorable Theodore D. Chuang
United States District Judge for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD  20770

    Re:    **Notice of Intent to File Motion to Compel David Chen's Compliance with Subpoena**
*Yao v. Chen et al.*, Case No. 8:23-cv-00889-TDC

Dear Judge Chuang:

    Pursuant to the Case Management Order (ECF 4), Defendants Robert Chen, Otter Audits LLC, and RC Security LLC respectfully file this Notice of Intent to File a Motion to Compel David Chen's Compliance with Subpoena, under Fed. R. Civ. P. 45(d). Defendants' counsel and Plaintiff's counsel met and conferred by telephone on November 12, 2024 and resolved some of the issues in dispute, as will be set forth in the Local Rule 104.7 certificate that will be filed with the Motion to Compel.

    Briefly, David Chen's conduct, documents, and information are all at the heart of this dispute. His counsel—who is also the Plaintiff's counsel—has explained that he has the "most" responsive information in this case and that the Plaintiff does not have much responsive discovery beyond David's discovery that is in her possession, custody, and control. Plaintiff is treating David Chen as a document custodian in her case, but, as will be more fully explained in the Motion to Compel directed to Plaintiff, she presents confusing and shifting positions as to whether she is producing everything that is relevant and responsive from David, or, as it seems, providing only that which she deems useful and relevant to her claims. Furthermore, although she has "control" of David's documents for purposes of Fed. R. Civ. P. 34—because she has the practical ability to access them and also relied on them for creating her case—that issue is still in dispute. Therefore, to ensure that Defendants would get access to David Chen's responsive documents, Defendants served David Chen with a subpoena on June 6, 2024.

    David Chen missed the deadline for objecting to the Subpoena. The Memorandum in Support of Defendants' Motion to Compel (Defendants' Brief) argues why this means his objections are waived.

    To the extent the Court finds he did not waive some of his objections, Defendants' Brief explains why David Chen's remaining objections should be overruled.

    David Chen is refusing to produce any documents responsive to seven Requests, all related to information about the money he made from code he took from OtterSec. He objects on the basis of relevance and because he "is not a party" to this case. These disputed Requests demand

Notice of Intent to File Motion to Compel Compliance
with Subpoena
November 18, 2024
Page 2 of 2

documents that will show how much money David Chen obtained, directly or indirectly through other entities, from the "personal code and other property" he admittedly took from OtterSec, *see* Compl. ¶ 71, when he abruptly stopped working for OtterSec in April 2022. This information is at the core of Defendants' causation defense that Plaintiff cannot establish that Defendants are the cause of the harm she alleges. Specifically, for many of her claims, Plaintiff claims that Defendants caused OtterSec to be worth less than she contends it should be, and thus that the Estate's 40% interest in OtterSec is worth less than she claims it should be. However, David Chen took income-generating code from OtterSec in April 2022, and thus caused or contributed to the harm that Plaintiff complains of. Regardless of whether or not he had the right to take the code, by taking away a source of OtterSec's income, he reduced the value of OtterSec. The requested discovery is also relevant to Defendants' equitable estoppel defense. David Chen should be compelled to produce documents responsive to Requests 8, 10, 11, 12, 13, 14, and 16 in the Subpoena.

David Chen also contends that he does not have to produce documents in response to these Requests because he "is not a party to this action, has never had an ownership interest in OtterSec, and never had a contractual relationship with OtterSec." Given his prominent role in the facts underlying this case—for instance, he is mentioned in the Complaint more than 100 times; calls himself the "proxy" for his father; and held himself out as a co-founder, co-owner, and member of OtterSec—this objection is meritless and should be overruled. The purpose of Rule 45 is to allow parties to seek discovery from non-parties.

Defendants respectfully request permission to file their Motion to Compel David Chen's Compliance with Subpoena. Thank you for your time and consideration.

Sincerely,

/s/ Rachel Clattenburg
Rachel Clattenburg
Kevin Crenny
Joshua A. Levy
Justin DiCharia
**LEVY FIRESTONE MUSE LLP**
900 17th St. NW, Suite 1200
Washington, DC  20006
Tel: (202) 845-3215
Fax: (202) 595-8253
*Counsel for Defendants*