**CARTER LEDYARD MILBURN**

**Stephen M. Plotnick**
Partner
plotnick@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8772

December 3, 2024

**BY ECF**

The Honorable Gina L. Simms, Magistrate Judge
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, MD 20770

      Re: *Yao v. Chen et al.,*
         Case No. 8:23-cv-00889-TDC

Dear Judge Simms:

 This firm, together with the law firm of Barkley & Kennedy, Chartered, represents the Plaintiff and her son, David Chen, in connection with the above-referenced matter. Pursuant to Your Honor's Order entered on the docket on November 19, 2024 (ECF No. 85), we write in response to Defendants' Notice of Intent to File a Motion to Compel David Chen's Compliance with Subpoena, dated November 18, 2024 (ECF No. 81). Simultaneous with this letter, we are also filing a response to Defendants' Notice of Intent to File a Motion to Compel discovery from Plaintiff (ECF No. 80). As both of Defendants' Notices address Defendants' common requests for discovery from Plaintiff and David Chen, in relation to Defendants' allegations that David Chen took computer code from OtterSec LLC ("OtterSec"), our response herein addresses that common issue together, so as to avoid unnecessary repetition.

 A. **Background**

 Plaintiff is the administrator of the Estate of her late husband, Sam Chen. Sam and Defendant Robert Chen were the only members of OtterSec, but the idea for the company was formulated by Robert Chen and David Chen, Plaintiff's and Sam's son.[1] David was a minor when OtterSec was formed, but he acted as Sam's representative and performed work for OtterSec until discovering that Robert was being dishonest about his discussions with a potential suitor for OtterSec, Jump Trading. After Sam tragically passed away in a car accident, Robert carried through with a previously-announced threat to "dissolve the company and remake it" by (1) forming Defendants Otter Audits LLC and RC Security LLC (the "LLC Defendants"), (2) dissolving OtterSec and transferring its assets to himself, and (3) continuing OtterSec's business via the LLC Defendants. The Complaint asserts eight causes of action, but is fundamentally about Robert's theft of the Estate's interest in OtterSec.

---

[1] Although they share the same last name, Sam Chen and David Chen are not related to Robert Chen.

B. **Discovery Related to David Chen/Computer Code**

Both of Defendants' Notices address discovery Defendants have sought, from Plaintiff and David, concerning allegations that David took computer code from Ottersec when he ceased working for OtterSec.

To begin with, Defendants' assertion that David "contends that he does not have to produce documents in response to these Requests because he is not a party to this action, has never had an ownership interest in OtterSec and never had a contractual relationship with OtterSec" is premised upon an objection that Defendants refer to out of context. Plaintiff has always agreed that David is an important source of discovery, and neither Plaintiff nor David has ever objected to any of Defendants' requests simply because David is not a party to this case. To the contrary, we have been transparent with Defendants from the outset of this case that David is one of Plaintiff's custodians and that Plaintiff's discovery responses and document production have been based on, and include, relevant information and documents possessed by David.

What David Chen and Plaintiff have objected to are Defendants' requests for *irrelevant* discovery – and that is the basis for the objection to which Defendants refer. It is an undisputed fact that David is not a party to this case, that he never owned any membership interest in OtterSec, and that he had no contractual relationship with OtterSec. Nonetheless, Defendants' have asserted, as a purported defense to *Plaintiff's* claims, which are asserted on behalf of *the Estate of Sam Chen*, that *David* took computer code with him when he ceased working for OtterSec. Defendants have thus sought identical discovery from Plaintiff and David Chen concerning *David's* removal of the computer code and amounts that *David* earned from the use of that code, claiming that this discovery is "at the core of Defendants' causation defense." Defendants' causation theory is founded upon the erroneous assertion that, "for many of her claims, Plaintiff claims that Defendants caused OtterSec to be worth less than she contends it should be." Yet, none of Plaintiff's claims in this case are premised upon any allegations that Defendants *reduced the value* of OtterSec; they are premised upon Defendants' theft of the Estate's *entire interest* in OtterSec.

The discovery sought by Defendants does, however, appear to be relevant to a different case that Robert Chen recently filed in the District of Wyoming. *See Chen v. Chen*, Case No. 2:24-cv-00198-ABJ (D. Wyo. September 30, 2024). In that case, Robert has asserted claims against David arising out of the exact same allegations Defendants rely upon as a "defense" in this case, and to justify obtaining discovery concerning David's removal and use of the computer code. After David filed a motion to transfer the Wyoming case to this District (which has yet to be decided), Robert filed opposition papers on November 26, 2024, arguing that this Maryland case "is not about David's thefts" of the computer code – thus suggesting that Defendants have now withdrawn the purported "defense" upon Defendants' discovery requests are founded, and rendering their proposed motion moot with respect to the discovery they seek for their "causation defense."

Defendants accuse Plaintiff and David Chen of offering "shifting and inconsistent positions" with respect to the scope of discovery in this matter, but it appears as though Defendants are

arguing "shifting and inconsistent positions" to this Court and to the Court in Wyoming. During a meet-and-confer among counsel in this case on November 22, 2024, we offered to produce at least some of the discovery Defendants have been seeking in furtherance of their "defenses," but in light of Robert Chen's recent filing in Wyoming we are now hesitant to do so without receiving clarification from Defendants as to whether they have in fact withdrawn those defenses. If so, they are plainly not entitled to the discovery they seek in this case, and they would not yet be entitled to seek it for the Wyoming case either. *See* Fed. R. Civ. P. 26(d)(1).

Accordingly, we must now oppose Defendants' intended motion on the grounds that they have apparently declared the information sought to be irrelevant to this action. Alternatively, if Robert Chen withdraws his objection to the motion to transfer premised on the grounds that this action is "not about David's thefts" of the computer code, we are prepared to stand by our proposal to produce at least some of the discovery Defendants seek through their intended motion to compel.[2]

We thank the Court for its time and attention to this matter. Should Your Honor have any questions or require anything further, please let us know.

Respectfully submitted,

/s/ Stephen M. Plotnick

Stephen M. Plotnick

cc:   All Counsel of Record (by ECF)

---

[2] We also note that Defendants' counsel in this case has also appeared as counsel for Robert Chen in the Wyoming Action. *See* Dkt. No. 22, Case No. 2:24-cv-00198 (D. Wy. Dec. 2, 2024).