## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LI FEN YAO, as Administrator of the Estate of
Sam Mingsan Chen,

                    Plaintiff,

        v.

ROBERT CHEN, OTTER AUDITS LLC, and RC
SECURITY LLC,

                 Defendants.

Case No. 8:23-cv-00889-TDC-GLS

## <u>JOINT STATUS REPORT</u>

Plaintiff Li Fen Yao, as administrator of the Estate of Sam Chen, and Defendants Robert Chen, Otter Audits LLC, and RC Security LLC (the "parties") jointly, and respectfully, submit this Joint Status Report, in compliance with the Court's Orders. *See* ECF 95 & 98.

### A.  Meet and Confers

The parties held meet and confers as follows: on January 3, 2025, for 4 hours and 9 minutes; on January 8, 2025, for 3 hours and 42 minutes; on January 10, 2025, for 2 hours and 43 minutes; on January 16, 2025, for 1 hour and 13 minutes; and on January 24, 2025, for 1 hour and 9 minutes. Transcripts of those meet and confers are attached as Exhibits A through E.

### B.  Plaintiff's Description of Remaining Disputes Concerning Discovery Requested from Defendants

**Digital Wallets:** Plaintiff's Doc. Req. 18 and Interrog. 16 sought discovery concerning the blockchain or digital wallets of RC Security, Otter Audits, and OtterSec. Defendants agreed to produce the general ledgers of OtterSec, RC Security, and Otter Audits and represented that the ledgers will identify the wallets. Defendants also agreed to consider follow-up inquiries from Plaintiff and to provide additional information concerning transactions or wallets if requested by Plaintiff. Plaintiff has agreed to await Defendants' production of the ledgers.

**Third-Parties With Documents:** Plaintiff's Interrog. 17 asked Defendants to "Identify all persons in possession, custody or control of business or financial records for Defendants and OtterSec … ."  Defendants initially limited their response to "persons likely to be in possession, custody or control of business or financial records for OtterSec," but have proposed to supplement their response to provide names of persons who *were* in possession, custody or control of Defendants' records through the end of 2023. Plaintiff has explained that she seeks the identities of persons who *currently* have such documents for purposes of third-party discovery.

**Protocols and Productions:** The parties continue to exchange correspondence over issues related to their respective ESI searches and document productions. Progress has been made but some issues remain, including: (a) Plaintiff's request that Defendants' search the ESI of Daryl Yeo, a current employee of Otter Audits whom Defendants identified as a person likely to have business or financial records for OtterSec; (b) Defendants' redactions of large swaths of messages on grounds of relevance; (c) Defendants' omission of searches for documents concerning their defenses and affirmative defenses; and (d) assertions of privilege by attorneys and accountants for OtterSec, which Defendants contend is not ripe until they produce their privilege log.

Plaintiff and Defendants have also raised concerns arising out of responses to subpoenas they received from Discord at the end of January. Follow-up with Discord is required to understand the information provided (and to correct information in native files), but the responses appear to indicate that Plaintiff's son, David Chen, and Defendant Robert Chen deleted messages from their Discord accounts in 2023 and 2024. The parties are continuing to work cooperatively to exchange information concerning the deletions.

Plaintiff takes Defendants' concerns seriously, as Discord's response seems to indicate that David Chen deleted a large number (17,222) of messages. However, based on Plaintiff's initial analysis, which remains ongoing, the majority of the messages (over 14,500) were sent before OtterSec was formed in February 2022, and, therefore, are not relevant. It also appears that, of the messages that were sent after OtterSec's formation, at least some were preserved by Plaintiff prior to deletion. Plaintiff is still in the process of evaluating whether other messages have been preserved or, if not, whether they are retrievable by other means. Discord's response also did not show the contents of the messages, who they were exchanged with, or the "channels" in which the

deletions occurred. Plaintiff's ongoing review indicates that they include middle school and high school friend groups, college course-work groups, and relate to topics such as comics, games, memes, travel, and food.

As Plaintiff's review remains ongoing, Plaintiff is unable at this point to confirm that no relevant messages have been deleted. Plaintiff is prioritizing the review, and will continue working cooperatively with Defendants to provide answers. When Defendants previously raised concerns with respect to a mobile phone belonging to David Chen that ceased functioning in April 2023, which was voluntarily disclosed by Plaintiff to Defendants, the parties agreed to have an independent examiner inspect the phone and provide the results to both parties. The examiner recently advised the parties that the cause of the failure is likely attributable to a software issue, and that she could not attribute the failure to an intentional act. Regardless, the only category this impacted was text messages, and it does not appear that David Chen's text messages are a source of relevant discovery in this case because he used Telegram and Discord for his communications related to OtterSec. Although David communicated with his parents by text message, Plaintiff has collected those messages from their mobile phones.

Plaintiff believes that additional progress will be made on these issues through continued transparency and cooperation among counsel.

### C. Defendants' Response

Defendants continue to agree to produce certain financial information through calendar year 2023, despite the Court's January 27th Order dismissing many of Plaintiff's claims. For ROG 17, Defendants offered to disclose the "individuals who worked on these financial records through the end of 2023." Tr. (Jan. 24, 2025) at 29-31.

Regarding productions: (a) Including Daryl Yeo would be overly burdensome and not proportional, requiring a review of around 9,000 emails, and Robert would have been copied on most of the relevant emails; (b) some of the thousands of Discord conversations Defendants produced contain irrelevant and non-responsive information, which they redacted, and Plaintiff has not identified any specific redactions, despite a request by Defendants; (c) Defendants' searches were adequate; they also invited Plaintiff's counsel to suggest a search for them to consider, yet Plaintiff's counsel has not done so; and (d) Defendants will be producing a privilege log.

Contrary to what is said above, the independent examiner said that the phone's failure could have been intentional or a software glitch, but that she would not be able "to opine as to intent." Defendants' counsel is determining whether more information from David would help the independent examiner determine what happened to the phone and/or in recovering the phone's data, before the phone is damaged in any data recovery process.

The Discord production for Robert showed a total of 54 deletions over a 2-year period, many after the date of collection. This compares to 17,222 deletions for David Chen, several thousand of which (per Plaintiff's counsel) were from the relevant time period for this case. The deletions on the Jito server (a subset of the 17,000+ messages) appear to concern discussions around the code David took from OtterSec and his on-chain trading. Defendants have no assurances that David has not deleted messages on Telegram as well. Defendants are waiting for more information on these deletions, but, in the meantime, they are concerned that there have been no assurances that David has stopped these deletions; that he has not made similar deletions on other platforms; or that he will not continue to make these deletions.

### D.  Defendants' Description of Remaining Disputes Concerning Discovery Requested from Plaintiff and David Chen with Plaintiff's Response

**Plaintiff has possession, custody, or control of David Chen's documents**. Plaintiff—who is producing David Chen's documents that are responsive to Defendants' document requests, and is not withholding documents on the basis of an objection that she lacks possession, custody, or control of David's documents—nevertheless refuses to withdraw her objection that she does not have possession, custody, or control of David Chen's documents. *See* Tr. (Jan. 3, 2025) at 121-128; 144-45; Tr. (Jan. 8, 2025) at 152-155; Tr. (Jan. 10, 2025) at 66-79. It increasingly appears David Chen has deleted or destroyed potentially relevant evidence, *see infra*; Plaintiff is also responsible because she has possession, custody, or control of David Chen's documents pursuant to Rule 34.

**Document Production Issues.** Defendants' counsel has been unable to resolve issues with Plaintiff's productions as they relate to David Chen's destruction of potentially relevant evidence.

**(1) David Chen's phone** allegedly "bricked" days after his mother filed the complaint in this case; Defendants' counsel did not learn of this until more than a year later. Since December 2024, the phone has been with a mutually-agreed upon vendor that is attempting to retrieve data.

**(2) Jito Discord Server:** In October 2024, Defendants' counsel discovered that between the spring 2024 and the fall 2024—while discovery was proceeding—David Chen had gone into a certain Discord server and deleted his own messages. Discord is an online messaging service used extensively by David Chen, *see* Decl. David Chen (ECF 28-5). Defendants' counsel was and is concerned that this conduct was not limited to this server, and that these deletions suggest that David Chen has deleted other Discord messages on other Discord servers to which Defendants do not have access (Defendants cannot access most channels and servers that include David Chen). This concern is supported because Defendants have produced relevant Discord messages between

5

David Chen and a third-party, but Plaintiff has only produced a truncated version of these messages, without explanation. Plaintiff's productions also largely contain messages only from early-to-mid 2022, suggesting data from later dates is missing. Defendants' counsel sought a limited deposition of David Chen to pursue these issues, but that proposal fell apart because the scope that Plaintiff's counsel insisted on would have made the deposition not useful for discovering what David Chen deleted.

**(3) More than 17,000 deletions in 2024:** On January 30, 2025, Defendants' counsel's concerns that David's deletions were more widespread were confirmed when they received a production from third-party Discord showing that David Chen deleted more than 17,000 Discord messages from January through November 2024 alone. The produced deletion log shows David has deleted 17,222 messages in that time, including: he deleted 6,644 messages between July 28 and July 30, 2024, about a month after a subpoena was served on him and while mediation was ongoing; he deleted 9,817 messages between October 10 and October 27, 2024 (shortly after OtterSec and Defendant Robert Chen filed suit against David Chen, on September 30, 2024); and he deleted 628 messages on or after October 28, 2024, which is the date Defendants' counsel sent a letter to David and Plaintiff's counsel raising concerns about David's deletions on the Jito server.

Defendants are waiting for information from Plaintiff and David on the details of what was deleted, and, crucially, when and how David's documents were collected and preserved. Per counsel, David is "aware of his duty to preserve," but Plaintiff's and David's counsel have not provided any assurances that this destruction of potentially relevant evidence has stopped, or that it did not continue after the end date of the subpoena on Discord.

Defendants' counsel has had telephone meet and confers and written exchanges with Plaintiff's and David's counsel for months about the phone and Jito deletion, *see, e.g.,* Meet and Confers on Nov. 12, 2024; Nov. 22, 2024; Jan. 8, 2025; Emails and letters between counsel dated May 17, 24, 29, 2024; Oct. 10, 21, 28, 2024; Nov. 6, 11, 13, 19, 22, 25, 27, 2024; Dec. 2, 5, 10, 18, 2024; and more recently, have exchanged letters regarding David's deletion of Discord messages. Letters and emails of Jan. 31, 2025, Feb. 3 & 4, 2025. *See also* Tr. (Jan. 3, 2025) at 127; Tr. (Jan. 10, 2025) at 74-75.

### E. Plaintiff's Responses

First, the objection to which Defendants refer is a general objection.  Plaintiff's responses are clear that she is producing David Chen's documents notwithstanding that objection, as Defendants acknowledge. Defendants' position is thus not related to any current dispute, but for purposes of a future spoliation motion.  *See* Tr. (Jan. 10, 2025) at 74. Whether Plaintiff has possession, custody or control of particular documents is fact-specific, and should be argued in Defendants' spoliation motion.

Second, Plaintiff voluntarily disclosed at the outset of discovery that David Chen's phone ceased functioning. This was "more than a year" after the Complaint was filed because Defendants' motion to dismiss was decided nearly a year after the Complaint was filed (ECF No. 37). Plaintiff has shared with Defendants a report from her own examiner, and an independent examiner advised that the failure is likely attributable to a software issue. The examiner has suggested a software update to recover the data, but Defendants are currently unwilling to proceed. Plaintiff is aware of no relevant text messages that were lost, or evidence that David damaged the phone.

Third, as set forth above, Plaintiff is working cooperatively to provide Defendants with information concerning the Discord messages. Defendants have not explained the relevance of the Jito messages even though Robert Chen was a party to them and preserved some of them. Defendants' reference to messages they produced omits that Plaintiff's production is ongoing. Plaintiff has advised that she is working with her vendor to rectify the messages produced in truncated form. Plaintiff also agreed to Defendants' request for a limited deposition of David Chen. It did not proceed because, after Defendants prepared a stipulation and Plaintiff returned a counter-stipulation, Defendants stated they would "follow-up with a counter-proposal" but elected not to do so. *See* E-mails between counsel dated Nov. 27, 2024 and Dec. 4, 5, 10, 18, 2024.

Fourth, as set forth above, Plaintiff does not discount Defendants' concerns regarding the Discord messages. However, the duty to preserve applies to relevant documents, not all documents. The Discord production does not contain information necessary to assess whether the messages are relevant, and Plaintiff has already disclosed that many are not relevant. The production was provided on January 31, Plaintiff's analysis is ongoing, and Plaintiff will continue to be transparent.

**F.  Proposed Schedule**

The parties respectfully propose to modify the Scheduling Order as shown in the table attached to this JSR as Exhibit F.

Dated: February 10, 2025

/s/ Rachel M. Clattenburg     /s/ Stephen M. Plotnick
_____    _____

Rachel M. Clattenburg     Stephen M. Plotnick
Joshua A. Levy        Alexander Malyshev
Kevin P. Crenny       Madelyn K. White
Justin A. DiCharia       Nathan D. Harp
LEVY FIRESTONE MUSE LLP  CARTER LEDYARD & MILBURN LLP
900 17th St. NW, Ste. 1200    28 Liberty Street, 41st Floor
Washington DC 20006     New York, New York 10005
Tel: 202-8453215       Tel: 212.732.3200

*Attorneys for Defendants Robert Chen,*  -and-
*Otter Audits LLC, and RC Security LLC*

             /s/ Daniel M. Kennedy, III
             _____

             Daniel M. Kennedy, III
             BARKLEY & KENNEDY, CHARTERED
             51 Monroe Street, Suite 1407
             Rockville, Maryland 20850
             Tel: 301-251-6600

             *Attorneys for Plaintiff Li Fen Yao*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2025, I caused the foregoing Joint Status Report to be filed with the Court using CM/ECF which serves a copy on all counsel of record.

/s/ Stephen M. Plotnick

_____

Stephen M. Plotnick