# Levy | Firestone | Muse

900 17th St. NW
Suite 1200
Washington, DC  20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

**Sent via CM/ECF**

February 10, 2025

The Hon. Theodore D. Chuang and the Hon. Gina L. Simms
United States District Judge for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD  20770

> *Re:*   **Notice of Intent to File Motion for Entry of Preservation Order**
> *Yao v. Chen et al.*, Case No. 8:23-cv-00889-TDC

Dear Judge Chuang and Judge Simms:

Defendants Robert Chen, Otter Audits LLC, and RC Security LLC respectfully file this Notice of Intent to File a Motion for Entry of Order Directing Plaintiff and David Chen to Preserve Evidence.

On January 29, 2025, Discord, an online messaging service similar to WhatsApp, that David Chen uses extensively, *see* Decl. D. Chen at ¶¶ 13, 30-31 (ECF 28-5), responded to a subpoena. Discord produced an Excel spreadsheet detailing 17,222 Discord messages sent by David that David had deleted from February 2023 up through the date of the subpoena, in November 2024. Of those 17,222 Discord messages, 17,141 of the messages were deleted in 2024. All but 15 of the messages deleted in 2024 were deleted after the start of discovery.

David's deletions are concentrated at various points during the year 2024. The produced logs show that David deleted 6,644 messages between July 28 and July 30, 2024, about a month after Defendants served a subpoena on him and during mediation; he deleted 9,817 messages between October 10 and October 27, 2024 (shortly after OtterSec and Defendant Robert filed suit against David, on September 30, 2024); and, lastly, he deleted 628 messages on or after October 28, 2024, which is the date Defendants' counsel sent a letter to David and Plaintiff's counsel (they share counsel) raising concerns about David's deletions on the Jito Discord server (see *infra*). According to Plaintiff's counsel, more than 2,700 of the messages were originally sent during the relevant period for this lawsuit. *See* Jt. Status Report (ECF 106) at 2.

David deleted huge numbers of messages at a rapid pace: On October 11, 2024, between 12:49 AM and 2:29 AM UTC (a period of 100 minutes), he was deleting around 8 messages every minute, for a total of 806 messages. Discord does not have a built-in auto-delete function.

The Discord production did not provide the content of the messages produced by Discord. This is because Discord is prohibited by the Federal Stored Communications Act from disclosing the contents of third parties' communications. *See* 18 U.S.C. § 2701 *et seq*. Counsel for Discord also advised that Discord cannot retrieve the content of deleted messages. Accordingly, Defendants cannot access the messages David Chen destroyed.

On January 31, 2025, Defendants' counsel promptly informed Plaintiff and David's counsel of Discord's production and counsel's concerns that David was continuing to delete

potentially relevant evidence and requested a declaration from David that he had stopped the deletion of documents on any platform or in any format. Defendants' counsel requested:

> [A] declaration from him, under penalty of perjury, that he has stopped this and all deletion and/or destruction of documents in any format, whether Discord, Telegram, emails, texts, or any format, consistent with the scope of the term "documents" in the Uniform Definitions for Use in Discovery Requests set forth in Appendix D of the Local Rules of the District Court.

Email from J. Levy (Jan. 31, 2025). Plaintiff's counsel responded that they were reviewing the information provided by Discord "but it will take time." Ltr. from S. Plotnick (Feb. 3, 2025). Plaintiff's counsel refused to provide any assurances that David and Plaintiff have stopped the destruction of potentially relevant evidence. Specifically, Plaintiff's counsel responded that:

> Defendants' request for a declaration from David Chen by "no later than Monday, February 3, 2025" (emphasis in original) with respect to a production made to us only the Friday before – containing a combined total of over 24,000 entries – is both unreasonable and contrary to Defendants' obligations under the Local Rules. Your email also sets forth no basis for Defendants' demands, and we are aware of none. We are reviewing the information provided by Discord, but it will take time. Nonetheless, we can confirm that David Chen is aware of his duty to preserve, which duty applies to *relevant* evidence – and not to every document, or Discord message, he possesses.

*Id.* This representation that David "is aware of his duty to preserve" provides little comfort, as his "aware[ness]" of the duty has not prevented him from destroying documents.

Defendants' counsel are willing to wait for the explanation of the deletions. But they cannot fail to act on Plaintiff and David's refusal to provide assurances that David and his mother are not continuing to destroy evidence. Therefore, Defendants' counsel requests permission to file a motion for entry of an order directing Plaintiff and David Chen to preserve potentially relevant evidence and to stop their deletion of documents, and for any other appropriate relief.

Plaintiff and David's counsel have been on notice of David Chen's deletion of potentially relevant messages on Discord since October 28, 2024, when Defendants' counsel first discovered that David had deleted two years' worth of messages on a Discord server called the Jito server. Defendant Robert Chen is also a member of the Jito server and thus had access to those messages. (The Jito server discussions are generally for people who trade on Solana; one of OtterSec's codes that David took was running on the Solana blockchain. In December 2024, Defendants produced the messages from the Jito server that David had deleted in late 2024 and that Defendants had in their custody.)

At that time, in October 2024, Defendants' counsel was concerned that David's conduct was not limited to this Jito server, and that his deletions on the Jito server suggested that David had deleted other Discord messages on other Discord servers to which Defendants do not have access. (Defendants cannot access most channels and servers that include David.) Defendants' counsel sought an explanation of these deletions by David; they still have not received any from

Plaintiff and David's counsel. In November 2024, Defendants' counsel subpoenaed the deletion logs for David from Discord. Discord's production has now validated their concern that David's deletions were more widespread: **David Chen deleted messages from multiple servers and channels as well as Direct Messages throughout 2024.**

These deletions occurred against the backdrop of another preservation issue: in May 2024, Plaintiff and David's counsel for the first time informed Defendants' counsel that David's phone had "bricked" more than a year earlier, shortly after the commencement of this suit. The parties are working with a third-party forensic examiner to inspect the phone and possibly recover data.

In summary: David's phone stopped working right after the filing of this lawsuit; it is not clear when his counsel learned of this, but they knew at least as of May 2024; David deleted huge amounts of data from Discord in mid-to-late 2024, and his counsel was on notice of a subset of those deletions (the Jito server ones) by October 28, 2024. Defendants have now learned that David deleted thousands of Discord messages in 2024, including after October 28, 2024. Counsel for Plaintiff and David have thus far refused to provide Defendants with a declaration that David (or Plaintiff) will stop destroying documents. It is imperative that Defendants obtain assurances that David Chen and Plaintiff have stopped destroying evidence.

Furthermore, as the Motion will show, Plaintiff has "control" over David's documents under Rule 34, and thus she is responsible for David's spoliation of evidence that Plaintiff had a duty to preserve. She has the "practical ability" to obtain his documents; Plaintiff is producing David's responsive documents in response to the document requests served on her. *See* Tr. of Meet and Confer (Jan. 10, 2025) at 74-76 (ECF 106-3) (Plaintiff's counsel stated that "We say … plaintiff will search for and produce responsive documents that are within the possession, custody or control of David Chen").

"A federal court may . . . issue preservation orders as part of its inherent authority to manage its own proceedings." *Gambino v. Hershberger*, No. CV TDC-16-3806, 2017 WL 2493443, at *3 (D. Md. June 8, 2017) (Chuang, J.), *aff'd*, 700 F. App'x 272 (4th Cir. 2017). Here, "absent a court order, there is significant risk that relevant evidence will be lost or destroyed," *id.*, as shown by David's ongoing deletions of Discord messages and "bricked" phone. Ordering Plaintiff and David to preserve evidence "is necessary and not unduly burdensome." *Id.*

Defendants respectfully request permission to file their Motion for Entry of Order Directing Plaintiff and David Chen to Preserve Evidence.

Sincerely,

/s/ Rachel Clattenburg
Rachel Clattenburg
Joshua A. Levy
Justin A. DiCharia
Kevin P. Crenny