**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| |
|---|
| ROBERT CHEN and OTTERSEC LLC, |
| Plaintiffs, |
| v. |
| DAVID CHEN, |
| Defendant. |

Case No. 8:24-cv-03628-PX

**PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

FACTUAL BACKGROUND ............................................................................................. 2

    A.  The *Chen v. Chen* Action ................................................................................. 2

    B.  The *Yao v. Chen* Action.................................................................................... 5

        1)  The Court in *Yao v. Chen* Granted in Part Defendants' Motion for Judgment on the Pleadings, Dismissing Many of the Claims ............................................................ 6

        2)  The *Yao* Defendants' Defenses........................................................................... 7

LEGAL STANDARD .................................................................................................... 9

ARGUMENT ................................................................................................................. 9

I.     PLAINTIFFS IN *CHEN v. CHEN* AND DEFENDANTS IN *YAO v. CHEN* WILL BE SEVERELY PREJUDICED IF THESE CASES ARE CONSOLIDATED, BECAUSE OF DELAY, INCREASED COSTS, AND JURY CONFUSION. ....... 9

    A.  Consolidation Would Cause Delay that Prejudices the *Yao* Defendants and Would Not Support Judicial Economy ................................................................. 9

    B.  Consolidation of the Cases Would Confuse a Jury and Prejudice the *Chen* Plaintiffs and *Yao* Defendants. ............................................................... 13

    C.  Aligning Plaintiff Robert Chen with Plaintiff Li Fen Yao Would Prejudice Him and Create Confusion............................................................................. 14

    D.  Consolidating Actions where David Chen and Li Fen Yao Share Counsel Would Prejudice *Chen* Plaintiffs and Confuse a Jury...................................... 16

    E.  Consolidation Would Be Prejudicial to Defendants in *Yao v. Chen* Because It Would Create the Appearance That Otter Audits and RC Security Are The Same As OtterSec, Even Though That Is A Highly Contested Legal Issue On Which The Yao Plaintiff Bears The Burden of Proof. ............................................. 19

    F.  Transfer of Venue Is a Different Standard Than Consolidation............................ 23

II.    ASSIGNING THE SAME JUDGE TO BOTH CASES IS SUFFICIENT; NEITHER CONSOLIDATION NOR A STAY IS WARRANTED....................... 22

III.   IF THE COURT HAS CONCERNS OVER DENYING CONSOLIDATION, A STAY OF THE *CHEN* MATTER IS MORE APPROPRIATE THAN CONSOLIDATION. ...................................................................................... 22

CONCLUSION ............................................................................................................ 23

# TABLE OF AUTHORITIES

## Cases

*Arnold v. Eastern Air Lines, Inc.*,
  681 F.2d 186 (4th Cir. 1982) .........................................................................................9

*Arnold v. Eastern Air Lines, Inc.*,
  712 F.2d 899 (1983)........................................................................................................9

*Atkinson v. Roth*,
  297 F.2d 570 (3d Cir. 1961)..........................................................................................16

*Carlyle Aviation Mgmt. Ltd. v. Frontier Airlines, Inc.*,
  711 F. Supp. 3d 225 (S.D.N.Y. 2024) ..........................................................................14

*City of Canton, Ohio v. Hydro-Dyne Eng'g Inc.*,
  No. 5:17-cv-729, 2017 WL 4620802 (N.D. Ohio Oct. 16, 2017)...................................15

*Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*,
  No. 19-cv-2141 JM(JLB), 2021 WL 2780234 (S.D. Cal. July 2, 2021)..........................11

*CX Reinsurance Co. Ltd. v. Johnson*,
  No. DKC-19-416, 2019 WL 1861346 (D. Md. Apr. 25, 2019).......................................17

*Dishon v. Gorham*,
  No. cv-16-04069-PHX-ROS, 2018 WL 4257936 (D. Ariz. Sept. 6, 2018)...............11, 22

*Drakes v. Glover Grp. Invs., LLC*,
  No. 1486, 2021 WL 1716650 (Md. Ct. Spec. App. Apr. 30, 2021)..................................19

*Eagle Auto Mall Corp. v. Chrysler Grp., LLC*,
  760 F. Supp. 2d 421, 425 (S.D.N.Y. 2011) ...................................................................22

*E.E.O.C. v. HBE Corp.*,
  135 F.3d 543 (8th Cir. 1998) ........................................................................................14

*Engler v. Harris Corp.*,
  No. CIVA. GLR-11-3597, 2012 WL 5193818 (D. Md. Oct. 18, 2012) ..........................21

*Hunter v. United States*,
  No. cv-419-169, 2021 WL 232129 (S.D. Ga. Jan. 22, 2021) ..........................................16

*KGK Jewelry LLC v. ESDNetwork*,
  No. 11-cv-9236-LTS-RLE, 2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014)......................10

*Martin v. TWP Enterprises Inc.*,
  227 Md. App. 33, 132 A.3d 361 (2016)...........................................................................19

*Metzgar v. U.A. Plumbers & Steamfitters Loc. No. 22 Pension Fund.*,
  No. 13-cv-85V(F), 2017 WL 3722456 (W.D.N.Y. Aug. 29, 2017) ...........................13, 23

*Miranda v. Homefix Custom Remodeling Corp.*,
  No. cv-TDC-22-3190, 2023 WL 5959828 (D. Md. Sept. 13, 2023) .....................9, 11, 22

*nCube Corp. v. Seachange Int'l Inc.*,
  No. CIVA 01-011-JJF, 2010 WL 2266335 (D. Del. June 4, 2010)..................................23

*Rozdilsky v. Liquidity Servs., Inc.*,
  No. CV TDC-22-3355, 2024 WL 1156549 (D. Md. Mar. 18, 2024) ...............................11

*Spratley v. FCA US LLC*,
    No. 317-cv-0062MADDEP, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017)...................23

*Tatintsian v. Vorotyntsev*,
    No. 1:16-cv-7203-GHW, 2024 WL 4467910 (S.D.N.Y. Oct. 9, 2024)...........................14

*Trevizo v. Cloonan*,
    No. P-00-CA-028, 2000 WL 33348794 (W.D. Tex. Nov. 29, 2000) ...............................16

## Statutes & Rules

Md. Rule of Professional Conduct 19-301.7 ...............................................................18

Wyo. Stat. Ann. § 17-29-703 .......................................................................................20

## Other

Wright & Miller, 9A Fed. Prac. & P. § 2383 (3d ed. 2024) ..........................................15

Plaintiffs Robert Chen and OtterSec LLC respectfully oppose Defendant David Chen's Motion to Consolidate this action, *Chen v. Chen*, with an action pending before the Honorable Judge Theodore D. Chuang, *Yao v. Chen*, Case No. 8:23-cv-889. The Plaintiff in the *Yao v. Chen* action is Li Fen Yao, as administrator of the Estate of Sam Chen; the defendants in *Yao v. Chen* are Robert Chen, RC Security LLC, and Otter Audits LLC.

Consolidation would seriously prejudice Plaintiffs in this action, as well as the defendants in *Yao v. Chen*. The parties in *Yao v. Chen* are deep into discovery, having already produced thousands of documents and engaged in over a dozen hours of on-the-record meet and confers to resolve discovery disputes, while discovery has not even begun in *Chen v. Chen*. The *Yao v. Chen* defendants should not need to wait at least a year for *Chen v. Chen* to catch up, and such delay imposes significant costs on them. On January 27, 2025, the Court in *Yao v. Chen* granted judgment on the pleadings to the defendants in that case on several of the counts, dismissing large portions of that case and significantly narrowing it. The ultimate disposition of that case should not be delayed to wait for this case to catch up. Consolidation would confuse the jury on many issues, as set forth below. The fact that defendant David Chen shares counsel with the Plaintiff in *Yao v. Chen* would increase the confusion and prejudice caused by consolidation. For example, the joint representation in a consolidated action could suggest that claims that David Chen harmed OtterSec (the claims in this case) are not meritorious because such harm to OtterSec would equally harm the Plaintiff Li Fen Yao, who has a 40% economic interest in OtterSec.

This prejudice is not "overborne" by the minimal risk of overlapping rulings and the minimal burdens to parties or witnesses. The two cases concern different plaintiffs with different claims that raise different factual and legal issues. None of the claims are the same. Plaintiffs ask this Court to deny Defendant David Chen's motion to consolidate. Furthermore, simply assigning

both cases to the same judge, without consolidating them, would alleviate any concerns of inconsistent adjudications. If, however, the Court is inclined to grant the motion to consolidate, Plaintiffs respectfully request that, in the alternative, the Court stay this Action pending disposition of *Yao v. Chen* to avoid the prejudice and confusion that would be caused from consolidation.

## FACTUAL BACKGROUND

**A. The *Chen v. Chen* Action.** In February 2022, Plaintiff Robert Chen and Defendant David Chen (no relation) co-founded a Wyoming-based company, Plaintiff OtterSec LLC. Am. Compl. ¶¶ 1–2 (ECF No. 16) ("Compl."). In April 2022, David stole computer code from OtterSec. In February 2024, David stole $23,836 from an OtterSec wallet. On September 30, 2024, Plaintiff Robert (who purchased certain legal claims from OtterSec) filed this action against David in Wyoming federal court, the district where OtterSec was formed ("the *Chen* Action"). *Id.* On November 25, 2024, Plaintiffs OtterSec LLC and Robert filed an amended complaint to add additional claims and information. On December 16, 2024, the Wyoming court transferred the case to this Court. Order Granting Defendant's Motion to Transfer Venue, Case No. 24-cv-00198, ECF No. 28 (D. Wyo. Dec. 16, 2024).

This action is based on David's acts of theft and sabotage against OtterSec. As described in the Amended Complaint, Robert and David worked together at OtterSec for just over two months, from mid-February to late April 2022, before David left OtterSec and stole the company's cryptocurrency trading codes developed by OtterSec as well as other OtterSec property. Compl. ¶¶ 26–103. After his theft, David operated the stolen codes exclusively for his own benefit, usurping trading opportunities that should have gone to OtterSec. *Id.* ¶¶ 104–09.

Later, in February 2024, David stole over $23,000 worth of cryptocurrency from a wallet owned by OtterSec. *Id.* ¶ 141–44. Robert purchased all of OtterSec's assets in September 2022 for

fair value, after notice of the sale and request for bids to David, Li Fen Yao, and third parties. No one except Robert bid on those assets. Robert's asset purchase included OtterSec's claims against David that had arisen by the date of the asset purchase, so Robert owns the claim that David stole OtterSec's trading codes in April 2022. *Id.* ¶¶ 10-14, 17, 20, 89-111, 114-15. In the *Chen* Action, Robert and OtterSec bring the following claims:[1]

Count 1 – In this claim for conversion, Plaintiffs Robert and OtterSec allege that Defendant David stole code that was developed using OtterSec resources – specifically the Solend Liquidator Code and the mSOL Market Maker Code. These codes belonged to OtterSec when David stole them and his theft harmed OtterSec. In addition, Plaintiffs allege that David stole 20,200 JUP tokens from OtterSec's wallet which amounted to a loss to OtterSec of approximately $23,836. *Id.* ¶¶ 128-44. This claim does not relate to the causes of action alleged by Plaintiff in the *Yao* Action.

Count 2 – In this claim for breach of fiduciary duty, Plaintiffs allege that David breached the fiduciary duties of loyalty, care, and to act in good faith toward OtterSec as well as to not compete with it, to deal fairly with it, and to act in its best interests. David was OtterSec's agent, and when he deleted OtterSec's data, removed trading-related communications channels necessary for the development of its codes, removed access to its codes, and used its codes for his own personal financial gain and deprived it of financial gain, he breached these duties. *Id.* ¶¶ 145-52. More specifically, David used OtterSec codes when he used the stolen OtterSec Solend Liquidator Code in May 2022 and thereafter to profit from trading on the Solend trading platform. OtterSec would have made at least $500,000 in that time. *Id.* ¶ 150. Furthermore, these actions by David undermined and prevented an investment offer from Sino Global Capital. *Id.* ¶ 151. David's

---

[1] Robert and OtterSec were not obligated (or able) to bring claims against David in *Yao v. Chen et al.* because David Chen is not a party there. Fed. R. Civ. P. 13(a)(1) (compulsory counterclaims are those against an opposing party). OtterSec is not a party to that action either.

continued breaches of fiduciary duty injured OtterSec following Robert's purchase of OtterSec's assets. *Id.* ¶ 152. This claim does not relate to the causes of action alleged by Plaintiff in the *Yao* Action.

Count 3 – In this claim for misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836, Robert alleges that in April 2022, David stole codes belonging to OtterSec that were trade secrets. *Id.* ¶¶ 153-61. The two codes owned by OtterSec contained technical cryptocurrency trading information that was not publicly available and instead was available only to OtterSec employees who had signed non-disclosure agreements. *Id.* ¶ 154. When David used these stolen codes for his personal gain, he harmed OtterSec. *Id.* ¶¶ 153-61.

Count 4 – In this claim for misappropriation of trade secrets under the Uniform Trade Secrets Act, Wyo. Stat. Ann. § 4024-101, et seq., Robert alleges that David profited by at least $500,000 at OtterSec's expense by unlawfully taking and using the OtterSec Solend Liquidator Code after he quit OtterSec. *Id.* ¶¶ 162-67. This claim has nothing to do with the causes of action alleged by Plaintiff in the *Yao* Action.

Count 5 – In this claim for tortious interference with a prospective economic advantage, Robert alleges that beginning in March 2022, OtterSec entered into discussions with Sino Global Capital about investing in OtterSec. *Id.* ¶ 169. Both Robert and David met virtually with Sino Global Capital on behalf of OtterSec and discussed OtterSec's cryptocurrency strategies. *Id.* ¶ 170. Although Sino Global Capital indicated that it was prepared to invest up to $1 million in OtterSec, David's decision to quit OtterSec and steal OtterSec's codes destroyed its business expectation with Sino Global Capital. *Id.* ¶¶ 168-77. This claim has nothing to do with the causes of action alleged by Plaintiff in the *Yao* Action.

Count 6 – In this claim for unjust enrichment, Robert and OtterSec allege that David used OtterSec's resources to improve the Solend Liquidator Code owned by OtterSec and later steal it for his own use after he ceased working with OtterSec. *Id.* ¶¶ 178-202. OtterSec was harmed by David's act of removing OtterSec's access to the Code. *Id.* This claim has nothing to do with the causes of action alleged by Plaintiff in the *Yao* Action.

In addition, OtterSec brings its own claim against David, based on David's theft of JUP tokens on February 1, 2024, from a wallet that OtterSec still owns. Specifically, David stole the wallet from OtterSec when he left OtterSec in April 2022. *Id.* ¶¶ 15, 117-127, 141-144. Therefore, that wallet was not part of the asset purchase. *Id.* Specifically, early in 2024, David stole 20,200 JUP tokens deposited in that wallet as part of an airdrop by transferring them to a different wallet which he controlled. *Id.* ¶ 121. He did this by improperly retaining the wallet's "private key" which was owned by OtterSec. *Id.* ¶ 122. These tokens were worth approximately $23,836 as of November 2024, and OtterSec was harmed by David's theft in that these tokens, and that amount should be part of the amount to be distributed upon the winding up of OtterSec. *Id.* ¶¶ 126-27, 141-44.

The parties to the *Chen* Action are Robert and OtterSec LLC (Plaintiffs) and David (Defendant). The claims in the *Chen* Action all concern David's actions in late April and early May 2022, as well as February 2024. The dissolution of OtterSec and the creation and operation of two separate companies, RC Security LLC and Otter Audits LLC are not part of the *Chen* Action.

**B.    The *Yao v. Chen* Action.** *Yao v. Chen* is a lawsuit brought by Li Fen Yao, on behalf of the Estate of Sam Chen, against Robert Chen, Otter Audits LLC, and RC Security LLC ("the *Yao* Action"). OtterSec LLC is not a party, nor is David Chen.

The *Yao* Action is not about David's thefts. It focuses entirely on Robert's discussions with Jump Trading, the dissolution of OtterSec (which was expressly required by the OtterSec LLC operating agreement when member Sam Chen died in a car crash), and the subsequent creation by Robert of two unrelated companies, RC Security LLC and Otter Audits LLC. *See* Compl., *Yao v. Chen*, 23-cv-889 (D. Md. Mar. 31, 2023) ("Md. Compl."), ECF No. 47-3 at ¶¶ 2-6, 15-110 (Ex. 1 to Malyshev Decl.). The case was not filed as a derivative action on behalf of OtterSec. The Estate, which is not a party in the *Chen* Action, seeks a larger share of OtterSec LLC's profits than Sam Chen's 40% ownership stake, as well as a share of the two later-formed South Dakota companies owned by Robert, RC Security LLC and Otter Audits LLC. *Id*. at ¶¶ 1-6. One of her claims alleges that Sam's voluntary April 16, 2022 transfer of 10% of his ownership share of OtterSec to Robert, because Robert was doing most of the work for OtterSec, should be rescinded. *Id*. at ¶¶ 138–45. The rest of the claims concern Robert's alleged conduct in August through October 2022, after Sam's death automatically triggered the dissolution of OtterSec, and after Sam's lawyers demanded the dissolution of OtterSec. *See generally id.* ¶¶ 111–64.

**1) The Court in *Yao v. Chen* Granted in Part Defendants' Motion for Judgment on the Pleadings, Dismissing Many of the Claims.**

On January 27, 2025, the Court in *Yao v. Chen* granted in part the *Yao* Defendants' Motion for Judgment on the Pleadings. *See* Ex. 2 to Levy Decl., Mem. Op. & Order re Mot. for Judgment on the Pleadings (ECF 100 & 101). The Memorandum Opinion and Order grant judgment on the pleadings for Defendants as to the Plaintiff's Lanham Act claims (Count 1); the breach of fiduciary duty claims against Otter Audits LLC and RC Security LLC, and those against Robert relating to any alleged duties owed to OtterSec LLC and the Estate of Sam Chen, or relating to the dissolution of OtterSec (Count 3); fraud claims against RC Security and Otter Audits LLC (Count 4); fraud

claims based on anything other than the 10% transfer and the Jump discussions (Count 4); the claim for conversion (Count 5); and the tortious interference claim (Count 7).

Plaintiff Yao's remaining claims are as follows:

Count 2 – In this count, Plaintiff attempts to seek a declaratory judgment that, among several others, the dissolution was improper (despite having demanded such a dissolution on the express ground that the Operating Agreement required it) and that Otter Audits and RC Security are "a mere continuation of OtterSec." *Id*. at ¶¶ 123-30.

Count 3 – What remains of this Count is Plaintiff's claim for breach of fiduciary duty against Robert based on his alleged fiduciary duty to Sam and Robert's alleged failure to disclose discussions with Jump Trading in April 2022 prior to Sam transferring 10% of his interest to Robert. *Id*. at ¶¶ 131-36.

Count 4 – What remains of this count is Plaintiff's claim for fraud against Robert relating to his alleged "dealings with Jump" in April 2022. *Id*. at ¶¶ 137-45. Specifically, Plaintiff claims "Robert Chen's material misrepresentations and omissions made on or before April 16, 2022, in relation to his dealings with Jump specifically, fraudulently induced Sam Chen to enter into the First Amendment and transfer 10% of his membership interests in OtterSec to Defendant Robert Chen, which Sam Chen would not have agreed to if he had been aware of the true and complete facts." *Id*. at ¶ 143.

Count 6 – In this count, Plaintiff alleges a claim for breach of contract against Robert. *Id*. at ¶¶ 151-55. Plaintiff alleges that Robert breached Section 8.1 of the Operating Agreement, the First Amendment, and the Second Amendment as well as an implied covenant of good faith and fair dealing, causing damage to the Estate. *Id*.

Count 8 - In this count, Plaintiff alleges a claim for an accounting against Robert and his companies, Otter Audits LLC and RC Security LLC. *Id*. at ¶¶ 160-64.

### 2) The *Yao* Defendants' Defenses

The *Yao* Defendants' defenses do not concern David's employment status, the technical and complicated details of the codes David stole, contributions to the codes made by OtterSec employees, and theft of funds post-dating the filing of the *Yao* Action. The *Yao* Defendants allege that, contrary to the allegations contained in Estate's complaint, Robert disclosed his conversations with Jump Trading. Am. Answer, *Yao v. Chen*, 23-cv-889 (D. Md. Mar. 31, 2023) ("Md. Am. Answer"), ECF No. 47-8 at 1-2 (Exhibit 6 to Malyshev Decl.). The *Yao* Defendants further allege that, after Sam Chen's death, David and Sam's counsel demanded that OtterSec be dissolved, and indeed, Section 1.3 of the Operating Agreement in effect at the time required as much. Therefore, Robert Chen had no choice but to dissolve OtterSec, and that required dissolution could not have breached Section 8.1 of the Operating Agreement, because the required dissolution was triggered by Sam's death, not by any motivation of Robert. *Id*. Finally, the *Yao* Defendants allege that OtterSec's counsel gave notice of the sale of OtterSec's assets to Li Fen Yao and David, but that neither expressed any interest in bidding on the assets. *Id*. Instead, Robert submitted the highest bid and purchased the assets of OtterSec. Of note, the *Yao* Defendants have also raised defenses relating to David's removal of OtterSec codes and that the removal of the codes (whether right or wrong) negatively impacted OtterSec's valuation. *See* Ex. 3 to Levy Decl., Reply Memo. in Further Supp. of Defs.' Mot. to Compel at 1 & n.1, *Yao v. Chen* (Nov. 5, 2024). The wrongfulness of David's taking of the codes is not at issue in *Yao v. Chen*; the defenses concern the amount of money that OtterSec would have had if David had not taken the codes, and that therefore, David caused the harm to OtterSec of which the Estate now complains.

8

## LEGAL STANDARD

Consolidation is discretionary. *Arnold v. Eastern Air Lines, Inc.*, 712 F.2d 899 (4th Cir. 1983) (*en banc*). However, consolidating actions "where prejudice results under the facts and circumstances of the particular case, amounts to abuse of discretion, constituting reversible error." *Id.* at 906. To avoid such abuse, courts faced with a motion to consolidate must balance the advantages of consolidation against the risk of prejudice and confusion:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *rev'd on other grounds*, 712 F.2d 899 (4th Cir. 1983). Ultimately, "a trial must remain fair to both parties, and such considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice." *Arnold*, 712 F.2d at 906. Where consolidation may impose "unnecessary cost and delay" on one of the pending actions, the Court may deny consolidation. *Miranda v. Homefix Custom Remodeling Corp.*, No. CV TDC-22-3190, 2023 WL 5959828, at *3 (D. Md. Sept. 13, 2023) (Chuang, J.).

## ARGUMENT

I. **PLAINTIFFS IN *CHEN v. CHEN* AND DEFENDANTS IN *YAO v. CHEN* WILL BE SEVERELY PREJUDICED IF THESE CASES ARE CONSOLIDATED, BECAUSE OF DELAY, INCREASED COSTS, AND JURY CONFUSION.**

### A. Consolidation Would Cause Delay that Prejudices the *Yao* Defendants and Would Not Support Judicial Economy.

*Chen v. Chen* and *Yao v. Chen et al.* are at entirely different stages of litigation, and waiting for *Chen v. Chen* to catch up with *Yao v. Chen* will drastically delay *Yao v. Chen*. "Courts have routinely denied consolidation motions where there is a stark difference in the procedural posture

of the actions, finding that judicial economy would not be served by consolidating two actions at disparate stages of litigation." *KGK Jewelry LLC v. ESDNetwork*, No. 11CV9236-LTS-RLE, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014).

In the *Chen* Action, Defendant David has only just last month filed an Answer. There has been no Rule 16 conference or a scheduling order entered in the *Chen* Action. Discovery has not even commenced in this case.

In the *Yao* Action, the case has been pending for 22 months; discovery has been in progress for approximately nine months; and the parties have nearly completed document discovery. *See* Ex. 1 to Levy Decl., Docket of *Yao v. Chen*. The deadline for substantial completion of document discovery was December 30, 2024. *See* ECF 71, Scheduling Order, *Yao v. Chen*. The Court has briefly stayed all deadlines in that case while the parties meet and confer on discovery issues that have been the subject of motions to compel which the parties had informed the Court of their intention to file. *See* ECF 98, Order, *Yao v. Chen*. The stay is in place pending Judge Simms' review of the Joint Status Report, due on February 10, 2025. *Id*. The *Yao* Defendants substantially completed their document production by the end of December 2024, producing over 5,000 documents. Levy Decl. at ¶ 3. The *Yao* Action parties are on track to complete fact discovery within the next several months, and the parties in that case will be ready to file motions for summary judgment and/or to proceed to trial thereafter.

More importantly, the Court in the *Yao* Action has recently examined the pleadings and dismissed many of them. *See* Ex. 2 to Levy Decl., Mem. Op. & Order. Consequently, the scope of

the proceedings has been substantially narrowed and the case will soon be ripe for summary adjudication and summary judgment.

Forcing the *Yao* Defendants to wait for the *Chen* Action to catch up—easily more than a year of waiting—prejudices them by increasing the length of time for discovery which necessarily increases costs for them. This discrepancy in the stages of each case militates against consolidation. *See, e.g., Miranda*, No. 22-cv-3190, 2023 WL 5959828, at *3 (denying a motion to consolidate where "discovery in [one case] has progressed significantly, while discovery has not yet begun in [the other case]," and because consolidation therefore risked "unnecessary cost and delay" (quoting Fed. R. Civ. P. 42(a)(3))); *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 19CV2141 JM(JLB), 2021 WL 2780234, at *2 (S.D. Cal. July 2, 2021) (denying consolidation where "fact discovery [was] set to close only a few months from now" and where there was no answer or schedule set in the second case); *Dishon v. Gorham*, No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *4–5 (D. Ariz. Sept. 6, 2018) (denying consolidation because of the potential of delay in a case with "significant" factual overlap because "discovery in the present case is nearly completed, whereas discovery in the Second Lawsuit has not even begun."). *Cf. Rozdilsky v. Liquidity Servs., Inc.*, No. CV TDC-22-3355, 2024 WL 1156549, at *2 (D. Md. Mar. 18, 2024) (Chuang, J.) (consolidating cases for purposes of discovery where the cases were "largely on the same track;" both had pending motions to dismiss and discovery had not yet commenced in either case).

The prejudice caused by delay is especially keen when there are legal issues at play in the second-filed case that are not present in the first-filed case, as here. *Miranda*, 2023 WL 5959828, at *3 ("That risk [of delay] increases upon consideration of the fact that [the second-filed case] has four additional claims not present in [the first-filed case] that remain at the early stages.").

11

Defendant David argues consolidation of the *Yao* and *Chen* Actions would cut down expenses and delay caused by "repetitive proceedings and duplicative discovery," Mot. to Consolidate at 12-13, but such is not the case. David fails to specify any proceedings or discovery that would be duplicative, instead making only generalizations about "an efficient way to proceed." *Id.* at 13. He makes no showing of what would be more efficient about delaying *Yao* to wait for *Chen* or what discovery would be duplicative in the cases. What remains of the claims in the *Yao* Action concern Robert's discussions with Jump in April 2022, Sam Chen's transfer of a 10% interest to Robert, and the dissolution of OtterSec pursuant to the Operating Agreement after Sam Chen's tragic death. As this *Chen* Action has nothing to do with Jump, Robert's actions in the summer of 2022, RC Security, or Otter Audits, it is evident that discovery pertinent to both cases (if any) would be minimal at best. The *Chen* Action concerns employment, agency, and copyright laws necessary for the prosecution of Plaintiffs' underlying claims of conversion, breach of fiduciary duty, and misappropriation of trade secrets. This Action also involves factual questions that will likely require expert testimony concerning the complicated technicalities of cryptocurrency trading code, discovery on the contributions and work on the codes at issue, and discovery on whether David was an employee of OtterSec. These are legal issues and factual threads not at issue in the *Yao* Action.

Defendant David implies that discovery related to his theft of OtterSec codes in the *Chen* Action would substantially overlap with discovery related to the codes in the *Yao* Action. Mot. to Consolidate at 8, 13. Not so. The *Yao* Defendants have only asserted defenses that relate to David's use of and profits from the codes he removed (a fact undisputed by Plaintiff in *Yao*, Md. Compl. ¶ 71) and how that removal affected the valuation of OtterSec. The defenses in *Yao* do not rely on David's employment, whether he was an agent of OtterSec, or copyright law. Nor do those

defenses rely on proving that David stole the code; they rely merely on the undisputed fact that David took the code and other property from OtterSec, lessening its value, and causing any alleged harm to OtterSec's value. Specifically, discovery in *Yao* concerning the code *solely* relates to how David's taking of the code reduced the value of OtterSec, thereby causing the harm that the *Yao* Plaintiff complains of. Discovery in *Yao* does not concern the technical details or documents related to the creation of the codes, the development of the code at OtterSec, David's status as an employee, work completed on the codes during David's employment at OtterSec, or work completed on the codes by others at OtterSec. While there may be some overlap in documents or evidence relating to the use of and profits from the codes, discovery on these issues will have been long completed in the *Yao* Action before they are ever at issue in the *Chen* Action. Indeed, Plaintiff Yao should be producing those documents shortly, as she has agreed to do. Needing to reproduce the documents on a narrow issue from the *Yao* Action in the *Chen* Action causes minimal inefficiency for David, and no inefficiencies for the Court.

Furthermore, only now, twenty-two months after the commencement of the *Yao* Action are the parties addressing document discovery on the use of and profits from the codes. Any efficiencies for the *Chen* Action gained by consolidating these actions would be heavily outweighed by the delay imposed on the *Yao* Action while the *Yao* Defendants wait for *Chen* to reach this same point in document discovery. Additionally, "[a]ny risk of . . . possible duplication may be substantially obviated by stipulation that discovery in [one case] is fully applicable in [the other case]." *Metzgar v. U.A. Plumbers and Steamfitters Local No. 22 Pens. Fund*, Case Nos. 13-cv-85V(F), 17-cv-726V(F), 2017 WL 3722456, at *3 (Aug. 29, 2017, W.D.N.Y.).

Consolidating the cases and requiring the *Yao* Defendants to wait for the completion of the dispositive motions, time-consuming discovery, and any related legal briefing would cause

"unnecessary cost and delay," and thus prejudice those Defendants. These weigh in favor of denying Defendant David's motion for consolidation. *Cleveland*, 2021 WL 2780234, at *2 ("even where a common question exists, consolidation is inappropriate 'if it leads to inefficiency, inconvenience, or unfair prejudice to a party.'") (quoting *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)).

### B. Consolidation of the Cases Would Confuse a Jury and Prejudice the *Chen* Plaintiffs and *Yao* Defendants.

The claims in this *Chen* Action are distinct from the claims and defenses in the *Yao* Action; none of the claims are the same. The *Chen* Plaintiffs' claims relating to the theft of OtterSec codes concern Defendant David's status as an employee and/or agent of OtterSec, the nature of David's transfer of the codes to OtterSec, the contributions made by David to the codes while working for OtterSec, the technical capabilities of the codes following OtterSec contributions to the codes, and the manner in which the codes were taken from OtterSec. These issues involve both employment, agency, and copyright law, which are not at issue in the *Yao* Action. The *Yao* Defendants' defenses only concern whether David's use of and profits from the codes that he removed ultimately affected OtterSec's valuation because the profit from those codes was no longer going to OtterSec. These defenses do not concern employment, agency, or copyright law.

Consolidation of these cases with these disparate claims could cause a jury to "confuse the issues in the two cases." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2024 WL 4467910, at *2 (S.D.N.Y. Oct. 9, 2024) (quoting *Carlyle Aviation Mgmt. Ltd. v. Frontier Airlines, Inc.*, 711 F. Supp. 3d 225, 243 (S.D.N.Y. 2024) (denying consolidation where doing so "could confuse the issues in the two cases and compound each case's forward progress.")). A jury may confuse the nuanced issues related to the theft of the codes in the *Chen* Action with the defense relating to the devaluation of OtterSec caused by David's removal of the code in the *Yao* Action. These are two

14

separate and distinct arguments, one that requires showing that David stole codes belonging to OtterSec (in this *Chen* Action) and one that relies on Plaintiff Yao's own admission that David "either took with him or removed Robert's and OtterSec's access to the personal code and other property," (in the *Yao* Action). Md. Compl. ¶ 71. That defense in the *Yao* Action does not require showing any wrongful conduct by David; the *Yao* Plaintiff admits David took the code with him, and therefore, as the *Yao* Defendants argue, he deprived OtterSec of value that caused or contributed to the harm about which Plaintiff Yao complains. Consolidation risks confusing the significant differences in these arguments and the burdens of proof each imposes. *See KGK Jewelry LLC v. ESDNetwork*, No. 11CV9236-LTS-RLE, 2014 WL 7333291, at *3 (S.D.N.Y. Dec. 24, 2014) ("Although both actions arise from the same general set of business relations between the parties, Action I is significantly more streamlined and focuses on a discrete pair of contracts . . . . [C]onsolidation of disparate claims would muddle the issues before the court or trier of fact ... considering the larger range of legal and factual issues relevant only to Action II."); *City of Canton, Ohio v. Hydro-Dyne Eng'g, Inc.,* No. 5:17CV729, 2017 WL 4620802, at *2 (N.D. Ohio Oct. 16, 2017) ("The consolidation of these cases, which require distinct factual and legal analysis, are likely to create juror confusion, and result in prejudice, delay, and unnecessary expense. Efficiency is best achieved by adjudicating the two cases separately."). The potential confusion for a jury, along with the prejudice that consolidation would impose upon both *Chen* Plaintiffs and *Yao* Defendants, outweighs the minimal efficiency that would be gained from merging the two cases.

## C. Aligning Plaintiff Robert Chen with Plaintiff Li Fen Yao Would Prejudice Him and Create Confusion.

Consolidation would align Plaintiff Robert (*Chen* Action) with Plaintiff Li Fen Yao (*Yao* Action) and create a substantial risk of prejudice and confusion. Indeed, "[c]onsolidation often is improper if it aligns a party in a portion of the litigation with other parties with whom he or she

has a conflicting interest with regard to other portions of the consolidated." Wright & Miller, 9A Fed. Prac. & P. § 2383 (3d ed. 2024). Plaintiff Robert has a direct conflict with Plaintiff Li Fen Yao who has asserted that he, along with the other *Yao* Defendants, committed a litany of torts against the Estate of Sam Chen. (Many of those tort claims have now been dismissed per the Court's Order on the Defendants' Rule 12(c) Motion. *See* Ex. 2 to Levy Decl.). While as plaintiff, Robert and OtterSec assert that David (Li Fen Yao's son) harmed OtterSec by stealing codes and money from the LLC; Li Fen Yao, also as plaintiff, will be arguing that this theft did not devalue OtterSec but that Robert (who would be both plaintiff and defendant) is responsible for the devaluation of the entity and the Estate's interest in that entity, which will also be a plaintiff with claims against Li Fen Yao's son. OtterSec, as a plaintiff, will be arguing that David stole $23,000 in tokens from its wallet, while Li Fen Yao, also a plaintiff, argues that David did not cause any of the harm that she alleges Robert and the other *Yao* Defendants caused.

Making a party both a plaintiff and defendant—as would happen to Robert if consolidation were granted—is an effect of consolidation that several courts have found to be improperly confusing and prejudicial. *Atkinson v. Roth*, 297 F.2d 570, 575–76 (3d Cir. 1961) (denying consolidation because "the presence of Atkinson, qua defendant, in the same trial with Atkinson, qua plaintiff, emphasizes the conflict."); *Trevizo v. Cloonan*, No. P-00-CA-028, 2000 WL 33348794, at *2 (W.D. Tx. Nov. 29, 2000) ("Consolidation is improper if it aligns a party in one part of the litigation with other parties with whom the first party has a conflicting interest in other parts of the consolidated litigation."); *Hunter v. United States*, Case Nos. 419-175, 419-169, 2021 WL 232129, at *4 (S.D. Ga. Jan. 22, 2021) ("the fact that Plaintiff Kristen Hunter would act as a plaintiff and defendant in a consolidated trial presents a substantial risk of prejudice and confusion.

In that situation, Plaintiff Kristen Hunter would face a conflict as the defendant in Cocke Action and the plaintiff in her own action.").

### D. Consolidating Actions where David Chen and Li Fen Yao Share Counsel Would Prejudice the *Chen* Plaintiffs and Confuse a Jury.

Furthermore, there is the additional prejudicial effect of David and Li Fen Yao sharing the same attorneys. Defendant David submits that shared counsel militates toward consolidation and cites *CX Reinsurance Co. Ltd. v. Johnson*, Case Nos. 18-2355, 18-2960, 18-2962, 18-3247, 19-416, 19-417, 2019 WL 1861346 (D. Md. Apr. 25, 2019). Mot. to Consolidate at 12. *CX Reinsurance* did not, however, involve a conflict of interest for the lawyers involved. Upon consolidating cases, Li Fen Yao and David would be represented by the same counsel. Thus, attorneys for Plaintiff Li Fen Yao, whose client claims the Estate's interest in OtterSec was harmed by the *Chen* Defendant (David Chen), would also represent Defendant David, whom Plaintiffs Robert and OtterSec claim harmed OtterSec. Any harm to OtterSec would have, in turn, harmed the Estate's economic interest in the company, and the simultaneous representation of David and the Estate, if the *Chen* Plaintiffs' claims are proven true, would create a concurrent conflict of interest for Li Fen Yao and David's counsel.

An additional conflict of interest stems from Defendant David's argument that the Estate's claims "challenging the validity of the dissolution and asserting claims against Robert Chen for breach of fiduciary duty … impact Robert Chen's self-dealing purchase of OtterSec's assets in connection with the dissolution of OtterSec." Mot. to Consolidate at 10. He argues that "[t]hese issues are also at issue in [the *Chen* Action], because Robert Chen claims to have standing as a plaintiff based on that same self-dealing purchase of OtterSec's assets (which included OtterSec's claims against David Chen) in connection with the dissolution of OtterSec." *Id.*

17

This argument puts his and his mother's (Plaintiff Yao's) counsel in a precarious position. In the *Yao* Action, Plaintiff Yao appears to be arguing that OtterSec's assets, which include the claims against David, were worth more than what Robert paid, and thus that he should have paid more for them. In other words, she is motivated to argue that Robert underpaid for the OtterSec assets, including the claims against David. David, to the contrary, is taking the position (in this action) that he did not steal the code and other property, and, therefore, he is motivated to argue that OtterSec's claims against him are worthless. Consolidating these cases would mean that counsel for David and Li Fen Yao would appear in the same consolidated action representing adverse positions on the value of OtterSec's's assets. This is an impermissible conflict of interest. Md. Rule of Professional Conduct 19-301.7(a)(1).

Such conflicts of interest (whether actual or apparent) would confuse a jury and prejudice the *Chen* Plaintiffs. If consolidated, counsel's joint representation of David and the Estate could falsely imply to a jury that the *Chen* Plaintiffs' claims are not meritorious—because, to a reasonable juror, surely counsel would not represent the Estate in litigation seeking recompense for alleged harm to the Estate's interest in OtterSec at the same time that counsel represents an individual alleged to have harmed the Estate's interest in OtterSec. Although any such professional conflict of interest perhaps may be waived by Li Fen Yao and David, permitting consolidation and the appearance of such a conflict would prejudice the *Chen* Plaintiffs.

Furthermore, Plaintiff OtterSec maintains an individual claim against David not associated with the asset purchase agreement made between OtterSec and Robert in September 2022. Compl. ¶¶ 8, 141–44. Defendant David stole access to an OtterSec cryptocurrency wallet in April 2022. Thus, OtterSec did not have access to or possession of the wallet at the time of the asset purchase agreement, and Robert was unable to purchase the wallet. *Id.* ¶ 123. Later, in January 2024, a

cryptocurrency project deposited 20,200 cryptocurrency tokens into the OtterSec wallet, and Defendant David removed the tokens from the OtterSec wallet and deposited them into his personal cryptocurrency wallet. *Id.* ¶¶ 117–22. Plaintiff OtterSec's claim against Defendant David on this count post-dates the filing of the *Yao* Complaint. It does not share facts nor does it share legal questions that would favor consolidation.

E. **Consolidation Would Be Prejudicial to Defendants in *Yao v. Chen* Because It Could Create the Appearance That Otter Audits and RC Security Are the Same As OtterSec, Even Though That Is Both Untrue and a Highly Contested Legal Issue on Which The Yao Plaintiff Bears the Burden of Proof.**

In the *Yao* Action, Plaintiff's strategy has been to muddy the waters and ignore the legal and practical distinctions between the separate entities Robert Chen, the South Dakota Defendants, and OtterSec. Plaintiff Yao seeks a declaratory judgment stating that "Otter Audits and RC Security are a mere continuation of OtterSec," and "OtterSec's successors in interest." Md. Compl. ¶ 129. Plaintiff Yao has invented an unfounded application of successor liability,[2] as a ruse to transform the Estate's 40% share of OtterSec into an *in perpetuity* ownership interest in Robert's personal services. *See* Md. Compl.¶ 129(c), (e), (f). This argument relies on intentionally blurring the lines among Robert, OtterSec, Otter Audits, and RC Security. Plaintiff Yao claims that the "mere continuation" theory of successor liability allows her to say that one entity becomes another entity, which is not how successor liability works. Successor liability—which is a rarely invoked exception to the rule that when a company sells its assets to another company, the purchasing entity is not liable for the debts or liabilities of the transferor—only applies where there is first a claim against the alleged predecessor—here, OtterSec—that cannot be satisfied against that predecessor,

---

[2] Successor liability is an exception to "[t]he general rule, . . . that where one company sells or otherwise transfers all of its assets to another company, the latter is not liable for the debts and liabilities of the transferor." *Martin v. TWP Enters. Inc.*, 132 A.3d 361, 371 (Md. Ct. Spec. App. 2016) (emphasis added). It has no relevance here, where Plaintiff Yao has brought no claim against OtterSec, the alleged predecessor company – but has tried to claim successor liability anyway.

and then, under very narrow exceptions, the claim can be satisfied by the alleged successor. *See Drakes v. Glover Group Investments, LLC*, 2021 WL 1716650, at *4 (Md. Ct. Spec. App. Apr. 30, 2021). In other words, there first has to be a claim against OtterSec that it cannot satisfy, and then if the creditor (here, allegedly, the Estate) proves the elements of successor liability, the creditor can seek to satisfy a debt against the earlier company by going to the later entity found to fall within the successor liability doctrine. But no claim has been made against OtterSec; the Estate is not a creditor of OtterSec, and thus, successor liability, as it works under the law, is not applicable here. Successor liability is *not* a claim for damages (as the *Yao* plaintiff imagines)—proving a theory of successor liability merely allows that creditor to satisfy a different claim for damages against the predecessor entity through the successor entity.

Plaintiff Yao has many insurmountable hurdles in proving her erroneous application of successor liability, not least among them that she has brought no claim against OtterSec. She is also barred from doing so, because she failed to timely provide notice of any claims against OtterSec. *See* Wyo. Stat. Ann. § 17-29-703(c); *see also Yao* Defs.' Am. Reply Br. in Further Supp. of Defs.' Mot. for Judgment on the Pleadings at 9 (ECF 75 in *Yao* Action). Yet she persists, without legal authority, in claiming that she can label RC Security LLC and Otter Audits LLC as "a mere continuation of OtterSec," Md. Compl. ¶ 129, and thereby obtain an ownership interest in them equal to Sam Chen's prior economic interest in OtterSec, *without* using that claim to satisfy a claim against OtterSec that she never brought and cannot bring. (The *Yao* Defendants have never contested that the Estate has a 40% economic interest in OtterSec.)

Consolidation of these cases, particularly for trial, would prejudice the *Yao* Defendants by facilitating Plaintiff Yao's efforts to confuse the concept of successor liability and by including OtterSec in the same case, even though Plaintiff Yao has never brought a claim against OtterSec

that could be the basis for an allegation of successor liability and is barred from doing so. Consolidation would also allow the *Yao* Plaintiff to continue her campaign to confuse the clear distinctions between OtterSec LLC, Otter Audits LLC, RC Security LLC, and Robert. Putting OtterSec into the same case as Otter Audits and RC Security LLC will support Plaintiff's efforts to create a perception that the South Dakota entities are somehow related to OtterSec LLC, even though she has to prove the elements of the "mere continuation" theory of successor liability for purposes of her declaratory judgment claim. The risk of prejudice would be particularly great to the extent that the case would be presented to a jury not accustomed to thinking carefully about the important principles of corporate separateness. *See Engler v. Harris Corp.*, No. 11-cv-3597, 2012 WL 5193818, at *5 (D. Md. Oct. 18, 2012) (granting a motion to sever previously consolidated claims based in part on the likelihood of jury confusion). Consolidating these cases and permitting a jury to see the same counsel arguing on behalf of Robert, OtterSec, RC Security, and Otter Audits would prejudice the *Yao* Defendants by playing into Plaintiff Yao's sloppy argumentation and disregard for the significance of corporate separateness.[3]

It bears noting that it is surprising that Plaintiff Yao would ask the Court to consolidate these actions where doing so would delay — possibly by a year or more — the resolution of her own case. The fact that she seeks consolidation anyway suggests that she thinks she stands to gain something significant as a result — specifically, she stands to gain from the confused perception that consolidation would create that Robert, OtterSec, RC Security, and Otter Audits are somehow all interrelated.

---

[3] Jury instructions are not a cure-all to prejudice and jury confusion. *See Weiss v. Nat'l Westminster Bank PLC*, No. 05CV4622DLIRML, 2017 WL 10058916, at *3 (E.D.N.Y. Mar. 31, 2017) (Jury instructions found not "sufficient to reduce or eliminate the prejudice of jury confusion here."). This is especially true for the complicated concept of successor liability, which the *Yao* Plaintiff is trying to obfuscate.

**F. Transfer of Venue Is a Different Standard Than Consolidation.**

David seeks to conflate the issues of transfer of venue and consolidation, but they are entirely separate tests governed by different rules. "[T]he decision of whether to transfer a matter to a different district is governed by the statutory criteria [in 28 U.S.C. § 1404(a)], and not those governing the issue of intra-district consolidation of cases for the convenience of courts located within a single district." *Eagle Auto Mall Corp. v. Chrysler Grp., LLC*, 760 F. Supp. 2d 421, 425 (S.D.N.Y. 2011).

## II. ASSIGNING THE SAME JUDGE TO BOTH CASES IS SUFFICIENT; NEITHER CONSOLIDATION NOR A STAY IS WARRANTED.

Further, the concern of a risk of inconsistent adjudications can be addressed by assigning the same judge to both cases, but not consolidating or staying the cases, a solution that also avoids the prejudice outlined in this brief. *See Miranda*, No. CV TDC-22-3190, 2023 WL 5959828, at *3 (Chuang, J.) (transferring case so that the same judge was assigned to both cases, but denying motion to stay or consolidate the cases); *Dishon,* No. CV-16-04069-PHX-ROS, 2018 WL 4257936, at *5 (transferring related case to the same judge, but denying the motion to consolidate the cases because the two cases "are at opposite stages of litigation" and "consolidating them may cause delay."). Defendant David does not address why assigning the same judge—but not consolidating the cases—would not be sufficient to address his concerns.

## III. IF THE COURT HAS CONCERNS OVER DENYING CONSOLIDATION, A STAY OF THE *CHEN* MATTER IS MORE APPROPRIATE THAN CONSOLIDATION.

Should this Court find the factors weigh in favor of consolidation, and that assigning the same judge is not sufficient, Plaintiffs Robert Chen and OtterSec LLC respectfully request that the Court instead grant a motion to stay *Chen v. Chen* until disposition at the district court level of *Yao v. Chen*. Such a stay will resolve any concerns about possible overlap of legal or factual questions,

and avoid the severe prejudice that consolidation will cause the Plaintiffs in the *Chen* Action. *See, e.g., Spratley v. FCA US LLC*, No. 317CV0062MADDEP, 2017 WL 4023348, at *9 (N.D.N.Y. Sept. 12, 2017) (declining to consolidate two cases where they were "at very different stages of the litigation process" but, in the "interests of judicial administration and conservation of resources" staying the second-filed case pending the outcome of a legal question in the first-filed case); *Metzgar*, Case Nos. 13-cv-85V(F), 17-cv-726V(F), 2017 WL 3722456, at *3–4 (denying motion for consolidation due to burdensome delay on defendants in the first-filed case and staying the second-filed case with legal issues dependent upon the resolution of certain legal questions in the first case); *nCube Corp. v. Seachange Int'l Inc.,* Civ. Act. Nos. 01–011–JJF, 09–573–JJF, 2010 WL 2266335, at *2 (D. Del. June 4, 2010) (staying one case pending resolution of contempt proceedings filed in another action between the same parties as resolution of the contempt proceeding would moot the stayed case).

Plaintiffs' counsel conferred by email with David's counsel on the request for a stay as an alternative to consolidation; David's counsel stated that he opposes a stay of *Chen v. Chen*.

## CONCLUSION

For these reasons, Plaintiffs Robert Chen and OtterSec LLC respectfully request that the Court deny Defendant David Chen's Motion to Consolidate.

Respectfully submitted,

/s/ Rachel M. Clattenburg
Rachel M. Clattenburg
Joshua A. Levy
Kevin P. Crenny
Justin A. DiCharia

Levy Firestone Muse LLP
900 17th St. NW, Suite 1200
Washington, DC 20006
Tel: 202-845-3215
Fax: 202-595-8253
jal@levyfirestone.com
rmc@levyfirestone.com
jdicharia@levyfirestone.com
kcrenny@levyfirestone.com

*Attorneys for Plaintiffs Robert Chen and OtterSec LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2025, I caused the foregoing to be filed with the Court using CM/ECF which serves a copy on all counsel of record.

/s/ Rachel Clattenburg
Rachel Clattenburg
