# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROBERT CHEN and OTTERSEC LLC,

        Plaintiffs,

        -v-

DAVID CHEN,

        Defendant.

Case No. 8:24-cv-03628-PX

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANT'S MOTION TO CONSOLIDATE RELATED ACTIONS

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .......................................................................................................... ii

ARGUMENT ................................................................................................................................... 2

POINT I  PLAINTIFFS' CONCESSION THAT THE CASE BELONGS
BEFORE JUDGE CHUANG SHOULD RESOLVE THIS MOTION ...............................2

POINT II THE SPECULATIVE PREJUDICE PLAINTIFFS WOULD SUFFER
DOES NOT OUTWEIGH DAVID'S SHOWING THAT CONSOLIDATION IS
APPROPRIATE.........................................................................................................................2

    A.        Judicial Economy Will Be Served By Consolidation, And Any Delay In
Resolution Of This Action Is Attributable To Plaintiffs' Strategic Choices .......... 3

    B.        Plaintiffs' Speculative Concerns As To Jury Confusion Are Not Fatal To
Consolidation ........................................................................................................... 9

        1. David Chen and the Estate Have Aligned Interests, Such That No
Jury Confusion Will Result Regarding Removal or Value of the Code .................... 10

        2. Plaintiffs Seek To Prematurely Litigate Successor Liability When That
Issue Will Not Confuse A Jury And Can Otherwise Be Cured By Jury
Instructions ................................................................................................................. 13

POINT III If The Court Finds That The Factors Favor Consolidation, There Is
No Reason To Stay The Action Instead.........................................................................15

CONCLUSION ............................................................................................................................. 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andersen v. Plank*,
    2021 U.S. Dist. LEXIS 14762 (D. Md. Jan. 27, 2021) ...........................................................3

*Asher v. Duke Energy Carolinas, LLC*,
    2013 U.S. Dist. LEXIS 68836 (D.S.C. May 15, 2013)........................................................12

*Campbell v. Boston Scientific Corp.*,
    882 F.3d 70 (4th Cir. 2018) ..............................................................................................3, 14

*City of Canton, Ohio v. Hydro-Dyne Eng'g, Inc.*,
    2017 WL 4620802 (N.D. Ohio Oct. 16, 2017) ...................................................................10

*Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*,
    2021 WL 2780234 (S.D. Cal. July 2, 2021) ..........................................................................7

*Dishon v. Gorham*,
    2018 WL 4257936 (D. Ariz. Sept. 6, 2018)...........................................................................7

*Engler v. Harris Corp.*,
    2012 WL 5193818 (D. Md. Oct. 18, 2012) .........................................................................14

*Erie Ins. Co. v. Bluegrass Materials Co., LLC*,
    2022 U.S. Dist. LEXIS 33239. (D. Md. Feb. 24, 2022) ........................................................3

*KGK Jewelry LLC v. ESDNetwork*,
    2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) .................................................................7, 11

*Miranda v. Homefix Custom Remodeling Corp.*,
    2023 WL 5959828 (D. Md. Sept. 13, 2023) (Chuang, J.) ......................................................7

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*,
    282 F.R.D. 486 (S.D. Cal. 2012) ........................................................................................12

*Pam Kagan Mktg., Inc. v. Navisite, Inc.*,
    2008 U.S. Dist. LEXIS 132702 (D. Md. May 20, 2008) .......................................................12

*Piehl v. Saheta*,
    602 Fed. Appx. 111 (4th Cir. 2015)....................................................................................14

*Pifer v. Myzak Hydraulics, Inc.*,
    2015 U.S. Dist. LEXIS 7297 (W.D. Pa. Jan. 22, 2015)......................................................12

ii

*Tatintsian v. Vorotyntsev*,
  2024 WL 4467910 (S.D.N.Y. Oct. 9, 2024) ........................................................................11

*Trevizo v. Cloonan*,
  2000 WL 33348794 (W.D. Tex. Nov. 29, 2000) ..................................................................12

*Wright Mfg. v. Excel Indus.*,
  2007 U.S. Dist. LEXIS 107068 (D. Md. Oct. 4, 2007) ........................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 42 ..................................................................................................................1, 2, 15

8 *Moore's Federal Practice*, § 42.10 (3d ed. 2024) ..................................................................6, 7

In his opening brief,[1] David established that consolidation of this action with the earlier-filed Yao Action pending before the Honorable Theodore D. Chuang, is appropriate pursuant to Fed. R. Civ. P. 42(a)(2) because: (1) both actions concern the breakdown of the relationship between David and Robert, the dissolution of the business they started together (OtterSec), and the allegations of wrongdoing by one against the other relate to that breakdown; (2) consolidation would save substantial judicial time and resources; and (3) consolidation would avoid the risk of inconsistent verdicts and factual findings. These are the same factors that led the District of Wyoming to transfer this action to the District of Maryland on December 16, 2024. *See* Ex. 3.

In opposing the motion,[2] Plaintiffs argue that, notwithstanding the factual overlap, they would be prejudiced by consolidation because it would delay the Yao Action and potentially confuse a jury with respect to the alignment of parties and the legal issues involved. These concerns do not change that these cases should have been brought together, and the speculative harm Plaintiffs are concerned with can be mitigated or eliminated in a variety of ways, including through appropriate jury instructions and (if necessary) a motion for separate trials under Fed. R. Civ. P. 42(b), at the appropriate time.

Plaintiffs tacitly concede the commonalities between the two actions in arguing that transfer of the case to Judge Chuang, who is overseeing the Yao Action, or, alternatively, a stay of this action, are appropriate dispositions. The crux of Plaintiffs' argument is that the Yao Action is too far along to consolidate it with this action. But that is not the case. Document discovery is not

---

[1] Capitalized terms, not otherwise defined, have the meaning ascribed to them in David's moving brief ("Mot.") (ECF #47-1). Citations to "Ex.__" are to the exhibits annexed to the Declaration of Alexander G. Malyshev, dated January 17, 2025 ("Malyshev Decl.") filed with this motion (ECF #47-2 to 11).

[2] *See* Pls' Mem. in Opp. to Def's Mtn. to Consolidate ("Opp.") (ECF #52).

complete and no depositions have taken place in the Yao Action. The Yao Action discovery overlaps to a large extent with the discovery that would need to be taken in this action (including a subpoena issued in the Yao Action upon David that requests documents relevant to this action, including about the code). Rather than delaying resolution of the Yao Action, consolidation would accelerate this action and move both actions towards trial at the same pace. David's conduct in this litigation has been consistent with that goal. For these reasons, consolidation should be granted.

## ARGUMENT

### POINT I
### PLAINTIFFS' CONCESSION THAT THE CASE BELONGS BEFORE JUDGE CHUANG SHOULD RESOLVE THIS MOTION

Towards the conclusion of their brief, Plaintiffs argue that "the concern of a risk of inconsistent adjudications can be addressed by assigning the same judge to both cases, but not consolidating or staying the cases, a solution that also avoids the prejudice outlined in this brief." Opp. at 22. Defendant agrees the case belongs before Judge Chuang and, pursuant to advice received from the Clerk of the Court, the Estate filed a Notice of Intent to File Motion to Consolidate in the Yao Action on the same day that David filed his motion to consolidate in this matter. Yao Action ECF #99. Judge Chuang has scheduled a case management conference with the parties in the Yao Action for Thursday, February 13, 2025, at 3:30 p.m.

Defendant would be amenable to the Court transferring the matter to Judge Chuang, who could then decide whether consolidation pursuant to Fed. R. Civ. P. 42(a), a stay, or coordination of the actions in another way, would be the most appropriate way to resolve the motion.

### POINT II
### ANY SPECULATIVE PREJUDICE DOES NOT OUTWEIGH THAT CONSOLIDATION IS APPROPRIATE

David has established that both actions have the required substantial overlap to warrant consolidation. They arise from the same facts, the parties are functionally the same (and are

2

11386234.16

represented by the same counsel), and Robert has put David's removal of the code at the center of his affirmative defenses in the Yao Action and his claims in this action. *See* Mot. 7-11 (collecting record cites in both actions). Consolidation here serves judicial economy by avoiding duplicative discovery, motion practice, and proceedings related to common legal and factual issues. Mot. 12-13; *see also Campbell v. Boston Scientific Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) ("separate trials would have been largely repetitive, and thus would have implicated the burdens, delays, and expense"); *Erie Ins. Co. v. Bluegrass Materials Co., LLC*, 2022 U.S. Dist. LEXIS 33239. *8-9, *11 (D. Md. Feb. 24, 2022) (consolidating cases with "overlapping and duplicative witnesses and discovery" and nearly identical facts would "likely alleviate substantial burdens on the parties compared to parallel litigation"); *Andersen v. Plank*, 2021 U.S. Dist. LEXIS 14762, *5 (D. Md. Jan. 27, 2021) ("Policies of judicial economy generally favor the consolidation of related actions.").

The thrust of Plaintiffs' opposition is that consolidation will cause delay, undue costs, and jury confusion. Opp. at 1-2, 9-22. These claims of prejudice do not withstand scrutiny.

**A.    Judicial Economy Will Be Served By Consolidation, And Any Delay In Resolution Of This Action Is Attributable To Plaintiffs' Strategic Choices**

Plaintiffs' first argument is that "*Chen v. Chen* and *Yao v. Chen et al.* are at entirely different stages of litigation, and waiting for *Chen v. Chen* to catch up with *Yao v. Chen* will drastically delay *Yao v. Chen*." Opp. at 9-10. While it is true that the actions are in procedurally different postures, this was the result of Robert's own actions in litigating the dispute and it does not preclude consolidation where the common issues that will need to be explored in discovery are substantially similar and this action can efficiently be caught up to the Yao Action.

Nearly a year ago, on March 25, 2024, Robert filed an answer in the Yao Action in which he asserted that David was a necessary party to the action. *See* Yao Action Answer (Yao Action

ECF#38) Affirmative Defense No. 26; *see also* Ex. 6 Affirmative Defense No. 26. The next day, March 26, 2024, the Court entered a Scheduling Order, pursuant to which Robert had until May 10, 2024, to implead David. Yao Action Scheduling Order (Yao Action ECF #39) at 2. Instead, Robert waited until September 30, 2024, to file this action, in the District of Wyoming (without marking the cases as related in any way). Complaint (ECF #1).[3] Robert opposed Defendant's motion to transfer to the District of Maryland. As a result, the case was not transferred until December 16, 2024. Consequently, the delay of nearly nine months between when Robert could have brought this action and it finally being ready for discovery following transfer—when Yao Action discovery was six-months ongoing—was of Robert's own making.[4]

Putting aside the cause of the delay, the discovery that has begun in the Yao Action overlaps with the discovery that will be needed in this case. The overlap further highlights the significant commonalities between both actions. Much of the discovery in the Yao Action focuses on the circumstances surrounding the dissolution of OtterSec. This includes discovery about Plaintiffs' allegation that David improperly removed the code. *See, e.g.*, Yao Action Defs' First Set Of Requests For The Production Of Documents, Request Nos. 5, 7, 13; Robert's Yao Action First Set Of Interrogatories Nos. 5, 6, 11.[5]

---

[3] Plaintiffs filed this action *after* the Yao Action Court had already concluded that these parties and claims have little to do with Wyoming. Mem. Op. Denying Defs' Mtn. to Dismiss (Yao Action ECF #36) at 27 ("As for the interest in the most efficient resolution of the controversy…. Wyoming…[has] no relevance other than being the state[] in which the relevant LLC[] [was] established for legal purposes…."). The Wyoming Court concluded the same. Ex. 3 at 8, 14.

[4] Discovery in the Yao Action did not commence until after the Scheduling Order of March 26, 2024. This occurred because the Yao Action Defendants filed an unsuccessful motion to dismiss based on personal jurisdiction. Discovery was stayed for mediation on June 28, 2024, and did not restart until September 27, 2024. Yao Action ECF #65, 69. David filed his Answer in this action on December 30, 2024. ECF #35.

[5] Attached to the Declaration of Alexander G. Malyshev, dated February 13, 2025 as Exs. A & B respectively.

Robert's subpoena to David in the Yao Action also highlights these overlapping issues and discovery, including a particular focus on the code. *See* Ex. 5 Document Requests No. 10-12 (requests for documents related to David's use, revenue, and income from "the 'personal code and other property' referenced in Paragraph 71 of Plaintiff's Complaint"). The subpoena also includes requests regarding issues that Plaintiffs argue are unique to claims in this action (Opp. at 5, 12)—namely, requests (1) relevant to David's role at OtterSec and his agency relationship with Sam Chen, his late father and only other member of OtterSec, and (2) related to blockchains and digital wallets. *See* Ex. 5 Document Request No. 6 ("documents and communications concerning Your role at OtterSec, including but not limited to Your business and agency relationship with Sam Chen and/or Li Fen Yao"); Document Request No. 16 (documents "to identify all blockchain or digital wallets used by You or any entity in which you had an ownership or beneficial interest"); *see also* Robert's Yao Action First Set Of Interrogatories No. 14 (relating to "blockchain or digital wallets" used by David). Further, Robert's subpoena to David also requests documents that are likely to be more generally relevant in this action. *See* Ex. 5 Document Request Nos. 1-5 (requesting David's communications related to OtterSec and Robert); Document Request Nos. 9, 13-14 (related to David's financials, including requests for information about his income and taxes). As set forth in the transcripts annexed to the recent Joint Status Report in the Yao Action, David has agreed to respond to that subpoena. Yao Action ECF #106-3 at 63:4-66:11.

Additionally, the Joint Status Report in the Yao Action annexes a proposed schedule which would set deadlines for the substantial completion of document discovery on May 30, 2025, completion of all fact discovery on July 18, 2025, completion of expert discovery on November 25, 2025, and filing a notice of intent to move for summary judgment on December 19, 2025. Yao Action ECF #106-6. That schedule, if so ordered by the Magistrate Judge, does not put the Yao

5

Action on the eve of trial as Plaintiffs suggest. *See* Opp. at 10 ("The *Yao* Action parties are on track to complete fact discovery within the next several months, and the parties in that case will be ready to file motions for summary judgment and/or to proceed to trial thereafter."); Opp. at 11 ("the case will soon be ripe for summary adjudication and summary judgment"). Instead, there remains many more months of discovery.

If the parties move expeditiously, there is no reason why this case should not be ready to proceed on the same track as the Yao Action. There is no "delaying *Yao* to wait for *Chen*," as Plaintiffs suggest. Opp. at 12. Consolidation could fast track discovery in this action without delaying the other. As discussed above, document discovery overlaps. Further one set of depositions would be the most efficient way forward—most of the key witnesses will be the same: Robert and David; OtterSec employees, contractors, and consultants either involved in the Jump acquihire or in working with the computer code; and witnesses from third-party investors (e.g., Jump and Sino Global Capital) relevant to the various claims in each action.[6]

Contrary to Plaintiffs' argument that the "discrepancy in the stages of each case militates against consolidation" (Opp. at 11), consolidation here is consistent with the law holding that so long as trial is not imminent, consolidation is appropriate. *See Wright Mfg. v. Excel Indus.*, 2007 U.S. Dist. LEXIS 107068, *12 (D. Md. Oct. 4, 2007) (consolidating cases at different stages because "neither has been scheduled for trial and only early discovery has commenced in the [one] action"); *see also* 8 *Moore's Federal Practice*, § 42.10[6][e] (3d ed. 2024) ("Cases at different stages of trial preparedness, however, generally are not good candidates for consolidation if one

---

[6] Plaintiffs argue that tortious interference with Sino Global Capital is unrelated to the Yao Action. Opp. 4. But the Estate alleges facts about Robert's discussions with Sino Global Capital to support its fraud claims against Robert related to the Jump acquihire negotiations. *See* Ex. 1 ¶29-32. The Yao Action alleges that the Sino Global Capital negotiations at issue in this action did not progress past initial stages. *Compare id. with* Ex. 2 ¶¶81, 99-101.

case is ready for trial and one is not."). And the mere fact "that cases are at different discovery stages is not fatal to the consolidation motion." *Wright Mfg.*, 2007 U.S. Dist. LEXIS 107068 at *11; *see also* 8 *Moore's Federal Practice*, §42.10[6][d] ("Cases do not have to be at the same stage of discovery for consolidation to take place….").

The cases Plaintiffs cite in opposition are inapposite. *See* Opp. at 9-11. In those cases (1) all discovery was closed and the case was "ripe for either dispositive motion practice or trial," *KGK Jewelry LLC v. ESDNetwork*, 2014 WL 7333291, *2 (S.D.N.Y. Dec. 24, 2014); (2) all discovery was "nearly completed," *Dishon v. Gorham*, 2018 WL 4257936, *5 (D. Ariz. Sept. 6, 2018); (3) "fact discovery [was] set to close [in] only a few months," *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, 2021 WL 2780234, *2 (S.D. Cal. July 2, 2021); or (4) discovery in one action had not yet begun, or had no schedule, *Miranda v. Homefix Custom Remodeling Corp.*, 2023 WL 5959828, *3 (D. Md. Sept. 13, 2023) (Chuang, J.). None of these cases represents either action here. The end of fact discovery and dispositive motions are about a year away—and trial even farther out. Much of the discovery needed for this action is already ongoing in the Yao Action, and if consolidation is granted, a schedule can be set to supplement that discovery without delay. Thus, putting these claims on the same track is the most efficient way to proceed and avoids inconsistent adjudication risks.[7]

Plaintiffs' claim that "prejudice caused by delay is especially keen when there are legal issues at play in the second-filed case that are not present in the first-filed case, as here" is also misplaced. Opp. at 11-12. As set forth in David's opening brief, both the dissolution of OtterSec

---

[7] Plaintiffs' proposals that a stipulation that discovery in the Yao Action would apply here or that documents can be reproduced in this action at a later time (Opp. at 13) are imperfect solutions and not warranted by the posture of both actions.

(which bears on who has standing to bring the claims in this action) and David's removal of the code are legal issues that are common to both cases. Mot. at 9-11.

Both the Yao Action Court and the Wyoming Court acknowledged the import of Robert's purported asset purchase. *See* Mem. Op. Denying Defs. Mtn. to Dismiss (Yao Action ECF #36) at 12 ("there are serious questions whether the consideration paid for OtterSec's assets was adequate and whether this purchase was an arm's length transaction."); Ex. 3 at 10 ("Robert purchased OtterSec's claims against David as part of OtterSec's Wyoming dissolution, so invalidation of that dissolution could bear on Robert's capacity to bring OtterSec's claims"). Robert himself put David's conduct and code at issue in the Yao Action. *See* Ex. 6, Affirmative Defense No. 25 (defense for equitable estoppel based on David's conduct); Ex. 7 at 1, 4 (asserting David "unilaterally quit OtterSec, absconded with OtterSec's trading code, and used it to immediately make more than half a million dollars for himself"); Ex. 8 at 8-13 (arguing "David Chen's Theft and Use of 'Code and Other Property' Are Relevant as Causes of Any Harm to OtterSec or to the Estate" in the Yao Action); *see also* Ex. 5 (subpoena requests to David related to his removal of his finances, and his role at OtterSec and agency relationship with Sam Chen). Most of the claims in this case also relate to the removal or use of the computer code. *See* Ex. 2 ¶¶128-40, 145-52, 162-67, 168-77, 178-202 (Robert's claims for conversion, breach of fiduciary duty, violations of trade secrets laws, tortious interference, and unjust enrichment and OtterSec's claims for breach of fiduciary duty and unjust enrichment).

Plaintiffs also argue that the code was "was available only to OtterSec employees who had signed non-disclosure agreements." Opp. at 4. But the Estate alleges that not only did David own the code, he had no non-disclosure agreement with OtterSec, and had the code "available" to him, even though he was not an employee (which the Yao Action Complaint also discusses). Ex. 1

¶¶23-28, 71. This places not only the code's value and ownership at issue in both actions, but also David's role at OtterSec. Thus, Plaintiffs' assertion that certain copyright, employment, and agency issues in this action are not at issue in the Yao Action is incorrect. Opp. at 12.

For similar reasons, there is no basis for Plaintiffs' argument that this case alone "involves factual questions that will likely require expert testimony concerning the complicated technicalities of cryptocurrency trading code, discovery on the contributions and work on the codes at issue, and discovery on whether David was an employee of OtterSec." Opp. at 12. If the code belongs to David, neither case will require expert discovery on its value (which will include expert discovery on the code's functionality and ownership). But if it belongs to OtterSec, that expert discovery will be relevant in both cases (either in the form of affirmative relief in this case, or in relation to the asserted defenses in the Yao Action). It would make no sense to have duplicative discovery as to the "complicated technicalities" of the code and contributions to the code by OtterSec employees.

Finally, despite Plaintiffs' assertion otherwise, the order in the Yao Action resolving a motion for judgment on the pleadings, did not impact the scope of the proceedings, nor did it impact any of the key factual and legal issues that both actions share. Opp. at 10-11. That order kept the Estate's declaratory judgment cause of action intact, which would invalidate Robert's dissolution and asset purchase which purportedly gives him standing to bring claims here, and it did not change the relevance of the code to the Yao Action Defendants' defense. *See* Mem. Op. on Defs' Mtn. for Judgement on the Pleadings (Yao Action ECF #100) (Ex. 2 to the Declaration of Joshua A. Levy dated January 30, 2025) at 45.

## B. Plaintiffs' Speculative Concerns Of Jury Confusion Are Not Fatal To Consolidation

Plaintiffs speculate as to potential prejudice at the trial stage, namely jury confusion on aligning: (1) Robert with the Estate, when issues involving the code may pose a potential conflict

9

between David and the Estate, and (2) OtterSec with Otter Audits and RC Security, involving the Estate's successor liability theory. *See* Opp. at 14-21. However, not only are these concerns overstated, but Plaintiffs' positions on these points are irrelevant to consolidation at the discovery phase, rendering the concerns premature.

### 1. David Chen and the Estate Have Aligned Interests, Such That No Jury Confusion Will Result Regarding Removal or Value of the Code

As discussed above, the factual and legal issues regarding the removal and value of the code are substantially similar, will be subject to overlapping discovery, and are at risk of inconsistent adjudication without consolidation. Plaintiffs are not correct on the law or facts in arguing that "disparate claims" regarding the code in both actions could cause jury confusion.

First, Plaintiffs put forth an argument, already found by the Wyoming Court to be "tenuous,"[8] that "[a] jury may confuse the nuanced issues related to the theft of the codes…with the defense relating to the devaluation of OtterSec caused by David's removal of the code." Opp. at 14. As for the code's relevance to damages and the factual background, this is a distinction without a difference. The codes' value and ownership are critical issues that need to be decided in both cases. There is no persuasive explanation as to why a jury would be confused about these issues, as Plaintiffs assert. *See* Opp. at 15. Plaintiffs' cited cases have no common issues to support consolidation, such that there would be a "distinct factual and legal analysis" where "the adjudication of one case will not necessarily aid in the adjudication of the other." *Cf. City of Canton, Ohio v. Hydro-Dyne Eng'g, Inc.,* 2017 WL 4620802, *2 (N.D. Ohio Oct. 16, 2017) (denying consolidation where one case dealt with "the relationship of parties not in privity of

---

[8] *See* Ex. 3 at 14 (argument that "the core issue in [this case] is whether David's taking of code was *wrongful,* while the only relevant consideration in [the Yao Action] is the *amount of money* made from that code" drew a line "too tenuous for a standard that requires only similarity, not a perfect match") (emphasis in original).

10

contract" and functionality of industrial equipment and the other case solely dealt with a breach of contract based on non-payment for equipment); *KGK*, 2014 WL 7333291 at *3 (claims tied to two distinct contracts "would muddle the issues before the court or trier of fact"); *Tatintsian v. Vorotyntsev*, 2024 WL 4467910, *1-2 (S.D.N.Y. Oct. 9, 2024) (finding "few, if any, common questions of law or fact" where one case focused on a discrete securities transaction and the other had broader factual scope). That is not the case here, where both actions share narrative background facts, and there are common legal and factual issues related to the code and OtterSec's dissolution. Adjudication of these issues in a consolidated action will aid consistent and efficient resolution of both cases without risking confusion.

Second, it does not follow that the issue of alleged devaluation of OtterSec caused by code removal would mean consolidation (1) aligns Robert with the Estate or (2) causes a conflict of interest between the Estate and David. Opp. at 15-19. Initially, Plaintiffs' claims about the alignment of parties and conflicts of interest are all premature. Discovery to this point has not demonstrated any conflicts exist.

Additionally, a finding that David owned the code and the fraudulent dissolution and Robert's conflicted asset purchase did not include the code also precludes finding a conflict. Plaintiffs cut off a key portion of the Yao Action allegations, ignoring the allegations that (1) David removed the code that he "had been using or allowing [OtterSec] to use previously," and (2) "David notified Robert that he would be doing so, and *Robert assented*" to the code's removal. *Compare* Ex. 1 ¶71 (emphasis added) *with* Opp. at 15 (quoting Ex. 1 ¶71). Although the invalid asset purchase agreement produced in discovery shows that claims against David relating to the code (as opposed to the code itself) were sold, the Estate's position is that (1) there are no claims against David related to the code, as he has always owned the code and Robert agreed to removal

anyway, and (2) as a result, the code's value is not part of OtterSec's value. Nothing to date suggests otherwise.[9]

Therefore, there is presently no conflict between David and the Estate and any potential conflict is speculative. A potential conflict is not fatal to consolidation at this stage. *See, e.g.*, *Pam Kagan Mktg., Inc. v. Navisite, Inc.*, 2008 U.S. Dist. LEXIS 132702, *8-10 (D. Md. May 20, 2008) (denying request to sever consolidated claims as premature in face of only potential conflict); *Asher v. Duke Energy Carolinas, LLC*, 2013 U.S. Dist. LEXIS 68836, *6-7 (D.S.C. May 15, 2013) ("[T]he potential conflict does not outweigh the benefit of judicial economy provided by consolidation."); *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (S.D. Cal. 2012) (consolidating cases for pre-trial purposes where "it is premature to deny consolidation simply because a potential conflict may arise at the remedy stage"); *Pifer v. Myzak Hydraulics, Inc.*, 2015 U.S. Dist. LEXIS 7297, *26 (W.D. Pa. Jan. 22, 2015) (consolidating cases for trial after doing so for discovery where "there has not been any record evidence advanced that such an actual conflict now exists, or would at trial").

Indeed, Plaintiffs' own cases demonstrate that consolidation is appropriate even in light of a potential conflict, as long as the parties in potential conflict avoid "cross purposes"—such as a contributory negligence claim in a multi-driver, multi-passenger car accident—before the completion of discovery. *See* Opp. at 16; *cf. Trevizo v. Cloonan*, 2000 WL 33348794, *5, *7-8 (W.D. Tex. Nov. 29, 2000) ("[T]here is presently no conflict of interest between and no risk of

---

[9] The claim that aligning Robert and the Estate might confuse the jury because of this conflict (Opp. at 15-17) further shows the extent of overlap between these actions. Robert added OtterSec as co-plaintiff presumably in case his asset purchase is invalidated in the Yao Action. Any potential conflict between the Estate and OtterSec was removed when the Yao Action Court dismissed the derivative claims against OtterSec in its decision on the motion on the pleadings. *See* Yao Action ECF #100 at 18-21.

prejudice to the Plaintiffs [opposing consolidation] in this case, because [party aligned with Plaintiffs] have chosen not to name [Plaintiffs] in their lawsuit. Even if this were to happen after the completion of discovery in the consolidated case, consolidation still might not be destroyed."). David and the Estate are not at cross purposes, and presently there is no conflict. As a result, there is no bar to consolidation.

### 2. Plaintiffs Seek To Prematurely Litigate Successor Liability When That Issue Will Not Confuse A Jury And Can Be Cured By Jury Instructions

Plaintiffs' argument about prejudice to Otter Audits and RC Security is premature and an attempt to re-litigate successor liability—which the Yao Action Court has already addressed twice. *See* Opp. at 19-20. The Yao Action Court has analyzed in detail the relevant law and held that "successor liability theory applies here." Mem. Op. Denying Defs' Mtn. to Dismiss (Yao Action ECF #36) at 9-14 (imputing jurisdictional contacts on successor liability theory). Then, in the recent opinion on the Yao Action Defendants' motion on the pleadings, the Court declined to dismiss the declaratory judgment claim alleging Otter Audits and RC Security "are a mere continuation of OtterSec" and "OtterSec's successors in interest." *See* Yao Action ECF #100 at 45; Ex. 1 ¶129.

Next, Plaintiffs argue that the alignment of OtterSec with Otter Audits and RC Security creates with a jury "a perception that the South Dakota entities are somehow related to OtterSec LLC" because juries are not "accustomed to thinking carefully about the important principles of corporate separateness." Opp. at 21. First, that "perception" is factual. The companies are related because Robert is the sole member of OtterSec, Otter Audits, and RC Security. The Yao Action Court's decisions also confirm that this perception has legal merit. Second, the case Plaintiffs rely on is distinguishable. In that case, different plaintiffs, who held different jobs and terms of employment, had different supervisors, and who left employment in different manners,

13

nevertheless sought to consolidate different employment discrimination and retaliation claims—all of which the court found able to "easily confuse the jury or cause the jury to view the evidence of discrimination in the aggregate." *Engler v. Harris Corp.*, 2012 WL 5193818, *5 (D. Md. Oct. 18, 2012) ("There is little risk of inconsistent adjudications of fact or law because there are very few facts in common between the claims"). The claims about Otter Audits and RC Security do not have the same potential for confusion. Their liability requires a straightforward factual finding that Robert dissolved OtterSec and remade it in Otter Audits and RC Security.

Further, contrary to Plaintiffs' assertion that "[j]ury instructions are not a cure-all to prejudice and jury confusion" (Opp. 21 n.3), properly drafted jury instructions here will alleviate any potential prejudice. Plaintiffs offer no reason why a jury cannot be instructed as to each element of successor liability and to consider each entity as separate unless each element of successor liability is proven by a preponderance. Indeed, courts presume that juries follow jury instructions. *Piehl v. Saheta*, 602 Fed. Appx. 111, 112 (4th Cir. 2015) (presuming that because the jury was instructed not to impute contributory negligence to a party, it did not). And consolidation through trial can be appropriate with specific instructions. *See* Mot. 14; *Campbell*, 882 F.3d at 74-75 (approving of "inform[ing] [the jurors] that they must treat each [claim] as 'as if each have been tried by itself'" and using "special interrogatories on separate verdict forms").

Finally, Plaintiffs' claim that the Estate seeks consolidation because it "stands to gain from the confused perception that consolidation would create that Robert, OtterSec, RC Security, and Otter Audits are somehow all interrelated" is incorrect. *See* Opp. at 21. These cases involve the same business dispute involving David and Robert, OtterSec's dissolution, and removal of David's

14

code. As discussed above, Robert, OtterSec, Otter Audits, and RC Security are interrelated. All that the Estate and David stand to gain by consolidation is the efficient resolution of the litigation.[10]

### POINT III
### IF THE COURT FINDS THAT THE FACTORS FAVOR CONSOLIDATION, THERE IS NO REASON TO STAY THE ACTION INSTEAD

Plaintiffs' request that the Court stay the action, instead of consolidating it with the Yao Action in the event that it finds that the facts favor consolidation (Opp. 22-23) is internally inconsistent. If the Court determines that the factors favor consolidation it should consolidate the cases. A stay would simply result in unnecessary piecemeal litigation, including litigation as to the scope of any issue preclusion based on the earlier adjudicated action. It also shifts Plaintiffs' concerns of delay for the Yao Action Defendants to the parties in this action.

### <u>CONCLUSION</u>

Accordingly, Defendant David Chen respectfully requests that the motion to consolidate these actions before Judge Chuang pursuant to Fed. R. Civ. P. 42(a)(2) be granted.

---

[10] Any potential prejudice could also be mitigated if the Court exercises its discretion to consolidate only for discovery—and save for later a decision on consolidated trial. Plaintiffs could also move, at an appropriate time, for separate trials under Fed. R. Civ. P. 42(b).

Dated: February 13, 2025

Respectfully submitted,

CARTER LEDYARD & MILBURN LLP

By:  */s/ Stephen M. Plotnick*
      Stephen M. Plotnick, *pro hac vice*
      Alexander G. Malyshev, *pro hac vice*
      Madelyn K. White, *pro hac vice*
      Kevin M. Simpson, *pro hac vice*
28 Liberty Street, 41st Floor
New York, New York 10005
Tel: 212.732.3200
plotnick@clm.com
malyshev@clm.com
white@clm.com
simpson@clm.com

 -and-

BARKLEY & KENNEDY

By:  */s/ Daniel M. Kennedy, III*
      Daniel M. Kennedy, III
(signed by Stephen M. Plotnick with the permission
of Daniel M. Kennedy, III)
51 Monroe Street, Suite 1407
Rockville, MD 20850
(301) 251-6600
dkennedy@barkenlaw.com

*Attorneys for Defendant David Chen*

16

**CERTIFICATE OF SERVICE**

I certify that on February 13, 2025, I filed the foregoing Reply Memorandum of Law and accompanying Declaration with annexed exhibits via CM/ECF, which serves a copy on all counsel of record.

/s/ Stephen M. Plotnick
Stephen M. Plotnick
