# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO,<br>as Administrator of the Estate of Sam Mingsan Chen<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>　　　　　Defendants. | Case No. 8:23-cv-00889-TDC |

**DEFENDANT ROBERT CHEN'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Rule 104 of the Local Rules of the United States District Court for the District of Maryland, and Appendix A to the Local Rules of the United States District Court for the District of Maryland, Defendant Robert Chen, by his undersigned attorneys, propounds these Interrogatories to which Plaintiff Li Fen Yao as Administrator of the Estate of Sam Mingsan Chen, shall respond fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

**INSTRUCTIONS AND DEFINITIONS**

　　A.　　These Instructions and Definitions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

　　B.　　The Uniform Instructions and Definitions for Use in Discovery Requests, as set forth in Appendix D of the Local Rules for the U.S. District Court for the District of Maryland, are incorporated herein.

　　C.　　For purposes of these interrogatories, the Relevant Period is February 1, 2022, through the Present.

1

D.  "Action" means the above-captioned proceeding.

E.  "David Chen" means David Yao Chen, son of Sam Mingsan Chen, and any of his representatives.

F.  "Darren Chen" means Darren Yao Chen, son of Sam Mingsan Chen, and any of his representatives.

G.  "Duo Chen" means Duo Chen, daughter of Sam Mingsan Chen, and any of her representatives.

H.  "Sharine Chen" means Sharine Chen, daughter of Sam Mingsan Chen, and any of her representatives.

I.  "Naiyu Wang" means Naiyu Wang, ex-wife of Sam Mingsan Chen, and any of her representatives.

J.  "Li Fen Yao" means Li Fen Yao, widow of Sam Mingsan Chen (in her personal capacity), and any of her representatives.

K.  "Defendants" means Robert Chen, Otter Audits LLC, and/or RC Security LLC.

L.  "Estate" means the Estate of Sam Mingsan Chen, and includes any of its representatives, including its Administrator.

M.  "OtterSec" means OtterSec LLC and any of its representatives.

N.  "Plaintiff" means the Estate and its Administrator.

O.  "Jump" means the entity Jump Trading or Jump Crypto or any of the following Jump-affiliated crypto projects: Wormhole, Pyth, and any of their officers, employees, agents, or representatives.

P.  "Robert Chen" means Defendant Robert Chen.

Q.  "Sam Chen" means Sam Mingsan Chen and any of his representatives, including David Chen.

R.  "Representative" or "representatives" mean agents or any persons acting or purporting to act on behalf of, or in concert with, any other person.

## INTERROGATORIES

**1.**  Identify all persons who are likely to have personal knowledge of any fact alleged in the pleadings, and state the subject matter of the personal knowledge possessed by each such person.

2

2. Identify and describe all instances in which Robert Chen referenced Jump in communications with David Chen and/or Sam Chen, as well as in communications to which David Chen was a party (i.e. group chats, discord channels, etc.).

3. Identify all existing and prospective contracts, relationships, business expectancies, and opportunities to which the Estate was a party and with which Robert Chen allegedly tortiously interfered as alleged in Paragraphs 156–59 of the Complaint.

4. Identify all phone numbers, email addresses and modes of communications (*e.g.*, WhatsApp, telephone, email) used by Sam Chen and David Chen, as well as any handles associated with those accounts (e.g., @ra, @realawesomeness, @radiantaeon, @raggedsec).

5. Identify and describe all "code," "other property," and "information" that David Chen "took with him" or from which David Chen "removed Robert's and OtterSec's access" as alleged in Paragraphs 71–73 of the Complaint. For each "code," "other property," and "information" identified, state the monetary value of said "code," "other property," or "information" and who owns and/or has access to said "code," "other property," or "information."

6. For each "code," "other property," and "information" identified in Interrogatory No. 5, state the gross amount of money, regardless of currency type (i.e., cryptocurrencies, other digital currencies, traditional currencies), that David earned or obtained from his use of each "code," "other property," and "information" after leaving OtterSec.

7. Identify David Chen's work and all his sources of income from April 22, 2022, through March 31, 2023.

8. Itemize, explain, and show how you calculate any damages claimed by you in this Action, whether economic, non-economic, punitive, or other.

9. Itemize and describe all communications with and documents relating to the "acquaintance" referenced in Paragraphs 83–86 of the Complaint.

10. State all the reason(s) why David Chen ceased working for OtterSec as referenced in Paragraph 70 of your Complaint and on Page 4 of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, ECF No. 28.

11. State the facts concerning the matters alleged in Paragraphs 41–44, 67, 70–72, 83–86 of your Complaint.

12. Identify with specificity all misrepresentations and/or omissions upon which you claim Sam Chen relied, as alleged in Paragraphs 138–45 of the Complaint, including the alleged statement or omission, the date of the statement or omissions, the place of the statement or omission, the method of transmission of the statement or omission, and state specifically what action Sam Chen took in reliance on each alleged misrepresentation and/or omission.

13. Identify all notices you gave OtterSec that Li Fen Yao had been appointed personal representative of the Estate, including the date, method, and content of the notice.

14. Identify all blockchain or digital wallets used by David Chen, Sam Chen, the Estate, any entity in which David Chen has any interest or for whom David Chen works, any entity in

3

which the Estate has any interest, or any entity in which Sam Chen had any interest during the Relevant Period.

15. Identify specifically all the property to which the Estate had legal title that it claims Defendants misappropriated and converted, as alleged in Paragraphs 146–50 of the Complaint.

16. Explain the valuation of litigation claims listed in the inventories filed with the Register of Wills and/or Orphans' Court for Montgomery County in relation to *In the Estate of Sam Mingsan Chen*, Estate No. W112298, and explain any amendments to said valuation.

Respectfully submitted,

Dated: April 22, 2024

/s/ Rachel Clattenburg
Rachel Clattenburg
Joshua A. Levy, *pro hac vice*
Kevin P. Crenny, *pro hac vice*
Justin A. DiCharia, *pro hac vice*
**LEVY FIRESTONE MUSE LLP**
900 17th St. NW, Suite 1200
Washington, DC 20006
Tel: (202) 845-3215
Fax: (202) 595-8253
jal@levyfirestone.com
rmc@levyfirestone.com
kcrenny@levyfirestone.com
jdicharia@levyfirestone.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 22, 2024, I caused the foregoing Requests for Production to be served on counsel of record.

           /s/ Rachel Clattenburg