# CARTER LEDYARD MILBURN

**Stephen M. Plotnick**
Partner
plotnick@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8772

April 14, 2025

**BY ECF**

Honorable Gina L. Simms, Magistrate Judge
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, MD 20770

          Re:    *Yao v. Chen, et al.*; *Chen, et al. v. Chen*
                Case No. 8:23-cv-00889-TDC

Dear Judge Simms:

      This firm, together with Barkley & Kennedy, Chartered, represents Li Fen Yao ("Yao"), the plaintiff in the lead case of *Yao v. Chen, et al.* ("*Yao Action*"), and her son David Chen ("David"), a third-party witness in the *Yao Action* and the defendant in the member case of *Chen, et al. v. Chen* ("*Chen Action*"). We write pursuant to Appendix A, Guideline 1 of the Local Rules to request a conference for the purposes of addressing various discovery disputes that are accumulating, and establishing a procedure for resolving them consistent with the Court's prior Orders. The parties have exchanged correspondence and held meet and confers by telephone on March 7 and April 10, 2025, but efforts to resolve their disagreements have been unsuccessful.

      By way of background, the defendants in the *Yao Action*, Robert Chen, Otter Audits LLC and RC Security LLC (together, the "*Yao Action* Defendants") previously filed a Notice of Intent to File a Motion for a Preservation Order on February 10, 2025, and Yao filed her response on February 28, 2025. ECF 107, 117. Separately, just prior to Yao's response and while a motion to consolidate the *Yao Action* and the *Chen Action* was pending, the plaintiffs in the *Chen Action*, Robert Chen and OtterSec LLC (together, the "*Chen Action* Plaintiffs"), filed a motion for a preservation order seeking the same relief as the motion described in the Notice of Intent they filed in the *Yao Action*. ECF 121. After Judge Chuang granted Yao's motion to consolidate (ECF 118), David filed opposition to the motion (ECF 122). On March 19, 2025, Your Honor entered an Order acknowledging receipt of the parties' submissions, directing that no additional briefing of the issues was required or authorized, and informing the parties that the Court would notify them "if additional briefing on any pending issues is required." ECF 124.

      On April 4, 2025, the *Yao Action* Defendants/*Chen Action* Plaintiffs emailed Yao and David a motion styled as a "Motion to Compel," but directed to issues that substantially overlap with the parties prior preservation order submissions. Although the *Yao Action* Defendants/*Chen Action* Plaintiffs purported to serve the motion, but not file it with the Court, pursuant to Local Rule 104.8, that Rule is inapplicable because the motion seeks, *inter alia*, (1) to compel compliance with a third-

party subpoena, (2) various categories of "discovery on discovery,"[1] and (3) sanctions – none of which involve "answers to interrogatories and requests for production or entry upon land as to which a response has been served." See Local Rule 104.8; accord *Cheng v. Lakeforest Assocs., LLC*, 2014 WL 2964082, at *3 (D. Md. June 30, 2014) ("Local Rule 104.8 does not apply to 'motions to compel (a) answers to interrogatories or to requests for production or entry upon land where *no responses at all have been served*, (b) answers to deposition questions or (c) responses to discovery requests directed to a non-party.'") (emphasis in original).

On April 9, 2025, we advised the *Yao Action* Defendants/*Chen Action* Plaintiffs that their motion to compel is not authorized under Local Rule 104.8.[2] However, on April 10, 2025, the *Yao Action* Defendants/*Chen Action* Plaintiffs advised that they disagreed and would not withdraw their motion. As Yao's and David's opposition papers would be due this coming Friday, April 18, we respectfully request the Court's guidance before engaging in potentially wasteful motion practice that the Court may not want, and which we believe would be better suited for resolution (together with other discovery disputes that are arising) using a process similar to the one previously implemented by the Court to successfully resolve prior discovery disputes.

As Your Honor may recall, on December 12, 2024, the Court Ordered the parties to work through their then-pending discovery disputes via on-the-record meet and confers and submission of a joint status report. ECF 95. This process was highly successful, as reflected in the joint status report filed with the Court on February 10, 2025. ECF 106. Currently, in addition to the issues that are the subject of the *Yao Action* Defendants'/*Chen Action* Plaintiffs' motion to compel, there are a number of other discovery issues between the parties that are accruing, including various issues Yao and David have raised with the *Yao Action* Defendants/*Chen Action* Plaintiffs document productions, their requests for "discovery on discovery," and their issuance of nearly two-dozen third-party subpoenas. One such subpoena (to Robinhood Markets Inc.) is currently the subject of an outstanding dispute, and we believe that another, more recent, subpoena (a second one to Discord) improperly seeks "discovery on discovery" that is already the subject of the parties' disputes. Particularly insofar as they relate to proportionality and consistency in positions, these specific issues are also emblematic of a growing disconnect between the parties as to the appropriate scope of discovery and the parties' obligations to plan and conduct discovery to achieve

---

[1] The "discovery on discovery" sought by the *Yao Action* Defendants/*Chen Action* Plaintiffs relates to the 17,222 deleted Discord messages that were the subject of the parties' prior preservation order submissions to the Court. ECF 107, 117, 121, 122. On April 1, 2025, Yao and David advised the *Yao Action* Defendants/*Chen Action* Plaintiffs that they had completed their analysis of deletions, which showed that (a) 14,711 messages were sent outside of the date range the parties have agreed upon for discovery, February 2022 to December 2023; (b) 472 messages are from a Discord server associated with a Japanese anime and light novel series known as "The Apothecary Diaries"; (c) 1,204 messages are from a high-school chat group; (d) 751 messages are from the "Jito" server, which the *Yao Action* Defendants/*Chen Action* Plaintiffs already have and are irrelevant; and (e) the remaining 62 messages were deleted within hours of being sent, which the *Yao Action* Defendants/*Chen Action* Plaintiffs have conceded "indicates that they were likely messages" that were "deleted after accidentally sending to the wrong user or wrong channel, and thus are not relevant" (*see* ECF 121-7, Letter from J. Levy to S. Plotnick, dated February 4, 2025).

[2] We also believe the motion to be inconsistent with the spirit of Your Honor's March 19 Order, directing that no additional briefing of the issues that were the subject of the parties' submissions was required or authorized, and advising that the Court would notify the parties "if additional briefing on any pending issues is required." ECF 124.

the just, speedy, and inexpensive conduct of discovery. *See* Local Rules, Appendix A, Guideline 1(a), (b) and (f).

In advance of the last meet and confer between the parties on April 10, Yao and David requested that it be held on the record and, further, that the parties discuss these issues and, more broadly, following a process going forward similar to the one previously implemented by the Court to successfully resolve their prior discovery issues. Although the *Yao Action* Defendants/*Chen Action* Plaintiffs agreed to hold the April 10 meet-and-confer on the record, they indicated that they would not discuss these issues unless we sent them a letter "well in advance" of any meet-and-confer, and resisted holding future meet-and-confers on the record. In contrast, Yao and David believe that following a procedure consistent with the Court's December 12 Order would greatly assist to streamline the discovery process, reduce the chance that additional disputes requiring the Court's attention will arise in the future, and help to bring document discovery to a close.

Accordingly, Yao and David respectfully request a conference with the Court for the purpose of addressing (a) the *Yao Action* Defendants'/*Chen Action* Plaintiffs' most recent motion to compel and Yao's/David's obligation, if any, to respond, and (b) establishing a procedure, consistent with Your Honor's December 12 Order, to resolve the parties' discovery disputes. To avoid potentially unnecessary motion practice in the interim, Yao and David also respectfully request that, pending the conference, the Court stay (i) the deadline to respond to the *Yao Action* Defendants/*Chen Action* Plaintiffs motion to compel, and (ii) compliance with the third-party subpoenas they recently issued to Robinhood Markets Inc. and Discord.

We thank the Court for its continuing time and attention to this matter.

Respectfully submitted,

*Stephen M. Plotnick*

Stephen M. Plotnick

cc: All Counsel of Record (by ECF)