# Levy | Firestone | Muse

Levy Firestone Muse LLP
900 17th Street NW, Suite 1200
Washington, DC 20006

levyfirestone.com

**Sent via CM/ECF**

April 15, 2025

Honorable Gina L. Simms, Magistrate Judge
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, MD 20770

   RE: *Yao v. Chen et al.*, *Chen et al. v. Chen*, Case No. 23-cv-0889-TDC

Dear Judge Simms:

  We represent Defendants in *Yao v. Chen*, Robert Chen, Otter Audits LLC and RC Security LLC, and Plaintiffs in *Chen v. Chen*, Robert Chen and OtterSec LLC (collectively, "the *Yao* Defendants and *Chen* Plaintiffs") and respectfully write in response to opposing counsel's letter filed on April 14, 2025.[1]

  We write to respond to and to provide fuller context for opposing counsel's letter, and to clarify that while the *Yao* Defendants and *Chen* Plaintiffs would be happy to attend any conference that the Court would find helpful to its administration of discovery in these consolidated matters, we do not believe such a conference is necessary or is likely to be productive at this juncture for the following reason: opposing counsel refuses to respond in writing to substantive briefing—or even email correspondence—regarding ongoing discovery disputes. Such behavior is not consistent with the process "previously implemented by the Court to successfully resolve prior discovery disputes," as referenced in opposing counsel's letter. That process involved meeting and conferring on fully briefed motions, and opposing counsel have indicated they do not intend to fully brief the motion at issue.

  On April 4, 2025, the *Yao* Defendants and *Chen* Plaintiffs served a Motion to Compel the Production of Documents and Discovery Related to the Deletion of Evidence, and for Sanctions, which asks this Court to compel *Yao* Plaintiff Li Fen Yao and *Chen* Defendant David Chen to explain David Chen's deletion of over 17,000 Discord messages, many of which were relevant (as explained more fully in the Motion) and to award sanctions against Li Fen and David in the form of attorney's fees for David and Li Fen's bad faith, vexatious, and wanton behavior in discovery.

  This motion was properly served under Local Rule 104.8 and a response on behalf of *Yao* Plaintiff Li Fen Yao and *Chen* Defendant David Chen is due to be served on April 18, 2025. Local Rule 104.8 applies to the motion because the procedure it lays out applies to "motions to compel answer to interrogatories and requests for production . . . as to which a response has been served."

---

[1] While styled as a "Request" the letter—which came as a surprise to undersigned counsel—is, quite obviously, a Motion requesting an Order from the Court setting a conference. Opposing counsel did not meet and confer concerning this motion, nor ask undersigned counsel whether they would consent to the request, nor even alert undersigned counsel that the filing was forthcoming.

As the Court can see from the Motion—attached here as Exhibit 1[2]—the April 4 Motion to Compel and for Sanctions concerns numerous serious issues stemming from Discovery Requests served on Li Fen Yao in April 2024, and overlapping issues with David Chen's production in response to a subpoena served in June 2024. To the extent the requests constitute discovery on discovery, such discovery is permissible in situations, like here, "where a specific deficiency is shown in a party's production, or where a party's efforts to comply with proper discovery requests are reasonably drawn into question." *Black v. West Virginia State Police*, Nos. 3:22-cv-00096, 3:22-cv-00203, 2023 WL 4834948, at *10 (S.D.W. Va. July 27, 2023) (quotation omitted). The insufficiency of opposing counsel's response is the basis for the motion. The motion does not concern "answers to interrogatories or requests for production . . . where no responses at all have been served," as opposing counsel's letter claims. (Nor could it. Plaintiff Yao or Defendant David Chen have served *some* response, however inadequate, to each Discovery Request they have received.)

Local Rule 104.8 therefore applies to the April 4 Motion to Compel and for Sanctions, the motion was properly served, and an opposition is due on or before April 18. *See G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, No. 22-cv-2636, 2023 WL 6127592, at *1 (D. Md. Sept. 19, 2023) ("Local Rule 104.8 governs the procedure regarding motions to compel in this District. If a party is dissatisfied with an opposing party's response to a discovery request, the party may serve on the opposing party a motion to compel.") (denying motion to compel the production of documents withheld as privileged because the parties filed the motion to compel directly with the court rather than exchanging briefing prior to required meet and confer); *Bender v. Wiegand Sports GmbH*, No. 23-cv-1511, 2024 WL 4202155, at *4 (D. Md. Sept. 16, 2024) (denying motion to compel production of additional documents for failure to comply with Local Rule 104.8) ("Here, the parties have not engaged in the motions practice contemplated by the Local Rules. Although Plaintiffs have filed a Rule 104.7 certificate [], the record before the Court reflects that the parties did not exchange motions, responses, or replies prior to any Rule 104.7 discovery conference.").[3]

The parties met and conferred last week with respect to the April 4 Motion to Compel and for Sanctions, on Thursday, April 10, 2025. Undersigned counsel agreed early in the afternoon on Tuesday, April 8 to having a court reporter present, at opposing counsel's request, and agreed to split the costs. Opposing counsel did not book a court reporter.

---

[2] We are filing Exhibit 1 solely to show that Local Rule 104.8 applies to the Motion and that undersigned counsel followed the proper procedures. We plan to file the Memorandum of Law, Exhibits, and Proposed Order that accompany the Motion once permission to file the Motion is granted. If Plaintiff Li Fen Yao and Defendant David Chen decline to serve a timely opposition to the Motion, we will request that any arguments they later raise in opposition be deemed waived.

[3] Counsel for the *Yao* Defendants and *Chen* Plaintiffs explained to opposing counsel, via email, that the April 4 Motion to Compel and for Sanctions was properly served pursuant to Local Rule 104.8, stating the same reasoning given in this paragraph, including case citations. This email was sent at 11:06 A.M. on April 10 and is attached as Exhibit 2. When counsel met and conferred at 1:30 P.M. the same day, opposing counsel claimed they had not reviewed the email. <u>Opposing counsel has never responded to that email.</u>

The April 10 meet and confer was requested by undersigned counsel to discuss the April 4 Motion to Compel and for Sanctions. On the afternoon of April 9, opposing counsel for the first time indicated that there were "a number of issues we wish to raise." Undersigned counsel agreed to hold as many meet and confers as necessary, but stated that we "expect that [opposing counsel] will provide a written explanation of the issues you want to discuss, well in advance of any meet and confer, so we can make the meet and confer discussion productive." At 9:00 P.M. on April 9, opposing counsel finally identified the "issues" with more specificity. The next morning, counsel for the *Yao* Defendants and *Chen* Plaintiffs reiterated that the April 10 meet and confer would be focused on the April 4 Motion to Compel and for Sanctions, for which it had been requested. Exchanging topics before a meet and confer, and having each party articulate its positions on those topics in advance, is consistent with the Court's prior orders, and the Local and Federal Rules.

In their April 10 email, undersigned counsel reiterated that, while they were happy to meet and confer, the parties had already exchanged correspondence about most of these topics, the last of which had been sent by counsel for the *Yao* Defendants and *Chen* Plaintiffs. We explained:

- We sent an email on March 11 concerning FTX documents in response to opposing counsel's inquiries. <u>Opposing counsel has never responded</u>.
- We sent an email on April 8 responding to an email that opposing counsel sent that same day, concerning Robert Chen's productions. <u>Opposing counsel has never responded</u>.
- We sent an email regarding the Robinhood subpoena referenced in opposing counsel's letter on March 26. <u>Opposing counsel has never responded</u>.

Undersigned counsel also sent a substantive email on Friday, April 11, memorializing the meet and confer, attached as Exhibit 3. <u>Opposing counsel has never responded</u>, instead filing its "Request for Conference"—really a Motion—with no prior notice to undersigned counsel.

The process "previously implemented by the Court to successfully resolve prior discovery disputes," as referenced in opposing counsel's letter, involved meet and confers held on the record with respect to fully-briefed discovery disputes, <u>following the exchange of briefing pursuant to Local Rule 104.8</u>. Opposing counsel now refuses to draft and exchange a brief in response to the April 4 Motion to Compel and for Sanctions. This is in no way consistent with the parties' prior practice with respect to discovery disputes. The prejudice this causes to the *Yao* Defendants and *Chen* Plaintiffs is compounded by the fact that counsel for Plaintiff Li Fen Yao and Defendant David Chen seemingly refuses to respond in writing to undersigned counsel regarding the substance of any discovery dispute, even by email.

Notwithstanding opposing counsel's request for a conference, their opposition to the April 4 Motion to Compel and for Sanctions must be served on Friday, April 18, and if they decline to serve one, any opposition to the Motion should be deemed waived.

We thank the Court for its attention to this matter.

                                            Sincerely,

                                            /s/ Kevin P. Crenny

                                        Kevin P. Crenny
                                        Joshua A. Levy
                                        Rachel Clattenburg
                                        Justin A. DiCharia