# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as administrator of the Estate of Sam Mingsan Chen,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>      Defendants. | Case No. 8:23-cv-00889-TDC |
| ROBERT CHEN and OTTERSEC LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>DAVID CHEN,<br><br>      Defendant. | Case No. 8:24-cv-03628-PX |

**MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND DISCOVERY RELATED TO THE DELETION OF EVIDENCE, AND FOR SANCTIONS**

The *Yao* Defendants (Robert Chen, Otter Audits LLC, and RC Security LLC) and the *Chen* Plaintiffs (Robert Chen and OtterSec LLC) hereby respectfully move for an order compelling David Chen and Li Fen Yao to: (1) produce true, correct, and complete versions of all responsive Discord and Telegram communications as requested in the Subpoena on David and the Requests for Production on Li Fen Yao, as served in *Yao v. Chen*; (2) provide a detailed explanation of how they or their counsel obtained and used the "complete Discord ID numbers" for David's deletion of more than 17,000 Discord messages to determine the dates, times, and channels or servers of the deleted messages; (3) identify the "consultant" they hired for their review of these deletions;

1

(4) provide the identities of the "high school friends or friend groups" that they and their counsel have categorically determined are not relevant; (5) produce a list of which deleted Discord messages were reviewed based on copies of the messages that had been preserved, and a list of which ones were not preserved and thus whose contents were not reviewed; (6) provide a detailed explanation of how they or their counsel assessed the relevance of messages for which copies had not been preserved prior to deletion; (7) confirm whether they conducted any "analysis" on the thousands of other deleted Discord messages that were sent within the time period relevant to the *Yao* Defendants' defenses and *Chen* Plaintiffs' claims, which covers February 2021 through the present; (8) provide, if such an analysis on the other deleted Discord messages occurred, a detailed explanation of how they or their counsel assessed the relevance of messages for which copies had not been preserved prior to deletion; (9) provide each and every date on which David Chen's Discord messages were collected and preserved; (10) provide, for each collection date, which Discord messages were collected, including dates collected and the name of the server, channel, or direct messages that were collected; (11) provide the method used for each collection; (12) provide the identity of the person who collected the Discord messages for each collection; and (13) produce an affidavit from David Chen describing the circumstances of his "bricked" phone, including dates of events and details as to what operating system was on the phone at the time it "bricked," with sufficient detail to allow the forensic examiner to assess the circumstances of the "bricking."

The *Yao* Defendants and *Chen* Plaintiffs further move for this Court to award sanctions against Li Fen and David in the form of attorney's fees for David and Li Fen's bad faith, vexatious, and wanton behavior in discovery. Specifically in relation to: (1) their counsel's lack of candor to Robert's counsel and to this Court, and their failure to stop their client from deleting potentially

relevant evidence, even after being put on notice in October 2024; and (2) their counsel's refusal to (a) provide reasonable explanations for the thousands of missing messages, (b) identify the inauthentic Discord conversations they have produced, notify Robert's counsel that their production lacks integrity, and reproduce an authentic version; and (c) explain in detail the basis for their representations that no relevant messages were deleted, even in the face of evidence to the contrary. Instead, Robert's counsel has had to determine that David deleted many thousands of potentially relevant documents, move for a preservation order, review and identify the missing and/or deleted messages within David's own production, draft correspondence to opposing counsel pointing out their production deficiencies, lack of integrity of their documents, and the deletions by David; and now this motion to try to obtain what they should have been provided from the beginning: authentic, complete, and accurate copies of David's documents, and candor as to what he deleted.

The attached memorandum in support and the supporting exhibits and declaration explain the grounds for this motion. The moving parties will submit the required Local Rule 104.7 Certificate when the motion is filed.

Respectfully submitted,

/s/ Rachel M. Clattenburg
Rachel M. Clattenburg
Joshua A. Levy
Justin A. DiCharia
Kevin P. Crenny
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Ste. 1200
Washington DC 20006
Tel: 202-845-3215
Fax: 202-595-8253
rmc@levyfirestone.com
jal@levyfirestone.com

jdicharia@levyfirestone.com
kcrenny@levyfirestone.com

*Attorneys for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC, and Plaintiffs Robert Chen and OtterSec LLC*