# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as Administrator of the Estate of Sam Mingsan Chen,<br><br>      Plaintiff,<br>  v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>      Defendants. | Case No. 8:23-cv-00889-TDC |
| ROBERT CHEN and OTTERSEC LLC,<br><br>      Plaintiffs,<br>  v.<br><br>DAVID CHEN,<br><br>      Defendant. | **ANSWER** |

Defendant David Chen ("Defendant" or "David Chen"), by and through his undersigned counsel, respectfully submits this Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Plaintiffs Robert Chen ("Robert Chen") and OtterSec LLC ("OtterSec" or the "Company") (together, "Plaintiffs"), filed April 8, 2024 (ECF 126).

## ANSWER TO ALLEGATIONS

The unnumbered "Introduction" section of the Complaint purports to summarize Plaintiffs' allegations appearing in the paragraphs that follow by way of a narrative that mixes factual averments with legal arguments and conclusions, such that either no response is required or responses are impossible to make. To the extent a response is required, any factual averments set forth therein that are not denied below are hereby denied unless specifically admitted below, and

1

any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or the like which are contained in the Introduction or elsewhere in the Complaint as a whole. In addition, to the extent a response is required, all headings, subheadings, and other statements made by Plaintiffs in the Complaint that are not designated by a numbered paragraph are hereby denied.

1.      Except to admit that David Chen met Robert Chen in 2019 while participating in a cybersecurity competition, Defendant denies the allegations in paragraph 1 of the Complaint.

2.      Except to admit that Robert Chen and Defendant agreed upon the name "OtterSec," Defendant denies the allegations in paragraph 2 of the Complaint.

3.      Except to admit that Robert Chen and Sam Chen were members of OtterSec, that Sam Chen was David Chen's father, and that David Chen was not 18 years old when OtterSec was formed, Defendant denies the allegations in paragraph 3 of the Complaint.

4.      Except to admit that Defendant performed work for OtterSec, Defendant denies the allegations in paragraph 4 of the Complaint.

5.      Defendant denies the allegations in paragraph 5 of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint asserts legal conclusions to which no response is required.  To the extent that paragraph 8 contains factual allegations, Defendant denies them.

9.      Paragraph 9 of the Complaint asserts legal conclusions to which no response is required.  To the extent that paragraph 9 contains factual allegations, Defendant denies them.

2

10.     Defendant denies the allegations in paragraph 10 of the Complaint.

11.     Except to admit that Defendant ceased any further work for OtterSec on or about April 27, 2022, Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in paragraph 13 of the Complaint.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint asserts legal conclusions to which no response is required.  To the extent that paragraph 16 contains factual allegations, Defendant denies them.

17.     Paragraph 17 of the Complaint asserts legal conclusions to which no response is required.  To the extent that paragraph 17 contains factual allegations, Defendant denies them.

18.     Except to admit that Robert Chen and OtterSec are the named plaintiffs in this action, that Robert Chen was a member of OtterSec, that OtterSec was formed under Wyoming law, and that Articles of Dissolution for OtterSec were filed with the Wyoming Secretary of State on or about October 6, 2022, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint asserts legal conclusions to which no response is required.  To the extent that paragraph 19 contains factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of such allegations.

20.     Paragraph 20 of the Complaint asserts legal conclusions to which no response is required.  To the extent that paragraph 20 contains factual allegations, Defendant denies them.

21.     Defendant admits the allegations in paragraph 21 of the Complaint.

CLMDOCS 11412161v.2

22.     Paragraph 22 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 22 contains factual allegations, Defendant denies them except to admit that he considers himself to be a co-founder of OtterSec, that he is the son of Sam Chen, and that Sam Chen was a member of OtterSec.

23.     Paragraph 23 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 23 contains factual allegations, Defendant denies them.

24.     Paragraph 24 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 24 contains factual allegations, Defendant denies them.

25.     Paragraph 25 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 25 contains factual allegations, Defendant denies them.

26.     Paragraph 26 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 26 contains factual allegations, Defendant denies them.

27.     Except to admit that Defendant met Robert Chen while participating in a cybersecurity competition and that Defendant was in high school when he met Robert Chen, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint.

28.     Except to admit that Defendant and Robert Chen discussed cybersecurity and cryptocurrency issues from time to time, Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Except to admit that Defendant sent $160 to Robert Chen via PayPal on or about February 7, 2022, Defendant refers to the contents of the communications referenced in paragraph

30 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations of paragraph 30.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint asserts legal conclusions to which no response is required.  To the extent that paragraph 32 contains factual allegations, Defendant denies them except to admit that Sam Chen was a member of OtterSec and that Defendant performed work for OtterSec.

33.     Except to admit that he considers himself to be a co-founder of OtterSec, Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 34 contains factual allegations, Defendant denies them except to admit that he performed work for OtterSec.

35.     Except to admit that he received a Form 1099-NEC from OtterSec for calendar year 2022 stating that he received $60,000 in nonemployee compensation, that he had access to certain OtterSec accounts, that he made work-related decisions, and that he had certain responsibilities for OtterSec's money, Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Except to admit that he received a Form 1099-NEC from OtterSec for calendar year 2022 stating that he received $60,000 in nonemployee compensation, Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 37 contains factual allegations, Defendant denies them.

38.    Except to admit that he participated in calls with non-OtterSec personnel, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint.

39.    Except to admit that the X account referenced in paragraph 39 of the Complaint is Defendant's X account, Defendant refers to the X account referenced in paragraph 39 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations of paragraph 39.

40.    Defendant denies the allegations in paragraph 40 of the Complaint.

41.    Except to admit that he considers himself to be a co-founder of OtterSec, that he performed work for OtterSec, and that work he performed for OtterSec generated revenue for OtterSec, Defendant denies the allegations in paragraph 41 of the Complaint.

42.    Except to admit that he performed auditing work for OtterSec and that he worked on software code associated with trading cryptocurrency, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint.

43.    Except to admit that he knows OtterSec was formed under Wyoming law, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint.

44.    Defendant refers to the contents of the communications referenced in paragraph 44 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations of paragraph 44.

45.    Except to admit that the address "30 North Gould Street, Sheridan, WY 82801" appears on certain OtterSec banking account statements, Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.

46.     Defendant refers to the contents of the communications referenced in paragraph 46 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations of paragraph 46.

47.     Except to admit that he knows OtterSec was formed under Wyoming law, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint.

48.     Except to admit that he was previously represented by the law firm of Hathaway & Kunz, LLP, a Wyoming law firm, Defendant denies the allegations in paragraph 48 of the Complaint.

49.     Except to admit that he received $60,000 from OtterSec in 2022 and a Form 1099-NEC from OtterSec for calendar year 2022 stating that he received $60,000 in nonemployee compensation, Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Except to admit that he received $60,000 from OtterSec in 2022 and a Form 1099-NEC from OtterSec for calendar year 2022 stating that he received $60,000 in nonemployee compensation, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint.

51.     Except to admit that Defendant concluded by mid-April 2022 that he would be unable to dedicate the time to OtterSec that Robert Chen was demanding of him, Defendant denies the allegations in paragraph 51 of the Complaint.

52.     Defendant refers to the contents of the communications referenced in paragraph 52 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations of paragraph 52.

53.     Except to admit that, on the basis of Robert Chen's misrepresentations and omissions, Sam Chen agreed to transfer 10% of his membership interests in OtterSec to Robert Chen and executed an Amended Operating Agreement for OtterSec LLC, effective as of April 16, 2022, Defendant refers to the contents of the agreement referenced in paragraph 53 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations of paragraph 53.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Except to admit that he owns software code that has functioned as a liquidator on the Solend DeFi protocol, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Complaint.

56.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Complaint.

57.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint.

58.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Complaint.

59.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Complaint.

60.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint.

61.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Complaint.

62.    Defendant denies the allegations in paragraph 62 of the Complaint.

63.    Defendant denies the allegations in paragraph 63 of the Complaint.

64.    Defendant refers to the contents of the communications referenced in paragraph 64 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations of paragraph 64.

65.    Defendant denies the allegations in paragraph 65 of the Complaint.

66.    Except to deny that he committed any "theft" that "destroyed the trading side of OtterSec's business," Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the Complaint.

67.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 67 of the Complaint. Defendant denies the allegations in the second sentence of paragraph 67 of the Complaint.

68.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Complaint.

69.    Defendant denies the allegations in paragraph 69 of the Complaint.

70.    Defendant denies the allegations in paragraph 70 of the Complaint.

71.    Defendant denies the allegations set forth in the first sentence of paragraph 71 of the Complaint and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 of the Complaint.

72.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Complaint.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint.

75.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of the Complaint.

76.     Defendant denies that OtterSec developed "a new and improved liquidation bot from David's preexisting code" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 76 of the Complaint.

77.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of the Complaint.

78.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Complaint.

80.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 of the Complaint.

81.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of the Complaint.

82.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Complaint.

83.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 of the Complaint.

84.     Except to admit that he participated in a discussion with representatives of Sino Global Capital on or about April 7, 2022, Defendant denies the allegations in paragraph 84 of the Complaint.

85.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of paragraph 85 of the Complaint. Defendant refers to the contents of the communications referenced in the third sentence of paragraph 85 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations in the third sentence of paragraph 85.

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 of the Complaint.

87.     Defendant refers to the contents of the communication referenced in paragraph 87 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations in paragraph 87.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

89.     Except to admit that Defendant ceased any further work for OtterSec on or about April 27, 2022, Defendant denies the allegations in paragraph 89 of the Complaint.

90.     Defendant denies the allegations in paragraph 90 of the Complaint.

91.     Defendant denies the allegations in paragraph 91 of the Complaint.

92.     Defendant denies the allegations in paragraph 92 of the Complaint.

93.     Defendant denies the allegations in paragraph 93 of the Complaint.

94.     Defendant denies the allegations in paragraph 94 of the Complaint.

CLMDOCS 11412161v.2

95.    Defendant refers to the contents of the communication referenced in paragraph 95 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations in paragraph 95.

96.    Defendant refers to the contents of the communication referenced in paragraph 96 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations in paragraph 96.

97.    Defendant denies the allegations in the first sentence of paragraph 97 of the Complaint. Defendant refers to the contents of the communications referenced in the second and third sentences of paragraph 97 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations in paragraph 97.

98.    Defendant refers to the contents of the communications referenced in paragraph 98 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations in paragraph 98.

99.    Defendant denies the allegations in the first sentence of paragraph 99 of the Complaint. Defendant refers to the contents of the communication referenced in the second sentence of paragraph 99 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations in paragraph 99.

100.    Defendant denies the allegations in paragraph 100 of the Complaint.

101.    Defendant refers to the contents of the communications referenced in paragraph 101 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations in paragraph 101.

102.    Defendant denies the allegations in paragraph 102 of the Complaint.

103.    Defendant denies the allegations in paragraph 103 of the Complaint.

104.     Defendant denies the allegations in paragraph 104 of the Complaint.

105.     Defendant denies the allegations in paragraph 105 of the Complaint.

106.     Defendant denies the allegations in paragraph 106 of the Complaint.

107.     Defendant refers to the contents of the communications referenced in paragraph 107 of the Complaint for their full and complete contents, which speak for themselves, and otherwise denies the allegations in paragraph 107.

108.     Defendant denies the allegations in paragraph 108 of the Complaint.

109.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 of the Complaint.

110.     Defendant denies the allegations in paragraph 110 of the Complaint.

111.     Defendant denies the allegations in paragraph 111 of the Complaint.

112.     Defendant admits the allegations in paragraph 112 of the Complaint.

113.     Defendant refers to the contents of the agreement referenced in paragraph 113 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations in paragraph 113.

114.     Defendant denies the allegations in paragraph 114 of the Complaint.

115.     Defendant denies the allegations in paragraph 115 of the Complaint.

116.     Except to admit that Li Fen Yao, as administrator of the Estate of Sam Chen, filed the case *Yao v. Chen, et al.* Case No. 8:23-00889-TDC, the lead case in this consolidated action, Defendant denies the allegations in paragraph 116 of the Complaint.

117.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 of the Complaint.

CLMDOCS 11412161v.2

118.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 of the Complaint.

119.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 of the Complaint.

120.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 of the Complaint.

121.    Except to admit that the username for Defendant's X account is "raggedsec", Defendant denies the allegations in paragraph 121 of the Complaint.

122.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 of the Complaint.

123.    Defendant denies the allegations in paragraph 123 of the Complaint.

124.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 of the Complaint concerning OtterSec's alleged ownership of the wallet referenced therein and denies the remaining allegations.

125.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 of the Complaint.

126.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 of the Complaint.

127.    Defendant denies the allegations in paragraph 127 of the Complaint.

128.    Defendant repeats and incorporates herein each of his preceding responses to the paragraphs of the Complaint in response to paragraph 128 of the Complaint.

129.    Defendant denies the allegations in paragraph 129 of the Complaint.

130.    Defendant denies the allegations in paragraph 130 of the Complaint.

14

131.    Defendant denies the allegations in paragraph 131 of the Complaint.

132.    Defendant denies the allegations in paragraph 132 of the Complaint.

133.    Paragraph 133 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 133 contains factual allegations, Defendant denies them.

134.    Paragraph 134 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 134 contains factual allegations, Defendant denies them.

135.    Defendant denies the allegations in paragraph 135 of the Complaint.

136.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136 of the Complaint.

137.    Defendant denies the allegations in paragraph 137 of the Complaint.

138.    Defendant denies the allegations in paragraph 138 of the Complaint.

139.    Defendant denies the allegations in paragraph 139 of the Complaint.

140.    Paragraph 140 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 140 contains factual allegations, Defendant denies them.

141.    Defendant denies the allegations in paragraph 141 of the Complaint.

142.    Paragraph 142 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 142 contains factual allegations, Defendant denies them.

143.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143 of the Complaint.

144.    Defendant denies the allegations in paragraph 144 of the Complaint.

145.    Defendant repeats and incorporates herein each of his preceding responses to the paragraphs of the Complaint in response to paragraph 145 of the Complaint.

CLMDOCS 11412161v.2

146.     Paragraph 146 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 146 contains factual allegations, Defendant denies them.

147.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147 of the Complaint.

148.     Paragraph 148 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 148 contains factual allegations, Defendant denies them.

149.     Defendant denies the allegations in paragraph 149 of the Complaint.

150.     Defendant denies the allegations in paragraph 150 of the Complaint.

151.     Defendant denies the allegations in paragraph 151 of the Complaint.

152.     Defendant denies the allegations in paragraph 152 of the Complaint.

153.     Defendant repeats and incorporates herein each of his preceding responses to the paragraphs of the Complaint in response to paragraph 153 of the Complaint.

154.     Paragraphs 154(a), (b), (c) and (d) of the Complaint assert legal conclusions to which no response is required. To the extent that paragraphs 154(a), (b), (c) and (d) contain factual allegations, Defendant denies them.

155.     Defendant denies the allegations in paragraph 155 of the Complaint.

156.     Defendant denies the allegations in paragraph 156 of the Complaint.

157.     Defendant denies the allegations in paragraph 157 of the Complaint.

158.     Defendant denies the allegations in paragraph 158 of the Complaint.

159.     Paragraph 159 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 159 contains factual allegations, Defendant denies them.

160.     Defendant denies the allegations in paragraph 160 of the Complaint.

16

161.    Paragraphs 161(a), (b) and (c) of the Complaint assert legal conclusions to which no response is required. To the extent that paragraphs 161(a), (b) and (c) contain factual allegations, Defendant denies them.

162.    Defendant repeats and incorporates herein each of his preceding responses to the paragraphs of the Complaint in response to paragraph 162 of the Complaint.

163.    Paragraph 163 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 163 contains factual allegations, Defendant denies them.

164.    Defendant denies the allegations in paragraph 164 of the Complaint.

165.    Defendant denies the allegations in paragraph 165 of the Complaint.

166.    Defendant denies the allegations in paragraph 166 of the Complaint.

167.    Paragraphs 167(a), (b) and (c) of the Complaint assert legal conclusions to which no response is required. To the extent that paragraphs 167(a), (b) and (c) contain factual allegations, Defendant denies them.

168.    Defendant repeats and incorporates herein each of his preceding responses to the paragraphs of the Complaint in response to paragraph 168 of the Complaint.

169.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169 of the Complaint.

170.    Except to admit that he participated in discussions with representatives of Sino Global Capital, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170 of the Complaint.

171.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171 of the Complaint.

CLMDOCS 11412161v.2

172.    Except to admit that he participated in discussions with representatives of Sino Global Capital, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172 of the Complaint.

173.    Defendant denies the allegations in paragraph 173 of the Complaint.

174.    Except to admit that he participated in discussions with representatives of Sino Global Capital, Defendant denies the allegations in paragraph 174 of the Complaint.

175.    Paragraph 175 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 175 contains factual allegations, Defendant denies them.

176.    Paragraph 176 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 176 contains factual allegations, Defendant denies them.

177.    Paragraph 177 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 177 contains factual allegations, Defendant denies them.

178.    Defendant repeats and incorporates herein each of his preceding responses to the paragraphs of the Complaint in response to paragraph 178 of the Complaint.

179.    Paragraph 179 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 179 contains factual allegations, Defendant denies them.

180.    Except to admit that, prior to the formation of OtterSec, Defendant developed software code that functioned as a liquidator on the Solend DeFi protocol, Defendant denies the allegations in paragraph 180 of the Complaint.

181.    Defendant denies the allegations in paragraph 181 of the Complaint.

182.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 of the Complaint.

183.    Defendant denies the allegations in paragraph 183 of the Complaint.

18

184.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184 of the Complaint.

185.    Except to admit that he did not pay OtterSec employees, Defendant denies the allegations in paragraph 185 of the Complaint.

186.    Except to admit that he received $60,000 from OtterSec in 2022 and a Form 1099-NEC from OtterSec for calendar year 2022 stating that he received $60,000 in nonemployee compensation, Defendant denies the allegations in paragraph 186 of the Complaint.

187.    Defendant denies the allegations in paragraph 187 of the Complaint.

188.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188 of the Complaint.

189.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189 of the Complaint.

190.    Defendant denies the allegations in paragraph 190 of the Complaint.

191.    Defendant denies the allegations in paragraph 191 of the Complaint.

192.    Defendant denies the allegations in paragraph 192 of the Complaint.

193.    Defendant denies the allegations in paragraph 193 of the Complaint.

194.    Defendant denies the allegations in paragraph 194 of the Complaint.

195.    Defendant refers to the contents of the communications referenced in paragraph 195 of the Complaint for their full and complete contents, which speaks for themselves, and otherwise denies the allegations in paragraph 195.

196.    Except to admit that Defendant has not authorized OtterSec to utilize his software code, Defendant denies the allegations in paragraph 196 of the Complaint.

197.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197 of the Complaint.

198.     Defendant denies the allegations in paragraph 198 of the Complaint.

199.     Defendant refers to the contents of the communication referenced in paragraph 199 of the Complaint for its full and complete contents, which speaks for itself, and otherwise denies the allegations in paragraph 199.

200.     Paragraph 200 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 200 contains factual allegations, Defendant denies them.

201.     Paragraph 201 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 201 contains factual allegations, Defendant denies them.

202.     Paragraph 202 of the Complaint asserts legal conclusions to which no response is required. To the extent that paragraph 202 contains factual allegations, Defendant denies them.

## ANSWER TO REQUEST FOR RELIEF

The "Request for Relief" section of the Complaint contains legal arguments and conclusions to which no response is required. If a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in that section.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming or intending to assume the burden of proof with respect to any issue or element for which Defendant does not bear the burden of proof, Defendant hereby asserts the following affirmative and other defenses:

1.     The Complaint and its causes of action fail to state a claim upon which relief can be granted.

20

2.      The Complaint and its causes of action are barred, in whole or in part, because Plaintiffs lack standing.

3.      The Complaint and its causes of action are barred, in whole or in part, by Plaintiffs' lack of ownership of, and/or failure to take reasonable or sufficient measures to protect, the code or other property at issue.

4.      The Complaint and its causes of action are barred, in whole or in part, by the doctrine of independent development and/or because Defendant did not obtain the computer code or other property at issue by improper means.

5.      The Complaint and its causes of action are barred, in whole or in part, because of Plaintiffs' failure to satisfy a condition or conditions precedent.

6.      The Complaint and its causes of action are barred, in whole or in part, by the doctrines of unclean hands, estoppel, unjust enrichment, laches, and other equitable doctrines.

7.      The Complaint and its causes of action are barred, in whole or in part by Plaintiffs' fraud, misrepresentations, breaches of fiduciary duties, material breaches, bad faith, failure to act in a commercially reasonable manner, and/or other culpable conduct.

8.      The Complaint and its causes of action are barred, in whole or in part, by the doctrines of *in pari delicto*, setoff, and recoupment.

9.      The Complaint and its causes of action are barred, in whole or in part, because Plaintiffs have suffered no damages and/or because of Plaintiffs' failure to mitigate damages.

10.     The Complaint and its causes of action are barred, in whole or in part, because the alleged actions of Defendant were not the direct or proximate cause of any alleged injury suffered by Plaintiffs.

CLMDOCS 11412161v.2

11.     The Complaint and its causes of action are barred, in whole or in part, by the absence of reasonable or justifiable reliance.

12.     The Complaint and its causes of action are barred, in whole or in part, by the applicable statutes of limitations or repose.

13.     The Complaint and its causes of action are barred, in whole or in part, by the absence of a fiduciary or other duty owed by Defendant to Plaintiffs.

14.     The Complaint and its causes of action are barred, in whole or in part, by Plaintiffs' comparative fault.

15.     The Complaint and its causes of action are barred, in whole or in part, by collateral estoppel, *res judicata* or by similar principles of issue or claim preclusion.

16.     The Complaint and its causes of action are barred, in whole or in part, by release, waiver, acquiescence, ratification, accord and satisfaction or payment.

17.     Plaintiffs' alleged damages were not caused by Defendant, but rather were caused either in whole or in part by the actions of Plaintiffs and others.

18.     The Complaint and its causes of action are barred, in whole or in part, by the doctrine of defect of parties and/or because of Plaintiffs' failure to join required parties.

19.     Plaintiffs are not entitled to punitive damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive damages liability.

20.     Defendant reserves the right to assert additional affirmative or other defenses that become evident during the course of discovery.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Defendant hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

## **REQUEST FOR RELIEF**

WHEREFORE Defendant David Chen respectfully requests that the Complaint be dismissed in its entirety, with prejudice, that he be awarded his costs and attorneys' fees, and that the Court order such other and further relief as it deems just and proper.

Dated: April 22, 2025

CARTER LEDYARD & MILBURN LLP

By:    */s/ Stephen M. Plotnick*
       Stephen M. Plotnick, *pro hac vice*
       Alexander G. Malyshev, *pro hac vice*
       Madelyn K. White, *pro hac vice*

28 Liberty Street, 41st Floor
New York, NY 10005
Tel:  212.732.3200
plotnick@clm.com
malyshev@clm.com
white@clm.com

-and-

BARKLEY & KENNEDY, CHARTERED

By:    */s/ Daniel M. Kennedy, III*
       Daniel M. Kennedy, III
       (signed by Stephen M. Plotnick with the
       permission of Daniel M. Kennedy, III)

51 Monroe Street, Suite 1407
Rockville, MD 20850
Tel:  301-251-6600
dkennedy@barkenlaw.com

*Attorneys for Defendant David Chen*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2025, I caused the foregoing Answer of Defendant David

Chen to be filed via CM/ECF which serves a copy on all counsel of record.

Dated: April 22, 2025           CARTER LEDYARD & MILBURN LLP

/s/ Stephen M. Plotnick

_____

By: Stephen M. Plotnick

28 Liberty Street, 41st Floor
New York, NY 10005
Tel:  212.732.3200
plotnick@clm.com
*Attorneys for Defendant David Chen*

24