**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
(301) 344-0627

April 22, 2025

**Via Electronic Filing**
**To Counsel of Record**

      Re: *Yao v. Chen et al.*
      Civil Case No. TDC 23-889

**LETTER ORDER DENYING PROPOSED MOTION TO COMPEL**

Dear Counsel:

      The undersigned has reviewed ECF Nos. 127-128, which seem to reflect that counsel for Robert Chen, Otter Audits, and RC Security, LLC seeks to bring before the undersigned a proposed motion to compel discovery. According to counsel for Li Fen Yao and David Chen, their understanding is that the proposed motion to compel relates to disputes about: (a) a third party subpoena; (b) discovery related to the "17,222 deleted Discord messages," which counsel avers is an effort to compel "discovery on discovery;" and (c) "sanctions." *See* ECF No. 127, pp. 1-2. In contrast, counsel for Robert Chen et al. put before the undersigned, in an exhibit appended to ECF No. 128, a proposed "Motion to Compel the Production of Documents and Discovery Related to the Deletion of Evidence, and For Sanctions." *See* ECF No. 128-1 ("Proposed Motion"). The first paragraph of that proposed motion lists eleven different topics, the majority of which seem to directly or indirectly relate to issues raised in ECF Nos. 107, 117, 121, and 122. *See* ECF Nos. 128-1, pp. 1-2. Both ECF Nos. 127 and 128 contain commentary on some efforts to meet and confer, which appear to have not been fruitful. *See* ECF Nos. 127, 128.

      As a preliminary matter, ECF Nos. 127, 128 and 128-1 do not appear to contain a certification that the parties have discussed these issues in a way that comports with Local Rule 104.7 (D. Md. 2023). Thus, to the extent that counsel for Li Fen Yao and David Chen seek court intervention, that request is **DENIED,** for the reasons explained more fully below. Relatedly, for the reasons explained more fully below, the Proposed Motion is **DENIED.**

      In addition, as counsel knows, the undersigned is in the process of scheduling a discovery hearing with the parties related to ECF Nos. 106 and 121. So, to the extent that the Proposed Motion and ECF No. 127 directly or indirectly raise any issues related to ECF Nos. 106 and 121, any request to file the Proposed Motion is **DENIED**.

Moreover, the undersigned notes that, regrettably, the tone and tenor of the parties' arguments in the recent spate of filings listed herein suggests that the parties are not consistently abiding by the requirements that they meet and confer in good faith to resolve their discovery disputes, as is required by, e.g., Local Rules 104.7, 104.8, and Appendix A, Guidelines 1.a., 1.c., 1.d, and 1.f. (D. Md. 2023). Indeed, pursuant to Local Rule 104.7 "[a] 'reasonable effort' means more than sending an email or letter to the opposing party." Rather, the parties are required to meet and confer and meaningfully discuss the issues and exercise good faith to resolve the same. *Id.*

Accordingly, the undersigned hereby **ORDERS** that, effective immediately, before I will entertain any discovery disputes and/or a motion to compel related thereto, the parties shall meet and confer on the record with a court reporter present. Next, consistent with Local Rule 104.7, it is further **ORDERED**, that before bringing a discovery dispute before the Court, counsel shall file a certificate that follows the dictates of that Rule, as well as the rest of the Local Rules and caselaw related to the Federal Rules of Civil Procedure implicated in the so-called dispute(s).

Finally, to the extent that it is unclear, as it relates to the Proposed Motion, if the parties have disputes about, e.g., a "third party subpoena" to Robinhood Markets Inc. or about any other issues not raised in ECF Nos. 106 and 121, the undersigned declines to entertain any arguments related thereto in the absence of an official transcript and a certificate related to the meet and confer sessions. The Proposed Motion is also **DENIED** on this basis.

Although informal, this letter constitutes an Order of the Court and shall be docketed accordingly.

                                                Very truly yours,

                                                _____/s/_____
                                                The Honorable Gina L. Simms
                                                United States Magistrate Judge