UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as administrator of the Estate of Sam Mingsan Chen,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>   Defendants. | Case No. 8:23-cv-00889-TDC |
| ROBERT CHEN and OTTERSEC LLC,<br><br>   Plaintiffs,<br><br>  v.<br><br>DAVID CHEN,<br><br>   Defendant. | Case No. 8:24-cv-03628-PX |

**OBJECTIONS TO MAGISTRATE JUDGE'S LETTER ORDER (ECF No. 132)**

  Pursuant to Federal Rule of Civil Procedure 72(a) and District of Maryland Local Rule 301.5(a), *Yao v. Chen* Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and *Chen v. Chen* Plaintiffs Robert Chen and OtterSec LLC, hereby respectfully appeal an Order by U.S. Magistrate Judge Gina L. Simms, ECF No. 132 ("the Letter Order"), which denied a motion that was unripe and had never been submitted to the Court for decision. It had merely been attached to a letter as an exhibit. The Magistrate Judge made a clear error by incorrectly treating this exhibit to a filing as a "Proposed Motion" that Robert[1] was asking for permission to file. The Magistrate

---

[1] For the sake of brevity and clarity, this filing refers to Robert, his co-Defendants in *Yao v. Chen*, and his co-Plaintiff in *Chen v. Chen* collectively as "Robert." Likewise, *Chen v. Chen* Defendant David Chen and *Yao v. Chen* Plaintiff Li Fen Yao, David's Mother, are referred to as "David."

Judge then ruled in a manner contrary to law by denying the unfiled motion, which had not been submitted for decision, based on the motion's having failed to meet the procedural requirements it would need to meet if it had been submitted for decision. Robert respectfully requests that the Court vacate those portions of the Letter Order that improperly denied the unripe motion and order that the briefing on the underlying Motion to Compel and for Sanctions continue from where it left off on April 22, 2025, when the Letter Order was entered on the Docket.

## I. BACKGROUND

### A. Procedural Background

The sequence of events leading up to the Letter Order was as follows:

*April 4, 2025*: Pursuant to Local Rule 104.8, undersigned counsel for the *Yao* Defendants and *Chen* Plaintiffs ("Robert's counsel") served (but did not file) a Motion to Compel the Production of Documents and Discovery Related to the Deletion of Evidence and for Sanctions (the "April 4 Motion" or "the Motion") on counsel for *Chen* Defendant David Chen and *Yao* Plaintiff Li Fen Yao ("David's counsel").[2] Under Local Rule 104.8, David's brief in opposition was required to be served on April 18, 2025.

*April 10, 2025*: The parties met and conferred for seventy minutes regarding the substance of the April 4 Motion. Robert's counsel sent an email memorializing the meeting. *See* Ex. 3 to Response to Request for Conference, ECF No. 128-3.

*April 14, 2025*: David, without providing any notice to Robert or his counsel, filed a "Request for Conference," ECF No. 127 ("David's Letter"). Through this filing, David requested that the Court hold a conference regarding the April 4 Motion. David's Letter argued that the April

---

[2] Local Rule 104.8 requires the parties to exchange briefs, which are not initially filed with the Court, when "litigating motions to compel answers to interrogatories and requests for production . . . as to which a response has been served." L.R. 104.8.

4 Motion was outside the scope of Local Rule 104.8 and that it therefore should not have been served. *Id.* at 1–2. It also argued that the April 4 Motion was "directed to issues that substantially overlap with" a Motion for Preservation Order filed in the *Chen* action and a Notice of Intent to File a Motion for Preservation Order filed in the *Yao* Action ("the Preservation Order" filings). *Id.* at 1 (referencing filings at ECF Nos. 107, 117, 121, 122, 124). David asked the Court to order (1) a conference with the Court to address the April 4 Motion "and Yao's/David's obligation, if any, to respond;" (2) a stay of their April 18 deadline to respond to the April 4 Motion; and (3) a stay of compliance deadlines for certain third-party subpoenas. *Id.* at 3.

*April 15, 2025*: Robert filed a letter in Response. Response to Request for Conference ("Robert's Response"), ECF No. 128. Robert's Response sought to "respond and to provide fuller context for opposing counsel's letter." *Id.* at 1. Most importantly, Robert's Response explained that Robert's counsel had properly served the April 4 Motion pursuant to Local Rule 104.8, and that David was required to respond by serving a written response, or risk waiver of his arguments. To demonstrate that Local Rule 104.8 applied, Robert's counsel attached as an exhibit the April 4 Motion. ECF No. 128-1. They did not attach the supporting memorandum of law, proposed order, or Joint Record that they had served on David's counsel on April 4, 2025. This Exhibit was filed "solely to show that Local Rule 104.8 applies" and to demonstrate that the April 4 Motion "concern[ed] numerous serious issues stemming from Discovery Requests." Robert's Resp. at 2 & n.2.

Robert did not file the April 4 motion. Nor did Robert's Response, <u>in any way</u>, request permission to file the April 4 Motion. In fact, Robert's Response was attached to his letter for the opposite purpose: to explain that Robert was properly following Local Rule 104.8, that the April 4 Motion was still being briefed by the parties, and that David's counsel's request for permission

3

to not serve a response to that Motion and for "guidance" from the Court on the application of Local Rule 104.8 was inappropriate and improper under the Local Rules. Robert did not submit the April 4 Motion for consideration on its merits. Robert did not ask the Court for anything, at all.

*April 22, 2025*: The Magistrate Judge's Chambers reached out to counsel for the parties over email to schedule a telephonic discovery dispute hearing for April 29, 2025, concerning the Preservation Order Filings that predated the April 4 Motion as well as issues identified in a Joint Status Report filed on February 10, 2025. Ex. 1, E-mail from Magistrate Judge's Chambers to Counsel at 2 (Apr. 22, 2025) (referencing filings at ECF Nos. 106, 107, 117, 121, 122, and 124). The email from Chambers indicated that "Judge Simms will not be addressing ECF Nos. 127-128 [David's Letter and Robert's Response] during the hearing, as she does not deem them ripe for her consideration." *Id.*

### B. The April 22, 2025 Letter Order

After setting a hearing for April 29, 2025, the Magistrate Judge issued a "Letter Order Denying Proposed Motion to Compel" (the "Letter Order"), ECF No. 132. The Letter Order begins by stating that David's Letter and Robert's Response "seem to reflect that counsel for Robert Chen, Otter Audits, and RC Security, LLC seeks to bring before the undersigned a proposed motion to compel discovery," and that Exhibit 1 to Robert's Response was a "Proposed Motion." Letter Order at 1. The Letter Order purported to Deny Li Fen Yao and David Chen's request for relief in David's Letter, and went on to deny the "Proposed Motion," meaning the April 4 Motion. *Id.*

The Magistrate Judge denied the April 4 Motion itself for two reasons and denied "any request to file" the April 4 Motion for a different reason. To start, the Magistrate Judge stated that Robert's Response and the attached Exhibit containing the Motion did not contain a certification that the parties had met and conferred "in a way that comports with Local Rule 104.7," and would

4

therefore be denied. *Id.* Then, the Magistrate Judge ordered the parties to "meet and confer on the record with a court reporter present" "before [the Magistrate Judge] will entertain any discovery disputes and/or a motion to compel" and reiterated that the parties must file a certificate under Local Rule 104.7. *Id.* at 2. The second reason for denying the April 4 Motion was "the absence of an official transcript and a certificate." *Id.* at 2. In addition, the Magistrate Judge denied "any request to file the [April 4 Motion]," "to the extent that [it] . . . directly or indirectly raise[d] any issues related to" the February 10 Joint Status Report, ECF No. 106, or the Motion for Entry of Order Directing Defendant David Chen to Preserve Evidence and Provide Dates of Collection of Potentially Relevant Evidence, ECF No. 121 (one of the Preservation Order Filings). *Id.* at 2.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), parties may file objections to a magistrate judge's order on a non-dispositive issue within fourteen days of receiving the order. Fed. R. Civ. P. 72(a); *see also* L.R. 301.5(a). The district court "must consider timely objections" and can "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Snyder v. Moag & Co., LLC*, No. 20-cv-2705, 2021 WL 424412, at *5 (D. Md. Feb. 8, 2021).

## III. ARGUMENT

### A. The Magistrate Judge Made a Clear Error by Incorrectly Treating an Exhibit Not Filed with a Notice of Intent as a Proposed Motion.

The problems with the Letter Order stem from an error in its first paragraph. The Magistrate Judge wrote that "ECF Nos. 127-128," David's Letter and Robert's Response, "seem to reflect that counsel for Robert Chen, Otter Audits, and RC Security, LLC seeks to bring before the undersigned a proposed motion to compel discovery." Letter Order at 1. That is incorrect. Robert and his counsel sought no such thing. Building off this error, the Letter Order then refers to Exhibit 1 to Robert's Response as "a *proposed* 'Motion to Compel the Production of Documents and Discovery Related to the Deletion of Evidence, and for Sanctions.'" *Id.* (emphasis added). This is a clear error because Robert's Response nowhere refers to Exhibit 1 as a "Proposed" Motion. Nor is Robert's Response a Notice of Intent to File a Motion, as would be required under the Case Management Order Section II(A)(2), ECF No. 4 at 2, if Robert were seeking permission to file a motion. He was not seeking such permission. Robert never submitted the April 4 Motion as a matter of substance for the Court to review and decide. Robert's Response does not request leave to file the April 4 Motion, or ask the Court to consider the April 4 Motion, or ask the Court for anything at all. It was David, not Robert, who brought the April 4 Motion to the Court's attention in the first place, in an effort to avoid having to respond in writing to the Motion by asking the Court to bless their noncompliance with Local Rule 104.8.[3] Robert simply sought to respond and provide context, not to submit the Motion.

---

[3] Concerningly, the Letter Order has effectively allowed David and his counsel to avoid complying with Local Rule 104.8, by preemptively denying the Motion. At the time the Letter Order was entered, David had failed to timely serve a substantive response to the Motion to Compel, thus waiving any arguments. The Court's Letter Order appears to permit them to avoid responding to motions to compel by filing this sort of inappropriate request for guidance and conference.

Robert's Response explains clearly that the Motion was attached as an Exhibit "solely to show that Local Rule 104.8 applies" to the April 4 Motion, by demonstrating that the April 4 Motion concerns "numerous serious issues stemming from Discovery Requests." Robert's Resp. at 2 & n.2, *contra* David's Ltr. at 1–2. Robert was clear that he understood that "permission to file the Motion" had not yet been granted. Robert's Resp. at 2 n.2 ("We plan to file . . . once permission to file the Motion is granted.").

Because Robert's Response was not a Notice of Intent to File a Motion, Robert did not certify that the parties had met and conferred regarding the substance of the April 4 Motion, nor would it have been appropriate to do so, because briefing on the Motion is not, and was not, complete. In fact, the parties *had* met and conferred concerning the substance of the April 4 Motion, *see* Robert's Resp. at 3, but this was not a conference held "after [the parties] serv[ed] upon one another all of the documents relating to the motion to compel." L.R. 104.8(b) (citing L.R. 104.7). Robert's Response reflected his counsel's intent, consistent with Local Rule 104.8, to hold such a conference after briefing was complete. *See* Robert's Resp. at 3. For the same reason, Robert did not include a Memorandum of Law or a Proposed Order with his Response to David's Letter.

Robert has demonstrated, on six separate occasions, his understanding of the Case Management Order's requirements regarding Notices of Intent to File a Motion. *See* Case Mgmt. Order, ECF No. 4 at 2. It was therefore unreasonable for the Magistrate Judge to treat the April 4 *unfiled* Motion as having been filed, in the absence of a Notice of Intent to File a Motion submitted by Robert. Robert has filed six Notices of Intent to File a Motion in this case. Each such filing has been clearly identified as a "Notice of Intent to File Motion." *See* Notice of Intent to File Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 21 (Jun. 5, 2023); Notice of Intent to File Motion for Judgment on the Pleadings, ECF No. 43 (Apr. 4, 2024); Notice of Intent to File Motion

7

for Stay, ECF No. 44 (Apr. 4, 2024); Notice of Intent to File Motion to Compel, ECF No. 80 (Nov. 18, 2024); Notice of Intent to File Motion to Compel David Chen's Compliance with Subpoena, ECF No. 81 (Nov. 18, 2024); Notice of Intent to File Motion for Entry of Preservation Order, ECF No. 107 (Feb. 10, 2025). Consistent with the Case Management Order, none of these included an attached copy of their respective motion.

The Magistrate Judge made a clear error in the Letter Order by treating Robert's Response to an inappropriate request by David's counsel for "guidance" on Local Rule 104.8, as a Notice of Intent to File a Motion. It was an even clearer error to treat Robert's Response as the substantive submission of the Motion itself, since Robert and his counsel have shown throughout this case an understanding that motions are not to be filed directly with the Court in such a manner.

> **B. The Magistrate Judge's Letter Order Is Contrary to Law—It Relies on a Clearly Erroneous View of Robert's Response in Order to Deny a Motion That Was Never Presented to the Court.**

The Court's error in treating Robert's Response as a request for filing Exhibit 1 as a motion led to additional legal errors.

Most obviously, this misunderstanding led the Magistrate Judge to prematurely rule on a Motion and a (nonexistent) Notice of Proposed Motion that were not ripe for decision because they had never been submitted to the Court. The Magistrate Judge's Chambers seemed to acknowledge this fact in an April 22 email, writing that "Judge Simms will not be addressing ECF Nos. 127-128 [David's Letter and Robert's Response] during the [upcoming April 29] hearing, as she does not deem them ripe for her consideration." Ex. 1, E-mail from Magistrate Judge's Chambers to Counsel at 2. A Motion that has not been filed with the Court, where the Court has not seen any briefing, cannot possibly be ripe for decision. *See, e.g. G&D Furniture Holdings, Inc. v. SunTrust Bank*, No. CV TDC-16-2020, 2017 WL 2963350, at *1 (D. Md. July 11, 2017) ("The Motion is fully briefed and ripe for disposition[.]"); *Hill v. B. Frank Joy, LLC*, No. CV TDC-15-1123, 2016

8

WL 4521650, at *1 (D. Md. Aug. 26, 2016) (same); *see also* Mem. Op., ECF No. 36 at 1 (noting that the motion being decided was "fully briefed"); Mem. Op., ECF No. 100 at 1 (same). Likewise for a Notice of Intent to File Motion—where none has been filed, it is a legal error for the Court to issue a denial.

The Letter Order errs in denying the Motion based on Robert's Response and Exhibit 1 "not . . . contain[ing] a certification that the parties have discussed these issues in a way that comports with Local Rule 104.7." Letter Order at 1; *see id.* at 2 (reiterating the lack of a certificate). No such certification was required because briefing on the April 4 Motion was not completed, the April 4 Motion was not being filed, and Robert's Response was not a Notice of Intent to File the Motion.

The Letter Order also orders the parties to "meet and confer on the record with a court reporter present" before the Magistrate Judge will entertain any discovery dispute, and denies the April 4 Motion based on the "absence of an official transcript . . . related to the meet and confer sessions" of the parties' meet-and-confer conference. *Id.* at 2. This basis for denial is also a legal error because Robert never asked the Magistrate Judge to entertain the April 4 Motion, and there is still time for the parties to meet and confer on the record before that Motion is presented to the Court — indeed, Robert's Response contemplated as much, *see* Robert's Resp. at 3 (referencing past practice of "meet and confers held on the record with respect to fully-briefed discovery disputes, following the exchange of briefing pursuant to Local Rule 104.8). The requirement that the parties meet and confer on the record is a new one,[4] which did not exist prior to the Letter

---

[4] Last December, the Magistrate Judge ordered a series of meet and confer sessions on the record, Order, ECF No. 95, but there has never been a standing requirement than each and every one of the parties' conferences be held on the record, nor is there such a requirement in any Rule. Indeed, this requirement seems to discount meet and confers that are not on the record, and to discourage any written back-and-forth between the parties, both of which are more efficient and less costly.

9

Order, but it is one that Robert can still meet with respect to the April 4 Motion, following the exchange of remaining briefing. It is therefore a legally erroneous ground for denying the as-yet-unfiled Motion. To the extent anything needs to be "remedied," it still can be at a later stage of the motions practice.

Both of the Magistrate Judge's grounds for denying the April 4 Motion are thus contrary to law.

### C. The Magistrate Judge's Finding That Robert's Counsel Did Not Meet and Confer in Good Faith and the Suggestion That the Parties' Discovery Disputes Are Not Genuine Are Both Clearly Erroneous and Contrary to Law.

The Magistrate Judge also found that "the tone and tenor of the parties' arguments in the recent spate of filings . . . suggest that the parties are not consistently abiding by the requirements that they meet and confer in good faith to resolve their discovery disputes." Letter Order at 2. Nothing could be further from the truth. The Letter Order reminds the parties to do "more than send[] an email or letter to the opposing party," but to "meaningfully discuss the issues." *Id.* Robert's Response reflects that the parties met and conferred for over an hour with respect to the subject matter of the April 4 Motion on April 10, even though they were not yet required to do so under Local Rule 104.7 and 104.8(b). *See* Robert's Resp. at 3; Ex. 3 to Robert's Resp., ECF No. 128-3 (April 11 e-mail memorializing meet and confer). The Letter Order also dismissively refers to "so-called dispute(s)," Letter Order at 2, implying that the discovery disputes being raised by Robert are not genuine. One of the primary issues in dispute is David's deletion of more than 17,000 Discord messages *during the course of both cases*—a genuine and very real dispute. David's counsel has sought to avoid responding to questions about these deletions, including by making blanket privilege assertions, or stonewalling. *See* Ex. 3 to Robert's Resp. In preemptively denying a Motion to Compel on this very real and concerning dispute about missing relevant evidence, and in assuming that the parties are not meeting and conferring in good faith, the

10

Magistrate Judge is allowing David to continue to avoid answering questions about his thousands of deleted Discord messages and allowing his counsel to avoid explaining how they determined that *none* of those deleted messages were relevant.[5]

Thus, the Magistrate Judge's decision has also prejudiced the *Yao* Defendants and *Chen* Plaintiffs, who are still trying to determine how much and what David deleted (something they have been trying to determine since last October). As detailed in Robert's Response, Robert's counsel has had increasing difficulty in obtaining responses in writing from David's counsel regarding discovery issues. Robert's Resp. at 3; *see also id.* at 2 n.3. The Magistrate Judge's finding that "*the parties*" are not meeting and conferring in good faith, and the characterization of "so-called disputes" appears to overlook these details.

The fact that all discovery disputes have not been resolved through meet and confers does not mean that Robert and his counsel did not meet and confer in good faith. Meeting and conferring in good faith does not mean that discovery disputes must always be resolved informally by the parties. If that were the case, no discovery disputes could ever be brought to the Court for resolution. Nor does the history of meeting and conferring in this case support the idea that counsel have not met and conferred in good faith. "[C]ounsel is not obligated to reach a compromise on a discovery dispute if, after indicating good faith adherence to a particular position to opposing counsel, counsel sticks by his or her original position." *Melada v. Giant of Maryland, LLC*, No. 20-cv-01509, 2023 WL 4273370, at *2 (D. Md. June 28, 2023) (vacating as "unfounded" a Magistrate Judge's finding that "counsel deserved [a] demerit regarding meeting or conferring

---

[5] Indeed, upon informing Robert's counsel that David's phone was "bricked" and its data was not accessible, David's counsel for Plaintiff Yao and David informed Robert's counsel that David's inaccessible phone data was of little moment because most of David's communications were on Discord and Telegram. We have since learned that David deleted 17,000 Discord messages. Disputes concerning the deletion are therefore central.

11

[f]or not compromising with [opposing] counsel on the disputed discovery matter"); *see also* Robert's Resp. at 3 ("[Robert's counsel] agreed to hold as many meet and confers as necessary[.]"). The fact that Robert has not compromised with respect to the potential spoliation issues raised in the April 4 Motion, and detailed in the meet-and-confer summary email, does not mean that Robert or his counsel are hostile or unwilling to meet and confer and to discuss these issues in good faith, especially where Robert and his counsel have so many unanswered questions about Plaintiff Yao and Defendant David's document collection and preservation, and their counsel's "analysis" of the deleted messages, *see* Ex. 3 to Resp. Ltr, ECF No. 128-3. Good faith does not require that the parties "split the baby" as to every discovery dispute, as this would incentivize attorneys to raise even the most frivolous discovery objections just to drag unwarranted discovery concessions out of the opposing side. Robert and his counsel agree that many disputes can be resolved through discussion and compromise (and many have, already, in this case), but the strength of the parties' relative positions must also be considered when negotiating with opposing counsel over discovery disputes, and attorneys who must vigorously represent the interests of their clients cannot be expected to compromise just for the sake of compromise.

While ostensibly denying the request for relief in David's Letter, the Letter Order in fact gave David and his counsel exactly what he was hoping for when they filed their Request for a Conference on the April 4 Motion—an excuse to avoid responding to the Motion in writing. David's counsel appears to have stopped responding with substantive writing to discovery issues, *see* Robert's Resp. at 3, and David's counsel doubtless noticed that on two occasions, the Magistrate Judge had denied Robert's counsel the opportunity to serve or file reply briefing with respect to pending motions. *See* Ex. 2, Emails between Magistrate Judge's Chambers and Counsel at 2–3 (December 6–9, 2024) (Robert's counsel: "We do want to advise the Court that the parties

12

are in the process of briefing another discovery dispute, for which briefing will be complete on December 23rd." Chambers: "Judge Simms requests that you suspend your work on upcoming discovery dispute briefing in this case[.]"); 3-18 Email at 1 (Robert's counsel offering to send the Magistrate Judge a courtesy copy of a forthcoming Reply Brief that would complete briefing on the Motion for Preservation Order, ECF No. 121); Paperless Order, ECF No. 124 (Mar. 18, 2025) (disallowing the Reply Brief). David and his counsel therefore had good reason to suspect that, if they brought the nascent April 4 Motion to the Court's attention prematurely, through an improper Letter Motion, there was a good chance the Magistrate Judge would blame both sides and halt all briefing on the motion—even though Rule 104.8 had been followed—and would direct the parties to continue meeting and conferring. That is precisely what happened.

Rule 104.8 lays out a process for discovery disputes which Robert and his counsel had been following. That process is already slow and is drawn out still more by the service of incomplete discovery responses, like those served by Plaintiff Yao and Defendant David throughout this case. *See Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 655 (D. Md. 1997) (noting that "some attorneys" serve inadequate responses to discovery requests "in a calculated effort to manipulate the rules of procedure" and to take advantage of the delays inherent in following Local Rule 104.8). The Magistrate Judge acted contrary to law by allowing David's gamesmanship to result in Robert being penalized for having followed the Local Rules.

## **CONCLUSION**

For the foregoing reasons Undersigned Counsel respectfully requests the Court (1) vacate those portions of the Letter Order, ECF No. 129 that denied (a) the April 4 Motion and (b) leave

13

to file the April 4 Motion,[6] and (2) order that briefing on the April 4 Motion continue from where it left off on April 22, 2025, the date of Letter Order.

Dated: April 24, 2025                                    Respectfully submitted,

                                        /s/ Kevin P. Crenny
Kevin P. Crenny
Joshua A. Levy
Rachel M. Clattenburg
Justin A. DiCharia
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Ste. 1200
Washington DC 20006
Tel: 202-845-3215
Fax: 202-595-8253
kcrenny@levyfirestone.com
jal@levyfirestone.com
rmc@levyfirestone.com
jdicharia@levyfirestone.com

*Attorneys for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and for Plaintiffs Robert Chen and OtterSec LLC*

---

[6] Robert does not request an Order granting leave to file the April 4 Motion, as it is not yet fully briefed. Robert will file a Notice of Proposed Motion at a later date, once briefing is complete and once the parties have met and conferred on the record, as required under Rule 104.7, 104.8(b), and the Letter Order.

14

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 24, 2025, I caused the foregoing Objections to be filed with the Court using CM/ECF which serves a copy on all counsel of record.

/s/ Kevin P. Crenny  
Kevin P. Crenny