**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LI FEN YAO, as administrator of the Estate of Sam Mingsan Chen,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>Defendants. | Case No. 8:23-cv-00889-TDC |
| ROBERT CHEN and OTTERSEC LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID CHEN,<br><br>Defendant. | Case No. 8:24-cv-03628-TDC |

**JOINT STATUS REPORT**

The Parties, jointly, and respectfully, submit this Joint Status Report ("JSR") in compliance with the Court's Paperless Order (ECF 143).

**Meet and Confer:** The parties held a meet and confer on June 26, 2025 for 1 hour and 25 minutes. An excerpt of the transcript from the conference that concerned ECF 106 is attached.

**Status of Issues**: The Parties reached agreement on how to proceed with respect to items (a)–(c) and agree that there are no disputes remaining.

**Yao and David's Description of Issues: (a) Daryl Yeo.** The Yao Action Defendants identified Daryl Yeo as a person likely to have relevant documents, and Plaintiff Yao believes that his ESI should be searched. The defendants have represented that Mr. Yeo has "around 9,000 emails," but it is not clear whether that figure is a total of all emails he has or whether it reflects the number of emails receiving hits after applying search terms. Plaintiff asked the Yao Action Defendants to let them know how many of his e-mail receive hits after applying the search terms to assess burden. Plaintiff does not believe she waived the ability to bring this dispute (as well as the disputes with respect to items (b) and (c)) to the Court's attention, as indicated by ECF 135, which deferred a ruling until the parties completed their meet-and-confer process. **(b) Redactions for Relevance.** With respect to item (b), Plaintiff's position is that the Yao Action Defendants' redaction of documents of relevance and non-responsiveness is not proper. *See In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2020 U.S. Dist. LEXIS 168381, 2020 WL 5525043 (D. Md. Sept. 14, 2020). In response to the Yao Action Defendants' request to identify documents containing improper redactions, Plaintiff provided examples by e-mail dated June 19, 2025. **(c) Code Related Searches.** Searches for code-related documents are responsive to Document Request No. 26, which is for "Documents and communications concerning all defenses and affirmative defenses of Defendants in this Action, including all defenses and affirmative

defenses set forth in the Answer." The Yao Action Defendants agreed to "make a good faith effort to locate and produce available, nonprivileged documents and communications concerning all defenses and affirmative defenses of Defendants in this Action." Plaintiff's position is that the Yao Action Defendants have put ownership and transformation of the code directly at issue in the Yao Action as part of their defenses. *See* Ex A at 85. Plaintiff proposed custodians, sources of ESI and search terms, through counsel, via an e-mail dated June 23, 2025. Plaintiff has agreed to address the issue of these searches as part of a broader discussion about search terms, but has requested that the Yao Defendants let Plaintiff know their position on the burden of running the proposed searches in the near term. The Yao Defendants have advised that they will get back to Plaintiff on this issue. *See* Ex A at 87.

**Robert Parties' Response:** Plaintiff Yao's summaries do not reflect discussion at the meet and confer and omit the fact that the Robert Parties agreed to much of what she requested, as described below. This JSR is meant to appraise the Court of the parties' current positions, not their positions prior to meeting and conferring. The Robert Parties' position is not that Plaintiff Yao *waived* items (a)–(c), as suggested by her description of item (a). Rather, the Robert Parties' position, described below, is that these issues have not been properly raised in the first place. On item (c), the Parties have now agreed to exchange search terms related to the codes at issue in *Chen v Chen* on July 14, 2025. The parties will then have a week for comments (July 14 through July 21, 2025) and then will meet and confer during the week of July 28, 2025, if there are any issues. The Robert Parties do not believe that any of items (a)–(c) present a live and ripe dispute at this time.

**Robert Parties' Description of Issues:** Items (a)–(c) from the February 10 JSR (ECF 106) do not appear in any motion to compel by Plaintiff Yao, and thus are not properly before the Court.[1] Regardless, without waiving their objections, the Robert Parties agree to the following: **(a) Daryl Yeo Emails** – The Robert Parties agree to search Daryl Yeo's emails and to produce responsive documents before the close of discovery; **(b) Redactions** – The Robert Parties agree to review the redactions identified by Plaintiff Yao's counsel and plan to produce the conversations in question without redaction before the close of discovery. If counsel for the Robert Parties encounter any issues, they will inform counsel for Yao and David before the close of discovery; **(c) Defenses and Search Terms** – Yao and David have argued that the Robert Parties' searches for documents relating to their affirmative defenses in *Yao v. Chen* were not adequate. ECF 106 at 3. Prior to filing the February 10 JSR, counsel for the Robert Parties had invited Yao and David's counsel to provide search terms for them to consider. *Id.* at 5. No search terms were suggested until Monday, June 23, 2025. Some of the search terms suggested by Yao and David's counsel appeared to relate only to *Chen v. Chen* and not to *Yao v. Chen*. Having said that, search terms and material that are relevant to *Chen v. Chen* will, of course, be discoverable in *Chen v. Chen*. Discovery in *Chen v. Chen* and *Yao v. Chen* is ongoing, and the Robert Parties will be producing documents and communications relevant to ownership of the codes in connection with *Chen v. Chen* before discovery closes. The Parties have now agreed to exchange search terms related to the codes at issue in *Chen v Chen* on July 14, 2025. The parties will then have a week for comments (July 14

[1] *See, e.g.*, *Scanlon v. Curtis Int'l, Ltd.*, No. 19-cv-937, 2020 WL 7360543, at *2 n.5 (E.D. Cal. Dec. 15, 2020) ("Curtis also accuses Plaintiff of various discovery deficiencies . . . . These issues are not the subject of the Motion to Compel and therefore are not before the Court.").

through July 21, 2025) and then will meet and confer during the week of July 28, 2025, if there are any issues.

**Yao and David's Response:** Plaintiff agrees that, given the agreements reached, as set forth above, no current disputes require the Court's attention.

/s/ Kevin P. Crenny
Rachel M. Clattenburg
Joshua A. Levy
Kevin P. Crenny
Justin A. DiCharia
Christina M. Lamoureux

LEVY FIRESTONE MUSE LLP
900 17th St. NW, Ste. 605
Washington DC 20006
Tel: 202-8453215

*Attorneys for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and Plaintiffs Robert Chen and OtterSec LLC*

/s/ Alexander Malyshev
Stephen M. Plotnick
Alexander Malyshev
Madelyn K. White
Nathan D. Harp

CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, New York 10005
Tel: 212.732.3200

-and-

Daniel M. Kennedy, III

BARKLEY & KENNEDY, CHARTERED
51 Monroe Street, Suite 1407
Rockville, Maryland 20850
Tel: 301-251-6600

-and-

Alexander M. Giles

TYDINGS LAW
One East Pratt Street, Suite 901
Baltimore MD, 21202

*Attorneys for Plaintiff Li Fen Yao and Defendant David Chen*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2025, I caused the foregoing Joint Status Report to be filed with the Court using CM/ECF which serves a copy on all counsel of record.

Dated: July 2, 2025

/s/ Alexander Malyshev
Alexander Malyshev