# Levy | Firestone | Muse

900 17th St. NW
Suite 605
Washington, DC 20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

**Sent via CM/ECF**

August 28, 2025

The Honorable Gina L. Simms
United States Magistrate Judge for the District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, MD 20770

    Re:    *Yao v. Chen et al.*, Case No. 8:23-cv-00889-TDC; *Chen v. Chen*, Case No. 8:24-cv-03628-TDC

Dear Judge Simms:

    On behalf of the Plaintiffs in *Chen v. Chen*, Robert Chen and OtterSec LLC, we write to respectfully request a conference to address an issue that the parties have been unable to resolve through numerous meet and confers: the relevant time period for discovery for *Chen v. Chen*, Case No. 8:24-cv-03628-TDC. *See* Appendix A, Discovery Guidelines of the United States District Court for the District of Maryland, Guideline 1(f). At this point, with document discovery set for substantial completion in less than a month, Plaintiffs respectfully request the Court's decision on this issue so that document discovery can proceed without further delay.

    Robert Chen and OtterSec's position is that the start date for discovery is February 1, 2021. David's position is that nothing before 2022 is relevant. After numerous meet and confers, David's counsel appears willing to agree to a start date of October 1, 2021, but not to an earlier date. That October 1, 2021, date, however, is not tied to any proportionality or relevance arguments: David's counsel have not collected all of David's 2021 Discord and Telegram communications and thus is unable to search them and inform undersigned counsel when potentially relevant communications about the Solend Liquidator Code began. Although counsel for David has agreed to collect his 2021 Discord and Telegram to run some targeted searches, they claim this will take more than a month.

**Background to the Relevant Time Period Dispute:**

    In this case, which was consolidated with *Yao v. Chen* for discovery but has different claims, Robert Chen and OtterSec LLC allege that Defendant David Chen stole blockchain trading codes from OtterSec LLC. David Chen claims as a defense that he owned the codes, and that he created one code in particular—the Solend Liquidator Code—in 2021 and owned it since that time.

    The matter in dispute is the start date for discovery in *Chen v. Chen* (the start date for discovery in *Yao v. Chen* is not in dispute). Plaintiffs' position is that the start date is February 1, 2021. David appears to have agreed to a start date of October 1, 2021, but will not agree to produce documents from before that date. (The parties agree on the end date of April 17, 2025.)

    The start date has been a point of disagreement between the parties since early 2025. Although David Chen agreed to the entry of a Preservation Order for *Chen v. Chen* for the period

August 28, 2025
Correspondence – Request for Hearing

of February 1, 2021 through April 17, 2025 (an Order he has since violated), the issue of whether he will collect and search documents from that period remains in dispute, and without a decision on the start date, discovery risks being significantly prolonged.

The parties have met and conferred on the record four times about this issue (May 12, 2025, at ECF 139-1; May 15, 2025, at 139-2; August 13, 2025 (attached as Exhibit 1); and August 20, 2025 (attached as Exhibit 2). They have filed briefing on this issue. *See* Mem. in Supp. of Mot. for Entry of Preservation Order, ECF 121-1 at 22-23; Opp. to Mot. for Entry of Protective Order, ECF 122 at 17-18. On May 23, 2025, the parties' Joint Status Report also discussed the relevant time period dispute in *Chen v. Chen*. *Compare* ECF 139 at 11-12 (David's position) to ECF 139 at 24-25 (Robert and OtterSec's position).

**The Current Positions of the Parties on the Start Date for the Relevant Time Period for Discovery in *Chen v. Chen*:**

During numerous meet and confers, counsel for Robert Chen and OtterSec have explained that communications and documents from 2021 are relevant to the following claims or defenses in *Chen v. Chen*:

- David's defense that he owned the Solend Liquidator Code ("the Code") in 2021 up through the time he transferred it to OtterSec LLC in February 2022. Documents and communications from 2021 about the Code are relevant to whether he owned the Code;
- Damages: documents showing income David made from the Solend Liquidator Code prior to OtterSec's work on the Code are relevant to showing how much OtterSec improved the Code;
- Plaintiffs' argument that OtterSec improved the Code: Documents and communications from 2021 will reflect any version of the Solend Liquidator Code that existed in 2021, and will show the functionality of the Solend Liquidator Code prior to OtterSec's improvements;
- Missing spoliated evidence: David Chen testified at a July 30, 2025 deposition that he deleted relevant evidence about the stolen codes. Messages David sent in 2021 will be relevant to establishing the substance of these and other messages from 2022 (and 2021) that he deleted: for example, David deleted most messages he sent in 2022 in a Discord channel called "rubber-duck-debugger" where he discussed debugging code. Evidence showing how he used that channel in 2021 will help establish the substance of the messages he deleted.
- The Complaint also alleges that when David stole the codes from OtterSec, "[h]e covered his tracks and destroyed evidence by altering records showing the history of changes to the code in GitHub and deleted conversation channels in which OtterSec personnel had discussed the work they had put into creating the OtterSec Codes." Compl. ¶ 156. To the extent that David altered records dating back to 2021, when he claims to have started developing the Code, Plaintiffs will need discovery of contemporaneous communications and other documents that can help fill in any information that David deleted when he left OtterSec.

Plaintiffs' counsel's arguments that 2021 documents are relevant are not hypothetical: Plaintiffs' counsel have produced and identified relevant messages obtained from third parties that David sent in 2021 pertaining to the Solend Liquidator Code. *See e.g.,* Ex. 3 LIU_0000002–04 (Discord messages in which David is discussing the Code on October 13–15, 2021). Plaintiffs have no way of knowing what additional relevant documents from 2021 are in David's possession.

David's counsel have maintained that they can select documents that they believe will be sufficient to "prove" the disputed issue of ownership of the Solend Liquidator Code, that Plaintiffs

2

must accept David's selection of documents, that nothing more can be relevant to ownership, and that therefore nothing from 2021 is relevant. *See*, *e.g.*, Ex. 1 Tr. Meet & Confer (Aug. 13, 2025) at 9:9-10:21; Ex. 2 Tr. Meet & Confer (Aug. 20, 2025) at 10:12-15 ("[T]hat ownership issue can be decided, and the relevance of anything related to that can be dealt with, with documents that postdate January 1, 2022.") However, whether documents suffice to "establish" a disputed claim is not a question about relevance under Rule 26. Relevance depends on "whether the information sought **may possibly be** relevant" and "[d]isputes over how facts are interpreted," which would include disputes over whether the evidence establishes disputed facts, "are the province of the factfinder, and are not germane to the question of whether information sought is discoverable." Letter Order Related to Discovery Disputes at 2, *Micro Focus (US) Inc. v. Thryv, Inc.*, No. PX 21-1908 (D. Md. Oct. 12, 2023), ECF 121 (Simms, M.J.) (emphasis in original).

David's counsel claimed that the Code was created on October 31, 2021, Tr. Meet & Confer (Aug. 13, 2025) at 10:20-21, but after being shown messages from earlier in October 2021 in which David discussed the Code, counsel said they would be willing to agree to a start date of October 1, 2021, "provided that Plaintiffs would be willing to compromise off of their February 1, 2021 artificial deadline and meet us at October 1, 2021." Tr. Meet & Confer (Aug. 20, 2025) at 8:8-13.

However, David's counsel conceded they would need to search David's potentially relevant documents and communications from 2021 and to determine when discussions of the Solend Liquidator Code began before Plaintiffs' counsel could agree to any compromise date. Unfortunately, David's counsel have not collected David's 2021 documents and communications, and, in particular, have not collected all of David's Discord and Telegram communications, Tr. Meet & Confer (Aug. 20, 2025) at 14-23, which David agrees, are the primary way he communicated. *See* D. Chen Decl. ¶ 7 (Nov. 6, 2023), ECF No. 28-5. David's counsel represented that the "download" of Discord and Telegram messages "can take upwards of several months." Tr. Meet & Confer (Aug. 20, 2025) at 14:11-13. After the meet and confer, David's counsel confirmed that "it may potentially take over a month to re-collect all of the data in full.*"* Ex. 4, Email from A. Giles (Aug. 21, 2025).

It is unclear to Plaintiffs why collection of 2021 material has not been completed, or at least substantially completed by this point, several months into discovery in *Chen v. Chen*. Plaintiffs have been clear since at least February of this year that the start date for *Chen v. Chen* discovery must be earlier than February 1, 2022. Even if David disagrees, he and his counsel should have, by this point, collected potentially discoverable material (which David is under an obligation to preserve). Plaintiffs' understanding is that neither David nor Li Fen has produced a single document in either action since before the parties last appeared before the Court on April 29, 2025, aside from reproductions of earlier productions that suffered from technical difficulties.

At this point, the parties disagree on the start date for relevant discovery, and discussions have stalled because David's counsel have not collected David's 2021 communications and documents and thus cannot make any representations about when potentially relevant discussions began. Robert and OtterSec should not be prejudiced by David's counsel's delay in collecting potentially relevant documents.

Plaintiffs Robert Chen and OtterSec LLC respectfully request a conference with the Court to help resolve the issue of the start date for discovery in *Chen v. Chen*, and request that the start date be February 1, 2021.

August 28, 2025
Correspondence – Request for Hearing

                              Sincerely,

                              /s/ Kevin P. Crenny
                              Kevin P. Crenny
                              Rachel Clattenburg
                              Joshua A. Levy
                              Justin DiCharia
                              Christina Lamoureux
                              **LEVY FIRESTONE MUSE LLP**
                              900 17th St., NW, Suite 605
                              Washington, DC  20006
                              Tel: (202) 845-3215
                              Fax: (202) 595-8253

                              *Counsel for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and for Plaintiffs Robert Chen and OtterSec LLC*