

One East Pratt Street
Suite 901
Baltimore, MD 21202
410.752.9700
Fax 410.727.5460

**Alexander M. Giles**
410.752.9747
agiles@tydings.com

September 3, 2025

**VIA ECF**

The Honorable Gina L. Simms
United States Magistrate Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, Maryland 20770

RE: *Yao v. Chen, et al*, Civil Action No. 8:23-CV-889-TDC
*Chen, et al. v. Chen*, Civil Action No. 8:24-CV-3628-TDC

Dear Judge Simms:

We represent Plaintiff Li Fen Yao in *Yao v. Chen, et al*., and Defendant David Chen in *Chen, et al. v. Chen*. We are in receipt of opposing counsel's August 28, 2025 letter to Your Honor requesting "a conference with the Court to help resolve the issue of the start date for discovery in *Chen v. Chen*…" and would like to take this opportunity to briefly respond.

First and foremost, we definitely welcome participating in such a conference, and agree that it will likely be helpful in potentially bringing about some clarity and certainty between the parties as to what documents may be deemed potentially "relevant" and what then may be the extent of both parties' discovery production obligations in the above-captioned matter. Second, undersigned counsel will opt to refrain, for the time being, from responding substantively to many of the statements contained in opposing counsel's August 28 letter. However, if Your Honor would prefer for undersigned counsel to respond substantively to opposing counsel's letter in an effort to help better delineate the competing arguments that might be discussed in any such conference, before holding such a conference, we would be more than willing to do so for Your Honor's benefit.

Despite the foregoing, Li Fen Yao and David Chen would like to address just a few of the issues raised by opposing counsel in his August 28 letter at this time. In that regard, we would respectfully remind the Court that the "Relevant Period" in the *Yao v. Chen* aspect of this litigation had an agreed upon start date of February 1, 2022, which was a date that preceded the formation of OtterSec, LLC by a couple of days. We believe, generally speaking, that there is no significant distinction between the date range importance between the two separate aspects of this consolidated litigation.





Undersigned counsel was not part of this litigation at the time that all remaining counsel were discussing the proper scope of the parties' "preservation" requirements in *Chen v. Chen* in early 2025. However, in discussions with co-counsel from the Carter Ledyard & Milburn firm, it has been recounted that opposing counsel suggested, at the time, a scope of "preservation" requirements beginning on February 1, 2021, with the general theory being that it would simply encompass a year's worth of time prior to the formation of OtterSec, LLC, in order to just be safe in terms of capturing any relevant documents and information related to David Chen's Code that is at issue in this litigation. Thereafter, the parties began briefing Robert Chen's Motion for a Preservation Order beginning in February 2025 (ECF Nos. 107, 115, 117, 121, 122, 124, 135), which eventually resulted in Your Honor entering an Order on May 29, 2025 [ECF No. 141] requiring David Chen to preserve documents and potentially relevant information.

Co-counsel from the Carter Ledyard firm, however, disagrees with the notion that the parties ever agreed with each other, or that the Court otherwise adopted, that the scope of "discovery" would necessarily extend back to the "preservation" start date of February 1, 2021. In fact, the Joint Status Report that was previously filed with the Court on May 23, 2025 (ECF No. 139), in Section C.1. (pp. 10-13 of the JSR), clearly laid out the positions of Li Fen Yao and David Chen as to the distinctions between "preservation" and "discovery," and that Yao and David explicitly disagreed with Plaintiffs' position that "[t]he parties agreed as a general matter that the relevant time period for ***discovery*** in *Chen v. Chen* is February 1, 2021 through April 17, 2025." (emphasis added).

Furthermore, counsel for the Robert Chen parties appears to repeatedly conflate the parties' requirements for "preserving" potentially relevant documents and information, on the one hand, with the responsibility of a separate third-party vendor, at the direction of counsel, to then "collect" all such documents and information that is being preserved by the parties in the above-captioned matter, on the other hand. As opposing counsel states in its August 28 letter to this Court, he cannot understand why undersigned counsel for Li Fen Yao and David Chen did not "collect" all of the documents subject to the Preservation Order following Your Honor's entry of that Order on May 29, 2025. Despite those comments, counsel for Li Fen and David Chen, as well as their two clients, sought to comply with the requirements of the Preservation Order, and following the entry of the Preservation Order on May 29, 2025 (ECF No. 141), started to make the necessary arrangements to then "collect" all of the relevant items that were being "preserved."

The reality is that TransPerfect, at the instruction of co-counsel, previously collected documents and information beginning with a start date of February 1, 2022, which was the agreed upon start date in the *Yao v. Chen* portion of this case. As part of those initial collections, TransPerfect occasionally captured documents that dated back to 2021 and before. Unfortunately, though, based on the manner by which the potentially relevant documents were initially collected and then transferred into TransPerfect's document database (Relativity), it was difficult, if not impossible, to determine whether it had collected all of the documents dating back to the beginning of 2021. And, to be candid, that was not the stated goal at that time, in the *Yao v. Chen* aspect of this litigation, where the "Relevant Period" only had a start date of February 1, 2022.





Consequently, when Your Honor issued the Order on May 29, 2025 requiring the preservation of relevant documents and information, Li Fen Yao, David Chen, all related counsel, and their third-party vendor TransPerfect, then sought to collectively determine the best manner to supplement its initial document collection with a more comprehensive and expanded collection of the additional date ranges covered by the entered Preservation Order. To this point, undersigned counsel, following its entry into this litigation in mid-June 2025, has sought to establish (among other things) a "reasonable" relevance/discovery start date in the *Chen v. Chen* aspect of this litigation that captures the documents and information that are ***actually*** potentially relevant to the parties' claims and defenses herein, and are not simply tied to some arbitrarily selected date like February 1, 2021.

Unfortunately, the factual circumstances that greatly influence the best path forward regarding the collection (or re-collection) of all potentially relevant documents is the extremely large digital footprint that exists for David Chen, in particular that of Mr. Chen's Discord activity. For comparison's sake, the initial collection efforts undertaken by TransPerfect when collecting Discord messages for purposes of the *Yao v. Chen* matter took a couple months to download all of David Chen's Discord messages and then load them into TransPerfect's Relativity database in order to make them searchable. When taking into consideration the two possible options for moving forward with either 1) the supplementation of previous collections or 2) the complete re-collection of all such documents, data, and information running from a "preservation" start date of February 1, 2021 through April 17, 2025, it was ultimately decided that the comprehensive re-collection of all such items made the most sense on many fronts, including, but not limited to, time, cost, concern for duplication, and related logistical issues.

With regard to the current *Chen v. Chen* matter, and the larger scope of potentially relevant documents, undersigned counsel has received confirmation from TransPerfect that the re-collection of all of David Chen's Discord messages from February 1, 2021 through April 17, 2025 began last week. The re-collection of David Chen's Discord messages is but one piece of the puzzle, but the Court (and opposing counsel) should take comfort that TransPerfect has been busy working on the collection (and re-collection) efforts since the Court's May 29, 2025 Preservation Order. The re-collection of the Discord messages is the last step, but the lengthiest step, in the process.

The current estimate for the downloading all such material, loading all of it into TransPerfect's Relativity database, and then, finally, running the comprehensive "Document Hits" analysis and reports that opposing counsel is seeking BEFORE it will agree to discuss any different relevance/discovery start date, such as October 1, 2021, is three and a half months, or by mid-December 2025. For everyone's benefit, undersigned counsel has requested, at a minimum, weekly periodic updates from TransPerfect on the status of the Discord download and any changes in the current estimate for the completion of the re-collection process so that undersigned counsel can keep the Court and opposing counsel updated as to the progress.





Despite the current estimate for the re-collection process, undersigned counsel is willing and able to proceed with the scheduling of a conference (or conference call) with all counsel and Your Honor at the Court's discretion, and we look forward to receiving an indication from Your Honor whether you would also like to provide a more comprehensive response as to the other, remaining issues raised by opposing counsel in his letter of August 28, 2025.

In the meantime, we look forward to hopefully resolving all of these pending issues on an amicable manner as soon as practicable.

Respectfully submitted,

*/s/ Alexander M. Giles*

Alexander M. Giles

cc: All counsel of record (via ECF)