

One East Pratt Street
Suite 901
Baltimore, MD 21202
410.752.9700
Fax 410.727.5460

**Alexander M. Giles**
410.752.9747
agiles@tydings.com

September 16, 2025

<u>**VIA ECF**</u>

The Honorable Gina L. Simms
United States Magistrate Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, Maryland 20770

> RE:   *Yao v. Chen, et al*, Civil Action No. 8:23-CV-889-TDC
> <u>*Chen, et al. v. Chen*</u>, Civil Action No. 8:24-CV-3628-TDC

Dear Judge Simms:

As I mentioned previously in my September 3, 2025 letter to Your Honor, which was a response to opposing counsel's August 28, 2025 letter requesting "a conference with the Court to help resolve the issue of the start date for discovery in *Chen v. Chen*…", we, as of today, still welcome the prospect of participating in a conference with Your Honor to discuss that previous issue pertaining to the "Relevant Period" of the discovery in *Chen v. Chen*.  And now, in response to opposing counsel's most recent letter of earlier today [ECF No. 164], we also welcome the opportunity to discuss the multiple additional items that Plaintiffs' counsel has now added to their list of discussion-worthy disputes.

Rather than reduce the full extent of our differing thoughts and opinions with the manner by which Plaintiffs' counsel is conducting themselves in this litigation, I will merely say that we will be prepared to discuss the issues that have been raised thus far by opposing counsel with Your Honor, and we will also be prepared to discuss any and all other related items that Your Honor believes may be important so that we can hopefully attempt to salvage the opposing counsel relationship in this litigation, which we, candidly, believe is almost beyond repair at this point in time.

If, however, Your Honor would prefer that we provide you with some further insights in writing, please let us know and we would be happy to share those additional thoughts with Your Honor via a subsequent letter.

As for Mr. Crenny's references to the language from undersigned counsel's September 15, 2025 email to Ms. Rachel Clattenburg (and all of her Levy Firestone & Muse colleagues), I



was happy to see that he attached the full email exchange between counsel as Exhibit A so that Your Honor can review the initial back and forth between counsel in its entirety. Of course, I imagine it would not surprise you that the attorneys have engaged in further back-and-forth email exchanges since that point in time that I am now attaching hereto (as Exhibit B) so that you have the benefit of at least a little bit more of the context regarding these various issues.

Furthermore, and unfortunately, there are examples upon examples that we can share with Your Honor that exemplify, we believe (and I realize the other side may disagree), the lack of collegiality and cooperation that is expected in this Court by its litigants, and that also support the notion that Plaintiffs and their counsel are no longer conducting themselves in good faith but rather are likely operating on the basis of ulterior motives that should be addressed by this Court before it gets too far out of hand.

Finally, I am merely going to add that I have felt extremely conflicted about raising these issues with Your Honor and/or with Judge Chuang for several weeks now, but the escalating nature of opposing counsel's efforts and the fact that every little thing evidently warrants the scheduling of a Meet and Confer justifies the scheduling of the conference or hearing that Plaintiffs' counsel desires. Undoubtedly, opposing counsel will never agree to compromise on any of their positions in an effort to reach some sort of tangible "resolution," even on seemingly insignificant issues, and in recent months it has become an unmistakable realization that these efforts of opposing counsel are merely in support of the higher goal of being able to check that box and to then instigate briefing of the next Motion to Compel.

Personally speaking, I am really dismayed that we have reached this point in this litigation, and, unfortunately, I truly fear that we have now gotten to the point where we collectively need yourself and Judge Chuang to set guidelines for attorney (and presumably also client) behavior going forward.

Mr. Crenny's letter of earlier today incorrectly mentions that "David and Li Fen's counsel have been ***reluctant*** to meet and confer…." (emphasis added). That is not quite accurate, and arguably sends a disingenuous message to the Court. Do we believe that the issues that Plaintiffs' counsel has recently raised merit the scheduling of any Meet and Confer sessions…no, we do not. However, despite that clearly articulated position, we nonetheless still have agreed to try to find a mutual date with opposing counsel to hold this Meet and Confer session, and that date and time have now been set for Monday, September 22, 2025 at 10:00 a.m.

Unfortunately, the cynic in me says that on top of our clear position and perspective that these alleged discovery disputes do not rise to the level of meriting an actual Meet and Confer session, that now that one has been scheduled, that the exercise, sadly, will play out as follows:



The Honorable Gina L. Simms
September 16, 2025
Page 3

1) opposing counsel will share with us all of the very important discovery disputes that they want to discuss with us;

2) opposing counsel will act as though they are engaged and interested in our anticipated perspectives on each separate item;

3) opposing counsel will then conclude that they cannot in good conscience resolve any of the alleged issues; and, finally,

4) opposing counsel will then go ahead and do what it is that they really wanted to do all along, which is to prepare and serve a Motion to Compel on ALL issues initially raised by them regardless of whether we/Defendant have signaled to any extent during the Meet and Confer session, itself, that we will agree to do as they have requested on any particular items.

This "cycle" has repeated itself several times already, and Defendant and his undersigned attorneys are tired of this repeating lack of cooperation and collegiality, and clear lack of good faith efforts to "resolve" any and all discovery issues in this matter.

Since I know opposing counsel believes time is of the essence regarding their alleged discovery disputes, as the Scheduling Order Deadline for "Substantial Completion of Document Discovery" is identified as occurring this Friday, September 19, 2025, I will provide Your Honor, Your Chambers, and opposing counsel with my availability over these next two weeks, which, unfortunately, is relatively limited. The remainder of this week, undersigned counsel is out of the office tomorrow (9/17) and Thursday (9/18). I am in the office all day on Friday (9/19). Next week, I am in the office all day on both Monday (9/22) and Tuesday (9/23). First thing Wednesday (9/24) morning, though, I am on a flight to Portland, Oregon to attend a conference. I return to Maryland on Monday, September 29, 2025. In my absence, obviously Mr. Stephen Plotnick from the Carter Ledyard & Milburn law firm in New York City, and Michael Lentz of my firm, Tydings & Rosenberg, can handle and attend any conferences or hearing that may conflict with my personal availability.

Despite all of the foregoing, we are truly hopeful that the parties, with the assistance of Your Honor and this Court, can achieve a workable solution on all of these pending issues for the benefit of all interests, as soon as practically possible.

Respectfully submitted,

*/s/ Alexander M. Giles*

Alexander M. Giles

cc:    All counsel of record (via ECF)

6446050.1