# Levy | Firestone | Muse

900 17th St. NW
Suite 605
Washington, DC  20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

**Sent via CM/ECF**

September 23, 2025

The Honorable Gina L. Simms
United States Magistrate Judge for the District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, MD  20770

> Re:    *Yao v. Chen et al.*, Case No. 8:23-cv-00889-TDC; *Chen v. Chen*, Case No. 8:24-cv-03628-TDC

Dear Judge Simms:

On behalf of the Plaintiffs in *Chen v. Chen*, Robert Chen and OtterSec LLC, and the Defendants in *Yao v. Chen*, Robert Chen, Otter Audits LLC, and RC Security LLC (the "Robert Parties"), and per the Court's Letter Order at ECF 167, we respectfully file transcripts of all meet and confers between counsel for the Robert Parties and counsel for David Chen (Defendant in *Chen v. Chen*) and Li Fen Yao (Plaintiff in *Yao v. Chen*) (together, the "David Parties") since the last hearing in these cases, on April 29, 2025.

The Meet and Confer transcripts are attached from the most recent to oldest: September 22, 2025; August 20, 2025; August 13, 2025; July 18, 2025; July 1, 2025; June 26, 2025; May 15, 2025; May 12, 2025; and May 9, 2025.

The following discovery issues set forth in ECF 161 and 164 remain in dispute:

- David Chen's failure to comply with the deadline for the substantial completion of document discovery (September 19, 2025), *see* ECF 164 at 1, and failure to move to modify the Scheduling Order. David Chen has produced <u>no</u> documents in response to discovery served in *Chen v. Chen*, from any source, whether emails, Telegram, Discord, X, bank accounts, text messages, by the document discovery deadline. *See* Tr. Meet and Confer (Sept. 22, 2025).

- The Robert Parties' contention that Li Fen Yao has likewise failed to comply with the deadline for the substantial completion of document discovery, having failed to produce any new documents since before the parties last appeared before the Court on April 29, 2025, after agreeing "that they [David Chen and Li Fen Yao] will be producing the Discord and Telegram communications referenced in paragraph 1 of ECF 128-1 [all responsive Discord and Telegram communications] in accordance with

September 23, 2025
Correspondence – Transcripts of Meet and Confers

the deadline for substantial completion of document discovery, September 19, 2025," *see* JSR, ECF 139 (May 23, 2025) at 13. They also agreed to produce, but have not, all documents responsive to David Chen's subpoena, *see* Tr. Meet and Confer (Jan. 10, 2025) at pp. 62-65 (ECF No. 106-3), including the requested tax returns and other financial information, *see* Tr. Hrg. 44:7–10 (Apr. 29, 2025). *See* Tr. Meet and Confer (Sept. 22, 2025).

- David Chen's counsel has recently represented to the Court (ECF 162) that they will not even search David's Discord documents until they "re-collect[ ]" David's Discord documents, and that this process (not even started until the end of August, and for no evident reason) will take until "mid-December 2025," ECF 162 at 3. This is after his counsel told the Court and counsel for the Robert Parties, in a February 28, 2025, filing that David and his counsel had "collected and preserved more than eight terabytes of data, including . . . David's entire Discord history through the end of 2024[.]" ECF 117. *See* Tr. Meet and Confer (Sept. 22, 2025; Aug. 20, 2025; Aug. 13, 2025). David's counsel has been unable to explain why they have not produced *any* of David Chen's post-2021 documents responsive to discovery in *Chen v. Chen*—documents that they claim to have entirely collected by February 2025. *See* Tr. Meet and Confer at 78:13—83:5 (Sept. 22, 2025); *see id.* at 82:8-15 (Mr. Giles: "As to the . . . 2022, 2023, and 2024 documents, unless [lead counsel] Stephen [Plotnick] wants to specifically address them now . . . this will be one of the things that he and I talk about, whenever we talk about it[.]"). David thus has produced no documents in response to discovery requests in *Chen v. Chen*, missed the deadline for substantial completion of document discovery without moving to modify the Scheduling Order, and has no explanation as to why.

- Whether the start date for discovery in *Chen v. Chen* should be February 1, 2021, as the Robert Parties contend, *see* ECF 161 & 164; Jt. Status Report, ECF 139 (May 23, 2025); Tr. Meet and Confers (Sept. 22, 2025; Aug. 20, 2025; Aug. 13, 2025; May 12, 2025).

- False factual statements in Court filings and correspondence, including correspondence that was supposed to resolve the Robert Parties' April 4, 2025, Motion to Compel, and therefore leaves that Motion to Compel now unresolved. *See* ECF 164 at 2-3; Tr. Meet and Confer (Sept. 22, 2025).

- Whether David Chen failed to preserve Signal messages with Philip Papurt while he was under a duty to preserve in these cases, since he testified during his deposition that he failed to disable disappearing messages, *see* ECF 164 at 2; Tr. Meet and Confer (Sept. 22, 2025).

- Discovery responses that have not been served by David Chen and Li Fen Yao in both cases. *See* Tr. Meet and Confer (Sept. 22, 2025).

We respectfully request that the Court set a conference to address these issues.

We also note the increasingly hostile tone from David Chen's counsel with respect to our requests to meet and confer, as illustrated in the transcript of the most recent meet-and-confer on

September 22, 2025, and in the attached correspondence from Mr. Giles dated September 20, 2025. *See, e.g.,* Tr. Meet and Confer (Sept. 22, 2025) at 21:2-15 (Mr. Giles: "That's why I'm responding the way I am to your dumb messages asking to meet and confer about every issue. Every e-mail from you and from Rachel says, 'We need to meet and confer.' It's like you have an automatic filter that adds in 'We need to meet and confer,' in every damned e-mail you send. It's childish on your part. It's ridiculous. You guys are practicing law in a manner that is not acceptable and not condoned by the U.S. District Court of Maryland, and I think the judges are going to agree with this."); *id.* at 23:3-4 (Mr. Giles: "We don't need to be doing this in a meet and confer, period, full stop."); *id.* at 34:2-3 (Mr. Giles: "You're talking about issues that don't need to be meet and conferred with."); *see also* Email from A. Giles (Sept. 20, 2025), attached as Ex. B.

Thank you for your time and consideration. We are sending a courtesy copy of this Notice and the attached Exhibits.

Sincerely,

/s/ Rachel Clattenburg
Rachel Clattenburg
Kevin P. Crenny
Joshua A. Levy
Justin A. DiCharia
Christina Lamoureux
**LEVY FIRESTONE MUSE LLP**
900 17th St., NW, Suite 605
Washington, DC  20006
Tel: (202) 845-3215
Fax: (202) 595-8253

*Counsel for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and for Plaintiffs Robert Chen and OtterSec LLC*