

One East Pratt Street
Suite 901
Baltimore, MD 21202
410.752.9700
Fax 410.727.5460

**Alexander M. Giles**
410.752.9747
agiles@tydings.com

September 23, 2025

**VIA ECF**

The Honorable Gina L. Simms
United States Magistrate Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, Maryland 20770

RE: *Yao v. Chen, et al*, Civil Action No. 8:23-CV-889-TDC
*Chen, et al. v. Chen*, Civil Action No. 8:24-CV-3628-TDC

Dear Judge Simms:

We are writing on behalf of Plaintiff Li Fen Yao in the *Yao v. Chen, et al.* proceeding, and on behalf of David Chen in the *Chen, et al. v. Chen* proceeding. We are writing in response to the letter filed earlier this afternoon by Ms. Rachel Clattenburg of the Levy Firestone Muse law firm. (ECF No. 168).

First and foremost, we welcome opposing counsel's request to Your Honor to set a conference to address any and all pending issues that Your Honor and/or this Court deem to be worthy of discussion at this point in time. As for the following discovery issues that opposing counsel represents as still being in dispute, we strongly disagree with their representation as to the status of many of these matters. We do believe, however, that with the submission of all of the Meet and Confer transcripts that opposing counsel submitted to Your Honor with the letter filed earlier this afternoon (*see* ECF No. 168-1), that Your Honor will be able to decipher for yourself whether you believe legitimate and rationally-based discovery disputes still exist.

Specifically, we strongly disagree with the assertions contained in Bullet Point Nos. 1, 2, 3, 5, and 6, and we would point your attention to the September 22, 2025 Meet and Confer transcript for a more accurate "discussion" of those allegedly pending issues.

As for the assertions contained in Bullet Point No. 4, we agree that this is still an unresolved pending issue, but we would direct your attention to the Motion to Modify Scheduling Order (ECF No. 169) and attachments that we filed with this Court earlier this evening, as well as the referenced Meet and Confer transcripts that are dated July 18, 2025, August 13, 2025, and August 20, 2025, and the relevant pages identified therein regarding the precise status of this alleged pending issue.





Finally, with regard to the assertions contained in Bullet Point No. 7, as both undersigned counsel and my co-counsel Stephen Plotnick of the Carter Ledyard firm stated on numerous occasions over numerous pages in the September 22, 2025 Meet and Confer transcript, we need to discuss the status of the various written discovery responses with each other following yesterday's Meet and Confer session. Despite those assurances, opposing counsel Ms. Clattenburg continued to persist, and to make unreasonable and unprofessional requests for "more" information and/or for confirmation, in some unknown form, that we were actually going to do what we had said multiple times we would in fact do.

As for undersigned counsel's increasingly hostile tone with opposing counsel's repeated and persistent requests to Meet and Confer on every little issue, regardless of whether it is a legitimate and resolvable discovery dispute, yes, I will honestly and candidly admit that opposing counsel's ineptness, unprofessionalism and over litigious manner, their lack of collegiality and cooperation, and their failure to grasp that the ultimate goal of these Meet and Confer sessions is to attempt in a good faith manner to "resolve" as many of these alleged discovery disputes as possible and not merely to use them as opportunities to simply "litigate" these alleged discovery disputes, has gotten to me and has made me quite frustrated with the process and with them as opposing counsel. And sadly, it only took them a couple months to get me to this point. Quite honestly, I am astounded that our co-counsel attorneys at the Carter Ledyard firm were able to maintain their composure over the first 2+ years of litigation in this pending consolidated matter.

As Your Honor knows, the primary area of my legal practice before this Court is in maritime law. I have been a member of this Federal Bar for almost 27 years, I have served with distinction as an Officer of the Maryland Chapter of the Federal Bar Association, and I have served for many years as the Chair of the Local Admiralty Rules Committee for the US District Court of Maryland. During my 27 years of practice before this Court, I have never experienced the lack of professionalism, lack of collegiality, and lack of cooperation that I have experienced in this case with opposing counsel.

Maybe I am just blessed that my primary area of practice has been in maritime law because we **never** experience this type of behavior from opposing counsel. Yes, we, in the admiralty bar, can certainly disagree substantively with opposing counsel in a very spirited fashion, but we are always collegial, cooperative, and conciliatory with each other, and we always find a way to amicably "resolve" issues, and almost always do so without the assistance of the Bench. Quite candidly, and so as not to give ourselves too much credit, I think the primary motivating factor behind that type of professional demeanor is that we deal with each other on cases all the time – it is a much more limited bar (in terms of attorney numbers), and, therefore, we are almost forced "to play nice in the sandbox" with each other.

I have found over the years, though, that Business Litigation cases create an opportunity for attorneys to operate in a "less" professional manner because invariably the cases present what I like to refer to as a "one-off situation," which means to me that opposing counsel have never litigated against each other and there is a chance that they may never litigate against each other again in their careers. As a result, it creates an unfortunate opportunity for counsel to handle the





case in a "scorched earth" fashion. Sadly, I believe that is what opposing counsel is doing here, either under their own initiative or at the direction of their clients, the Robert Chen Parties.

Upon information and belief, Robert Chen possesses considerable assets that he fraudulently conveyed from OtterSec and transferred to himself and to his other surviving successor entities, all of which have been named as parties herein. And Robert Chen evidently wants to absolutely bury David Chen and his mother Li Fen Yao (though primarily David Chen) in litigation costs, fees, and an outright cavalcade of discovery and motion practice, focused primarily on the only issue that they believe works in their favor – spoliation allegations against David Chen. In fact, if they had their way they would likely prefer to remain right there discussing these issues *ad nauseum* with no end in sight, in the hopes that they wear down Li Fen Yao and David Chen and ultimately force them to simply throw in the towel on these cases because of the crippling amount of money being spent pursuing these matters in this Court.

Like opposing counsel, we thank you very much for your time and consideration of this matter. And I truly regret how this litigation has devolved to where we apparently find ourselves today, but I am still hopeful that Your Honor and Judge Chuang will be able to find a path forward for the parties in these matters.

Respectfully submitted,

*/s/ Alexander M. Giles*

Alexander M. Giles

cc: All Counsel of Record (via ECF)