# Levy | Firestone | Muse

900 17th St. NW
Suite 605
Washington, DC 20006
T (202) 845-3215
F (202) 595-8253
levyfirestone.com

**Sent via CM/ECF**

September 24, 2025

The Honorable Theodore D. Chuang
The Honorable Gina L. Simms
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

> Re:  **Notice of Intent to File Motion for Spoliation Sanctions Pursuant to Rule 37(e)**
> *Yao v. Chen*, No. 8:23-cv-00889-TDC; *Chen v. Chen*, No. 8:24-cv-03628-TDC

Dear Judge Chuang and Judge Simms:

Pursuant to the Case Management Order (ECF 4), Plaintiffs in *Chen v. Chen*, Robert Chen and OtterSec LLC and Defendants in *Yao v. Chen*, Robert Chen, RC Security LLC, and Otter Audits LLC (collectively "the Robert Parties" or "Robert") respectfully file this Notice of their Intent to File a Motion for Spoliation Sanctions Pursuant to Federal Rule of Civil Procedure 37(e), based on David Chen's intentional destruction of relevant and potentially relevant electronically stored information (ESI) from the Discord chat platform. David Chen is the defendant in *Chen v. Chen* and the central figure in *Yao v. Chen*. In *Yao v. Chen*, David's mother, Li Fen Yao, has relied extensively on David's ESI, had custody and control of David's documents and information, and is responsible for failing to prevent David's destructive acts.[1] As soon as he understood he might be in a legal dispute with Robert, David began destroying ESI. When he received a third-party subpoena in *Yao v. Chen*, he destroyed more.

David Chen has deleted *at least* 18,397 messages from Discord since he first anticipated this litigation; he deleted more than 17,000 of these in 2024, after discovery opened in *Yao v. Chen*. David has acknowledged that he lied to the Court when he said, through counsel, that the deleted messages were all "plainly irrelevant." ECF No. 157. At his deposition, he conceded that "one of the reasons" why he deleted thousands of messages in July 2024 "may have been" that he was "trying to get rid of those messages for purposes of this litigation," meaning that he "intentionally deleted them so that they wouldn't be part of this litigation." D. Chen Tr. at 20:2–19.

The proposed motion will focus on three of the many categories of ESI David deleted:

- On April 27, 2022, the same day that he stole the OtterSec codes that are the subject of the claims in *Chen v. Chen*, David deleted three channels from the OtterSec Discord server that contained relevant messages concerning the development of the OtterSec Codes.

---

[1] David's mother is the plaintiff in *Yao v. Chen* and his spoliation is attributable to her. She has relied on material from him throughout her case, she owns the home where he lives, and has the "right, authority, or practical ability to obtain . . . documents from" him. *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009); *see also Benisek v. Lamone*, 320 F.R.D. 32, 34 (D. Md. 2017).

September 24, 2025
Notice of Intent to File Motion for Spoliation Sanctions Pursuant to Rule 37(e)

- On July 29 and 30, 2024 — while discovery in *Yao v. Chen* was underway, after David received a subpoena seeking his relevant Discord communications, and just before he requested copies of his messages from Discord for purposes of discovery — David deleted 1,927 messages he had sent in a server called "new clickbait." He admitted at his deposition that some of these messages were relevant. D. Chen Tr. at 17:17–20. The proposed motion will explain why it is likely he also deleted other relevant messages from "new clickbait."

- On July 29, 2024, David also deleted 768 messages from a server called "Jito Developers," again just before collecting messages from Discord. The Jito Developers server is a discussion space for programmers and coders engaging in cryptocurrency trading of the type performed by the OtterSec Solend Liquidator Code.

### I. David's Conduct Merits Sanctions under Rule 37(e).

There are "four threshold requirements" for a spoliation sanction under Rule 37(e). "[T]he movant must show that '(1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery.'" *Model Remodeling, Inc. v. Tripod Holdings, LLC*, No. 19-cv-1397, 2021 WL 3852323, at *5 (D. Md. Aug. 27, 2021). All four requirements are met here:

**First, David had a duty to preserve the potentially relevant ESI that he destroyed.** When David deleted channels relating to the development of the OtterSec Codes, he already anticipated litigation with Robert, who had already threatened to sue him on intellectual property claims related to the stolen code. At this time, David was also discussing the prospective litigation with friends and knew the material he was deleting was potentially relevant to these claims, but he deleted it anyway. His July 2024 deletions occurred shortly after he received a subpoena for documents in *Yao v. Chen*, a lawsuit that his mother had filed while relying almost entirely on David's documents and ESI. The subpoena requested, among other things, documents related to David's "role at OtterSec" and to the codes. As described above, the "new clickbait" and Jito Developers servers contained relevant and responsive messages, which David deleted on purpose.

**Second, the ESI David destroyed is lost and cannot be retrieved.** David has admitted knowing that once he deleted messages from Discord "they'd all be gone," and that no one would be able to see them. D. Chen Tr. at 75:17–22.

**Third, David's intent in destroying the ESI was to prevent the Robert Parties from using it in litigation.** David admitted that he intentionally destroyed Discord messages. D. Chen Tr. at 134:20–135:7. He chose to delete entire channels in April 2022 and downloaded and installed a script in July 2024 called "undiscord," which allowed him to delete thousands of messages in just a few clicks. His motivation—to deprive the Robert Parties of the chance to use the ESI he was destroying in litigation—is equally clear. As soon as Robert threatened him with intellectual property claims, he deleted precisely the channels that Robert would have found most useful to his case. With discovery pending in *Yao v. Chen*, he deleted thousands of messages in the three days before he requested copies of his messages from Discord for purposes of discovery. Plaintiff's 3d Am. Resps. to Interrogatories at 9, 12 n.6, 16–17 (Aug. 30, 2025). He sought to guarantee that the messages he was deleting would not be included in what could be produced. He acknowledged, at his deposition that, in deleting messages from the "new clickbait" server, he "may have been" "trying to get rid of those messages for purposes of this litigation" and to prevent Robert from seeing or using them, D. Chen Tr. at 20:14–18, and he agreed that they "would look terrible in [his] litigation," *id.* at 26:7–27:1.

September 24, 2025
Notice of Intent to File Motion for Spoliation Sanctions Pursuant to Rule 37(e)

**<u>Fourth, Robert was prejudiced by the loss of the ESI that David deleted.</u>** David's intentional destruction of ESI supports an inference that Robert has been prejudiced by its loss. *Sampson v. City of Cambridge*, 251 F.R.D. 172, 179 (D. Md. 2008). Robert has lost some of the best evidence he could have used to support his claims in *Chen v. Chen*, and he has lost relevant evidence in *Yao v. Chen*. He does not know the content of other relevant messages David deleted. David's deletions also prejudiced Robert because Robert and his counsel have had to spend the better part of a year exploring David's intentional deletion of ESI and responding to his false representations, rather than litigating the merits of these cases.

## II. Harsh Sanctions Are Warranted Because David's Egregious Misconduct Prejudiced Robert and Should Not Be Rewarded.

Under Rule 37(e)(1), if the Court finds that the loss of ESI prejudiced another party, the Court "may order measures no greater than necessary to cure the prejudice." *Id.* Under Rule 37(e)(2), if the court finds that the spoliating party "acted with the intent to deprive another party of the [destroyed] information's use in the litigation," it may "(A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." *Id.*

Dismissal of *Yao v. Chen* and a default judgment in favor of Plaintiffs in *Chen v. Chen* are both warranted. It is difficult to imagine a more extreme and sanction-worthy case of spoliation. From the start of his dispute with Robert, David has shown bad faith in the conduct of this dispute—immediately deleting three relevant Discord channels when he was first concerned Robert would sue him on IP claims. Then, over a year into a case in which he was a central figure, under a duty to preserve evidence and with a subpoena already served on him, David selectively and intentionally deleted tens of thousands of Discord messages, with the admitted goal of preventing Robert from obtaining those deleted messages in discovery

Lesser sanctions will not succeed at deterring David (or other litigants) from this type of conduct in the future: Any attempt to tailor a ruling to specific issues risks rewarding David's conduct by overlooking some unknown category of other deleted ESI and allowing him to introduce evidence and argument on issues where he destroyed relevant evidence but where Robert, his counsel, and the Court have not realized it. Nonetheless, if either case does proceed, Robert should be permitted to introduce evidence concerning David's destruction, the jury should be instructed to presume that the destroyed evidence was unfavorable to David and Li Fen Yao (the Court should do the same), and David and Li Fen Yao should not be permitted to introduce evidence concerning issues to which the evidence David destroyed would have been relevant. David should also be required to pay the attorney's fees Robert has incurred in connection with his spoliation.

Counsel met and conferred concerning the proposed motion on Monday, September 22, 2025 at 9:30 a.m. for approximately two and a half hours and were unable to reach agreement regarding any aspects of this motion, due in large part to David and Li Fen's counsel's unwillingness to participate in good faith in the meet and confer process with respect to the proposed motion. A transcript of this meet and confer session is attached hereto as Exhibit A.

Thank you for your time and consideration.

Respectfully submitted,

/s/ Kevin P. Crenny

3

September 24, 2025
Notice of Intent to File Motion for Spoliation Sanctions Pursuant to Rule 37(e)

        Kevin P. Crenny
        Rachel Clattenburg
        Joshua A. Levy
        Justin A. DiCharia
        Christina Lamoureux
        **LEVY FIRESTONE MUSE LLP**
        900 17th St., NW, Suite 605
        Washington, DC  20006
        Tel: (202) 845-3215
        Fax: (202) 595-8253

*Counsel for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and for Plaintiffs Robert Chen and OtterSec LLC*