

One East Pratt Street
Suite 901
Baltimore, MD 21202
410.752.9700
Fax 410.727.5460

**Alexander M. Giles**
410.752.9747
agiles@tydings.com

January 21, 2026

**VIA ECF**

The Honorable Gina L. Simms
United States Magistrate Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, Maryland 20770

RE: *Yao v. Chen, et al*, Civil Action No. 8:23-CV-889-TDC
*Chen, et al. v. Chen*, Civil Action No. 8:24-CV-3628-TDC

Dear Judge Simms:

Pursuant to Your Honor's Paperless Order, dated January 13, 2026 (ECF No. 189), on behalf of Plaintiff Li Fen Yao in *Yao v. Chen* and Defendant David Chen in *Chen v. Chen*, we are hereby writing in response to opposing counsel's January 5, 2026 Letter (ECF No. 187). For the sake of continuity, and for ease of comparison, we will simply follow the order of the alleged "issues or deficiencies" raised by opposing counsel in ECF No. 187 for purposes of our responses thereto.

**1. *Yao v. Chen*, First Set of Document Requests to Plaintiff Yao on October 4, 2024 (ECF No. 176, p. 11 ¶ 29)**

**a. David Chen's tax returns.**

Plaintiff Li Fen Yao and Defendant David Chen have already produced David's tax returns for 2022 and 2023. As these tax returns are financial documents requested in *Yao v. Chen*, where the Relevant Time Period for production of documents initially ranged from February 1, 2022 to dates in 2023, Li Fen and David take the position that David's 2024 tax returns are not subject to production herein. Moreover, as counsel has identified in Footnote 2, the two RFPDs at issue in this request were dated April 22, 2024 and October 4, 2024, and those dates significantly precede the time when David Chen's 2024 tax returns would have been prepared, finalized, and filed with the IRS (during the Spring of 2025).

Despite all of the foregoing, undersigned counsel has just obtained a copy of David's 2024 tax returns, which have now been forwarded to TransPerfect to be bates-stamped and produced to opposing counsel later this week, on a without prejudice basis to continue asserting an objection to admissibility of the same.





**b. David Chen's documents concerning his use of the codes and other property.**

First, each of these subtitles under Item #1 of opposing counsel's January 5, 2026 letter relates directly to the categories of documents that were previously raised by opposing counsel in ECF No. 176, p. 11, ¶ 29, and were then re-raised by this Court at the November 20, 2025 hearing. For this particular subtitle "concerning his use of the codes and other property," *see* November 20, 2025 Hearing Transcript at pp. 46-47, 57-59. For the record, though, the complete title of this category of documents was identified as follows in this Court's Discovery Order (ECF No. 183): "David Chen's documents concerning the use of the codes and other property ***that he took from OtterSec***." (emphasis added).

Consequently, it is the position that David Chen did not take anything ***from*** OtterSec when he left the company on April 27, 2022. Even if that conclusion is disputed by opposing counsel, that still does not change the fact that there are no documents in our clients' possession that are "concerning the use of the codes and other property that he took from OtterSec." Stating our response to that category of requested documents (that do not exist) in that fashion is neither indicative of us "improperly withholding responsive and relevant documents" nor is it "in violation of the Order."

Next, opposing counsel has consistently mis-stated the context of the Court's comments on the ability to "make [or note] objections" to discovery requests. A fuller recitation of the Court's comments during the November 20, 2025 hearing is as follows:

> Now, Mr. Giles and Mr. Lentz, as you know, I have said to Mr. Levy and his team that their letter -- they can send me a letter by January 5th, of 2026, right, addressing if they think there's some deficiencies.
>
> So let me just put it to you this way: I am not going to entertain a letter from you ***because my expectation is that you just produce everything***. And let me say this to you, the time has long come and past to object to these requests. Again, except for, we're going to talk about the 2/1/2021 start date. We're going to talk about that in a minute. I get that. ***But you just need to be producing the materials, okay? That's just -- you just need to get them to them.***

November 20, 2025 Hearing Transcript at 110, lines 7-19 (emphasis added).

As the above excerpt from the hearing transcript clearly conveys, the Court was primarily interested with Li Fen and David producing all of the requested documents. The Court was not dealing with a specific motion in relation to any particular discovery requests or responses, and it was certainly not making its comments in relation to some explicit request from opposing counsel that Li Fen and/or David are precluded from raising any particular objections in response to particular discovery requests.





Rather, the fact of the matter is that following the November 20 motions hearing and the entry of the related Discovery Order, undersigned counsel and its clients have been diligently responding to any remaining discovery requests and have been producing all related/requested documents (which are very voluminous) on an expedited basis. That is what the Court's request was for undersigned counsel, and that is what we have been trying to accomplish.

With specific regard to RFPD Nos. 5 and 7, both of those document requests were not specifically raised by opposing counsel during the November 20 motions hearing as items that need to be addressed in response to Item 1.b. of this Court's Discovery Order (ECF No. 183, p. 2 of 6). Moreover, simply because Li Fen and/or former counsel agreed to "locate and produce" any responsive documents, that does not necessarily mean that any responsive documents were actually identified and that can be produced. Furthermore, even if Li Fen and David did have an obligation to explicitly respond to RFPD Nos. 5 and 7, they are both limited to "communications" regarding the items identified thereafter. Li Fen and David are not aware of any documents that are responsive to these limited requests for "communications."

Finally, Li Fen and David, and their undersigned counsel are clearly aware of the Court's view on relevance and are complying with that understanding, and we are in no way refusing to produce any responsive documents as a result of some "different" view on relevance.

**c. Documents and communications concerning revenues or income from the codes and other property that David Chen took from OtterSec.**

While the category of documents requested in 1.c. is different than the documents requested in 1.b. (above), the same rationale for the response provided in the November 24, 2025 Letter applies here as well. It is the position that David Chen did not take anything ***from*** OtterSec when he left the company on April 27, 2022. Even if that conclusion is disputed by opposing counsel, that still does not change the fact that there are no documents in our client's possession that are "concerning revenues or income from the codes and other property that David Chen took from OtterSec."

**d. Documents identifying all of David Chen's work and sources of income.**

We would amend the previous statement to now include David's 2024 tax returns which are in the process of being bates-stamped and produced later this week. David's 2024 tax returns are 88 pages in length and identify his sources of income, to include consulting work and the sale of investments and other assets.

**e. Documents identifying David Chen's blockchain or digital wallets.**

A spreadsheet containing the digital wallet addresses utilized by David Chen has been forwarded to TransPerfect for bates-stamping and production to opposing counsel this week.

**f. Documents concerning David's deletion or loss of data on any mobile phone.**

The letter of January 5, 2026 limits its quotation of undersigned counsel's November 24, 2025 Letter to merely say "David does not believe that there are any responsive documents to this request, other than documents created by David in relation to this ongoing litigation." However, what that statement importantly fails to include is the remainder of the response in the November 24 letter, which reads as follows:

> For example, David executed the "Declaration of David Chen" on June 13, 2025, which identifies David's Motorola Moto E mobile phone and the fact that it "bricked" in the April 2023 time frame. Thereafter, David was deposed by opposing counsel on July 30, 2025, during which time he was asked numerous questions about his mobile phones. As counsel for Plaintiffs know, both sides have been working with Maggie Gaffney of TeelTech to investigate the status of David's cell phones and determine whether any information can be retrieved from such phones.

The foregoing response is sufficient. While there are no other documents in Li Fen and David's possession that address the deletion or loss of data on any mobile phone, the foregoing documents, deposition testimony, and ongoing work by a jointly designated expert do address these issues.

**g. Documents showing any loss suffered by Plaintiff Yao, Sam Chen, or the Estate that Yao contends was caused by any of the Defendants.**

The documents produced by Defendants in *Yao v. Chen* and by Plaintiffs in *Chen v. Chen* will be used by Plaintiff Yao's expert on damages to establish the loss/damages suffered by Plaintiff Yao, Sam Chen, and/or the Estate as part of his anticipated expert opinions herein. Counsel is not aware of any other responsive documents at this point in time.

**h. Documents related to the alleged "bricking" of David Chen's phone.**

Following the December 17, 2025 Meet and Confer, counsel did consider the correspondence from Maggie Gaffney as counsel represented that it would do. Undersigned counsel has since responded in writing to Ms. Gaffney to authorize the work requested in opposing counsel's email dated November 4, 2025.

**i. Communications between David Chen and any of OtterSec's clients after he stopped working for OtterSec.**

As these are documents requested by Defendants in *Yao v. Chen*, the scope of this Request relates to the Defendant "OtterSec," and not any of its affiliated entities, who are Plaintiffs in *Chen v. Chen*. Consequently, the certification in the November 24 Letter authored





by undersigned counsel is accurate (from our perspective) when it states that "David does not believe that there are any responsive documents to this request."

After David stopped working at OtterSec on April 27, 2022, he did not have communications with any of OtterSec's clients. A review of the noted Discord documents identified by opposing counsel in the January 5, 2026 Letter, which were previously produced by Plaintiff Li Fen Yao, reflects communications with personal friends, former colleagues, and coding acquiantances, but not with any known OtterSec clients after April 27, 2022.

2. ***Yao v. Chen*: Amended Responses to First and Second Set of Document Requests (ECF No. 176, p. 11 ¶¶ 29-30)**

We will have to look at the First and Second Set of Document Requests in *Yao v. Chen* from October and November of 2024, and all of the supporting documents regarding the development of the objections and the responses thereto by former counsel again, and then provide a supplemental response to this item.

3. **Information from Discord, Signal, Telegram, X, Facebook, LinkedIn, etc. For a non-exhaustive list, see ECF No. 141.**

During the December 17, 2025 Meet and Confer session, undersigned counsel identified the separate categories of documents comprising David Chen's document production, which was relayed to counsel from an individual at TransPerfect overseeing the entire production of David's digital footprint. The list of the categories of documents being produced by David Chen is as follows: 1) cell data/text messages; 2) Discord; 3) email/server information; 4) Loose data; 5) Facebook; 6) GitHub documents; 7) Instagram; 8) Signal; 9) Reddit; 10) Telegram; and 11) Twitter/X. *See* December 17, 2025 Meet and Confer Transcript, pp. 26-28.

All of the foregoing documents that are in David's possession have now been produced, and contrary to opposing counsel's concern about whether Li Fen or David are withholding any responsive documents, undersigned counsel confirmed during the recent Meet and Confer sessions that we were not withholding any responsive documents, except for those documents that we have identified as being privileged and included in our Privilege Logs.

4. ***Yao v. Chen*: First Set of Interrogatories to Yao (April 2024): By November 24, 2025, Plaintiff will provide amended responses.**

Prior to undersigned counsel's introduction into this case, former counsel for Li Fen Yao had prepared and served multiple Amended Answers to Robert Chen's Interrogatories. Those amendments were presumably based on Meet and Confer sessions, possibly Motions to Compel, and other correspondence between counsel attempting to address and rectify the allegedly objectionable items still being raised by opposing counsel.

After our introduction into this case as co-counsel for Li Fen and David, undersigned counsel prepared Li Fen Yao's Third Amended Answers to Robert Chen's Second Amended





Interrogatories, which was served on opposing counsel on August 29, 2025. Arguably, any current objections should be in relation to this most recent iteration of these discovery responses, from August 29, 2025, and not in relation to Defendant's First Set of Interrogatories to Li Fen Yao dating way back to April of 2024.

**5. *Yao v. Chen*: Second Set of Interrogatories served on March 11, 2025. Amended Responses received on August 30, 2025.**

Counsel acknowledges that the parties met and conferred on December 5, 2025 and December 17, 2025, and that ROGs 1 and 17 remain unresolved. ROG 2 merely needs to be amended/supplemented following the completion of all document productions. The transcripts from the two noted Meet and Confer sessions speak for themselves regarding the parties' difference of opinion as to these particular items. Finally, counsel acknowledges that the parties have recently submitted a Joint Spreadsheet to identify the alleged dispute and the response thereto, as requested by the Court at the November 20, 2025 hearing.

**6. *Chen v. Chen*: David Chen's responses to Second Set of Document Requests and Second Set of Interrogatories (ECF No. 176, para. 28).**

Undersigned counsel for David Chen disagrees with the notion that this Court held that David Chen has waived all objections to these discovery requests served by Plaintiffs in *Chen v. Chen*. See the discussion of this same issue under Item 1.b. above. Despite that, counsel acknowledges that the parties have recently submitted a Joint Spreadsheet to identify the alleged dispute and the response thereto, as requested by the Court at the November 20, 2025 hearing.

**7. June 6, 2024 Subpoena to David Chen (two pages, 20 items).**

The June 6, 2024 Subpoena to David Chen was served upon him when the only proceeding that existed in this litigation was *Yao v. Chen*. Since that time, David has been sued as a Defendant in *Chen v. Chen*, the parties have agreed on search terms in *Yao v. Chen* in November 2024 and then additional search terms in *Chen v. Chen* on August 1, 2025, then the third-party provider for Li Fen and David (TransPerfect) re-collected the entire digital footprint for David Chen, and we have now produced all of the non-Discord and Discord related documents that are responsive to all of the pending issues in both proceedings of this consolidated litigation. Consequently, we feel comfortable that the documents that are currently in existence and could theoretically comply with the June 6, 2024 Subpoena served on a then non-party have since been produced.

**8. *Chen v. Chen*: First Set of Document Requests served in May 2025. Amended responses received August 29, 2025.**

As mentioned previously, counsel acknowledges that the parties have recently submitted a Joint Spreadsheet to identify the alleged dispute and the response thereto, as requested by the Court at the November 20, 2025 hearing.





**9. *Yao v. Chen* and *Chen v. Chen*: Discord messages for the period of 2022 through 2023**

Pursuant to the full re-collection process undertaken by TransPerfect, it has re-collected and preserved all of David Chen's Discord messages dating back to February 1, 2021 (as the start date for production in *Chen v. Chen* was still being contested by the parties when TransPerfect started on the re-collection process in August 2025). This Court has since ordered that the start date for relevance/production is September 5, 2021, with which opposing counsel has since accepted. We have recently produced Discord messages for the entirety of the Relevant Time Period from September 5, 2021 through April 17, 2025, thus encompassing "the period of 2022 through 2023." Consequently, this "issue or deficiency" is now moot.

**10. *Yao v. Chen* and *Chen v. Chen* – List of Discord and Telegram channels**

Undersigned counsel acknowledges that the spreadsheet identified as "Exhibit A," which has been produced on multiple occasions for the express purpose to identify the Discord channels that have been searched for relevant documents in this litigation by Plaintiff Li Fen Yao and Defendant David Chen, conducted principally by their third-party provider TransPerfect, relates only to Discord channels. Exhibit A was prepared for the purpose of establishing which Discord channels were being searched for the document production in this litigation, and counsel elected to produce such spreadsheet even though it arguably was work product.

As for Telegram channels, counsel has since confirmed that TransPerfect has collected, preserved, and searched all of the Telegram channels as part of the document productions in this litigation. As such, neither counsel nor the parties have prepared any "lists" of Telegram channels, and, therefore, Plaintiff Li Fen Yao and Defendant David Chen do not have any such list to produce herein.

**11. Start date for discovery in *Chen v. Chen* – Limited Deposition of David Chen**

Undersigned counsel is not sure why this item was included in opposing counsel's January 5, 2026 Letter to "advis[e] the Court of any issues or deficiencies." Despite that, we acknowledge that opposing counsel did indicate that it "agreed to the start date ordered by the Court (September 5, 2021)."

**12. December 12, 2025 and January 20, 2026 Productions by David and Li Fen.**

Despite opposing counsel's comments and arguments to the contrary, it was very clearly articulated that opposing counsel wanted ALL potentially relevant documents to be produced, that they did not trust our representations and suggestions as to what documents (or date ranges) should be deemed relevant, and they had previously expressed objections to former counsel's de-duplication efforts earlier in this litigation. As a result, counsel, based on discussions with its third-party vendor (TransPerfect), elected to undertake a full re-collection and production of the documents in this matter.





In conjunction with that decision, it was determined that we/TransPerfect would not attempt to de-duplicate any documents that had previously been produced as the cost and the time to undertake such a process with an already voluminous document production would have been unfathomable. So contrary to opposing counsel's assumptions, we are not de-duplicating documents and we are running the searches that we/TransPerfect have stated that we are running.

With regard to opposing counsel's claims that we are using inadequate search terms, counsel and this Court have acknowledged that the two proceedings have been consolidated and that documents produced in one proceeding are relevant and can be used in the other proceeding. Furthermore, counsel and this Court readily acknowledge that most, if not all, of the relevant documents being produced are documents maintained and possessed by David Chen. At all times in the *Yao v. Chen* matter, both parties knew that virtually all of the documents produced would come from David. And this recognition was acknowledged as part of the process where search terms were proposed and accepted in November 2024 in relation to *Yao v. Chen*.

Then in May and June of 2025, opposing counsel and former counsel for Li Fen and David started the process of identifying code-related search terms in relation to document productions that would occur in *Chen v. Chen*. That process was eventually concluded on August 1, 2025, and those search terms were initially used for purposes of identifying relevant documents in *Chen v. Chen*. In November of 2025, opposing counsel stated for the first time that we should be using both sets of search terms, which we then did, and then opposing counsel raised for the first very time during the December 5 and 17 Meet and Confer sessions that we should have been employing additional search terms despite the fact that they had never previously conveyed that sentiment.

Undersigned counsel believes that the November 2024 and the August 2025 search terms adequately identify all of the potentially relevant documents pertaining to the pending issues in this litigation.

**13. Dates for Upcoming Motions Practice.**

Undersigned counsel has received this Court's Order Setting Briefing Deadlines (ECF No. 188), adopting Robert Chen's proposed deadlines for filing both the motion for sanctions for spoliation and the motion for other sanctions.

Respectfully submitted,

*/s/ Alexander M. Giles*

Alexander M. Giles

cc: All Counsel of Record (via ECF)