UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as administrator of the Estate of Sam Mingsan Chen,<br><br>  Plaintiff,<br><br> v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>  Defendants. | Case No. 8:23-cv-00889-TDC-GLS |
| ROBERT CHEN and OTTERSEC LLC,<br><br>  Plaintiffs,<br><br> v.<br><br>DAVID CHEN,<br><br>  Defendant. | Case No. 8:24-cv-03628-TDC-GLS |

**MOTION FOR SANCTIONS AGAINST DAVID CHEN, LI FEN YAO, AND THEIR COUNSEL PURSUANT TO RULES 16(f), 26(g), 37(b)(2)(A), 37(c), 37(d), 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY**

  Robert Chen, RC Security LLC, Otter Audits LLC (as defendants in *Yao v. Chen*) and OtterSec LLC and Robert Chen (as plaintiffs in *Chen v. Chen*) respectfully move this Court, pursuant to Federal Rules of Civil Procedure 16(f), 26(g), 37(b)(2)(A), 37(c), and 37(d), 28 U.S.C. § 1927, and the Court's inherent authority, for an award of sanctions against David Chen, Li Fen Yao, and their counsel, for the reasons set forth in the accompanying Memorandum and supporting Declaration and Joint Record.

  During the November 20, 2025, discovery conference, the Court granted the request of Robert Chen, RC Security LLC, Otter Audits LLC, and OtterSec LLC (collectively, "Robert") to

file a motion for discovery-related sanctions (ECF 182 & 184). By Order dated January 13, 2026, (ECF 188), this Court entered a briefing schedule for that motion. Pursuant to those Orders, Robert respectfully submits this Motion and the accompanying Memorandum and supporting Declaration and Joint Record.

Since learning from Robert's counsel that David had deleted relevant Discord messages in 2024, David, Li Fen, and their counsel have pervasively and systematically abused the discovery process, violated Court orders, and blatantly ignored discovery rules. Specifically, they have reneged on discovery agreements; served deficient, inaccurate, late, and knowingly false discovery responses; made multiple false and misleading representations to the Court about the state of their discovery, including their collection, preservation, and destruction of relevant evidence; and met and conferred in bad faith. For example, after having represented to the Court in February 2025 that they had collected all potentially relevant data in both cases (in their brief opposing Robert's motion for a preservation order), they claimed, in September 2025, and without any justification, the need to re-collect all of the potentially relevant data in both cases. In doing so, they admitted that this "re-collection" would not include their prior collections of data. Indeed, they recently admitted that the "re-collection"—the only documents they are searching for and producing—is the *least* complete set of documents, because David *did* delete documents between the earlier collections and the "re-collection."

Their productions are messy and incomplete: they did not run adequate search terms, they did not review documents, they did not de-duplicate documents, and many documents are in unusable formats. The vast majority appear to be irrelevant and nonresponsive. This morass has required Robert and his lawyers to spend hundreds of needless hours rifling through David's disheveled discovery. The undersigned has raised all of these issues with David and Li Fen's

counsel on multiple occasions. Their response has been to criticize the meet-and-confer process altogether, volley *ad hominem* attacks on Robert's counsel, be unprepared to meaningfully participate in the meet and confer process, and intentionally delay and make misrepresentations about the state of their discovery. David, Li Fen, and their counsel's misconduct continues to this day.

As a result of this bad faith misconduct, and as set forth in the Proposed Order, the Court should award attorneys' fees and expenses for the time Robert's attorneys have spent trying to obtain David and Li Fen's compliance with their discovery obligations. In addition, the Court should dismiss *Yao v. Chen* (or, at a minimum, Counts III and IV) and enter a default judgment in *Chen v. Chen*, because the most relevant evidence for the claims and defenses in both cases is in David and Li Fen's possession, custody, or control, and they have persistently refused to comply with their discovery obligations. Li Fen and David have the evidence Robert needs to refute allegations that David and his father were not aware of Robert's discussions with Jump prior to the April 16, 2022, transfer of 10% interest in OtterSec to Robert (Counts III and IV in *Yao v. Chen*). Since David and Li Fen have refused to comply with their discovery obligations, these claims should not be permitted to stand. With respect to *Chen v. Chen*, David has the evidence about what changes he made to the codes, what codes were running, and where he diverted revenue from those codes. David's persistent noncompliance with discovery deprives Robert of this evidence and warrants a default judgment in *Chen v. Chen*. Finally, to the extent any claims remain in either case after the Court's disposition of this motion and the forthcoming motion for sanctions for spoliation, the Court should appoint a special master to oversee David and Li Fen's document discovery process.

Dated: March 5, 2026                                  Respectfully submitted,

 /s/ Rachel Clattenburg
Rachel M. Clattenburg
Christina M. Lamoureux
Justin A. DiCharia
Joshua A. Levy
Kevin P. Crenny
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Ste. 605
Washington DC 20006
Tel: 202-845-3215
Fax: 202-595-8253
rmc@levyfirestone.com
christinal@levyfirestone.com
jdicharia@levyfirestone.com
jal@levyfirestone.com
kcrenny@levyfirestone.com

*Attorneys for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC, and Plaintiffs Robert Chen and OtterSec LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2026, I caused the foregoing Motion and accompanying Memorandum, Rule 104.7 Certificate, Declaration, Joint Record, and Proposed Order to be served on all counsel of record.

/s/ Rachel Clattenburg