**Appendix 1**

**Table of Sanctionable Conduct**

| **Discovery Violations** | **Basis for Sanctions (Document Discovery)** |
|---|---|
| • Violations of this Court's Scheduling Order (ECF 129);<br><br>• Delaying discovery to "re-collect" David and Li Fen's documents, admittedly the least complete set of documents able to be collected due to David's deletions; only searching this re-collection;<br><br>• Production of document "dumps" of nonresponsive, irrelevant, documents;<br><br>• Production of documents in a format that was not the form in which the documents are ordinarily maintained or reasonably usable;<br><br>• Knowingly producing inauthentic, incomplete | **Orders and Rules violated**:<br><br>**ECF 129** (failing to substantially complete document discovery by Sept. 19, 2025)<br><br>**ECF 167** (failing to timely request a joint motion for extension of time)<br><br>**ECF 183 at items 3, 10, 11** (failing to produce all responsive documents; failing to disclose all Discord and Telegram sources being searched)<br><br>**Fed. R. Civ. P. 34** (failing to produce responsive documents, and failing to produce documents in a proper format)<br><br>**Sanctions warranted under:**<br>**Rules 16(f)(1)(C)** and **37(b)(2)(A)** for violating ECF 129; failing to timely meet and confer about, and request, a modification to the scheduling order, under ECF 167; and failing to produce all responsive discovery by January 20, 2026, as required by ECF 183. *See Brito v. New Life Healthy Living, LLC*, No. CV CJC-24-1124, 2025 WL 2638030, at *5 (D. Md. Sept. 9, 2025) (sanctions imposed for not being "diligent in locating and producing responsive records"); *see also Hare v. Opryland Hospitality, LLC*, No. DKC 09–0599, 2010 WL 3719915, at *3 (D. Md. Sept. 17, 2010) ("A court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril[.]") (quotation omitted). Their failure to run proper search terms should be treated as a failure to respond to requests for the production of documents, and a violation of the Court's Order (ECF 183) to produce all responsive documents by the corresponding deadlines.<br><br>**28 U.S.C. § 1927** for "[n]eedless [p]rolonging of [l]itigation for an [i]mproper [p]urpose," *Shank v. Eagle Techs., Inc.*, No. CIV.A. RWT-10-2231, 2013 WL 4442033, at *8 (D. Md. Aug. 15, 2013), *report and recommendation adopted sub nom. Shank v. Eagle Techs.*, No. CIV.A. RWT 10-2231, 2013 WL 5487865 (D. Md. Sept. 30, 2013), specifically: by insisting on re-collecting all of the (undeleted) data previously collected, insisting on searching only this least complete set of data, and thus knowingly not producing all responsive documents, and misleading the Court and Robert on the status of their discovery productions.<br><br>**Rule 26(g)** for document dumps, a "tactic" that "can bury relevant evidence and force the receiving party to expend considerable time and expense parsing through documents in order to glean information which |

**Appendix 1**

| | |
|---|---|
| documents (Fifth Production); and<br><br>• Failure to run adequate search terms, and to disclose sources being searched. | may be relevant," as this is exactly what Robert's counsel is having to do. *See John W. Daniel & Co., Inc. v. Durham Public Schools Bd. of Educ.*, No. 1:07CV61, 2008 WL 2781164, at *1 (M.D.N.C. March 7, 2008) ("It makes no sense for Plaintiff to argue, as it does in giving 40,000 documents to Defendants, that 'going through the documents is too burdensome for us, therefore you do it.'"). In addition, David's counsel improperly and falsely certified that they had produced all responsive documents, *see* ECF 190 at ¶¶ 3, 7, 9 (all contain improper certifications under Fed. R. Civ. P. 26(g)), and purport to state that David and Li Fen produced all responsive documents, which was false at the time and continues to be false). |
| **Discovery Violations** | **Basis for Sanctions (Written Discovery)** |
| • Failing to amend responses to First Set of RFPDs on Li Fen Yao in *Yao v. Chen* (served April 22, 2024);<br><br>• Failing to respond substantively to Second Set of RFPDs on Li Fen Yao in *Yao v. Chen* (served Oct. 4, 2024);<br><br>• Failing to amend responses to First Set of ROGs on Li Fen Yao in *Yao v. Chen* (served April 22, 2024);<br><br>• Failing to amend responses to Subpoena on David in *Yao v. Chen* (served June 6, 2024) after | **Efforts to secure compliance include:**<br><br>- **First Set of ROGs, First & Second Set of RFPDs, and Subpoena in *Yao v. Chen*:** two motions to compel (10/7/24, 11/11/24); five meet and confers (1/3/25, 1/8/25, 1/10/25, 5/12/25, 9/22/25); correspondence from Robert's counsel; Court Hearing; and Court Orders.<br><br>- **Second Set of ROGs in *Yao v. Chen*:** two motions to compel (5/16/25, 6/30/25); five meet and confers (5/12/25, 5/15/25, 6/26/25, 8/13/25, 8/20/25); correspondence from Robert's counsel; Court Hearing; and pending Spreadsheet (1/14/26).<br><br>- **First Set of ROGs and RFPDs in *Chen v. Chen*:** one motion to compel (7/22/25); three meet and confers (7/18/25, 8/20/25, 9/22/25); correspondence from Robert's counsel; Court Hearing; and pending Spreadsheet (1/14/26).<br><br>- **Second Set of ROGs and RFPDs in *Chen v. Chen*:** three meet and confers (9/22/25, 12/5/25, 12/17/25); correspondence from Robert's counsel; Court Hearing; Court Order; and pending Spreadsheet (1/14/26).<br><br>- **Subpoena on David:** Notice of Intent to File Motion to Compel (ECF 81); three meet and confers (1/3/25, 1/10/25, 5/12/25).<br><br>**Orders and Rules violated:**<br><br>**ECF 95** (engaging in bad faith meet and confers on 1/3/25, 1/8/25, 1/10/25, as evidenced by failure to amend responses to First Set of ROGs and First and Second Set of RFPDs in *Yao v. Chen*, as agreed);<br><br>**ECF 135 & 167** (engaging in bad faith meet and confer on 9/22/25 by representing that they had produced documents responsive to the |

2

**Appendix 1**

| | |
|---|---|
| David withdrew objections on Jan. 10, 2025;<br><br>• Failing to fully and accurately respond to Second Set of ROGs on Li Fen Yao in *Yao v. Chen* (served March 11, 2025);<br><br>• Failing to amend responses to First Set of RFPDs and ROGs on David in *Chen v. Chen* (served May 23, 2025); and<br><br>• Failing to amend responses to Second Set of RFPDs and ROGs on David in *Chen v. Chen* (served Aug. 15, 2025) | Subpoena on David in *Yao v. Chen* when that was not true, as evidenced by persistent failure to identify documents already produced; and failing to commit to amending ROGs and RFPDs, despite their January 2025 agreement to do so, *see* Decl. at ¶ 15);<br><br>**ECF 135** (engaging in bad faith meet and confers on 5/12/25, 5/15/25, 6/26/25, 8/13/25, and 8/20/25, as evidenced by persistent failure to provide accurate responses to Second Set of ROGs in *Yao v. Chen* despite two motions to compel).<br><br>**ECF 135** (engaging in bad faith meet and confer about first set of ROGs and RFPDs in *Chen v. Chen* on 7/18/25, as evidenced by the issues persisting in amended responses following this meet and confer).<br><br>**ECF 183 at items 2 (First and Second Set of RFPDs in *Yao v. Chen*) & 9 (responsive Discord messages)** (failing to amend by Nov. 24, 2025, and failing to identify documents already produced and provide written certification under Rule 26(g) by Nov. 24, 2025);<br><br>**ECF 183 at item 4 (First Set of ROGs in *Yao v. Chen*)** (failing to provide amended responses by Nov. 24, 2025)<br><br>**ECF 183 at item 6 (Second Set of ROGs and RFPDs in *Chen v. Chen*)** (failing to timely and fully respond, and failing to produce responsive documents by Nov. 24, 2025, and, given their document dumps since then, it is unclear whether all responsive documents have been produced, including documents sufficient to identify any Solend Liquidator Codes David has run (RFPD 21) and communications about Robert Chen (RFPD 24));<br><br>**ECF 183 at item 7 (Subpoena on David in *Yao v. Chen*)** (failing to identify documents already produced and provide written certification under Rule 26(g) by 11/24/25; David's counsel's later response (ECF 190) also did not identify or certify as to *any* specific RFPDs; failing to produce all responsive documents, as ordered in ECF 183).<br><br>**Rule 26(e)** for failing to "supplement or correct" ROG and RFPD responses that are "incomplete or incorrect," and to do so "in a timely manner";<br><br>**Rule 26(e)** for failing to supplement or correct interrogatory and RFPD responses "as ordered by the Court." *See* ECF 183, items 2, 4, 7 & 9.<br><br>**Rule 26(g)** for certifying responses to Second Set of ROGs in *Yao v. Chen* without conducting a reasonable inquiry, as evidenced by the false statements about the deletions of relevant evidence. |

**Rule 26(g)** for certifying evasive and incorrect discovery responses, *see* First and Second Set of ROGs in *Yao v. Chen*; First and Second Set of RFPDs in *Yao v. Chen*; First and Second Set of ROGs and RFPDs in *Chen v. Chen*. *See Branhaven, LLC v. BeefTek, Inc.*, 288 F.R.D. 386, 389-91 (D. Md. 2013).

**Rule 37(a)(4)** for providing "evasive or incomplete" responses and answers to discovery.

**Sanctions warranted under:**

**Rules 16(f)** and **37(b)(2)** for violating ECFs 95, 135, 167 & 183. In addition to violating this Court's Orders, David and Li Fen repeatedly served deficient discovery responses, and their document responses (which have not been amended as they agreed to do in January 2025), do not provide any meaningful information about what they are producing and what they are withholding. *See Branhaven*, 288 F.R.D. at 389 (awarding costs and fees against plaintiff and their counsel, whose misconduct included serving "essentially meaningless" responses to document requests when "plaintiff's counsel had done little, or nothing, in terms of a reasonable inquiry and indeed had no knowledge of the number and identity of responsive documents.")

**Rule 26(g) for:**

Failing to certify productions as ordered, ECF 183. *See Gardner-Alfred v. Fed. Rsrv. Bank of New York*, No. 22-CV-01585 (LJL), 2023 WL 3495091, at *14 (S.D.N.Y. May 17, 2023) (Rule 26(g) "carries with it the obligation on the responding party's counsel to monitor compliance so that all sources of discoverable information are identified and searched."), *aff'd,* 143 F.4th 51 (2d Cir. 2025) (quotation omitted); and

Repeatedly signing and serving false, evasive, or incomplete discovery responses. *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 506 (D. Md. 2000) ("Rule 26(g) is designed to curb discovery abuse by explicitly encouraging imposition of sanctions.") (quoting Advisory Committee Notes to 1983 Amendments to Fed. R. Civ. P. 26.)

**Rule 37(c)(1)(C)** for failing to supplement or correct discovery responses.

**Rule 37(d)(1)(A)(ii)** for violating Rule 37(a)(4) with evasive, incorrect, and incomplete answers and thus failing to disclose, answer, or respond to the requests.

**28 U.S.C. § 1927** for multiplying proceedings in bad faith by stalling the discovery process. *See Six v. Generations Fed. Credit Union*, 891 F.3d 508, 511 (4th Cir. 2018).

**Appendix 1**

|  | **The Court's inherent authority** to punish this bad conduct. *See Six*, 891 F.3d 508. |
|---|---|
| **Discovery Violations** | **Basis for Sanctions (Meet and Confers)** |
| David and Li Fen's counsel's bad faith conduct in meet and confers and communications with counsel (Decl. at ¶¶ 2–22) | **Sanctions warranted under:**<br><br>**The Court's inherent authority** to punish this bad conduct. *See, e.g., Paradyme Management, Inc. v. Curto*, No. PWG-17-3687, 2018 WL 9989656, at *4-5 (D. Md. 2018); *see also* Local Rules, Guideline 1.c. |

5