UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LI FEN YAO, as administrator of the Estate of Sam Mingsan Chen,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC,<br><br>　　　　Defendants. | Case No. 8:23-cv-00889-TDC-GLS |
| ROBERT CHEN and OTTERSEC LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID CHEN,<br><br>　　　　Defendant. | Case No. 8:24-cv-03628-TDC-GLS |

**PROPOSED ORDER GRANTING MOTION FOR SANCTIONS AGAINST DAVID CHEN, LI FEN YAO, AND THEIR COUNSEL**

　　Upon consideration of the Motion for Sanctions, the accompanying Memorandum and supporting declaration and exhibits, and any Opposition and Reply thereto, it is

　　**ORDERED** that the Motion is **GRANTED**. It is further

　　**ORDERED** that Counts III (Breach of Fiduciary Duty) and IV (Fraud) in *Yao v. Chen* are **DISMISSED WITH PREJUDICE**. It is further

　　**ORDERED** that **DEFAULT JUDGMENT** is entered against David Chen, in *Chen v. Chen*, and Robert Chen is awarded judgment in his favor in an amount to be determined by the Court after briefing on the issue. It is further

**ORDERED** that a special master be appointed, whose fees shall be paid by David Chen and Li Fen Yao, and the special master shall oversee document discovery by David Chen and Li Fen Yao for any claims remaining in the cases. It is further

**ORDERED** that David Chen, Li Fen Yao, and their counsel are jointly and severally liable for the total amount of attorneys' fees and expenses incurred by their bad faith conduct. It is further

**ORDERED** that counsel for Robert Chen, OtterSec LLC, RC Security LLC, and Otter Audits LLC, shall, within 21 days, submit a petition for fees and expenses, which shall include fees and expenses for the following work:

(A) Time spent on issues relating to David and Li Fen's deficient discovery responses to (1) the First and Second Set of RFPDs to Li Fen Yao in *Yao v. Chen*, (2) First and Second Set of ROGs to Li Fen Yao in *Yao v. Chen*, (3) Subpoena to David Chen in *Yao v. Chen*, (4) First Set of RFPDs and ROGs to David Chen in *Chen v. Chen*, and (5) Second Set of RFPDs and ROGs to David Chen in *Chen v. Chen*, including time spent:

- Identifying deficiencies with the above discovery responses to David Chen, Li Fen Yao, and their counsel;

- Preparing for meet and confers with David and Li Fen's counsel about David and Li Fen's deficient discovery responses;

- Meeting and conferring with David and Li Fen's counsel on outstanding discovery issues, including to educate them on what amended responses were required and to address and seek discovery previously agreed to in January 2025 and August 2025;

- Researching and drafting six motions to compel, served October 7, 2024; November 11, 2024; April 4, 2025; May 16, 2025; June 30, 2025; and July 22, 2025; and

- Preparing for and participating in hearings with the Court related to the discovery issues raised by Robert, including on April 29, 2025, and November 20, 2025.

(B) Time spent on issues relating to David and Li Fen's deficient document productions, including time spent:

- Reviewing David and Li Fen's defective Fifth Production, which consisted of incomplete and inauthentic documents;

- Drafting correspondence to David and Li Fen's counsel identifying the issues with the Fifth Production and providing comprehensive examples of the same;

- Researching and drafting ECF 161 which raised David and Li Fen's document production delay to the Court;

- Corresponding with, and meeting and conferring with, David and Li Fen's counsel concerning their re-collection of David's data;

- Reviewing David and Li Fen's productions from December 12, 2025, onward to confirm the inaccuracy of David and Li Fen's statements about the list of Discord and Telegram sources being searched;

- Reviewing David and Li Fen's productions made on or after December 12, 2025, which were not de-duplicated or reviewed for responsiveness prior to production and included mostly non-responsive and not relevant documents, including time spent:

    - Identifying documents produced in an unusable format;

    - Identifying documents that David and Li Fen should have produced in compliance with ECF 183, but did not;

    - Drafting correspondence to David and Li Fen's counsel concerning these issues; and

- With respect to search terms, researching and drafting correspondence and participating in meet and confers to educate David and Li Fen's counsel on the parties' prior agreements and why the existing search terms were deficient.

C) Time spent researching and drafting the instant Motion for Sanctions and the accompanying Memorandum and supporting declaration and exhibits.

D) Expenses incurred in processing and hosting all of David and Li Fen's productions of documents from December 24, 2024, onward.

**SO ORDERED**


Dated:_____          _____
                                        The Hon. Gina L. Simms
                                        UNITED STATES MAGISTRATE JUDGE