**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LI FEN YAO, as administrator of the Estate of Sam Mingsan Chen, | |
| Plaintiff, | Case No. 8:23-cv-00889-TDC-GLS |
| v. | |
| ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC, | |
| Defendants. | |
| ROBERT CHEN and OTTERSEC LLC, | |
| Plaintiffs, | Case No. 8:24-cv-03628-TDC-GLS |
| v. | |
| DAVID CHEN, | |
| Defendant. | |

**MOTION FOR SPOLIATION SANCTIONS PURSUANT TO RULE 37(e)**

Robert Chen, RC Security LLC, Otter Audits LLC (as defendants in *Yao v. Chen*) and OtterSec LLC and Robert Chen (as plaintiffs in *Chen v. Chen*) respectfully move this Court, pursuant to Federal Rule of Civil Procedure 37(e) for an award of sanctions against Li Fen Yao and David Chen and their counsel, based on their spoliation of evidence, for the reasons set forth in the accompanying Memorandum and supporting Declaration and Joint Record.

David Chen admitted to knowingly destroying thousands of relevant Discord messages, and he and his lawyers covered it up. David has admitted that he and his lawyers knowingly made a series of false and misleading statements to the Court— more than just those false statements identified in David's counsel August 19, 2025 Letter to the Court (ECF 157)—over several months

concerning his mass-destruction of and failure to preserve relevant and potentially relevant evidence. All the elements of Rule 37(e) have been met by clear and convincing evidence. The Court should dismiss *Yao v. Chen* and enter a default judgment against David, in *Chen v. Chen*.

When David Chen quit working for OtterSec on April 27, 2022, one of the first things he did was destroy company records relating to the very topic that he anticipated Robert would be suing him over— ownership of the Solend Liquidator Code and other codes ("the Codes") he took from OtterSec. Just two months later, OtterSec's counsel informed David's parents of the destructive actions David had taken. David's parents, Sam Chen and Li Fen Yao, took no steps to preserve the evidence they planned to use in their lawsuit against Robert (*Yao v. Chen*). Despite having control over electronically stored information (ESI) in the possession of their minor son, Sam and Li Fen did nothing to ensure that ESI relating to David's time at OtterSec, his relationship with Robert, or the use of the Codes was preserved. After Sam's death, Li Fen Yao relied entirely on information and documents from David in order to file and prosecute *Yao v. Chen*.

Within days of David's family filing *Yao v. Chen*, his cellphone became mysteriously inoperable, and David could no longer collect data from it. A forensic expert examining the phone has called David's explanation of how it broke both "highly unlikely" and "improbable." David, Li Fen, and their lawyers, however, did not inform Robert that the phone was broken *for over a year*. When they did so, David's and Li Fen's lawyers minimized the complete loss of data from David's phone by emphasizing that David used Discord and Telegram to conduct relevant communications. Ex. 1, J.R.0002, Email from S. Plotnick (May 17, 2024).

Two months later, however, David affirmatively mass-destroyed ***thousands*** of relevant Discord messages that he and his parents had failed to preserve. He did this in an effort to prevent Robert from discovering the evidence: to stop Robert from defending himself in *Yao v. Chen* and

to stop Robert from making his own case out in *Chen v. Chen*. He deleted over 17,000 Discord messages, including many that he has admitted were relevant to the claims and defenses in this action. He mass-deleted the vast majority of these Discord messages just *days* before taking steps to collect his ESI from his Discord account for purposes of Discovery. He and his lawyers then lied for *months*—to the Court and to opposing counsel—about the relevance of the ESI he destroyed. David testified that even though he had told his lawyers that relevant ESI had been destroyed, he "let them continue to tell the Court"—falsely—"that they didn't have any evidence of documents [he] destroyed that were relevant." Ex. 2, J.R.0040, D. Chen Feb. Tr. at 137:21–138:7. His false accounts of his actions continue to this day, as he just recently testified, for the first time and entirely implausibly, that he thought he collected ESI from his Discord account not "for [his] lawyers," but "for [his] own personal enjoyment," *id.* at J.R.0038, 130:9–13, even though he has already said otherwise in discovery responses.

David and Li Fen also failed to preserve David's Signal messages with a key witness in this case (Philip Papurt), and David also claims to have destroyed records of edits he made to the Codes he took from OtterSec before using it for his own ends.

David and Li Fen's misconduct has severely prejudiced Robert Chen, RC Security LLC, Otter Audits LLC, and OtterSec LLC (collectively, "Robert"). By destroying ESI relating to the development of the Codes at OtterSec and to his use of the Codes thereafter, David destroyed (and Li Fen failed to preserve) some of the best evidence supporting Robert's claims in *Chen v. Chen* and defenses in *Yao v. Chen*. David also destroyed contemporaneous evidence that might have undermined Li Fen's claims for Breach of Fiduciary Duty and Fraud in relation to Robert's conversations with Jump Crypto from the time period when David worked for OtterSec, and evidence that would have damaged David's credibility as a witness. Robert has been prejudiced in

3

that he and his counsel have had to spend over a year investigating this spoliation—with Li Fen, David, and their counsel lying and obstructing their efforts at every turn—rather than litigating these cases on the merits.

In light of this egregious misconduct shown by clear and convincing evidence, severe sanctions under Rule 37 are warranted. Especially when Li Fen and David's spoliation is viewed in conjunction with other sanctionable conduct by them and their counsel, as outlined in Robert's recent Motion for Sanctions against David Chen, Li Fen Yao, and Their Counsel (ECF 194) it is clear that *Yao v. Chen* should be dismissed and that a default judgment for Robert should be awarded in *Chen v. Chen*. Lesser sanctions should be awarded if any element of either case is permitted to proceed. These sanctions should include adverse jury instructions and a presumption of the unfavorability of the spoliated evidence. At a minimum, any jury should be permitted to hear argument on Li Fen and David's spoliation, they should be barred from introducing evidence on topics on which they failed to preserve evidence, and Li Fen and David should be ordered to pay Robert's legal fees incurred in relation with their spoliation.

Dated: March 19, 2026                     Respectfully submitted,

                                          /s/ Kevin P. Crenny
                                          Kevin P. Crenny
                                          Joshua A. Levy
                                          Rachel M. Clattenburg
                                          Justin A. DiCharia
                                          Christina M. Lamoureux
                                          LEVY FIRESTONE MUSE LLP
                                          900 17th St. NW, Ste. 605
                                          Washington DC 20006
                                          Tel: 202-845-3215
                                          Fax: 202-595-8253
                                          kcrenny@levyfirestone.com
                                          jal@levyfirestone.com
                                          rmc@levyfirestone.com
                                          jdicharia@levyfirestone.com
                                          christinal@levyfirestone.com

*Attorneys for Defendants Robert Chen, Otter Audits LLC, and RC Security LLC, and Plaintiffs Robert Chen and OtterSec LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2026, I caused the foregoing Motion and accompanying Memorandum, Appendix, Rule 104.7 Certificate, Declaration, Joint Record, and Proposed Order to be served on all counsel of record.

/s/ Kevin P. Crenny
Kevin P. Crenny
