**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LI FEN YAO, as administrator of the Estate of Sam Mingsan Chen, | |
| Plaintiff, | Case No. 8:23-cv-00889-TDC-GLS |
| v. | |
| ROBERT CHEN, OTTER AUDITS LLC, and RC SECURITY LLC, | |
| Defendants. | |
| ROBERT CHEN and OTTERSEC LLC, | |
| Plaintiffs, | Case No. 8:24-cv-03628-TDC-GLS |
| v. | |
| DAVID CHEN, | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING MOTION FOR
SPOLIATION SANCTIONS PURSUANT TO RULE 37(e)**

Upon consideration of the Motion for Sanctions Pursuant to Rule 37(e), the accompanying

Memorandum and supporting declaration and exhibits, and any Opposition and Reply thereto, it

is **ORDERED** that the Motion is **GRANTED**. Specifically, the Court finds that the following has

been established by clear and convincing evidence:

(1) The following Electronically Stored Information ("ESI") should have been preserved by Li

Fen Yao and David Chen:

a. A company computer server used by OtterSec LLC and virtual machines on that server;

b. Discord channels called #spl-token-lending-liquidator, #market-maker, and #solend-

liquidations on the OtterSec Discord server;

   c.  GitHub records of edits that David made to the Solend Liquidator Code in May 2022, after taking it from OtterSec;

   d.  Discord messages sent by David that were potentially relevant to this litigation, including but not limited to messages sent in the "AltTank" Discord server, in the "Save Team" Discord server, in the "Save (formerly Solend)" Discord server, in the "new clickbait" Discord server, in the "Jito Developers" or "Jito" Discord server, as well as messages sent in "direct message" conversations with persons including but not limited to Ally Guo (Discord user "closetduck");

   e.  Signal messages sent between David and Philip Papurt; and

   f.  ESI from David's Motorola "Moto E" smartphone that ceased operating on or around April 2, 2023.

(2) The above-listed ESI was lost:

   a.  David wiped the OtterSec computer server and virtual machines on April 27, 2022;

   b.  David deleted the Discord channels #spl-token-lending-liquidator, #market-maker, and #solend-liquidations and all messages sent in those channels on April 27, 2022;

   c.  David deleted, on May 21, 2022, GitHub records of edits he had made to the Solend Liquidator Code since taking it from OtterSec on April 27, 2022;

   d.  Between November 2, 2022 and May 4, 2025, David deleted over 17,000 messages that he had sent on Discord between as reflected in Exhibit 9 to the Declaration of Josh Levy in Support of Motion for Sanctions Pursuant to Rule 37(e), J.R.0256–604, 1094–99, including but not limited to messages from the above-listed Discord servers and direct message conversations;

e. Signal messages sent between David and Philip Papurt have been lost because the "disappearing messages" feature, which automatically deletes all messages in a conversation, was enabled on their Signal conversation and David Chen did not disable it; and

f. ESI from David's Motorola "Moto E" smartphone that ceased operating on or around April 2, 2023, and which neither Li Fen Yao or David Chen backed up.

(3) The loss of such ESI was due Li Fen Yao and David Chen's failure to take reasonable steps to preserve the ESI as follows:

a. David acted deliberately in wiping the OtterSec computer and virtual machines, in deleting the Discord channels #spl-token-lending-liquidator, #market-maker, and #solend-liquidations and all messages sent in those channels, in deleting GitHub records of edits he had made to the Solend Liquidator Code, and in deleting Discord messages, as described above;

b. David failed to disable the "disappearing messages" feature on his Signal conversation with Philip Papurt and failed to otherwise preserve any messages or other ESI from the conversation, despite having had the ability to do so;

c. David acted deliberately in causing in Motorola "Moto E" smartphone to cease operating on or around April 2, 2023;

d. Li Fen Yao and Sam Chen failed to take reasonable steps to preserve any of the above-listed ESI, including by failing to prevent David from deleting or destroying the ESI and by failing to take steps of their own to preserve the ESI before David could delete it, even after being on notice of David's destruction of ESI.

(4) None of the above-listed ESI can be restored or replaced.

(5) David Chen destroyed the above-listed ESI with the intent of depriving *Yao v. Chen* Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and *Chen v. Chen* Plaintiffs Robert Chen and OtterSec LLC of the information's use in litigation, and his motivations can be imputed to Li Fen Yao:

a.  David's motivations can be imputed to his parents, Sam Chen, and Li Fen Yao, in that they shared David's animosity toward Robert and together with David, strategized on how to take legal action against Robert and his companies. Sam and Li Fen took no steps to preserve ESI and/or to prevent David from deleting it, even after they knew that he had destroyed ESI that he should have preserved;

b.  The many false statements that Li Fen Yao and David and their counsel have made to the Court and to opposing counsel, and their shifting and implausible explanations for, and efforts to obfuscate, David's destruction of ESI make clear their shared intent to deprive opposing parties of the ESI;

c.  David Chen admits that one reason why he deleted ESI in this case was to deprive opposing parties of its use, Ex. 4, J.R.0138, D. Chen July Tr. at 20:10–18;

d.  David Chen admits that he deleted ESI to "annoy Robert [Chen]" while engaged in litigation against him, Ex. 4, J.R.0145, D. Chen July Tr. at 45:17–46:3;

e.  David Chen admits that he deleted ESI because he knew no one would be able to see it once it was deleted, Ex. 4, J.R.0152, D. Chen July Tr. at 75:17–22;

f.  The circumstances under which David Chen deleted ESI show that he hoped to undermine the opposing parties' case: David Chen's conversations from on and around April 27, 2022, when he started deleting ESI, show a desire to harm Robert Chen and an awareness of the value of Discord messages to the anticipated litigation;

g. David Chen deliberately deleted thousands of Discord messages just before collecting them for use in discovery;

h. David Chen admits that, in deleting messages from the "new clickbait" server, he "may have been" "trying to get rid of those messages for purposes of this litigation," so that they "wouldn't be part of this litigation," Ex. 4, J.R.0138, D. Chen July Tr. at 20:2–18, and that they would not have looked good for him if they were produced in litigation, *id.* at J.R.0140 (26:7–27:1);

i. David Chen's alternative explanations for why he deleted ESI from Discord are not credible or consistent with the evidence concerning what he deleted;

j. The circumstances under which David Chen failed to preserve his Signal conversations with Philip Papurt—in a new chat conversation that did not begin until after they had both received subpoenas —and the context of his prior relevant conversations with Philip Paurt, goes to show that he deliberately failed to preserve their Signal conversations in order to prevent them from being discovery and used in litigation;

k. The circumstances under which David Chen's Motorola "Moto E" smartphone ceased operating, and the implausibility of his explanation of what happened to it (as assessed by a forensic examiner agreed upon by the parties who called David Chen's account of the phone's breaking "highly unlikely" and "improbable"), goes to show that he deliberately caused the phone to malfunction when he knew he had not backed up its data.

(6) Defendants Robert Chen, Otter Audits LLC, and RC Security LLC and Plaintiffs Robert Chen and OtterSec LLC (together, "Robert") are prejudiced by the loss of such ESI, including in the following ways, among others:

5

a.  Because David Chen destroyed the above-listed ESI with the intent of depriving Robert of the information's use in litigation, it can be inferred that the *Yao v. Chen* Defendants and *Chen v. Chen* Plaintiffs were prejudiced by the loss of information that would have favored their positions, Fed. R. Civ. P. 37(e)(2) advisory comm. note to 2015 amendments;

b.  The OtterSec computer server, virtual machines, and Discord channels that David deleted on April 27, 2022 represented some of the best evidence for Robert's claims in *Chen v. Chen*, and evidence that supported Robert's defense, in *Yao v. Chen*, that David usurped a business opportunity that belonged to OtterSec when he took and used the Solend Liquidator Code and mSOL Market Maker Code;

c.  Discord messages that David deleted would have been relevant to *Yao v. Chen* and *Chen v. Chen* and cannot be discovered by Robert; in particular deleted messages that had been sent in key time periods—including (i) February to April 2022 when David was working for OtterSec; (ii) April 2022 when Li Fen Yao alleges Robert was negotiating with Jump and when David and Sam were transferring 10% of OtterSec to Robert; and (iii) September 2022 when Robert was selling OtterSec's assets—would have reflected David and/or Sam and/or Li Fen's contemporaneous thoughts and statements in these key periods, and David's intentional deletion of these suggests that they may have undermined his family's positions in litigation;

d.  Discord messages sent in the "new clickbait" server that related to the use of the Solend Liquidator Code in May 2022, and the GitHub records showing edits David made to the Code in that same month would have been relevant to what version of the Code David was using in May 2022, and would have been highly relevant to claims in *Chen v. Chen* and defenses in *Yao v. Chen*;

6

e.  Robert has also been prejudiced in that he and his counsel have had to spend over a year exploring David's intentional deletion of ESI and his and Li Fen Yao's failure to preserve it, and they and their counsel's persistent false statements and obfuscations. It is further

**ORDERED** that *Yao v. Chen* is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that **DEFAULT JUDGMENT** is entered against David Chen, in *Chen v. Chen*, and Robert Chen is awarded judgment in his favor in an amount to be determined by the Court after briefing on the issue. It is further

**ORDERED** that David Chen, Li Fen Yao, and their counsel are jointly and severally liable for the total amount of attorneys' fees and expenses incurred by their bad faith conduct. It is further

**ORDERED** that any jury in this case shall be instructed to presume that all of the above-listed destroyed ESI was unfavorable to Li Fen Yao and David Chen. It is further

**ORDERED** that the Court shall presume that all of the above-listed destroyed ESI was unfavorable to Li Fen Yao and David Chen. It is further

**ORDERED** that Robert Chen, OtterSec LLC, RC Security LLC, and Otter Audits LLC shall be permitted to present evidence and argument to the jury regarding the loss of ESI in this case, including but not limited to the above-listed ESI. It is further

**ORDERED** that Li Fen Yao and David Chen may not introduce evidence on topics on which David destroyed evidence. It is further

**ORDERED** that counsel for Robert Chen, OtterSec LLC, RC Security LLC, and Otter Audits LLC, shall, within 21 days, submit a petition for fees and expenses, which shall include fees and expenses for the following work:

(A) Time spent discovering the spoliation;

(B) Time spent bringing the spoliation to the attention of Li Fen and David's counsel;

7

(C) Time spent analyzing the likely content of the deleted messages, including the fees and expenses associated with the third-party subpoenas related to David's spoliation and reviewing third-party productions and party productions in connection with determining the likely content of the deleted messages;

(D) Time spent preparing for and attending meet and confers with David and Li Fen's counsel regarding spoliation issues;

(E) Time spent drafting and pursuing the motion for entry of a preservation order;

(F) Time spent researching, drafting, and otherwise pursuing motions to compel David and Li Fen's responses to discovery requests concerning their collection, preservation, and spoliation of ESI;

(G) Time spent preparing for, and taking, David's depositions regarding spoliation; and

(H) Time spent preparing this motion and supporting filings.


**<u>SO ORDERED</u>**


Dated:_____       _____

Gina L. Simms
UNITED STATES MAGISTRATE JUDGE

8