**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | | |
|---|---|---|
| **LI FEN YAO** *as Administrator of the Estate of Sam Mingsan Chen*,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT CHEN *et al.***,<br><br>Defendants/Consolidated Plaintiffs,<br><br>v.<br><br>**DAVID CHEN,**<br><br>Consolidated Defendant. | : | **Case No. TDC 23-889** |

**REPORT AND RECOMMENDATIONS REGARDING MOTION FOR SANCTIONS AND MOTION FOR SPOLIATION**

Pending before the Court[1] are the following two motions, which were filed by Robert Chen, RC Security, LLC, Otter Audits, LLC ("Defendants" in *Yao v. Chen*) and OtterSec, LLC and Robert Chen ("Plaintiffs" in *Chen v. Chen*) (collectively "Robert Chen/Entities"): (1) "Motion for Sanctions against David Chen, Li Fen Yao, and Their Counsel Pursuant to Rules 16(f), 26(g), 37(b)(2)(A), 37(c), 37(d), and 28 U.S.C. § 1927, and the Court's Inherent Authority" ("Sanctions Motion"),(ECF No. 194), a memorandum in support thereto ("Sanctions Memorandum," ECF No. 194-1) and exhibits (ECF Nos. 194-2 through 194-2); and (2) "Motion for Spoliation Sanctions Pursuant to Rule 37(e)("Spoliation Motion"), (ECF No. 197), and a memorandum in support thereto ("Spoliation Memorandum, ECF No. 197-1), accompanied by a "Full Annotated Timeline

[1] These now-consolidated cases have been referred to the undersigned for discovery and all related scheduling. (ECF No. 83).

of Deletions" (ECF No. 197-2, "Timeline"), and a declaration from counsel (ECF No. 197-3, "Levy Declaration").

Li Fen Yao ("Plaintiff" in *Yao v. Chen*) and David Chen ("Consolidated Defendant Chen" or "David Chen" in *Chen v. Chen*) (collectively "Li Fen Yao/David Chen"), have filed responses to the Sanctions Motion, (ECF Nos. 199 ("Sanctions Opposition"), 200, 200-1 through 200-3), and to the Spoliation Motion (ECF No. 205, "Spoliation Opposition"). Robert Chen/Entities have filed replies to the Sanctions Motion and Spoliation Motion. (ECF Nos. 203, 205, respectively). In addition, the parties have submitted a "Joint Record-Motion for Sanctions," which consists of more than 1,000 pages (ECF No. 204),[2] and a "Joint Record-Motion for Spoliation Sanctions," which consists of more than 2,400 pages (ECF No. 207).[3] The Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

As set forth herein, the undersigned recommends[4] that the Hon. Theodore Chuang deny the relief requested in the Sanctions Motion, but grant alternative relief. Regarding the Spoliation motion, the undersigned recommends that the district court deny the request to dismiss *Yao v. Chen* or enter default judgment in *Chen v. Chen*, but grant the request for alternative sanctions.

## I. PROCEDURAL BACKGROUND

Plaintiff Yao, acting as administrator of the estate of Sam Chen, instituted a lawsuit against the Defendants, asserting violations of the Lanham Act, 15 U.S.C. §1125(a), breach of fiduciary duty/aiding and abetting breach of fiduciary duty, fraud/aiding and abetting fraud, misappropriation, conversion, breach of contract, tortious interference with contract. (ECF No.

[2] This joint appendix contains 32 exhibits, with pages labelled J.R. 001-J.R. 1014. I will refer to citations in this record as, e.g., "S-J.R. 001."
[3] This joint appendix contains 95 exhibits, with pages labelled J.R. 001-J.R. 1014. I will refer to citations in this record as, e.g., "Sp.-J.R. 001."
[4] Because Robert Chen/Entities seek dispositive relief in both motions, the undersigned submits this Report and Recommendations pursuant to Local Rule 301.5(b).

1).[5]

Robert Chen and OtterSec, LLC("OtterSec") instituted a lawsuit against Defendant David Chen, asserting state law tort claims of conversion, breach of fiduciary duty, tortious interference with a prospective economic advantage, unjust enrichment, misappropriation of trade secretions, in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and misappropriation of trade secrets under the Uniform Trade Secrets Act, Wyo. Stat. Ann. §40-24-101. (ECF No. 126).[6]

After the Robert Chen/Entities filed a motion to dismiss, Plaintiff responded, and they filed a Reply, the district court issued a memorandum opinion and order denying the motion. (ECF Nos. 27-29 36). Subsequently, Robert Chen/Entities filed a motion for judgment on the pleadings, to which Plaintiff responded. (ECF Nos. 50, 89). The district court granted in part and denied in part the motion. (ECF Nos. 100-101). As is relevant for the Sanctions Motion and Spoliation Motion, narrower versions of Counts III (breach of fiduciary duty) and IV (fraud) remain part of the cases (*Id*.).

Thereafter, the district court consolidated the cases. (ECF No. 118). During the pendency of these matters, the Court has issued several Scheduling Orders and considered requests to modify the Scheduling Orders; *see, e.g.* ECF Nos. 39, 52, 71, 129, 167, 169, 176, 183, 186, 193. Discovery has been stayed per the request of the parties and pending the Court's resolution of the Sanctions Motion and Spoliation Motion. (ECF Nos. 208, 209).

## II. DISCUSSION: SANCTIONS MOTION

As a preliminary matter, I do not recommend that the district court appoint a special

---

[5] The Complaint in *Yao v. Chen* was filed on March 31, 2023. (ECF No. 1).

[6] In *Chen v. Chen*, Robert Chen initially filed a lawsuit against David Chen in the U.S. District Court, District of Wyoming on September 20, 2024, then amended the Complaint by adding OtterSec, on November 25, 2024. *See* Docket Sheet, PX 24-3628. The matter was later transferred to this Court on or about December 16, 2024. *Id*. The Honorable Theodore Chuang granted Robert Chen and OtterSec leave to file a Second Amended Complaint on April 8, 2025. (ECF No. 125).

master to oversee Li Fen Yao's/ David Chen's document production for several reasons. First, I do not believe that the factual and legal issues in these cases involve complex subject matter, nor does this case involve a large number of litigants. Second, Li Fen Yao/ David Chen do not consent to the appointment of a special master, which means that the district court would have to provide the parties with the ability to brief and argue the need for such appointment. *See* Fed. R. Civ. P. 53 (a)(1)(A), 53(b)(1). Third, I do not find that it is essential to the administration of justice to appoint a special master. *See generally Trull v. Dayco Products, LLC*, 178 F. App'x 247, 251 (4th Cir. 2006).

**A. Factual and Procedural Background**

Discovery in this case has been protracted and contentious. Indeed, at the time that the undersigned conducted the first discovery hearing, the Court admonished both sides about their accusatory and unprofessional behavior and their sweeping generalizations about what each side failed to do to advance discovery. (ECF No. 96, p. 7[7]). The hearing ended with the Court ordering counsel for the parties to meet and confer, in good faith, to discuss all discovery disputes before bringing them to the Court's attention. The meetings were to occur in front of a court reporter who would accurately memorialize each parties' positions, and the state of discovery. (*Id.*, p. 8; ECF No. 95). Subsequently, counsel for the parties met and conferred, discussing their discovery disputes in front of a court reporter. (ECF No. 204, "S-J.R;" S-J.R. 653 – 1014).

Later, the undersigned entertained a joint motion proposing amendments to the Scheduling Order. (ECF No. 123). The Court granted the motion, which meant that the then-operative Scheduling Order required substantial completion of document discovery by

[7] When using "p," the undersigned refers to the CM/ECF page numbers in the upper right-hand corner of a given document.

September 19, 2025, and completion of all fact discovery by November 14, 2025. (ECF No. 129).

When counsel for the parties next appeared before the undersigned for another discovery dispute hearing, the Court found that they had failed to follow the Court's order to meet and confer in good faith to discuss all discovery disputes in front of a court reporter. (ECF Nos. 134, 138, pp. 2-13). That hearing ended as the last one had, with the Court again admonishing counsel about their behavior and directing counsel to engage in good faith meet and confer sessions to resolve discovery disputes. (ECF Nos. 135, 138). Subsequently, more discovery disputes made their way before the undersigned without evidence of sufficient meet and confer efforts to resolve discovery disputes. (ECF No. 167). More important, at the time that this Letter Order was issued by the Court, the parties were reminded that substantial completion of discovery was to occur by September 19, 2025, and reminded them that if they were unable to meet that deadline, they had to file a joint motion to modify the Scheduling Order. (*Id.*)

Thereafter, counsel for the parties continued to meet and confer, discussing their discovery disputes in front of a court reporter. (ECF No. 168-1, pp. 1-372).[8] In addition, the parties often contentiously communicated with each other via email and via letter. *See, e.g.*, S-J.R. 002 - 005; S-J.R. 0034- 0040; S-J.R. 606 – 607; S-J.R. 617 – 631; S-J.R. 641 - 651). [9]

Despite the Court's clear order requiring a joint motion to extend discovery, Li Fen Yao/David Chen filed a motion to modify the Scheduling Order after the deadline imposed for substantial completion of discovery. (ECF No. 169). This motion sought to modify the Scheduling Order to allow for approximately 6 additional months for substantial completion of

[8] The undersigned has also reviewed the following transcripts: ECF No. 168-1, pp. 1-372 (certain transcripts during the period of May 9, 2025-September 22, 2025).

[9] The parties' meet-and-confer emails also reveal the protracted disputes. *See, e.g.*, ECF Nos. 168-2, 169-2, 176-4, 176-7, 177-1.

document discovery. (*Id.*). In seeking the extension, counsel for Li Fen Yao/David Chen first represented that "even though initial discovery responses and document production were initially being made in the *Yao v. Chen* portion of this case, almost all of those documents and discoverable information were David's documents and discoverable information. And, furthermore, the documents and discoverable information in *Yao v. Chen* is equally applicable in *Chen v. Chen*." (ECF No. 169, pp. 9-10). Counsel next represented that in *Yao v. Chen* "we have already reached the point of 'Substantial Completion of Document Discovery,'" and that for *Chen v. Chen* "we are close to reaching the point of 'Substantial Completion of Document Discovery.'" (*Id.*, p. 11). However, an extension of time was reportedly needed because the parties in *Chen v. Chen* had been unable to agree on a start date for the relevant discovery period in that case, which "effectively forced" the "re-collection" of "all documents, servers, data, equipment, information, etc., including all of David's Discord messages, from February 1, 2021 to April 17, 2025. (*Id.*, p. 8).[10]

The undersigned conducted a third discovery-dispute hearing with the parties, this time in-person, to resolve all pending discovery disputes, and with the aim of bringing discovery to a close via issuance of a final Scheduling Order. (ECF Nos. 182, 184). By the time of the third hearing, the parties had been fighting for approximately one year about discovery, the majority of the disputes being raised by Robert Chen/Entities who alleged that, despite the meet and confer sessions, Li Fen Yao/David Chen had repeatedly failed to provide discovery. (ECF No. 184, Transcript of November 20, 2025 Hearing ("Tr.") 2-5). During the hearing, the undersigned reminded the parties of all of the documents that I had again reviewed prior to the hearing related

[10] Counsel for Li Fen Yao/David Chen did notify the Court before the September 19 deadline and before seeking an extension of the Scheduling Order that the parties' e-vendor would be "re-collecting" all of David Chen's relevant digital footprint items. (ECF No. 162).

to those claims of non-production of discovery by Li Fen Yao/David Chen, which ultimately informed the Court's rulings that day. (ECF No. 184, Tr. 4 -5). Much of the hearing was devoted to trying to sort through what Li Fen Yao/David Chen had produced or failed to produce in response to discovery requests. (*Id.*, Tr. 3 – Tr. 178). The Court held at the hearing that there had not been substantial completion of document discovery by Li Fen Yao/David Chen, despite the Court's order, i.e., despite ECF No. 129. (*Id.*, Tr. 177-179). The Court further found that there had been continuous excuses made by prior and present counsel for Li Fen Yao/David Chen about why discovery had not been produced, and that there had been many delays in discovery. Counsel for Robert Chen/Entities had repeatedly made statements along the lines of "we will get back to you with an answer on why discovery had not been produced." At the hearing, the Court rejected these explanations, finding that they failed to eventuate in substantial completion of required document productions and written responses to discovery. Put another way, the Court found that Li Fen Yao/David Chen had failed to establish that they acted diligently in providing discovery. (ECF No. 184, Tr. 177-185).

Ultimately, the Court did allow brief extensions of time for discovery to be completed. (ECF No. 184, Tr. 2- Tr. 110; Tr. 112 – Tr. 185). Relatedly, as set forth in the chart below, the Court did allow further meet and confers on two categories of outstanding discovery: (a) in *Yao v. Chen*, Second Set of Interrogatories (served on March 11, 2025. Amended Responses received on August 30, 2025); and (b) in *Chen v. Chen*, First Set of Document Requests( served in May 2025. Amended responses received August 29, 2025(ECF No. 183).

The Court did not invite Li Fen Yao/David Chen to raise **new** objections to **any** of the outstanding discovery requests. Instead, the Court held:

> Okay. All right. Now, Mr. Giles and Mr. Lentz. As you know, I have said to Mr. Levy and his team that their letter—they can send me a letter

> by January 5th of 2026, right, addressing if they think there's some deficiencies.
>
> So let me just put it this way: I am not going to entertain a letter from you because my expectation is that you just produce everything. And let me say this to you, the time has long come and past (*sic*-court reporter error) to object to these requests. Again, except for, we are going to talk about the 2/1/21 start date. We're going to talk about that in a minute. I get that. But, you just need to be producing materials, okay? That's just—you just need to get them to them.
>
> You understand how I define relevance. You should look at the transcript, look at *O'Malley v. Trader Joe's*. It's really not up to you to decide hot it is that they can prove their case. That's not what the law says. It just isn't it at all. It just isn't it at all.
>
> And please read the transcript from the December hearing and the April hearing. It made it clear how I view relevance. So, any objection on relevance, it's not for you to define. Again, we are going to talk about the February 1st date in a second.
>
> And, proportional to the needs of the case, I mean, the unfortunate reality for you all is the way in which discovery has been produced or not produced, right, you really are not in a position to sort of stand there and say that what they're asking for is disproportionate, because you've actually failed to provide them with what they've asked in a sufficient time and sufficient manner to perhaps stop some of this other stuff that's happened, right?
>
> So that's why, so the record is clear, I'm not looking for a letter from you, I actually hope his letter says, Judge, we've done everything. That's what I'm hoping for, I really don't how to make that clearer, Mr. Giles. . .
>
> But, is there anything else you want to put on the record? I always let people be heard, Mr. Giles, anything else you want to say?
>
> Mr. Giles: Nothing, Your Honor.

(ECF No. 183, Tr. 110- Tr. 112). The record is clear that when given an opportunity to tell the Court that Li Fen Yao/David Chen intended to raise new objections to the outstanding discovery requests, counsel said nothing. (ECF No. 183, Tr. 1-Tr. 185). It bears repeating, then, that the

parties were directed only to submit spreadsheets to the undersigned reflecting the outcome of their future discussions about the then-existing disputes related **only** to the following: (a) in *Yao v. Chen*, Second Set of Interrogatories (served on March 11, 2025. Amended Responses received on August 30, 2025), which is Item #5 in ECF No. 183; and (b) in *Chen v. Chen*, First Set of Document Requests( served in May 2025. Amended responses received August 29, 2025), which is Item # 8 in ECF No. 183.[11]

The hearing ended with the Court issuing a revised Scheduling Order, with substantial completion of discovery to occur by January 20, 2026. (ECF No. 183). The Court also issued orders identifying particular dates for certain categories of discovery to be produced in *Yao v. Chen* and *Chen v. Chen* before that date. (*Id.*). For expediency's sake, the undesigned has inserted the relevant portions of the Order here:

| **Description of Event** | **Deadline** |
|---|---|
| 1. *Yao v. Chen*, First Set of Document Requests to Plaintiff Yao on October 4, 2024: (ECF No. 176, p. 11 ¶ 29) | |
| a. David Chen's tax returns | By no later than **November 24, 2025**, Plaintiff will produce these documents. |
| b. David Chen's documents concerning his use of the codes and other property that he took from OtterSec | By no later than **November 24, 2025**, Plaintiff will produce responsive documents and identify documents already produced. |
| c. Documents and communications concerning revenues or income from the codes and other property that David Chen took from OtterSec | By no later than **November 24, 2025**, Plaintiff will produce responsive documents and identify documents already produced. |
| d. Documents identifying all of David Chen's work and sources of income | By no later than **November 24, 2025**, Plaintiff will produce responsive documents and identify documents already produced. |
| e. Documents identifying David Chen's blockchain or digital | By no later than **November 24, 2025**, Plaintiff will produce responsive documents and |

[11] Thus, I do not find it reasonable to believe that the Court was inviting Li Fen Yao/David Chen to raise new arguments about why objected to having to produce discovery that had been outstanding for months or years. Such thinking would allow Li Fen Yao/David Chen to further delay discovery indefinitely.

| Description of Event | Deadline |
|---|---|
| wallets | identify documents already produced. |
| f. Documents concerning David Chen's deletion or loss of data on any mobile phone | During the hearing, counsel advised that he had no further information to produce. By no later than **November 24, 2025**, Plaintiff will provide a letter to that effect. |
| g. Documents showing any loss suffered by Plaintiff Yao, Sam Chen, or the Estate that Yao contends was caused by any of the Defendants | By no later than **December 12, 2025**, Plaintiff will produce all responsive documents. |
| h. Documents related to the alleged "bricking" of David Chen's phone | By no later than **November 24, 2025**, Plaintiff will produce responsive documents and identify documents already produced. |
| i. Communications between David Chen and any of OtterSec's clients after he stopped working for OtterSec | By no later than **November 24, 2025**, Plaintiff will produce responsive documents and identify documents already produced. |
| 2. *Yao v. Chen*: Amended Responses to First and Second Set of Document Requests (ECF No. 176, p. 11 ¶¶ 29-30) | By no later than **November 24, 2025**, Plaintiff will provide amended responses. |
| 3. Information from Discord, Signal, Telegram, X, Facebook, LinkedIn. (ECF No. 141) | By **November 24, 2025**, counsel for Robert Chen will write a letter to Plaintiff Yao of categories of documents believed to be responsive.<br><br>By **December 12, 2025**, Plaintiff will produce all responsive documents. |
| 4. *Yao v. Chen*:<br>First Set of Interrogatories to Yao (April 2024) | By **November 24, 2025**, Plaintiff will provide amended responses. |
| 5. *Yao v. Chen*: Second Set of Interrogatories served on March 11, 2025. Amended Responses received on August 30, 2025. | During the **week of December 1, 2025**, counsel will meet and confer and address any other issues. |
| 6. *Chen v. Chen*: David Chen's responses to Second Set of Document Requests and Second Set of Interrogatories (ECF No. 176, para 28) | By **November 24, 2025**, Plaintiff will provide responses and responsive documents. |
| 7. June 6, 2024, Subpoena to David Chen (two pages, 20 items) | By **November 24, 2025**, Plaintiff will identify documents already produced and provide written certification under Fed. R. Civ. P. 26(g). By **December 12, 2025**, Plaintiff will produce responsive documents. |
| 8. *Chen v. Chen*: First Set of Document Requests served in May 2025. Amended responses received August 29, 2025. | During the **week of December 1, 2025**, counsel will meet and confer. |

| **Description of Event** | **Deadline** |
|---|---|
| 9. *Yao v. Chen* and *Chen v. Chen*: Discord messages for the period of 2022 through 2023 | By **November 24, 2025**, Plaintiff will identify documents already produced and provide written certification under Fed. R. Civ. P. 26(g). |
| 10. *Yao v. Chen* and *Chen v. Chen*: List of Discord and Telegram channels (long spreadsheet) | By **November 24, 2025**, Plaintiff will identify documents already produced and provide written certification under Fed. R. Civ. P. 26(g). |
| 11. The period of time for the start of discovery in *Chen v. Chen* shall be at least September 5, 2021. The parties need to conduct a limited deposition of David Chen on December 10, 2025, which shall not exceed 1.5 hours. | After that December 10 deposition, all responsive materials, including Discord information, shall be produced. Production of **ALL** discovery material shall end by **January 20, 2026.** |

| **Description of Event** | **Deadline** |
|---|---|
| Substantial Completion of Document Discovery | **January 20, 2026** |
| Privilege log(s) by Plaintiff/Counter Defendant Li Fen Yao | **December 12, 2025**. If Robert Chen et al. have issues, they will advise the Court in their January 5, 2026, letter. |

(ECF No. 183). [12]

Roughly two weeks later, and one day after the Court had ordered substantial completion of discovery by January 20, 2026 counsel for Li Fen Yao/David Chen submitted another letter to the Court. (ECF No. 190). That letter appropriately updated the Court on some of the productions made by Li Fen Yao/David Chen, as required by the Court's last order. However, counsel also stated that Li Fen Yao/David Chen had not fully complied with the Court's last order. Two examples. First, with respect to ECF No. 183, Item #2, Li Fen Yao was required to provide amended responses by November 24, 2025. (ECF No. 183). Yet, roughly 60 days past

[12] Following the third discovery dispute hearing, the parties continued their contentious meet-and-confer sessions via email and in front of a court reporter. (S-J.R.041-190; S-J.R. 653- 1014). The parties timely submitted spreadsheets. (ECF No. 191).The parties also submitted spreadsheets related to David Chen's amended answers to the first set of interrogatories. (ECF No. 191). By separate order, the undersigned resolves the discovery disputes raised in these spreadsheets.

the production deadline, counsel inexplicably stated "[w]e will have to look at the First and Second Set of Document requests in *Yao v. Chen* from October and November 2024, and all of the supporting documents regarding the development of objections and the responses thereto by former counsel again and then provide a supplemental response to this item." (ECF No. 190, p. 5). On this topic, the letter is devoid of any justification for the failure to produce; it merely contains a statement about future action that Li Fen Yao would take. Second, despite being ordered to produce discovery by November 24, 2025 (*See* ECF No. 183, Items #1,4), counsel shared his inexplicable view that Li Fen Yao/David Chen had reserved the right to raise totally **new** objections to outstanding discovery disputes or could raise different views about how Li Fen Yao/David Chen were required to respond. (ECF No. 190, pp. 3, 5, 6).

**B. Parties' Arguments**

1. <u>Robert Chen/Entities</u>

In support of the Sanctions Motion, as I understand it, Robert Chen/Entities advance several arguments.

First, Robert Chen/Entities allege that counsel for Plaintiff and Consolidated Defendant Chen have engaged in pervasive "bad faith conduct" related to what they call "written discovery" (responses to requests for production of documents, "RFPDs" and Interrogatories, "Interrogs.") by providing false and deficient responses. According to Robert Chen/Entities, these responses remain deficient. This "bad faith" conduct related to written discovery has severely prejudiced them because "most relevant discovery in both cases is in David's possession only," and the failure of Plaintiff and David Chen to adequately respond has handicapped Robert Chen's/Entities' ability to understand what has been produced, which translates to their inability to adequately defend against the Complaint. (Sanctions Memorandum, pp. 21, 22, 25). For *Chen*

*v. Chen*, Consolidated Defendant Chen provided late and still-deficient responses to discovery. Counsel's and Consolidated Defendant Chen's misconduct has deprived Robert Chen of material evidence, including "what David stole, where he is running the stolen codes, and the damage this cause Robert and OtterSec." (Sanctions Memorandum, pp. 25-27). To support their arguments, Robert Chen/Entities rely upon many exhibits, including: S-J.R. 175; S-J.R. 385 – 605; S-J.R. 632-636 (Exhs. 4; 8-22, 28).

Second, Robert Chen/Entities allege that counsel for Plaintiff and Consolidated Defendant Chen have engaged in pervasive "bad faith conduct" related to "document discovery." They aver that Li Fen Yao/David Chen violated the operative Scheduling Order (ECF No. 129) by not substantially completing discovery by the deadline identified. They also contend that Li Fen Yao/David Chen misled the Court that they had substantially completed document discovery when they filed ECF No. 169.

Third, they allege that Li Fen Yao/David Chen are: (a) "searching the least complete set of documents and data in response to discovery requests:" (b) using inadequate search terms that do not sufficiently capture relevant documents; (c) not reviewing and de-duplicating documents before producing them; (d) producing "inauthentic documents" in their fifth production; and (e) refusing to provide a Discord and Telegram Source List.

Fourth, Robert Chen/Entities further contend that this "bad faith" conduct related to document productions has severely prejudiced them by depriving them of evidence that is material to establishing their defenses to Counts III and IV of *Yao v. Chen*, and to establishing their claims in *Chen v. Chen*. Relatedly, the "document dumps" that they have received have wasted time and were designed to "drive up" Robert Chen's/Entities' legal bills. (Sanctions Memorandum, pp. 17-18).

To support the second, third and fourth arguments, Robert Chen/Entities rely upon many exhibits, including: S-J.R. 45-50; S-J.R. 51; S-J.R. 112-116; S-J.R. 172-174;S-J.R. 552; S-J.R. 610-615; S-J.R. 619; S-J.R. 621-631; S-J.R. 637- 639; S-J.R. 644-649 (Exhs. 2, 3, 4, 17, 24, 25, 26, 27, 29, 30).

Turning to the Rules of Civil Procedure and the law, Robert Chen/ Entities first rely upon Fed. R. Civ. P. 16(f), 26(g), 37(b)(2)(A), 37(c), and 37(d) to support their requests for sanctions. Next, they rely upon 28 U.S.C. § 1927 and the Court's "inherent authority." The particular sanctions sought by Robert Chen/Entities are that the Court: (1) award attorneys' fees and expenses associated with counsel's efforts to obtain Plaintiff Yao's and David Chen's compliance with their discovery obligations; (2) dismiss *Yao v. Chen* in its entirety, "or, at a minimum, Counts III-IV," due to the failure of Plaintiff Yao and David Chen to comply with their discovery obligations; and (3) enter default judgment in *Chen v. Chen* in favor of Robert Chen because David Chen's failure to provide discovery has deprived Robert Chen of the evidence that he needs to establish his claims. (Sanctions Motion, p. 3). They also request appointment of a special master to oversee Li Fen Yao's/David Chen's "document discovery process." (Sanctions Memorandum, p. 33).

2. Plaintiff Li Fen Yao and David Chen

As I understand it, Plaintiff Yao and David Chen counter with several arguments. First, that Fed. R. Civ. P. 16(f) does not apply to these discovery disputes. (Sanctions Opposition, p. 8). Second, that the plain language of 28 U.S.C. § 1927 only applies to attorneys not Plaintiff Yao and Consolidated Defendant Chen.

Second, that Li Fen Yao/David Chen do not dispute any of the dates that the written discovery was served upon them, either in the many meet and confer sessions or when counsel

appeared before the Court, nor do they deny that they have been delayed in complying with these discovery requests or that they have failed to provide amended responses as ordered. Instead, they argue that Robert Chen/Entities have failed to establish by clear and convincing evidence that sanctions should be imposed related to David Chen's and Li Fen Yao's written discovery responses. To be clear, Li Fen Yao/David Chen do not deny that they have not amended their written discovery responses. Instead, they argue that Robert Chen/Entities have not been prejudiced by their conduct because: (a) for *Yao v. Chen*, regarding the first/second RPFD requests and subpoena to David Chen, documents (except those withheld for privilege) have been produced, so amended responses "adds nothing to this case;" (b) for *Yao v. Chen*, regarding the first set of Interrogs., discovery is still ongoing; indeed, no depositions have been requested or scheduled other than David's depositions related to spoliation, and "Robert can still do everything he could have done had amended answers been served;" (c) for *Yao v. Chen*, regarding the second set of Interrogs., "serving four sets of answers does not necessarily indicate" that Li Fen Yao/David have unnecessarily protracted litigation, and "any supposed prejudice has been cured by repeated depositions of David;" and (d) for *Chen v. Chen*, regarding the first/second sets of Interrogs. and RFPDs, discovery remains open, Robert Chen/Entities have only deposed David and another person, and they have not requested to take or taken the depositions of others. According to David Chen, there is "nothing that Robert has been unable to do, that he could have done had discovery responses been timely provided." (Sanctions Opposition, pp. 22-23, 25, 27, 28).

Third, regarding "document discovery," Li Fen Yao/David Chen do not dispute that David Chen deleted ESI during litigation. Nor do they dispute that: (a) they have been applying search terms only to the recollected data, and that the re-collected data does not contain the same

documents as existed in the 2024 and early 2025 productions; (b) they are not reviewing the documents that are coming up as responsive to search hits run on the re-collected data and (c) that they expect Robert Chen/Entities to only use the recent productions of re-collected data (and not the 2024 and early 2025 productions), as they are the "Master" documents. Instead, they argue that Robert Chen/Entities have failed to establish by clear and convincing evidence that sanctions should be imposed related to David Chen's and Li Fen Yao's document productions, as they cannot establish severe prejudice. In particular: (a) Li Fen Yao's/David's 2024 and early 2025 collection and productions of documents were done in good faith; (b) the Fall 2025 "re-collection" of David's documents, servers, data, equipment, information, including all of David's Discord messages ("re-collected data") was necessary; (c) a document-by-document review of the massive amounts of re-collected data would have been "wildly impractical, enormously burdensome, and not remotely proportional." Thus, the most logical approach was to use the agreed-upon search terms and review the documents for privilege, "which is what David and Li Fen did in this case;" (d) if the re-collected data productions included more documents than called for by the discovery requests, then this "is a foreseeable by-product of the insistence by Robert and his counsel on the use of overbroad search terms across millions of documents;" (e) there is no requirement for Li Fen Yao/David Chen to "review each document produced for responsiveness and/or [to] de-duplicate documents." It is enough for the productions to be made as such documents were kept I the ordinary course of business; and (f) Li Fen Yao/David Chen "corrected and withdrew their fifth production of documents." (Sanctions Opposition, pp. 13-21). In support of all of their arguments, Li Fen Yao/David Chen rely on exhibits, including: ECF Nos. 200, pp. 1-23 (Affidavit Exhibits A-D); 200-1 through 200-3.

Fourth, they object to the appointment of a special master. Finally, regarding Robert

Chen's/Entities' requests for dismissal of *Yao v. Chen* in its entirety, or of Counts III-IV and for entry of default judgment in *Chen v. Chen* are not warranted here. Regarding the request for monetary sanctions, these are not warranted. According to Li Fen Yao/David, none of their conduct is as bad as the conduct alleged in the cases upon which Robert Chen/Entities rely in their briefing. (Sanctions Opposition, pp. 29-31).

**C. Legal Standards and Analysis**

Fed. R. Civ. P. 37(b)(2)(A) provides that a court may impose sanctions upon a party for failure to comply with a discovery order to provide or permit discovery. Such sanctions include:

> (i) directing the matters embraced in the order or other designated facts to be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding or whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

As a general matter, under Rule 37, courts enjoy broad discretion when determining whether to impose sanctions. *See First. Am. Title Ins. Co. v. Borniva*, Civ. No. GJH 19-322, 2023 WL 1995410, at *3 (D. Md. Feb. 13, 2023). Relatedly, if a court imposes sanctions, the court enjoys wide discretion in determining which sanctions are most appropriate given the facts before it. *Mackin v. Charles Schwab & Co., Inc.*, Civ. No. 16-3923, 2019 WL 127364, at *1 (citing Charles Alan Wright, et al., Fed. Prac. & P. §2289 (3d ed. 2018)).

In deciding which sanction is proper, the Fourth Circuit requires analysis of the following four factors:

> (1)whether the non-complying party acted in bad faith; (2) the

> amount of prejudice that non-compliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3)the need for deterrence of the particular sort of non-compliance; and (4)the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citations omitted). In addition, if one factor is present or absent, this is not dispositive. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010).

Moreover, it is certainly true that a party's failure to obey a court's order to provide or permit discovery may result in dismissal of an action. *Hathcock v. Navistar Intern. Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). However, if dismissal is sought by a party, a court's discretion is narrower, "because [ a court's] desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977), *cert. denied*, 434 U.S 1020 (1978). Thus, a court is to impose dismissal as a sanction "sparingly," i.e., in "cases where a party is unresponsive or largely absent." *Mackin*, 2019 WL 127364, at *2 (citing *Mut. Fed. Sav. & Loan Ass'n*, *supra*, at 92).

Where a party seeks entry of default judgment, the court's discretion is also narrower "because [ a court's] desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. Thus, such a sanction is also reserved for the most flagrant of cases. *Anderson v. Found. for Advancement Educ. & Emp. of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998) (default judgment used as "a last-resort sanction").

Moreover, courts in this Circuit have imposed case-dispositive sanctions, like entry of default judgment or dismissal with prejudice, only after the non-compliant party receives "a

clear and explicit" warning that its failure to provide discovery could result in dismissal of that party's case with prejudice. See *Sadler v. Dimension Health Corp.*, 178 F.R.D. 56, 59-60 (D. Md. 1998)("even though the plaintiff's conduct. . . appear[ed] to suggest bad faith, prejudice to the Defendants, and the need for deterrence" court declined to dismiss plaintiff's case with prejudice in the absence of an explicit or clear warning that her failure to comply with the court's discovery orders might result in dismissal); *DeLoatch v. Baywood Hotels, Inc.*, Civ. No. JKB 18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020)(same); *see also Franklin v. Tri-Cnty. Council for the Lower E. Shore of Md.*, Civ. No. ELH 15-786, 2016 WL 3653966, at *4 (D. Md. July 8, 2016)("courts in the Fourth Circuit generally impose a dispositive sanction only in cases where the noncompliant party disregarded an earlier, lighter, sanction, such as. . . the payment of attorney's fees"), *report and recommendation adopted*, Civ. No. ELH- 15-786, 2016 WL 4060842 (D. Md. July 28, 2016).

Analyzing the aforementioned, then, the undersigned does not recommend dismissal of Counts III and/or IV in *Yao v. Chen*, nor do I recommend entry of default judgment in *Chen v. Chen*. First, Li Fen Yao/David Chen have not been warned that their failure to comply with the Court's orders could result in dismissal or entry of default judgment. *See Sadler*, *supra,* at 59-60; *DeLoatch*, *supra,* at *2. Second, there has not been an "earlier, lighter sanction, such as . . .the payment of attorney's fees" that Li Fen Yao/David Chen have ignored. *Franklin, supra,* 2016 WL 4060842.

1. <u>Written Discovery</u>

Having reviewed all of the evidence before me, I find that Robert Chen/Entities have produced sufficient evidence for me to find that Li Fen Yao/David Chen violated the Court's Order (ECF No. 183), which compelled them to produce written discovery by the deadlines

imposed. As of the date that the Sanctions Motion briefing had concluded, Li Fen Yao/David Chen had failed to abide by the following parts of ECF No. 183:

| **Event** | **Activity** |
|---|---|
| 2. *Yao v. Chen*: Amended Responses to First and Second Set of Document Requests (ECF No. 176, p. 11 ¶¶ 29-30) | Plaintiff Li Fen Yao failed to provided amended responses by **November 24, 2025**, |
| 3. Information from Discord, Signal, Telegram, X, Facebook, LinkedIn. (ECF No. 141) | Li Fen Yao failed to produce all responsive documents by **December 12, 2025.** |
| 4. *Yao v. Chen*: First Set of Interrogatories to Yao (April 2024) | Plaintiff Li Fen Yao failed to provided amended responses by **November 24, 2025**, |
| 6. *Chen v. Chen*: David Chen's responses to Second Set of Document Requests and Second Set of Interrogatories (ECF No. 176, para 28) | Plaintiff Li Fen Yao/David Chen failed to provided amended responses and responsive documents by **November 24, 2025.** |
| 7. June 6, 2024, Subpoena to David Chen (two pages, 20 items) | Counsel for Plaintiff Li Fen Yao/David Chen failed to identify documents produced and to provide a reliable certification under Rule 26(g) by **November 24, 2025,** and Plaintiff Li Fen Yao failed to provide responsive documents by **December 12, 2025.** |
| 9. *Yao v. Chen* and *Chen v. Chen*: Discord messages for the period of 2022 through 2023 | By **November 24, 2025**, Plaintiff will identify documents already produced and provide written certification under Fed. R. Civ. P. 26(g). |
| 10. *Yao v. Chen* and *Chen v. Chen*: List of Discord and Telegram channels (long spreadsheet) | Counsel for Plaintiff Li Fen Yao/David Chen failed to identify documents produced and to provide a reliable certification under Rule 26(g) by **November 24, 2025** |
| 11. The period of time for the start of discovery in *Chen v. Chen* shall be at least September 5, 2021. The parties need to conduct a limited deposition of David Chen on December 10, 2025, which shall not exceed 1.5 hours. | After that December 10 deposition, all responsive materials, including Discord information, shall be produced. Production of **ALL** discovery material did not occur before **January 20, 2026.** |
| Substantial Completion of Document Discovery | Plaintiff Li Fen Yao/David Chen failed to substantially complete document discovery by **January 20, 2026** |

2. <u>Document Discovery</u>

Having reviewed all of the evidence before me, I find that Robert Chen/Entities have produced sufficient evidence for me to find that Li Fen Yao/David Chen violated the Court's

Orders (ECF Nos. 129, 167, 183) by failing to substantially complete document discovery by the deadlines imposed, and have failed to timely produce complete and responsive document productions. Instead, their document productions have been drawn out, confusing, incomplete, and inadequate. *See, e.g.,* S-J.R. 175; S-J.R. 385 – 605; S-J.R. 632-636 (Exhs. 4; 8-22, 28); S-J.R. 45-50; S-J.R. 51; S-J.R. 112-116; S-J.R. 172-174;S-J.R. 552; S-J.R. 610-615; S-J.R. 619; S-J.R. 621-631; S-J.R. 637- 639; S-J.R. 644-649 (Exhs. 2, 3, 4, 17, 24, 25, 26, 27, 29, 30).[13]

Taking all of this together, then, I considered whether sanctions are appropriate. As a preliminary matter, the undersigned believes that Fed. R. Civ. P. 26(e) and Rule 37(b)(2) provide sufficient bases for the Court to analyzed when deciding whether to impose sanctions. [14] Next, the undersigned analyzed the facts and the four factors outlined in *Mut. Fed. Sav. & Loan Ass'n*.

3. Written Discovery and Document Discovery-Bad Faith

Regarding the first factor, bad faith, not only does Li Fen Yao's/David Chen's conduct

[13] Relatedly, despite the Court's clear admonition during the November 2025 hearing for all counsel to behave appropriately towards each other during the meet-and-confer process, I find that counsel for Li Fen Yao/David Chen has not always appeared to engage in the meet and confer process in a professional or productive manner. *See., e.g.,* S-J.R. 006 (used sarcastic language towards opposing counsel); S-J.R. 20-21, S-JR 45-46, S-J.R. 123-124, S-J.R612-14 (unprepared or last minute responses).

[14] On the record before me, I do not find that 28 U.S.C. §1927 provides a basis for sanctions. First, the statute only applies to attorneys and not to parties. *Baker v. Booz Allen Hamilton, Inc.*, Civ. No. RWT 06-889, 2008 WL 11425679, at *2 (D. Md. Oct. 31, 2008), *aff'd,*358 Fed. Appx. 476 (4th Cir. 2009). As set forth herein, the Court believes that sanctions against Li Fen Yao/David Chen are more appropriate. Second, sanctions will lie against an attorney under the statute only if there is a finding of counsel's "bad faith" conduct, which, other federal circuits have held "turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Yoder v. Conaway Racing & Trucking, LLC, et al.*, Civ No. LKG 23-1365, 2026 WL 524140, at *6 (D. Md. Feb. 26, 2026)(further citation omitted). In addition, "under 'the objective standard, bad faith encompasses 'extremely negligent' or 'reckless indifferent' conduct." *Yoder, supra*, at *6 (quoting *Zakalady Farmaceutyczne Polpharma, S.A. v. Kartha Pharms., Inc.,* Civ. No. 3:21-133 MOC-DCK, 2024 WL 203238, at *1 (W.D.N.C. Jan. 18, 2024)). On this record, while the undersigned finds counsel's behavior has had the effect of delaying/stalling discovery, the there is insufficient evidence that counsel's conduct is actually targeted to gain a tactical advantage (rather than having the practical effect of stalling litigation). Similarly, on this record, I do not find clear and convincing evidence that his conduct was extremely negligent or recklessly indifferent. Relatedly, the court need not rely on its inherent authority to punish the conduct here as there are other vehicles available. Regarding sanctions against counsel for Li Fen Yao/David Chen under Rule 26(g), if the topic is duty to preserve ESI, it is the parties' responsibilities to preserve ESI, not the attorney's. *Paisley Park Enters., Inc. v. Boxill* 330 F.R.D. 226, 234 (D. Minn. 2019)(Burden to preserve ESI rests with the parties, not attorneys). Regarding the allegations made in the Sanctions Memorandum, on the record before me, it is not clear that the certifications made by counsel for Li Fen Yao/David Chen violated Rule 26(g) without substantial justification. Only "if a certification violates this rule without substantial justification" must a court impose sanctions. Fed. R. Civ. P. 26(g)(3). Thus, I decline to recommend sanctions against counsel.

related to written and document discovery violate the Court's orders, but it also violates a party's ongoing duty under Rule 26(e) to supplement earlier Interrogs and RFPD responses. Next, Plaintiff Li Fen Yao/David Chen have not offered a persuasive reason for their failure to abide by the above-listed court orders. Instead, their evasive and non-persuasive responses about their non-compliance evidence a cavalier or indifferent attitude towards court orders. They seem to be saying that because some documents have been produced, requiring amended discovery responses and certification letters are unnecessary. (Sanctions Opposition, pp. 21-28).

Relatedly, at the time that the spreadsheets were submitted (ECF Nos. 190, 191), counsel admitted that certain written discovery responses still had not been supplemented, despite the Court's clear deadlines. however, as of the time of the motions briefing, Li Fen Yao/David Chen had still failed to fully comply with their duties to amend responses. Moreover, in their most recent letter, to the extent that counsel for Li Fen Yao/David Chen argue that they did not waive their right to object to RPFDs Nos. 5, 7 because the Court's November rulings did not preclude them from objecting, these arguments are unpersuasive. First, as set forth above, drawing such an inference is unreasonable given the Court's ruling at the third discovery dispute hearing. Second, given the long history of their delays in this case, and their repeated promises in the meet and confer sessions to produce materials responsive to these RFPDs, it is illogical to infer that this Court would allow them to continue to "kick the can down the road" and further delay discovery by raising new objections. Second, as held above, counsel for Li Fen Yao/David Chen never raised the issue before the Court that they would be positing future objections to written discovery.

Moreover, the record supports the inference that, in 2024 and early 2025, Li Fen

Yao/David Chen produced documents that they represented that the Robert Chen/Entities could consider responsive to the RFPDs propounded, only to later "recollect" documents from David (after he had deleted them), telling Robert Chen/Entities that they could treating the Fall 2025 and January 2026 productions as the "Master" set of documents. (S-J.R. 611). Thus, between in or about 2024-Fall 2025, i.e., for approximately one year, Robert Chen/Entities had been led to believe that they were working with a set of responsive documents only to be told to disregard those productions in favor the recollected set. (*Id.*). Accordingly, I find that Li Fen Yao/David Chen entities did not substantially complete document discovery by the time that ECF No. 129 was issued, nor had they done so by the time that ECF No. 169 was filed.

The failure to substantially complete discovery by the time that ECF No. 129 was entered and ECF No. 169 was filed, by themselves, does not amount to bad faith conduct related to document discovery. It is because the record supports the inferences that Li Fen Yao/David Chen: (a) "recollected" documents, but do not seem to be engaging in a meaningful review of the same, such that they can represent that they "recollected" document productions are pulling up relevant and responsive documents. (S-J.R. 112-116); (b) are not "de-duplicating documents" or doing anything more than "producing everything that hits on a search term (*Id.*); and (c) have, in effect, caused counsel for Robert Chen/Entities to have to look at two different "sets" of documents (pre-recollected set(s) and "recollected" documents). In the aggregate, all of the aforementioned amount to bad faith conduct related to document productions.

Noncompliance with the Court's discovery orders supports a finding of bad faith. *Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d at 93 ("pattern of indifference and disrespect for the authority of the court" support finding of bad faith); *see also LeCompte v. Manekin Constr.,*

*LLC*, 573 B.R. 187, 195 (D. Md.), *aff'd,* 706 F. Appx 811 (4th Cir. 2017)("bad faith can be established by 'noncompliance [or] haphazard compliance. . . [with] discovery orders")(citing *Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d at 93)); *Aerodyne Sys. Eng'g, Ltd. v. Heritage Int'l Bank*, 115 F.R.D. 281, 290 (non-compliance with court order demonstrated by "failure to respond to discovery requests on time, even with extensions," and failure to provide required discovery ordered by court). In addition, bad faith is evidence by a non-compliant party's "failure to provide a satisfactory reason why its discovery responses were not timely." *Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d at 93.

4. Written Discovery and Document Discovery-Prejudice

Analyzing the second factor, which relates to prejudice, the undersigned analyzed "whether the evidence withheld is material." *Johnson v. Diversified Consultants, Inc.*, Civ. No. PWG 15-1486, 2016 WL 146548, at *3 (D. Md. Apr. 13, 2016)(further citation omitted). Here, Robert Chen/Entities articulate that in order to defend against Counts III-IV in *Yao v. Chen*, they need discovery about what Li Fen Yao, David Chen and Sam Chen knew about the alleged negotiations that Robert Chen engaged in with a company called Jump before Sam Chen transferred a 10% membership interest in Otter Sec to Robert Chen. I find that this kind of evidence is material, as it relates to Plaintiff's claims in Counts III-IV. The failure to provide this discovery precludes Robert Chen/Enties from adequately preparing their defenses. *Johnson*, 2016 WL 146548, at *3. Next, in *Chen v. Chen*, Robert Chen/Entities need to understand, e.g., when David Chen stopped actively working for OtterSec, when he developed the Solend Liquidator Code, whether he altered data to conceal his theft, and whether sabotaged OtterSec's business, including by stealing company passwords and cryptocurrency wallet information. This kind of evidence seems equally likely to be in David's possession and

is material to helping Robert Chen/Entities in establish their causes of action. The failure to provide this discovery is material, as it precludes Robert Chen/Enties from adequately preparing their case. *Johnson*, 2016 WL 146548, at *3. Next, for more than one year, counsel for Robert Chen/Entities have had to persistently raise, and often raise again, the same issues about the Li Fen Yao's/David Chen's failures to provide document and written discovery. Relatedly, they were working for approximately one year with the 2024 and early 2025 document productions, only to be told by counsel to effectively ignore those productions in favor of the re-collected data. Thus, in effect, they wasted one year with the wrong set of documents, which has drastically slowed, and ultimately stalled, the pace of discovery.

5. Written Discovery and Document Discovery-Deterrence

Regarding the third factor, deterrence of non-compliance with a court's orders, I find that this factor is present. Li Fen Yao's/David Chen's "stalling and ignoring direct orders of the court. . . must obviously be deterred," as it "undermines the Court's ability to manage [a] case effectively and fairly." *Johnson*, 2016 WL 146548, at *8.

6. Written Discovery and Document Discovery-Efficacy of Less-Drastic Sanctions

Regarding the last factor, because discovery has not yet ended, I do not recommend that the district court "(i)[direct] the matters embraced in the order or other designated facts to be taken as established for purposes of the action, as the prevailing party claims," or "(ii) [prohibit] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *See* Rule 37(b)(2)(A)(i)-(ii).

However, because Li Fen Yao/David Chen have failed to amend their written discovery responses and have failed to timely provide a truly complete set of "re-collected" data and have failed to certify that these productions contain relevant and responsive materials, I find that a

less drastic sanction is appropriate.

Rule 37(b)(2)(C) provides that in lieu of or in addition to entering default judgment or dismissing the case, "the court must order the disobedient party. . .to pay reasonable expenses, including attorney's fees, caused by the failure." There are two exceptions to the mandatory imposition of attorney's fees, namely: (1) if "the failure was substantially justified" or (2) if "other circumstances make an award of expenses unjust." Rule 37(b)(2)(C). A party's actions can be "substantially justified" "if there is a 'genuine dispute' as to the proper resolution [of an issue], or if 'a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'' *Decision Insights, Inc. v. Sentia Grp, Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009)(quoting *Pierce v. Underwood,*, 487 U.S. 552, 565 (1988)).

I recommend that the district court order either Li Fen Yao or their counsel to pay the reasonable attorney's fees and costs incurred by Robert Chen/Entities for all of their reasonable efforts expended to try to obtain Li Fen Yao's/David Chen's compliance with the Court's discovery process. I so recommend because the record is clear that counsel for Robert Chen/Entities repeatedly tried for approximately one year to obtain Li Fen Yao's/David Chen's responses to their discovery requests via multiple meet and confer sessions to no avail. The record is also clear that even after the Court ordered Li Fen Yao/David Chen to comply with their outstanding discovery obligations, they continued to delay, raise new objections, and failed to provide document and written discovery. As a practical matter, they have left counsel for Robert Chen/Entities to sift through messy and incomplete discovery and have frustrated their attempts to timely and completely obtain discovery to which they are entitled.

Reviewing the record, I do not find that Li Fen Yao's/David Chen's failure to abide by

ECF No. 183 to be substantially justified. Rather, they concede that they failed to comply with the Court's order, but claim that Robert Chen/Entities cannot establish prejudice. Similarly, on this record, I do not find that other circumstances exist that would make the award of attorney's fees and expenses unjust.

Accordingly, I recommend that counsel for Robert Chen/Entities be permitted to submit a bill of costs and petition for attorneys' fees for all of their reasonable efforts expended to try to obtain Li Fen Yao's/David Chen's compliance with the Court's discovery process. I specifically recommend including the reasonable time and labor expended to author and file the sanctions motions and reply to the bill of costs and petition to be filed.

Regarding the timing of these filings, I recommend that they occur **AFTER** Li Fen Yao/David Chen comply with ECF No. 183, and this Order, by: (a) providing amended answers to the outstanding written discovery requests by no later than 45 days after this report and recommendation is adopted by the district court; (b) searching the "re-collected" data for relevant and responsive materials,[15] and producing the same by no later than 45 days after this report and recommendation is adopted by the district court.[16]

Put another way, after Li Fen Yao/David Chen have complied with their outstanding written and document discovery requests, the district court should permit Robert Chen/Entities to submit the fees and costs petition. I further recommend that 30 days after such filing(s), that Li Fen Yao/David Chen may file a response, which shall be limited to objecting to the reasonableness of the fees and costs sought.

[15] On this record, I cannot find that Li Fen Yao/David Chen are required to use the search terms proposed by Plaintiff because their search terms are inadequate. However, it strikes me that it might be prudent for them to use Plaintiff's search terms to be able to say "we used your terms and this is what we are producing, so you cannot argue bad faith document productions in the future."

[16] After the district court issues its opinion related to this Report and Recommendations, the undersigned will issue an Amended Scheduling Order.

## III. DISCUSSION- SPOLIATION MOTION

### A. The Parties' Arguments

Robert Chen/Entities seek an award of sanctions against Li Fen Yao, David Chen, and their counsel pursuant to Fed. R. Civ. P. 37(e)(2). Robert Chen/ Entities contend that they have met their burden by clear and convincing evidence to establish entitlement to sanctions in *Yao v. Chen* and *Chen v. Chen*. In support of their requests, they advance several arguments. First, that both Li Fen Yao and David Chen had a duty to preserve electronically stored information (ESI), including Discord data, and to preserve a phone used by David Chen. Second, that ESI was not preserved. Third, that the loss of ESI was due to the failure of Li Fen Yao to take reasonable steps to preserve the ESI, and that the loss of ESI was due to the failure of David Chen to take reasonable steps to preserve the ESI. Fourth, that the lost ESI cannot be restored or replaced via additional discovery. Fifth, that they have been prejudiced because they have been deprived of crucial evidence in this case. Sixth, that David Chen acted with intent to deprive them of ESI. According to Robert Chen/Entities, the sanction of dismissal of *Yao v. Chen* and entry of default against David in favor of them in *Chen v. Chen* are warranted under Rule 37(e)(2)(C). Alternatively, if the Court declines to impose these case dispositive sanctions, then they seek the following under Rule 37(e)(2) : adverse jury instruction and a presumption that the destroyed evidence was unfavorable to Li Fen Yao and David Chen. Relatedly, under Rule 37(e)(2), they seek an ability to argue to the jury regarding the spoliated evidence, and an order precluding Li Fen Yao and David Chen from introducing evidence "on topics on which David destroyed evidence." Finally, they seek order that Li Fen Yao and David Chen be required to pay their attorneys' fees and costs incurred as a result of their efforts to discover and litigate the spoliation. (Spoliation Memorandum, pp. 1-35).

Li Fen Yao and David Chen counter with several arguments. First, that Rule 37(e)(2) does not authorize sanctions against David Chen in *Yao v. Chen* because he is not a party to that action.[17] Second, that Li Fen Yao complied with her duty to preserve ESI and did not spoliate evidence. Relatedly, sanctions cannot be imposed against her because she did not have control over what she calls "David's ESI," and her son's conduct cannot be imputed to her. Third, they seem to be arguing that David Chen has expended significant monetary and other efforts to "recover missing information or ensure the production of as much potentially relevant information as possible." Fourth, that sanctions are inappropriate because Robert Chen/Entities fail to establish by clear and convincing evidence that either David Chen or Li Fen Yao had the intent to deprive them of the deleted ESI. Relatedly, Robert Chen/Entities fails to establish by clear and convincing evidence that they are prejudiced by the state of ESI on the cellular phone used by David.

**B. Factual and Procedural Background**

As set forth above, on March 31, 2023, Li Fen Yao initiates *Yao v. Chen*, and on March 26, 2024, the district court enters a Scheduling Order. (ECF Nos. 1, 39).

Robert Chen/Entities notified the Court that they sought entry of a protective order after receiving evidence via subpoena from an online messaging service called Discord that between in our about February 2023 until in or about November 2024 that David Chen had deleted approximately 17,000 Discord messages that he had sent. (ECF No. 107). Briefing and a hearing ensued, and ultimately the Court ordered David Chen to preserve all potentially relevant documents and data from any source, from in or about February 1, 2021 through April 17, 2025.

[17] Relatedly, they argue that Rule 37(e) does not authorize sanctions against Li Fen Yao in *Chen v. Chen*. I did not construe Robert Chen's/Entities' filings to be seeking imposition of sanctions against Li Fen Yao in that action. Thus, this Report and Recommendations does not address this argument.

(ECF Nos. 117, 121, 122, 134, 135, 139, 140-141) . Subsequently, after being presented with evidence that a digital forensic examiner was unable to extract data from David Chen's Motorola Moto E cellular phone, the Robert Chen entities were permitted to depose David Chen. (ECF Nos. 153-154). Following the deposition, David Chen filed a declaration to the Court admitting that he violated the preservation order entered, having failed to back up data from a particular server. (ECF No. 155-1).

The undersigned has reviewed the parties' exhibits in support of their respective filings. (Sp.-J.R. 001- Sp.-J.R. 2306; ECF Nos. 27-2, 28-5, 122-6, 205-1). The undersigned has evaluated the relevant facts to determine whether Plaintiff has met its burden, by clear and convincing evidence, to establish entitlement to sanctions.

In this section, the undersigned sets forth the facts that do not appear to be in dispute. I say that they are not in dispute because, in the Spoliation Opposition, Li Fen Yao and David do not offer any facts to counter them. Later in this Report and Recommendations, the undersigned analyzes the disputed facts relevant to the Court's Rule 37(e) analysis.

1. <u>Facts Related to Deletions of Data</u>

In or about 2019, David Chen and Robert Chen met each other through a cybersecurity competition. According to David Chen, he created a version of the Solend Liquidator Code on or about October 5, 2021. (Sp.-J.R. 1159). In or about 2021, David Chen used a chat application called Discord to communicate with Robert Chen about "Solend Liquidator Code" and " liquidations." (Sp. J.R. 0096-97). In or about February 2022, OtterSec was formed. In or about February 2022, David Chen shared a version of the Solend Liquidator Code with Robert Chen. Sp.-J.R. 1159).

Using the chat application, David Chen and Robert Chen discussed how OtterSec would use Discord. (ECF No. 28-5; Sp.-J.R.1383-1389). After OtterSec was formed, Robert Chen and David Chen continued to use Discord to communicate amongst themselves, OtterSec employees,

and/or others about several topics relevant to both cases, including: Solend Liquidator Code, Solend protocol, cryptocurrency. The Discord servers used by David Chen were: "AltTank," "Save Team," "Save(formerly Solend)," and "Jito". (Sp.-J.R. 004-196).

Between in or about February 2022-April 2022, David Chen and Robert Chen worked on the Solend Liquidator Code at OtterSec. (Sp.-J.R. 1159).

On or about April 27, 2022, David Chen quit his job at OtterSec; according to David Chen, he left because Robert Chen was having secretive discussions with a potential investor called Jump Trading Company about its potential acquisition of OtterSec. (Sp.-J.R. 1159). David Chen took the Code with him. (*Id.*). On or about that day, David Chen deleted ESI related to the computer codes (including the Solend Liquidator Code), and deleted three "channels" in Discord that OtterSec employees had been using to discuss various computer codes before he left. (Sp.-J.R. 0149, 1528-1531). In addition, David Chen "wipe[d]" Otter Sec's computer server, and "deleted the OtterSec 'virtual machines' from that server. (Sp.-J.R. 1145). David also told Robert and another individual (Philip Papurt) that he transferred intellectual property that he owned back to himself. (Sp.-J.R. 1115). David Chen and Robert Chen discussed whether David Chen owned all of the IP, with Robert saying "Also, i'd argue that you don't own all the ip cause i found the bugs we can litigate over it later." (Sp.-J.R. 1117).

In or about May 2022, David revised the Solend Liquidator Code "to correct and/or improve upon the previous work to the Code that had been undertaken by Robert Chen." (Sp.-J.R. 1159). During May 2022, he made profits on the Solend Liquidator Code as a direct result of those improvements. (*Id.*). Thereafter, he deleted the edits to the improved Solend Liquidator Code, and returned it back to a version that pre-dated the Solend Liquidator Code shared with Robert Chen and OtterSec in February 2022. (*Id.*; Sp.-J.R. 165).

On or about May 7, 2022, David Chen had a conversation with his friend, Ally Guo, about his departure from OtterSec and how his parents viewed OtterSec. In one of those e-conversations, they discuss whether David Chen should consider re-joining OtterSec, including his statements about his parents' views about Robert Chen and OtterSec. David Chen says " I kinda want to just not deal with him, idk why my parents are so insistent or like I do because they [expletive deleted] hate his guts. . ." and "they're saying to hand it all off to the lawyer to handle let the lawyer kick his [expletive deleted]."( Sp.-J.R. 1846-1853)

On or about On or about May 31, 2022, David Chen and his father, Sam Chen, hired an attorney to represent them in connection with their legal disputes against Robert Chen. (Sp.-J.R. 1125). At the time of hiring counsel, "the relevant or potentially relevant evidence that they knew of , identified, reasonably foresaw or otherwise understood. . .were David Chen's Discord account, Discord messages from the OtterSec Discord server that David Chen downloaded as of April 27, 2022, David Chen's Telegram account. . .David Chen's email account. . .and alias email addresses." (*Id.*). On or about June 23, 2022, a lawyer for OtterSec tells counsel for David Chen and Sam Chen that David Chen destroyed evidence related to their ongoing dispute that was located on Discord, and asks them to preserve relevant evidence. (Sp.-J.R. 1522-23).

Between in or about November 2022-March 2023, David Chen deletes Discord messages, including those related to the Solend Liquidator Code (Sp.-J.R. 256).

On March 31, 2023, Li Fen Yao initiates *Yao v. Chen*, and on March 26, 2024, the district court enters a Scheduling Order. (ECF Nos. 1, 39). On September 30, 2024, Robert Chen initiates the lawsuit *Chen v. Chen*.

Between in or about April 2023-September 2024, David deletes messages from Discord, including those related to the servers that contained data relevant to the litigation. (Sp.-J.R. 256-

59, Sp.-J.R 259-432, Sp.-J.R. 433, Sp.-J.R. 1136-37). Between in or about October 2024-April 2025, David continues to delete Discord messages, including messages that he had sent to Ally Guo. (Sp.-J.R. 136, Sp.-J.R. 178-349, Sp.-J.R. 433-604, Sp.-J.R. 1096-1110). David Chen and Li Fen Yao produced a spreadsheet related to David Chen's deleted Discord messages, which was annotated by him. (Sp.-J.R. 255-1099). The spreadsheets reveal—and David Chen later testified-- that he deleted data relevant to the instant litigation. (Sp.-J.R. 11, Sp.-J.R. 31, Sp.-J.R. 39-40, Sp.-J.R. 153, Sp.-J.R. 256-58, Sp.-J.R. 328-344, Sp.-J.R. 346-47, Sp.-J.R. 433, Sp.-J.R. 1038).

On or about December 5, 2024, Philip Papurt (OtterSec employee) received a subpoena from Robert Chen/Entities related to his online discussions with David Chen about topics relevant to this litigation. The evidence before me reflects that David Chen communicated with Philip Papurt via Discord and via Signal, an encrypted messaging platform. (Sp.-J.R. 147-153, Sp.-J.R. 1160-61, Sp.-J.R. 1474, Sp.-J.R. 1913, Sp.-J.R. 1947-48).

After receiving the subpoena, Philip Papurt and David Chen communicated on Signal about how Mr. Papurt turned on Signal's auto-delete of messages feature, which deletes messages after some period of time. (Sp.-J.R.45-46). David Chen testified that he did not disable this "auto-delete" feature on his messages in Signal for the period of in or about December 5, 2024-July 30, 2025, and that he knew that he could preserve his messages by turning of this feature. He also acknowledged that by not turning off this feature, the messages would be gone forever. (Sp.-J.R. 46).

Li Fen Yao has submitted an unsigned affidavit. (ECF No. 205-1). In the affidavit, Li Fen Yao first represents that she does not understand English fluently, as it is not her first language. (*Id.*, p. 2). Next, she represents that before filing the lawsuit, she knew very little about her son's

social media accounts and online activities other than what he told her. (*Id.*). In addition, she represents that she had no ability to control her son's online activities, is technologically unsophisticated, and had never instructed David Chen to delete, change, or render evidence unavailable to anyone. (*Id.*). She also represents "I have never accessed, and could not access, David's phone, or social media accounts. I relied upon David to determine what information she should preserve from those sources." (*Id.*). She further represents " I never accessed David's computers or servers on my own or without explicit instructions from David explaining to me what to do and how to do it. I could not have accessed them without them, and have never accessed them without him." (*Id.*).

Regarding whether the evidence deleted has been lost, my review of the evidence, yields to following. First, that David Chen testified that messages deleted from Discord are gone forever. (Sp.-J.R. 18). Second, efforts made to recover some deleted messages have not been fruitful. (Sp.-J.R. 152). Third, the ESI related to the computer codes (including the Solend Liquidator Code), deleted three "channels" in Discord that OtterSec employees had been using to discuss various computer codes and the "wiped" OtterSec computer server, and "deleted" OtterSec 'virtual machines' from that server are all gone. Fourth, Robert Chen's/Entities' abilities to obtain some deleted Discord messages have been unsuccessful. (ECF No. 197-3, pp. 37-38). Fifth, efforts to recover deleted messages from the Discord servers called "AltTank," "Save Team," "Save(formerly Solend)," and "Jito" have only been slightly successful; most of the messages are gone and cannot be recovered. (Sp.-J.R. 13, Sp.-J.R.18-19, Sp.-J.R. 24, Sp.-J.R. 138, Sp.-J.R. 256, Sp.-J.R. 327-342, Sp.-J.R. 433, Sp.-J.R. 1096, Sp.-J.R. 1136-38, Sp.-J.R. 136-62, Sp.-J.R. 1640-1773, Sp.-J.R. 1885-97).

In discovery, David Chen admitted to destroying some of the ESI for several reasons. For

example, David Chen admitted that, after he had received the June 6, 2024 subpoena for documents, one of the reasons that in July 2024 he deleted some of the e-data was to prevent these messages from seeing the light of day in litigation. (Sp.-J.R. 138). David Chen also admitted deleting other ESI to "annoy Robert." (Sp.-J.R. 145). In addition, David Chen admitted to deleting Discord messages so that no one could ever see them. (Sp.-J.R. 1522). Moreover, he admitted to deleting some of the messages because they might undermine his credibility in the litigation. (Sp.- J.R.140). Furthermore, during the life of discovery, David Chen's explanations as to why he has deleted discovery have shifted from one reason to another. (Sp.-J.R. 140-168).

2. David Chen's Cellular Phone

In May 2024, roughly 45-days after the Scheduling Order had been entered in *Yao v. Chen,* counsel for David Chen told counsel for Robert Chen/Entities that David Chen possessed a Motorola Moto E cellular phone, which he used between in or about August 2021-April 2023. (Sp.- J.R. 002). David Chen testified that in or about April or May 2022, as he was trying to install a new operating system on his phone, it "flashed," and he responded with a series of steps, including by returning the device to its factory settings. (Sp.-J.R. 160-61). Thereafter, the phone worked until on or about April 2, 2023, which is when David Chen claims the phone "ceased working" and "bricked." (Sp.- J.R. 002). David Chen told his mother, Li Fen Yao, that he purchased a new phone, a Google Pixel 7 Pro because he deemed the Motorola to be "old" and "unworthy" of any further efforts to repair it. (Sp.-J.R.1144). Li Fen Yao learned about the foregoing from David Chen. (Sp.-J.R. 1143). David Chen stored the Motorola phone in an unlocked cabinet in Li Fen Yao's house. (Sp.-J.R. 161).

David Chen's attempts to transfer text messages from the Motorola phone to the Google phone were unsuccessful. (Sp.- J.R. 002). David Chen admitted using the Motorola phone to send text messages. (*Id.*). There is some evidence in the record that David Chen communicated via text messages with his mother about Robert Chen and the Solend Liquidator Code **after** the Motorola phone "bricked,"

however, there is no evidence before me that he communicated with his mother via text messages before April 2023; apparently, no such text messages have been produced during discovery. (Sp.- J.R. 2275-2278; ECF No. 197-3, ¶ 107).

David Chen admitted that he did not back up his phone even though he knew for a few months before it "bricked" that his family was going to file a lawsuit against Robert Chen. (Sp.-J.R. 159).

According to a digital forensic examiner, it is "highly unlikely that the Motorola failed" as described by David Chen, because "phones do not 'brick' themselves for no apparent reason." (Sp.-J.R. 1268-69).

**C. Legal Standards and Analysis**

In this Circuit, spoliation has been defined as "the destruction or material alteration of evidence or the failure to preserve property" that a party could use as evidence "in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)(internal citations omitted); *see also Boone v. Everett.*, 751 F. App'x 400, 401 (4th Cir. 2019)(per curiam).

As is relevant here, a court derives its power to impose sanctions upon a party who spoliates ESI from Fed. R. Civ. P. 37(e), because Robert Chen/Entities allege that David Chen affirmatively destroyed ESI that he was under a duty to preserve and allege that Li Fen Yao was under a duty to preserve the ESI at issue and failed to take reasonable steps to preserve it.

In analyzing whether Rule 37(e) applies, a court must first determine that the following predicate elements exist:

> (1) if [ESI] that should have been preserved in the anticipation or conduct of litigation; (2) is lost; (3) because a party failed to take reasonable steps to preserve it; and (4) it cannot be restored or replaced through additional discovery.

Fed. R. Civ. P. 37(e). Thus, it is only if these criteria are met that a court then analyzes the two

different options available to determine whether sanctions are warranted. *Jennings v. Frostburg State Univ.*, 679 F.Supp.3d 240, 265 (D. Md. 2023); *Gov't Employees Health Ass'n v. Actelion Pharmaceuticals, LTD., et al.,* 343 F.R.D. 474, 481 (D. Md. 2023); *Mod. Remodeling v. Tripod Holdings, LLC*, Civ. No. CCB 19-1392, 2021 WL 3852323, at *10 (D. Md. Aug. 27, 2021)(citing *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 104 (E.D. Va. 2018)); *Shackelford v. Vivint Solar Developer, LLC*, Civ. No. ELH 19-954, 2020 WL 3488913, at *11 (D. Md. June 25, 2020); *see also Packrite, LLC v. Graphic Packaging Int'l, LLC*, Civ. No. 17-1019, 2020 WL 7133806, at *3 (M.D.N.C. Dec. 4, 2020), *report and recommendation adopted*, Civ. No. 17-1019, 2021 WL 9681472 (M.D.N.C. Jan. 6, 2021)(same).

If the threshold criteria are satisfied, then a court must next find that one of the following circumstances exist to merit imposition of sanctions:

> (1) upon finding prejudice to another party from the loss of the information, [a court] may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in litigation may [a court]: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume that the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(1); Fed. R. Civ. P. (e)(2)(A)-(e)(2)(C); *see also Mod. Remodeling*, 2021 WL 3852323, at *10 (if triggering criteria are met court next analyzes whether "spoliation resulted in prejudice under Rule 37(e)(1) or occurred with intent under Rule 37(e)(2) such that court ordered relief is appropriate").

The court enjoys "broad discretion in deciding whether to impose sanctions." *Al-Sabah v. Agbodjogbe*, Civ. No. ELH 17-730, 2019 WL 4447235, at *4 (D. Md. Sept. 17, 2019)(quoting *Steves & Sons,* 327 F.R.D. at 103).

The party seeking imposition of sanctions due to spoliation bears the burden of proof. *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). Because the Fourth Circuit has not yet articulated the standard of proof required to prevail on such a motion, "'clear and convincing evidence,' as opposed to [mere preponderance of the evidence] certainly suffices." *Glynn v. EDO Corp.*, Civ. No. JFM 07-1660, 2010 WL 3294347, at *2 (D. Md. Aug. 20, 2010); *see also Cooper v. Balt. Gas & Elec. Co.*, Civ. No. JRR 23-3116, 2025 WL 1416943, at *4 (D. Md. May 16, 2025). *Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 773 (D. Md. 2023).

In sum, the law is clear that Robert Chen/Entities, as the parties moving for spoliation sanctions, have the burden to put evidence before the Court and to demonstrate that all of the triggering elements are met under Rule 37(e). Then, assuming that Robert Chen/Entities meet their burden, only then does the Court determine whether they established by clear and convincing evidence that prejudice exists that requires curing, or whether intent to deprive exists, to warrant sanctions. *See* Fed. R. Civ. P. 37(e)(1), (e)(2); *see also*, 2015 Advisory Committee Notes to the 2015 Amendments.

1. Analysis of Four Predicate Elements-David Chen[18]

*a. Duty to Preserve*

Regarding the first element, it is worth stating that "there is no general duty to preserve documents, things or information, whether electronically stored or otherwise." *Victor Stanley,* 269 F.R.D. at 520. Rather, a party seeking spoliation sanctions must first establish that the party with the evidence had an obligation to preserve it. *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). Courts within this Circuit have found different scenarios that trigger the duty to preserve. For instance, correspondence that threatens litigation triggers a party's duty to preserve

[18] Sections III.C.1-6 relate only to the ESI on Discord, Signal, the servers, etc. Section III.C.7 relates to the ESI on David Chen's cellular phone.

evidence, because at that point a party has reason to anticipate litigation and implement a litigation hold to preserve evidence for use in the likely litigation. *Goodman v. Praxair Services, Inc.*, 632 F.Supp.2d 494, 511 (D. Md. 2009). A party's receipt of notice that another party intends to pursue a claim also triggers a duty to preserve. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 106 (E.D. Va. 2018).

The aforementioned list is not exhaustive; "indeed 'the absence of these things does not vitiate the independent obligation of an adverse party to preserve. . . information if th[at] party knows or should of impending litigation.'" *Jennings v. Frostburg State Univ.*, 679 F.Supp.3d 240, 292 (D. Md. 2023) (quoting *Steves and Sons, Inc.*, 327 F.R.D. at 106)(further citation omitted). Put another way, there are other circumstances that also trigger a party's duty to preserve. Specifically, a duty to preserve evidence exists "not only during litigation, but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri*, *supra,* 271 F.3d at 591 (further citation omitted); *see also Peppers v. Moubarek*, Civ. No. PWG-19-2346, 2020 WL 263491, at *2 (D. Md. Jan. 17, 2020). In such a scenario, a court must engage in a two-step inquiry: first, whether the party "should have reasonably anticipated litigation;" and second, whether "[a party] should reasonably have known that the evidence he deleted might be relevant to such litigation." *Modern Remodeling, Inc.*, *supra*, 2021 WL 3852323, at *6 (quoting *Steves and Sons, Inc. supra*, 327 F.R.D. at 105). Furthermore, the scenarios "imputing reasonable anticipation of litigation are 'highly case specific and fact dependent.'" *Jennings*, *supra*, 679 F.Supp.3d at 292 (quoting *In re: Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 512 (S.D.W. Va. 2014))

Analyzing the evidence, the Court finds that David Chen had a duty to preserve evidence by no later than April 27, 2022, the day that he quit his job at OtterSec. David Chen says that he

quit his job because Robert Chen was having secretive discussions with a potential investor called Jump Trading Company about its potential acquisition of OtterSec. (Sp.-J.R. 1159). David Chen took the Solend Liquidator Code with him. (*Id.*). On or about that day, David Chen deleted ESI related to the computer codes (including the Solend Liquidator Code), and deleted three "channels" in Discord that OtterSec employees had been using to discuss various computer codes before he left. (Sp.-J.R. 0149, 1528-1531). In addition, David Chen "wipe[d]" Otter Sec's computer server, and "deleted the OtterSec 'virtual machines' from that server. (Sp.-J.R. 1145). David also told Robert and another individual (Philip Papurt) that he transferred intellectual property that he owned back to himself. (Sp.-J.R. 1115). David Chen and Robert Chen discussed whether David Chen owned all of the IP, with Robert saying "Also, i'd argue that you don't own all the ip cause i found the bugs we can litigate over it later." (Sp.-J.R. 1117). Thus, the reasonable inference is that David Chen should have reasonably anticipated that there would be some litigation-e.g., Robert Chen might sue him or he might sue Robert Chen- and he reasonably should have known that all of the evidence that he deleted might be relevant to any litigation between them. *Modern Remodeling, Inc.*, *supra*, 2021 WL 3852323, at *6 (quoting *Steves and Sons, Inc. supra*, 327 F.R.D. at 105). Indeed, David Chen later testified that he deleted relevant information. *See, e.g.,* Sp.-J.R. 11, Sp.-J.R. 31, Sp.-J.R. 39-40, Sp.-J.R. 153, Sp.-J.R. 256-58, Sp.-J.R. 328-344, Sp.-J.R. 346-47, Sp.-J.R. 433, Sp.-J.R. 1038.

*b. Evidence is Lost*

The Court is satisfied that ESI has been lost. *See, e.g.*, Sp.-J.R. 13, Sp.-J.R.18-19, Sp.-J.R. 24, Sp.-J.R. 138, Sp.-J.R. 256, Sp.-J.R. 327-342, Sp.-J.R. 433, Sp.-J.R. 1096, Sp.-J.R. 1136-38, Sp.-J.R. 136-62, Sp.-J.R. 1640-1773, Sp.-J.R. 1885-97.

*c. No Reasonable Steps Undertaken to Preserve Evidence*

The evidence is clear that between in or about April 27, 2022 until in or about December July 25, 2025, David Chen failed to take reasonable steps to preserve evidence. Indeed, he destroyed evidence and/or failed to preserve evidence: when he quit his job at OtterSec, before *Yao v. Chen* was initiated after *Yao v. Chen* was initiated( i.e., he was under subpoena), after *Chen v. Chen* had been filed, and after the Court ordered him to preserve evidence. *See e.g.,* Sp.-J.R. 149, Sp.-J.R.165, Sp.-J.R. 1125, Sp.-J.R. 1145 Sp.-J.R. 1159, Sp.-J.R. 117, Sp.-J.R. 1522-1531, Sp.-J.R. 31, Sp.-J.R. 39-40, Sp.-J.R. 153, Sp.-J.R. 1038, Sp.-J.R.256-432, Sp.-J.R. 1136-38; Sp.-J.R. 138, Sp.- J.R.140-144, Sp.-J.R. 145-168, Sp.-J.R. 1522; ECF No. 155-1.

*d. Evidence Cannot Be Restored or Replaced through Additional Discovery*

The evidence is clear that the relevant evidence that has been destroyed cannot be restored or replaced through additional discovery. *See, e.g.* Sp.-J.R. 13, Sp.-J.R.18-19, Sp.-J.R. 24, Sp.-J.R. 138, Sp.-J.R. 152, Sp.-J.R. 256, Sp.-J.R. 327-342, Sp.-J.R. 433, Sp.-J.R. 1096, Sp.-J.R. 1136-38, Sp.-J.R. 136-62, Sp.-J.R. 1640-1773, Sp.-J.R. 1885-97; ECF No. 197-3, pp. 37-3

I specifically recommend that the district court find that all four predicates have been met under Rule 37(e) as to David Chen in *Chen v. Chen*.

2. Analysis of Rule 37(e)(1)- David Chen

Having found the four prerequisites met, the Court analyzed whether Rober Chen/Entities have been prejudiced by David Chen's conduct.

The Court finds that clear and convincing evidence exists that Robert Chen/Entities have been prejudiced by David Chen's deletions and failure to preserve. David deletes messages from Discord, including those related to the servers that contained data relevant to the litigation. (Sp.-J.R. 256-59, Sp.-J.R 259-432, Sp.-J.R. 433, Sp.-J.R. 1136-37). The spreadsheets reveal—and

David Chen later testified-- that he deleted data relevant to the instant litigation. (Sp.-J.R. 11, Sp.-J.R. 31, Sp.-J.R. 39-40, Sp.-J.R. 153, Sp.-J.R. 256-58, Sp.-J.R. 328-344, Sp.-J.R. 346-47, Sp.-J.R. 433, Sp.-J.R. 1038). By way of example only, without the deleted ESI, especially related to the deleted and changed Solend Liquidator Code, Robert Chen/Entities have certainly been prejudiced; they have been deprived of *some* of the ESI that would enable them to advance their claims in *Chen v. Chen*. On the record before the Court, it is not crystal clear that Robert Chen/Entities have been deprived of *all* of ESI that is essential to establishing their underlying claims. Therefore, I recommend that the district court find such prejudice sufficient to trigger Rule 37(e)(1), because "as a result of the spoliation, the party claiming spoliation cannot present '[at least some] evidence essential to its underlying claim.'" *See Al-Sabah v. Agbodjogbe*, Civ. No. ELH 17-730, 2019 WL 4447235, at *5 (D. Md. Sept. 17, 2019)(quoting *Victor Stanley*, 269 F.R.D at 522-23)). In short, I am recommending the imposition of sanctions against David Chen in *Chen v. Chen*.

Having found prejudice, the Court's duty is to determine which measures are necessary to cure the prejudice. Because I have found prejudice under Rule 37(e)(1), I recommend that at an adverse jury instruction is appropriate S*ee Mod. Remodeling*, 2021 WL 3852323, at *10; *Cooper* 2025 WL 1416943, at *4.

In addition, I find appropriate at this time under Rule 37(e)(1) is the imposition of attorney's fees and costs for all of counsel's reasonable efforts expended to try to unearth and understand the extent of David Chen's destruction of ESI, including the briefing related to the spoliation motion. *Victor Stanley*, 269 F.R.D. at 533-34 .

Regarding the timing of these filings, I do not see any reason to delay such filings. Therefore, I recommend that by no later than 45 days after this report and recommendation is

adopted by the district court, the bill of costs and fee petition can be filed. I further recommend that 30 days after such filing(s), that David Chen may file a response, which shall be limited to objecting to the reasonableness of the fees and costs sought.

3. Analysis of Rule 37(e)(2)- David Chen

Robert Chen/Entities seek entry of default judgment in *Chen v. Chen*. In order obtain a sanction under Rule 37(e)(2), a court must find that David Chen acted with intent to deprive the opposing party of the ESI. *Mod. Remodeling*, 2021 WL 3852323, at *10.

Having reviewed the record, it is a bit of a closer call on whether Robert Chen/Entities have met their burden that Consolidated Defendant David Chen acted with intent to deprive them of ESI relevant to their claims. There are several facts that support the reasonable inference that Consolidated Defendant David Chen acted with intent to deprive Plaintiff Robert Chen/Entities of several different types of ESI and that some of the ESI cannot be recovered. However, on this record, it is not entirely clear that all of the ESI relevant and material to establishing Robert Chen/Entities' claims is gone. In addition, the Court is deeply troubled by the shifting narratives offered by David Chen as to whether certain evidence was destroyed and why it was destroyed.

However, present counsel for Consolidated Defendant David Chen has recollected ESI, and it is not entirely clear what David Chen meant when he said that deleted some ESI because he wanted to "annoy" Robert. In addition, there has been a suggestion that some of the David Chen's deletions were because he did not want anyone to hear about his personal life, not because of litigation. Furthermore, on this record, Mr. Papurt had the duty to turn off the "auto-delete" message feature in Signal, not David Chen.

Therefore, I recommend that the district court order David Chen to provide a list of all ESI upon which David Chen would rely to defend against *Chen v. Chen*. With that

particularized list, it can be cross-checked against the specific ESI deleted and compared with all of the evidence left for Robert Chen/Entities have to advance their claims.. At that juncture, a logical sorting through of whether David Chen acted with intent to deprive Robert Chen/Entities of ESI relevant to the case can occur. Once this occurs, then the district court will be in a better position to determine whether David Chen acted with intent to deprive Robert Chen/Entities of the use of relevant information, which may lead to default judgment.

Even in the absence of intent to deprive sufficient to warrant default judgment, I recommend that at an adverse jury instruction is appropriate because I have found prejudice under Rule 37(e)(1). S*ee Mod. Remodeling*, 2021 WL 3852323, at *10; *Cooper* 2025 WL 1416943, at *4.

Finally, I recommend that the district court now find that it appropriate to sanction David Chen by imposing attorney's fees and costs for all of counsel's reasonable efforts expended to try to unearth and understand the extent of David Chen's destruction of ESI, including the briefing related to the spoliation motion. *Victor Stanley, supra*, at 533-34.

4. Analysis of Four Predicate Elements-Li Fen Yao

*a. Duty to Preserve*

Analyzing the evidence, and following the case law identified above in Section III.C.1.a., the Court could find that a reasonable inference exists that Li Fen Yao had a duty to preserve evidence by no later than in or about May 2022, when she could be found to have reasonably anticipated litigation. This finding seems somewhat supported by David Chen's conversation with Ally Guo, during which he discussed his parents' views on litigation against Robert Chen. (Sp.-J.R. 1846-1853). From that point in time, she had a duty to prevent the destruction of evidence that it was reasonably foreseeable that she would use to advance her any litigation that

she contemplated against Robert Chen/Entities. *Silvestri*, 271 F.3d at 591.

Assuming, *arguendo,* there is insufficient evidence that litigation against Robert Chen/Entities was not reasonably foreseeable at that time, the evidence is abundantly clear that Li Fen Yao's duty to preserve ESI arose by no later than March 31, 2023, the day that she filed her lawsuit. At that point, she was a party, and her duty to preserve under Rule 37(e) clearly attached. Her duty to preserve ESI continues to this day, as discovery has not closed. *Silvestri*, 271 F.3d at 591.

*b. Evidence is Lost*

As held previously, the Court is satisfied that ESI has been lost. *See, e.g.*, Sp.-J.R. 13, Sp.-J.R.18-19, Sp.-J.R. 24, Sp.-J.R. 138, Sp.-J.R. 256, Sp.-J.R. 327-342, Sp.-J.R. 433, Sp.-J.R. 1096, Sp.-J.R. 1136-38, Sp.-J.R. 136-62, Sp.-J.R. 1640-1773, Sp.-J.R. 1885-97.

*c. No Reasonable Steps Undertaken to Preserve Evidence*

There is a question that must be answered as to whether Li Fen Yao, a party, can be held to have violated her duty to preserve ESI relevant to *Yao v. Chen,* given the reality that David Chen –a non-party-destroyed ESI. As set forth immediately below, I ultimately recommend that the district court find that the evidence is clear that, between in or about March 31, 2023 until *at least* in or about December July 25, 2025, Li Fen Yao failed to take reasonable steps to ensure that ESI relevant to *Yao v. Chen* was not lost.

In *Goodman v. Praxair Services, Inc.*, *supra*, the court confronted whether a corporate entity ("Business #1") had a relationship with another business ("Business #2") such that Business #2 was an agent of Business #1. If Business #2 was an agent, then any ESI in Business' #2 possession (acquired via an employee) was owned by Business #1, and Business #1 had duty to preserve ESI and to prevent its spoliation in litigation. To answer that question of agency and

control, the *Goodman* court analyzed a case called *In re: NTL, Inc. Secs. Litig.*, 244 F.R.D. 179 (S.D.N.Y 2007), which related to " 'control' in the context of a party's obligation to respond to a Rule 34 request for production of documents." 632 F.Supp.2d at 515. The *Goodman* court held that the holdings in *In re: NTL* offered "helpful guidance" to aid it in the question of whether Business #1 had the sufficient legal authority or practical ability to ensure that Business #2 preserved certain documents (created by its employee). *Id.* The court in *In re: NTL*, held that Rule 34 permitted a party to seek ESI in the "possession, custody, or control" of another party, and that the "control" under Rule 34 "would not require a party to have legal ownership or actual physical possession of any documents at issue." Rather, documents are in the control of a party "when that party has 'the right, authority, or practical ability to obtain the documents from a non-party to the action.'" *Goodman*, 632 F.Supp.2d at 515 (quoting *In re: NTL*, 244 F.R.D. at 195)(further citation omitted). Ultimately, the *Goodman* court held that Business #1 lacked sufficient legal authority or the practical ability to ensure that Business #2 preserved certain documents (created by its employee).

Using the logic of *Goodman,* based on the evidence before me, I recommend that the district court find that Li Fen Yao, as a practical matter, had sufficient control over the ESI possessed by David Chen, yet she chose to reasonably act to prevent her son from destroying relevant ESI. While it is certainly true that Li Fen Yao did not destroy ESI and that David Chen, destroyed the evidence, that does not end the analysis.

As a preliminary matter, there cannot be any dispute that Li Fen Yao has regularly relied upon the ESI in David Chen's possession to advance her litigation. First, when filing ECF No. 169, counsel for Li Fen Yao/David Chen represented that "even though initial discovery responses and document production were initially being made in the *Yao v. Chen* portion of this

case, almost all of those documents and discoverable information were David's documents and discoverable information. And, furthermore, the documents and discoverable information in *Yao v. Chen* is equally applicable in *Chen v. Chen*." (ECF No. 169, pp. 9-10). Second, throughout this litigation, Li Fen Yao has regularly relied upon the David Chen's ESI to file a motion, and to respond to discovery requests propounded upon her. *See, e.g.,* ECF No. 28-5; Sp.-J.R. 1120-1149, Sp.-J.R. 1300-1350, Sp.-J.R. 1417-1466. Third, Li Fen Yao stated in her unsigned affidavit that she access her son's computers and services with the aid of explicit instructions from him. (ECF No. 205-1, p.2). Next, Li Fen Yao seems to suggest that she was completely unaware of any ESI that David Chen destroyed, and that she had not ability to control her son. *See, e.g.* (ECF No. 205-1, p. 2). The Court disagrees.

Per the logic of *Goodman*, I find that the clear evidence supports the inference that Li Fen Yao had the practical ability to obtain documents from David Chen, and she regularly relied upon his data as a source to advance her lawsuit. By so doing, she implicitly is saying that David Chen had evidence relevant to her lawsuit and she had no difficulty in getting evidence from her son. Li Fen Yao cannot claim that she has no duty to preserve the very documents upon which she has the practical ability to obtain and to rely upon to try to prevail in her lawsuit. Li Fen Yao cannot conveniently avail herself of the ESI that her son physically possesses, yet disavow or reject her practical ability to control him when it suits her to try to avoid responsibility under Rule 37(e). She cannot "turn a blind eye" to what she does not want to see to avoid her duty to preserve. Accordingly, I find that Li Fen Yao had an obligation to take reasonable steps to ensure that David Chen preserved ESI relevant to *Yao v. Chen*.

*d. Evidence Cannot Be Restored or Replaced through Additional Discovery*

As held previously, the evidence is clear that the relevant evidence that has been

destroyed cannot be restored or replaced through additional discovery. *See, e.g.* Sp.-J.R. 13, Sp.-J.R.18-19, Sp.-J.R. 24, Sp.-J.R. 138, Sp.-J.R. 152, Sp.-J.R. 256, Sp.-J.R. 327-342, Sp.-J.R. 433, Sp.-J.R. 1096, Sp.-J.R. 1136-38, Sp.-J.R. 136-62, Sp.-J.R. 1640-1773, Sp.-J.R. 1885-97; ECF No. 197-3, pp. 37-3

I specifically recommend that the district court find that all four predicates have been met under Rule 37(e) as to Li Fen Yao in *Chen v. Chen*.

5. Analysis of Rule 37(e)(1)- Li Fen Yao

For the reasons articulated above in Section III.C.2., The Court finds that clear and convincing evidence exists that Robert Chen/Entities have been prejudiced by Li Fen Yao's failure to take reasonable steps to preserve ESI that she had the practical ability to obtain.

Having found prejudice, the Court's duty is to determine which measures are necessary to cure the prejudice. Because I have found prejudice under Rule 37(e)(1), I recommend that at an adverse jury instruction in in *Yao v. Chen* is appropriate S*ee Mod. Remodeling*, 2021 WL 3852323, at *10; *Cooper* 2025 WL 1416943, at *4.

In addition, I find appropriate at this time under Rule 37(e)(1) is the imposition of attorney's fees and costs for all of counsel's reasonable efforts expended to try to unearth and understand the extent of David Chen's destruction of ESI, including the briefing related to the spoliation motion. *Victor Stanley*, 269 F.R.D. at 533-34 .

Regarding the timing of these filings, I do not see any reason to delay such filings. Therefore, I recommend that by no later than 45 days after this report and recommendation is adopted by the district court, the bill of costs and fee petition can be filed. I further recommend that 30 days after such filing(s), that Li Fen Yao may file a response, which shall be limited to objecting to the reasonableness of the fees and costs sought.

6. Analysis of Rule 37(e)(2)- Li Fen Yao

Having reviewed the evidence before me, I do not find any evidence supports the inference that Li Fen Yao acted with intent to deprive Robert Chen/Entities of ESI in *Yao v. Chen*. There is no evidence that she affirmatively deleted any evidence. More important, on this record, I find that she was negligent or, perhaps even grossly negligent, in her duty to preserve because she, as party who relied upon her son to provide evidence to help her buttress her claims, "stuck her head in the sand" and ignored her obligation to ensure that her son preserved all evidence relevant to this litigation. Under Rule 37(e)(2), being negligent or grossly negligent, " is not a sufficient basis to impose sanctions under Rule 37(e)(2)." *Mod. Remodeling*, 2021 WL 3852323, at *13 (citing Rule 37(e) advisory committee note to the 2015 amendment).

Accordingly, I decline to recommend that the district court impose a sanction against Li Fen Yao under Rule 37(e)(2).

7. *David Chen's Mobile Phone*

The Court reaches a slightly different conclusion on whether the four prerequisites under Rule 37(e) have been met. Specifically, having reviewed all of the evidence before me, there is no question that relevant ESI on David Chen's Motorola phone should have been preserved "in the anticipation or conduct of litigation," and that David Chen failed to take reasonable steps to preserve it. However, I do not find it to be clear that *relevant* data on the Motorola phone has been lost. There is no question that David Chen used the phone to send text messages, and there is no question data on the phone has been lost. *See, e.g.,* Sp.-J.R. 002, Sp.-J.R. 159, Sp.-J.R. 1162. However, the record lacks sufficient details as to the relevance of that information. *See, e.g.,* Sp.-J.R. 2275-2278. Nor do I find that it clear that the lost data on the phone "cannot be restored or replaced through additional discovery." Indeed, the record is unclear as to the extent of the

forensic examination that has been performed on David Chen's phone, and the record is not clear that the relevant data on the Motorola phone cannot be replaced via additional discovery from other sources. *See, e.g.,* Sp.-J.R. 002, Sp.-J.R. 1295.

In sum, because the four triggering elements have not been met, the Court need not analyze whether prejudice exists under Rule 37(e)(1), nor must the Court analyze whether David Chen acted with intent to deprive Robert Chen/Entities of the ESI on his phone.

## IV. CONCLUSION

In sum, I recommend that the district court deny the relief requested in the Sanctions Motion, but grant alternative relief, as set forth herein. Regarding the Spoliation motion, the undersigned recommends that the district court deny the request to dismiss *Yao v. Chen* or enter default judgment in *Chen v. Chen*, but grant the request for alternate sanctions.

October 13, 2026

/s/
The Honorable Gina L. Simms
United States Magistrate Judge